

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201.489.3000   201.489.1536 fax

New York

Delaware

Maryland

Texas

Florida

Washington, DC

David M. Bass
Member
Admitted in NY and NJ

Reply to New Jersey Office
Writer's Direct Line: 646.563.8932
Writer's Direct Fax: 646.521.2032
Writer's E-Mail: DBass@coleschotz.com

February 20, 2026

**Via CM/ECF Filing**

Honorable Michael B. Kaplan
United States Bankruptcy Judge
United States Bankruptcy Court
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, NJ 08608

  Re: Lakehurst and Broadway Corporation
     Case No. 25-14381 (MBK)

Dear Judge Kaplan:

  As the Court is aware, we are counsel to the RAD Liquidating Trust and the Wind-Down Debtors (each as defined in the *Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* [Docket No. 3215][1] (the "Plan"), which was confirmed by the Bankruptcy Court pursuant to (i) the *Order Approving the Disclosure Statement and Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3445] and (ii) the *Supplemental Order to Order Approving the Disclosure Statement and Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3536]. Prior to the confirmation of the Plan, we served as co-counsel to New Rite Aid, LLC and certain of its affiliates in their bankruptcy case.

  We write in connection with various requests for payment of administrative expenses that were filed on the docket and scheduled for hearing on February 23, 2026 (the "Docketed Administrative Claims").[2] Although docketed/denominated in most instances as motions to

---

[1] Except where noted otherwise, references herein to the docket refer to the docket in the jointly administered cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK).

[2] The Docketed Administrative Claims are filed at Case No. 14831 Docket Nos. 32, 60, 149, 150, 207, 208, 214, 215, 216, 217, 218, 219, 220, 222, 223, 224, 225 and 226.



Honorable Michael B. Kaplan
February 20, 2026
Page 2

compel, the requests are not, in fact, motions, *i.e.*, they are simply filed on a proof of claim form consistent with Local Bankruptcy Rule 3001-1(a)).

      Local Bankruptcy Rule 3001-1(b) provides as follows:

> The court does not schedule a hearing on a request for payment of an administrative expense unless an objection is filed. To the extent that payment has not been made and immediate payment is sought, the entity must file a motion."

      Notwithstanding that Local Rule, the Liquidating Trustee submits that the Docketed Administrative Claims were inadvertently (and prematurely) scheduled for hearing. Because the Liquidating Trustee continues to devote substantial time to reconciling the Docketed Administrative Claims (along with the more than 600 other requests for administrative expenses on the claims register), the Liquidating Trustee respectfully requests that the Docketed Administrative Claims be removed from the Court's calendar without prejudice, subject to being rescheduled, as needed, pursuant to Local Bankruptcy Rules 3001-(b) and (c).[3]

      We appreciate the Court's time and consideration of the foregoing request.

      Respectfully submitted,

      */s/ David M. Bass*

      *David M. Bass*

cc:    All parties filing Docketed Administrative Claims (via ECF and email)

DMB:

---

[3]  Local Bankruptcy Rule 3001-1(c) provides as follows: "An objection to a Request for Payment of Administrative expense must be brought by motion or adversary proceeding."