**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the RAD Liquidating Trust
and the Wind-Down Debtor*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| LAKEHURST AND BROADWAY CORPORATION, | Case No. 25-14831 (MBK) |
| Wind-Down Debtor.[1] | Hearing Date: March 24, 2026, 10:00 a.m. (ET)<br>Objection Deadline: March 17, 2026<br>Oral Argument Waived Unless Objections Are Timely Filed |

## NOTICE OF LIQUIDATING TRUSTEE'S FIRST
## OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS

**PLEASE TAKE NOTICE** that on **March 24, 2026, at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, Eric Kaup, the RAD Liquidating Trustee, on behalf of on behalf of the RAD Liquidating Trust and the above-captioned debtor and the

---

[1]   On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Final Decree Order"). The Court has entered a text order on the affiliated dockets listed in the Final Decree Order requiring that all remaining matters be filed under the above captioned case, Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK).  Except as otherwise provided herein, references to the "Docket" herein shall refer to the docket in the formerly jointly administered cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK).

other Wind-Down Debtors,[2] by and through his undersigned counsel, shall move the *Liquidating Trustee's First Omnibus Objection to Certain Duplicative Claims* (the "Objection") before the Honorable Michael B. Kaplan, Chief United States Bankruptcy Judge, in Courtroom #8 of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 402 East State Street, Trenton, New Jersey 08608, or such other physical or virtual location as may be determined by the Court, for entry of an order, substantially in the form submitted herewith.

**PLEASE TAKE FURTHER NOTICE** the Objection sets forth the relevant factual bases upon which the relief requested should be granted.  A Proposed Order granting the relief requested in the Objection is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Objection shall: (i) be in writing, (ii) state with particularity the basis of the objection; (iii) conform with the Bankruptcy Court's *Chapter 11 Complex Case Management Order* [Docket No. 502], and (iv) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the General Order Regarding Electronic Means for Filing Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF),

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and its Debtor Affiliates (Technical Modifications)* [Docket No. 3215].

and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Chapter 11 Cases may be obtained free of charge by visiting the website of Kroll Restructuring Administration at https://restructuring.ra.kroll.com/RiteAid2025.  You may also obtain copies of any pleadings by visiting the Court's website at www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

[*Remainder of Page Intentionally Left Blank*]

Dated:  February 24, 2026

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the RAD Liquidating Trust
and the Wind-Down Debtor*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the RAD Liquidating Trust
and the Wind-Down Debtor*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| LAKEHURST AND BROADWAY CORPORATION, | Case No. 25-14831 (MBK) |
| Wind-Down Debtor.[1] | Hearing Date: March 24, 2026, 10:00 a.m. (ET) Objection Deadline: March 17, 2026 Oral Argument Waived Unless Objections Are Timely Filed |

## LIQUIDATING TRUSTEE'S FIRST OMNIBUS
## OBJECTION TO CERTAIN DUPLICATIVE CLAIMS

TO THE HONORABLE MICHAEL B. KAPLAN,
UNITED STATES BANKRUPTCY JUDGE:

Eric Kaup, the RAD Liquidating Trustee (the "<u>Liquidating Trustee</u>"), on behalf of the

RAD Liquidating Trust (the "<u>Liquidating Trust</u>") and the above-captioned debtor and the other

Wind-Down Debtors (collectively, the "<u>Wind-Down Debtors</u>") in the above-referenced chapter

---

[1] On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "<u>Final Decree Order</u>"). The Court has entered a text order on the affiliated dockets listed in the Final Decree Order requiring that all remaining matters be filed under the above captioned case, Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK). Except as otherwise provided herein, references to the "Docket" herein shall refer to the docket in the formerly jointly administered cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK).

11 cases (the "Chapter 11 Cases"), hereby files this omnibus objection (the "Objection"), seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), overruling and disallowing the duplicative claims listed on **Schedule 1** (the "Duplicative Claims"). In support thereof, the Liquidating Trustee submits the *Declaration of Eric Kaup in Support of Liquidating Trustee's First Omnibus Objection to Certain Duplicative Claims* (The "Kaup Declaration"), attached hereto as **Exhibit B**.  In further support of the Objection, the Liquidating Trustee respectfully represents as follows:

## RELIEF REQUESTED

1.      By this Objection, the Liquidating Trustee objects to the Claims set forth on **Schedule 1** to the Proposed Order pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1 and 3007-2 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), overruling and disallowing the Duplicative Claims.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Liquidating Trustee confirms his consent, on behalf of the Liquidating Trust and the Wind-Down Debtors, to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1 and 3007-2.

## BACKGROUND

**A. General Background**

5. On May 5, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court. From the Petition Date through the Effective Date (defined below) of the Plan, the Debtors remained in possession of their assets and continued to operate and manage their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On November 26, 2025, the Court entered its *Order Approving the Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3445], and on December 15, 2025, entered its *Supplemental Order to Order Approving The Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3536].

7. The Plan became effective on December 31, 2025 (the "Effective Date"). *See Notice of (A) Entry of the Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC (Technical Modifications) and Its Debtor Affiliates and (II) Occurrence of the Effective Date* [Docket No. 3699] (the "Effective Date Notice"). On the Effective Date, the Trust was established pursuant to the terms of the Plan and the terms of that certain Liquidating Trust Agreement (the "Trust Agreement" and, together with the Plan and Confirmation Order, the "Plan Documents"), under which the Liquidating Trustee became the sole representative of the Wind-Down Debtors and assumed responsibility for, inter alia,

3

resolving claims, performing claims reconciliation, and objecting to claims. *See* Plan, Art. IX.A. *and* Trust Agreement, Art. II.

## B.    The Claims Reconciliation Process

8.    Pursuant to the Plan, the Liquidating Trustee is empowered to, among other things, control and effectuate the claims reconciliation process including by objecting to, seeking to reclassify, and reconciling or settling such claims.  Since the Effective Date, the Liquidating Trustee has been working diligently on multiple open issues relating to the consummation of the Plan, including analyzing and reconciling Claims filed against the Wind-Down Debtors' estates.

9.    By and through this Objection, the Liquidating Trustee has determined that each proof of claim listed on **Schedule 1** to the Proposed Order under the heading "Duplicative Claims" (the "Duplicative Claims") has been superseded by the subsequently filed claims identified on **Schedule 1** to the Proposed Order under the heading "Surviving Claims" (the "Surviving Claims").  The claimants are creditors who submitted multiple proofs of claim that are based on the same underlying contract or account.  Many of the Surviving Claims amend previously filed proofs of claim.  Accordingly, the Plan Administrator submits that the Duplicative Claims should be disallowed and expunged in their entirety and only the Surviving Claims should remain.

## BASIS FOR RELIEF

10.    Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objections." 11 U.S.C. § 502(a).  Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim.  11 U.S.C. § 502(b).

11.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that is "is unenforceable against the debtor or property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b).  Moreover, a claimant is not entitled to multiple recoveries for a single liability against a debtor since a claimant is entitled to a single satisfaction, of at all, of any particular claim of liability against a debtor.  *See, e.g., In re Handy Andy Home Improvement Ctrs. Inc.*, 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998) ("[I]t is axiomatic that one cannot recover for the same debt twice."); *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Each Duplicative Claim was amended, although not expressly, and superseded by the respective Surviving Claim also assert claims based on the same basis (*i.e.*, account, contract, etc.).

12.    Bankruptcy Rule 3007(d) provides that a debtor may object to a claim on an omnibus basis where the claim "duplicate[s] other claims." Fed. R. Bankr. P. 3007(d)(1).  *See In re Hub Holding Corp.*, 2009 WL 8519808, at 2 (Bankr. D. Del. May 27, 2009) (expunging and disallowing duplicative claims); *In re Aes Eastern Energy, L.P.*, 2012 WL 4834908, at 2 (Bankr. D. Del. Oct. 04, 2012) (same); *In re Trico Marine Services, Inc.*, 2012 WL 113121 at 2 (Bankr. D. Del. Jan. 02, 2012) (same).  Even if two claims allege different dollar amounts, a court may still find the claim duplicative of one another.  *See In re CPESAZ Liquidating, Inc.,* 023 WL 3773642, at *8 (B.A.P. 9th Cir. June 2, 2023) (finding that a claim that asserted a different dollar amount was duplicative of another filed claim).  Although slightly different in form, each Duplicative Claim alleged liability based on accounts, contracts, and substantive facts identical to its Surviving Claim, and is, therefore, essentially duplicative.  Most, if not all, of the Surviving Claims assert claims on account of the same account, contract, or relationship with the Debtors.

13.     While a properly filed proof of claim is *prima facie* evidence of a claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. *See In re Allegheny Int'l, Inc.* 954 F.2d 167, 173-74 (3d Cir. 1992) ("Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid.").  The burden of persuasion with respect to the claim is always on the claimant, *see id.* at 174, and the failure to allege facts and to provide adequate support for a claim eliminates the claim's *prima facie* validity. *See, e.g., In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

14.     Each of the Duplicative Claims asserts liability arising from the same underlying obligation as another filed claim. Thus, because the Objection identifies the basis for disallowance and sets forth sufficient facts to demonstrate that the Duplicative Claims should be disallowed, the Liquidating Trustee has satisfied his burden under section 502. Accordingly, the Duplicative Claims should be overruled.

<u>**RESERVATION OF RIGHTS**</u>

15.     The Liquidating Trustee hereby reserves his rights to amend, modify, and supplement this Objection, prior to the hearing before the Court on this Objection, if any; *provided, further*, that nothing in this Objection shall affect the Liquidating Trustee's right to object to any proof of claim, including the Surviving Claims, at a future date on a basis other than as set forth in this Objection as permitted by bankruptcy and nonbankruptcy law, subject to any limitations set forth in the Local Rules or in the Order.

16.     Notwithstanding anything to the contrary herein, nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection is intended or should be construed as (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Objection under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the rights of the Liquidating Trustee, the Wind-Down Debtors, or any other party in interest, to dispute any particular claim, including the Surviving Claims, on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Liquidating Trustee or Wind-Down Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Wind-Down Debtors' estates; (g) a waiver or limitation of the Liquidating Trustee, the Wind-Down Debtors, or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Liquidating Trustee or Wind-Down Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Objection are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (j) otherwise affecting the Liquidating Trustee or Wind-Down Debtors rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

## SEPARATE CONTESTED MATTERS

17.     Each of the Claims objected to by the Liquidating Trustee in the Objection constitutes a separate contested matter under Bankruptcy Rule 9014.  The Liquidating Trustee respectfully requests that any order entered by the Court with respect to an objection asserted in this Objection shall be deemed a separate order with respect to each claim.

## NO PRIOR REQUEST

18.     No prior request for the relief sought in the Objection has been made to this or any other court.

## NOTICE

19.     The Liquidating Trustee will provide notice of this Objection to the parties listed on Schedule 1 to the Proposed Order.  In light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, for the reasons stated herein, the Liquidating Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Objection and such other and further relief as the Court deems just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated:  February 24, 2026

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the RAD Liquidating Trust
and the Wind-Down Debtor*

# **EXHIBIT A**

**Proposed Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>In re:<br><br>LAKEHURST AND BROADWAY<br>CORPORATION,<br><br>                Wind- Down Debtor.[1] | Chapter 11<br><br>Case No. 25-14831 (MBK) |

## ORDER SUSTAINING LIQUIDATING TRUSTEE'S FIRST
## OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS

The relief set forth on the following pages, numbered three (3) through five (5), is hereby

**ORDERED**.

---

[1]     On December 30, 2025, the Court entered the Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al., closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order"). The Court has entered a text order on the affiliated dockets listed in the Order requiring that all remaining matters be filed under the above captioned case, Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK).

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the RAD Liquidating Trust
and the Wind-Down Debtor*

(Page | 3)

| | |
|---|---|
| Debtor: | Lakehurst and Broadway Corporation |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | Order Sustaining Liquidating Trustee's First Omnibus Objection to Certain Duplicative Claims |

Upon consideration of the *Liquidating Trustee's First Omnibus Objection to Certain Duplicative Claims* (the "Objection");[1] and upon consideration of the Kaup Declaration; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and it appearing that no other or further notice of the Objection need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"), if any; and all objections, if any, to the Objection having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Wind-Down Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the record of the Hearing, if any, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Objection is SUSTAINED as set forth herein.

---

[1]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

(Page | 4)

| | |
|---|---|
| Debtor: | Lakehurst and Broadway Corporation |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | Order Sustaining Liquidating Trustee's First Omnibus Objection to Certain Duplicative Claims |

2.     Each Duplicative Claim listed in the column titled "Duplicative Claim" set forth on **Schedule 1** attached hereto is disallowed and expunged in its entirety.  The claims listed in the column titled "Surviving Claim" identified on **Schedule 1** shall remain on the claims register, subject to the Liquidating Trustee and Wind-Down Debtors' rights to file additional substantive and non-substantive objections to any Surviving Claim and any other proofs of claim that have been or may be filed against the Debtors, which are expressly preserved.

3.     Should one or more of the grounds of objection stated in the Objection be dismissed, the Liquidating Trustee or Wind-Down Debtors' rights to object on any other grounds that they may later discover is expressly preserved.

4.     To the extent a response is filed regarding any Duplicative Claim, each such Duplicative Claim, and the Objection as it pertains to such Duplicative Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order will be deemed a separate order with respect to each Surviving Claim.  Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

5.     The Liquidating Trustee and Wind-Down Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

6.     Kroll Restructuring Administration LLC, the Court-appointed claims and noticing agent in the chapter 11 cases, is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted in this Order.

(Page | 5)

| | |
|---|---|
| Debtor: | Lakehurst and Broadway Corporation |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | Order Sustaining Liquidating Trustee's First Omnibus Objection to Certain Duplicative Claims |

7.     Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the Liquidating Trustee or Wind-Down Debtors may have to enforce rights of setoff against the claimants.

8.     Nothing in the Objection or this Order, nor any actions or payments made by the Liquidating Trustee or Wind-Down Debtors pursuant to this Order, shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Wind-Down Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Liquidating Trustee, Wind-Down Debtors, or any other party-in-interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Wind-Down Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

9.     This Order is without prejudice to the rights of the Liquidating Trustee, Wind-Down Debtors, their estates, any successors thereto, and any other party in interest, to object to any other proof of claim filed in these chapter 11 cases.

10.     This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Objection, the claimants whose claims are subject to the Objection, or this Order, including the interpretation, enforcement and implementation of this Order.

## Schedule 1

**Duplicative Claims**

| Creditor | Duplicative Claim | Surviving Claim |
|---|---|---|
| 1021 First Avenue Conway, LLC | 1223 | 1419 |
| 569 Broadway Associates | 1534 | 1538 |
| 570 DAB 68, LLC | 1911 | 2191 |
| 601 Chelsea Owner, LLC | 1610 | 1611 |
| 7245 Henry Clay Blvd Properties, LLC | 762 | 870 |
| 93 NYRPT, LLC | 1777 | 1928 |
| ALD Capital PA, LLC | 1520 | 1523 |
| Aztec Inn LP | 2131 | 2148 |
| Bethel Park, LLC | 1134 | 1155 |
| Bny Eac-I, LLC | 1558 | 1930 |
| Buffalo-Main Street, LLC | 1566 | 2190 |
| CH Retail Fund II/Philadelphia Chesterbrook Village, L.L.C | 2079 | 2158 |
| Crosstown Dubois LLC | 1532 | 1533 |
| Eastway RX Associates TIC | 997 | 1924 |
| Edgemark Littleton LLC | 814 | 1633 |
| Edgemark Littleton LLC | 1631 | 1633 |
| Felos Associates, LLC | 1985 | 1988 |
| Foothill Center Partners, LLC | 822 | 1700 |
| Foothill Center Partners, LLC | 1854 | 1700 |
| GC Main Street Owners LLC | 111 | 1193 |
| GC Main Street Owners LLC | 1001 | 1193 |
| Gelb Investments RA LLC | 1326 | 1409 |
| Gelb Investments RA LLC | 1379 | 1409 |
| Grant Acquisitions LP | 1369 | 1373 |
| Green Lake Phase II, LLC | 1559 | 1617 |
| Hemmat Family Limited Liability Company | 1954 | 2202 |
| Joseph Murphy Corporation | 1962 | 1971 |
| Joseph Murphy Corporation | 1963 | 1971 |
| Joseph Murphy Corporation | 1969 | 1971 |
| Kitsigianis Properties LLC | 1168 | 1174 |
| LS Morrell LLC | 1703 | 1706 |
| Mahopac Improvements Owner, LLC | 2116 | 2119 |
| Mar-Mart Realty Co. Inc. | 1235 | 1264 |
| Meetinghouse Development Associates, LP | 1757 | 1820 |
| MMDG, LP | 2037 | 2039 |
| Mt. Lebanon Cooke, LP | 1547 | 1565 |
| Mt. Lebanon Cooke, LP | 1548 | 1565 |
| Mt. Lebanon Cooke, LP | 1556 | 1565 |
| Musso 3636, LLC | 763 | 1079 |
| Musso 3636, LLC | 912 | 1079 |
| New Century Associates Group, L.P. | 1625 | 1629 |

| Creditor | Duplicative Claim | Surviving Claim |
|---|---|---|
| NFNY Business Trust | 1765 | 1770 |
| Orion Development XXIII, LLC | 1807 | 1810 |
| PUBA Properties, a general partnership | 1758 | 1759 |
| Quakertown Joint Venture, LLC | 444 | 1913 |
| RAD Connellsville, LLC | 227 | 911 |
| RAP Hamlin, LP | 1595 | 1598 |
| Red Lion Broadway, LLC | 1564 | 1580 |
| Red Lion Broadway, LLC | 1571 | 1580 |
| RH NCBC7 Associates LLC | 1295 | 1593 |
| Robert Marin and Celeset de Schulthess Marin Trust | 1527 | 1530 |
| SACC Inc. | 1585 | 2017 |
| SADG-1 Limited Partnership | 1549 | 1602 |
| SADG-4 Limited Partnership | 1138 | 1167 |
| SKBB Investments, a California limited partnership | 932 | 2109 |
| SKBB Investments, a California limited partnership | 1120 | 2109 |
| SKBB Investments, a California Limited Partnership | 2109 | 2504 |
| SKBB Investments, a California LP | 2209 | 2504 |
| SLF Properties LLC, a California limited liability company | 1725 | 1726 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2298 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2299 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2300 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2303 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2305 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2306 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2307 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2308 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2309 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2310 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2311 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2312 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2313 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2314 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2315 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2316 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2317 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2318 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2319 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2320 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2321 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2322 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2323 | 2459 |

| Creditor | Duplicative Claim | Surviving Claim |
|---|---|---|
| Southern California UFCW Unions & Drug Employers Pension Fund | 2324 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2325 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2326 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2327 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2328 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2329 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2330 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2331 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2332 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2333 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2334 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2335 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2343 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2344 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2346 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2348 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2349 | 2459 |
| Southern California UFCW Unions & Drug Employers Pension Fund | 2350 | 2459 |

## **Exhibit B**

**Kaup Declaration**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel to the RAD Liquidating Trust*
*and the Wind-Down Debtor*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| LAKEHURST AND BROADWAY CORPORATION, | Case No. 25-14831 (MBK) |
| Wind-Down Debtor.[1] | Hearing Date: March 24, 2026, 10:00 a.m. (ET) Objection Deadline: March 17, 2026 Oral Argument Waived Unless Objections Are Timely Filed |

## DECLARATION OF ERIC KAUP IN SUPPORT OF LIQUIDATING TRUSTEE'S FIRST OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS

I, Eric Kaup, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

---

[1]  On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Final Decree Order"). The Court has entered a text order on the affiliated dockets listed in the Final Decree Order requiring that all remaining matters be filed under the above captioned case, Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK).  Except as otherwise provided herein, references to the "Docket" herein shall refer to the docket in the formerly jointly administered cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK).

1.      I am the Liquidating Trustee appointed in the above-captioned chapter 11 cases.  I am a Chief Commercial Officer, Head of Hilco Global Originations & Transactions, and Special Counsel at Hilco Global.

2.      I submit this declaration (the "<u>Declaration</u>") in support of the *Liquidating Trustee's First Omnibus Objection to Certain Duplicative Claims* (the "<u>Objection</u>"),[2] filed contemporaneously herewith.  I am over the age of 18, competent to testify and authorized to submit the Declaration as the Liquidating Trustee.

3.      Every matter set forth herein is based on either (a) my personal knowledge; (b) my review, or the review of work performed by current or former employees of the Wind-Down Debtors who have been retained by the Liquidating Trustee whom I oversee in a managerial capacity; (c) relevant documents; or (d) my understanding based on information obtained from the Debtors' records.

4.      I have read and reviewed the Objection, including the information set forth on **<u>Schedule 1</u>** to the Proposed Order, and I am familiar with the information contained in those documents.

5.      To the best of my knowledge, information and belief, the information that is contained in the Objection is true and correct.

6.      I, and/or one or more individuals working for the Liquidating Trustee, have reviewed the proofs of claim listed on **<u>Schedule 1</u>** to the Proposed Order, together with any supporting documentation attached thereto, and made reasonable efforts to review the Duplicative Claims. I have determined that each claim should be disallowed and expunged for

---

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the Objection.

the reasons and in the manner set forth in the Objection, and as provided for in the Proposed

Order

    I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information and belief.

February 24, 2026

*/s/ Eric Kaup*

Eric Kaup, Solely in his Capacity as Liquidating
Trustee in the Chapter 11 Cases of
Lakehurst and Broadway
Corporation, *et al*.