**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

**STARK & STARK, PC**
Thomas S. Onder, Esq.
100 American Metro Blvd.
Hamilton, NJ 08619
Telephone (609) 219-7458
tonder@stark-stark.com
*Counsel to Creditor- Robert Marin and Celeste de Schulthess Marin Family Trust*

| | |
|---|---|
| In re:<br><br>LAKEHURST AND BROADWAY CORPORATION,<br><br>      Debtor[1]. | Case No. 25-14831 (MBK)<br><br>Chapter 11<br><br>(Jointly Administered) |

**CREDITOR ROBERT MARIN AND CELESTE DE SCHULTHESS MARIN FAMILY TRUST'S MOTION TO LIFT THE AUTOMATIC STAY PURSUANT TO BANKRUPTCY CODE SECTION 362(d) TO NAME DEBTOR AS DEFENDANT IN STATE COURT ACTION**

Robert Marin and Celeste de Schulthess Marin Trust ("Movant") files this motion (the "Motion") pursuant to Section 362 of Title 11, United States Code ("Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure for an order substantially in the form submitted herewith, (i) allowing Movant to name the Debtor, Lakehurst and Broadway Corporation, as a Defendant in a pending personal injury action, with any recovery against Debtors in such

---

[1] On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al*., closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order on Final Decree"). The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK). Except as otherwise provided herein, references to the "Docket" in shall refer to the docket in the formerly jointly administered cases captioned In re New Rite Aid, LLC, Case No. 25-14861 (MBK).

proceeding limited solely to the Debtors' applicable insurance policies, (ii) waiving any stay pursuant to Fed. R. Bankr. P. 4001(a)(3), and (iii) granting such other and further relief as the Court may deem just and proper. Claimant respectfully states as follows:

## PRELIMINARY STATEMENT

1.      The underlying matter concerns a negligence action filed by an individual named Robert Dohring ("Dohring" or "Plaintiff") on or around July 31, 2025, in the Supreme Court of the State of New York, County of Erie (the "State Court"), which is currently pending under the caption styled *Robert Dohring v. Prestige Lawn Care of WNY, LLC; Springwise Facility Management, Inc.; Robert Marin and Celeste De Schulthess Marin as Trustees of the Robert Marin and Celeste de Schulthess Family Trust*, Index No: 813133/2025 (the "Action"). A true copy of the complaint commencing the Action is attached hereto as **Exhibit "A"**.

2.      Movant is the owner and landlord of the premises allegedly involved in the Action, and as such is a named defendant in the Action.

3.      Prior to the bankruptcy filing, Debtor was a tenant at the Premises pursuant to a lease agreement between Movant and Debtor.

4.      Pursuant to an indemnification provision contained in the Lease, Debtor is required to indemnify Movant from any personal injury claims arising from the Premises.

5.      As Plaintiff seeks to litigate the Action and liquidate his claims against the Debtor solely from any proceeds available under the Debtors' applicable Insurance Policies, Movant respectfully requests that the Court enter an order, substantially in the form of the Proposed Order attached hereto as Exhibit A, allowing Movant to name Debtor as a defendant in the Action with any recovery limited solely to the applicable insurance proceeds, if any.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334 and the Amended Standing Order of Reference to the Bankruptcy Court Under

Title 11 of the United States District Court for the District of New Jersey, dated June 6, 2025

(Bumb, C.J.)

7.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The statutory bases for the relief requested herein are Sections 362 of the

Bankruptcy Code and Fed. R. Bankr. P. 4001.

## FACTUAL BACKGROUND

9.      On May 5, 2025, Debtor filed a voluntary petition for relief under Chapter 11 of

Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy

Court for the District of New Jersey (the "Bankruptcy Court").

10.     The filing of the Chapter 11 Case gave rise to the Automatic Stay, thereby staying

and enjoining any pending or future actions against the Debtor.

11.     Pursuant to the *Order Approving the Disclosure Statement and Confirming the

Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor

Affiliates* [Docket No. 3445] (the "Confirmation Order") which confirmed the *Second Amended

Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates

(Technical Modifications)* [Docket No. 3215] (the "Plan"), the Automatic Stay remains in full

force and effect post the effective date unless otherwise provided for in the Plan.

12.     The Plan went effective on December 31, 2025.

13.     Movant is the owner and landlord of certain real property located at 8530 Transit

Road, Amherst, New York 14221 (the "Premises").

14.    Prior to the bankruptcy filing, the Debtor was a tenant at the Premises pursuant to a lease agreement between Movant and the Debtor.

15.    As of the date of the incident, upon information and belief, the Debtor maintained certain general liability insurance policies (the "Insurance Policies") subject to certain self insured retention obligations.

16.    Prior to the Debtor's bankruptcy filing, an individual named Robert Dohring ("Dohring") allegedly suffered injuries from a slip and fall accident that occurred at the Premises.

17.    As a result of the alleged injuries, Dohring commenced a personal injury action against Movant as the landlord of the Premises.

18.    Pursuant to the indemnification provision in the lease agreement, the Debtor is obligated to indemnify Movant from any liability arising from Dohring's personal injury claim.

10.    Movant seeks relief from the automatic stay pursuant to 11 U.S.C. § 362 for the limited purpose of (i) naming the Debtor as a defendant in the pending personal injury action; and (ii) allowing Dohring to pursue recovery solely from the Debtor's applicable insurance coverage, if any.

## RELIEF REQUESTED AND REASONS THEREFORE

11.    Section 362(d) of the Bankruptcy Code provides that the Court shall grant relief from the automatic stay "for cause."

12.    The term "cause" is broadly defined, and the Court has wide discretion to consider "what constitutes cause based upon the totality of the circumstances in each particular case." *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997); *see also Tribune Media Servs., Inc. v. Beatty (In re Tribune Co.)*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (explaining that "[c]ause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining

the totality of the circumstances to determine whether sufficient cause exists to lift the stay")

(internal quotation marks and citation omitted).

13.     When an action seeks to recover from a debtor's insurance policy and the debtor

is represented by the insurer, courts routinely grant stay relief because the burden on the estate is

likely to be outweighed by the hardship on the plaintiff if the action is not permitted to continue.

*See* S*uperior Mortg. Corp. v. Lopez (In re Almonancy)*, Nos. 10-37235 (DHS), 10-02496 (DHS),

2011 Bankr. LEXIS 5533, at *10-11 (Bankr. D.N.J. Jan. 4, 2011); *First Fidelity Bank v.

McAteer*, 985 F.2d 114, 118 (3d Cir. 1993).

14.     Here, Debtor is under an indemnity obligation to Movant for the personal injury

claims and Dohring will be limited to pursuing the applicable insurance proceeds.

15.     As such, the Action can be defended at no expense to the Debtor and continuation

of the Action and the naming of Debtor as a defendant will not hinder, delay, or be inconsistent

with this Chapter 11 case.

16.     Furthermore, allowing the Action to proceed to recover under the applicable

Insurance Policies *solely* poses no interference with the Chapter 11 Case. In addition, the

resolution of the Action will allow Dohring's claims to be liquidated in a way that does not

impact the interests or potential distribution to the Debtor's other creditors. As a result, lifting the

stay will not prejudice the Debtor or the Debtor's creditors.

17.     Also, denying relief would unfairly prejudice Movant by forcing it to defend

against Dohring's claims without the benefit of the potential indemnification for which it

contracted.

18.     Accordingly, relief from the automatic stay should be granted to allow Movant to name Debtor as a defendant in the Action and allow Plaintiff to pursue Debtor's applicable insurance proceeds.

### WAIVER OF STAY UNDER F.R.B.P. 4001(a)(4)

19.     Fed. R. Bankr. P. 4001(a)(4) provides that "[a]n order granting a motion for relief from an automatic stay made in accordance with [Rule 4001(a)](1) is stayed for 14 days after it is entered." Claimant submits that the stay pursuant to Rule 4001(a)(1) should be waived in this matter so as not to further delay the Action.

### CONCLUSION

**WHEREFORE,**  Movant respectfully requests that this Court enter an order granting relief from the automatic stay imposed by 11 U.S.C. § 362(a) to the extent necessary to allow Movant to name the Debtor as a defendant in the pending personal injury action and to permit Dohring to pursue recovery solely from the Debtor's applicable insurance, if any; providing that the fourteen-day stay of the order imposed by Bankruptcy Rule 4001(a)(4) be waived; and granting such other and further relief as the Court deems just and proper.

Dated: February 27, 2026

**STARK & STARK**
**A Professional Corporation**

By: /s/ Thomas S. Onder
Thomas S. Onder
100 American Metro Blvd.
Hamilton, NJ 08619
(609) 219-7458
*Counsel to Robert Marin and Celeste*
*de Schulthess Marin Family Trust*

# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

---

ROBERT DOHRING
5861 Goodrich Road
Townhouse Space 6D
Clarence Center, New York 14032

Index No.

Plaintiff designates Erie
County as the place of trial

Plaintiff,

**SUMMONS**

v.

The basis of venue is
Plaintiff's Address

PRESTIGE LAWN CARE OF WNY LLC
163 Nicholson Street
Buffalo, New York 14216

Plaintiff resides at:

SPRINGWISE FACILITY MANAGEMENT, INC.
1820 South Bend Avenue, Suite 1200
South Bend, Indiana 46637

5861 Goodrich Road,
Townhouse Space 6D,
Clarence Center,
New York 14032

ROBERT MARIN, as Trustee of the ROBERT
MARIN & CELESTE DE SCHULTHESS MARIN
FAMILY TRUST
12728 Parkyns Street
Los Angeles, California 90049

County of Erie

CELESTE DE SCHULTHESS MARIN, as Trustee
of the ROBERT MARIN & CELESTE DE
SCHULTHESS MARIN FAMILY TRUST
12728 Parkyns Street
Los Angeles, California 90049

Defendants.

---

TO THE ABOVE-NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to
serve a copy of your answer, or, if the Complaint is not served with this Summons, to
serve a notice of appearance, on the Plaintiff's Attorneys within TWENTY (20) DAYS
after the service of this Summons, exclusive of the day of service (or within THIRTY
(30) DAYS after the service is complete if this Summons is not personally delivered to
you within the State of New York); and in case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded in the Complaint.

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

---

ROBERT DOHRING

                              Plaintiff,

v.                                              **COMPLAINT**

PRESTIGE LAWN CARE OF WNY LLC,                  Index No.
SPRINGWISE FACILITY MANAGEMENT, INC.,
ROBERT MARIN, as Trustee of the
ROBERT MARIN & CELESTE DE SCHULTHESS
MARIN FAMILY TRUST and
CELESTE DE SCHULTHESS MARIN,
as Trustee of the ROBERT MARIN &
CELESTE DE SCHULTHESS MARIN
FAMILY TRUST

                              Defendants.

---

Plaintiff, above named, by his attorneys, LIPSITZ GREEN SCIME CAMBRIA

LLP, for his Complaint against the defendants, alleges:

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE DEFENDANTS, ABOVE-NAMED,
### THE PLAINTIFF, ROBERT DOHRING, ALLEGES:

1.    The plaintiff, ROBERT DOHRING, at all times hereinafter mentioned,

was and still is a resident of the Hamlet of Clarence Center located within the County

of Erie and the State of New York.

2.    Upon information and belief, at all times hereinafter mentioned, the

defendant, PRESTIGE LAWN CARE OF WNY LLC, was and still is a domestic

corporation duly organized and existing under and by virtue of the laws of the State

of New York and maintains an office for the transaction of business located within

the County of Erie and the State of New York.

3.     Upon information and belief, at all times hereinafter mentioned, the defendant, SPRINGWISE FACILITY MANAGEMENT, INC., was and still is a foreign corporation not authorized to do business in the State of New York; jurisdiction over the defendant is asserted under New York Civil Practice Law & Rules §302.

4.     Upon information and belief, at all times hereinafter mentioned, the defendant, ROBERT MARIN, was and still is a Trustee of the ROBERT MARIN & CELESTE DE SCHULTHESS MARIN FAMILY TRUST and was and still is a resident of the City of Los Angeles located within the County of Los Angeles and the State of California.

5.     Upon information and belief, at all times hereinafter mentioned, the defendant, CELESTE DE SCHULTHESS MARIN, was and still is a Trustee of the ROBERT MARIN & CELESTE DE SCHULTHESS MARIN FAMILY TRUST and was and still is a resident of the City of Los Angeles located within the County of Los Angeles and the State of California.

6.     Upon information and belief, at all times hereinafter mentioned, the defendants, PRESTIGE LAWN CARE OF WNY LLC, SPRINGWISE FACILITY MANAGEMENT, INC. and ROBERT MARIN and CELESTE DE SCHULTHESS MARIN, as Trustees of the ROBERT MARIN & CELESTE DE SCHULTHESS MARIN FAMILY TRUST, were and still are doing and transacting business within the State of New York.

7.     Upon information and belief, at all times hereinafter mentioned, the defendant, ROBERT MARIN & CELESTE DE SCHULTHESS MARIN FAMILY TRUST (hereinafter referred to as "THE TRUST"), was the owner of the premises commonly

-2-

known as Rite Aid, located at 8530 Transit Road within the Town of Amherst, County of Erie and the State of New York.

8.  Upon information and belief, at all times hereinafter mentioned, the defendants, PRESTIGE LAWN CARE OF WNY LLC, SPRINGWISE FACILITY MANAGEMENT, INC. and "THE TRUST", by their agents, servants and/or employees, operated the aforesaid premises.

9.  Upon information and belief, at all times hereinafter mentioned, the defendants, PRESTIGE LAWN CARE OF WNY LLC, SPRINGWISE FACILITY MANAGEMENT, INC. and "THE TRUST", by their agents, servants and/or employees, maintained the aforesaid premises.

10.  Upon information and belief, at all times hereinafter mentioned, the defendants, PRESTIGE LAWN CARE OF WNY LLC, SPRINGWISE FACILITY MANAGEMENT, INC. and "THE TRUST", by their agents, servants and/or employees, managed the aforesaid premises.

11.  Upon information and belief, at all times hereinafter mentioned, the defendants, PRESTIGE LAWN CARE OF WNY LLC, SPRINGWISE FACILITY MANAGEMENT, INC. and "THE TRUST", by their agents, servants and/or employees, constructed the aforesaid premises.

12.  Upon information and belief, at all times hereinafter mentioned, the defendants, PRESTIGE LAWN CARE OF WNY LLC, SPRINGWISE FACILITY MANAGEMENT, INC. and "THE TRUST", by their agents, servants and/or employees, controlled the aforesaid premises.

2002769, 1, 099610.0001

13.     Upon information and belief, at all times hereinafter mentioned, the defendants PRESTIGE LAWN CARE OF WNY LLC, SPRINGWISE FACILITY MANAGEMENT, INC. and "THE TRUST", by their agents, servants and/or employees, designed the aforesaid premises.

14.     Upon information and belief, on or about the 23rd day of February 2023, the plaintiff, ROBERT DOHRING, while lawfully and properly a visitor at the aforesaid premises, was caused to slip and fall on ice in the parking lot at the aforesaid premises.

15.     Upon information and belief, the incident hereinbefore described and the resultant injuries were caused as a result of the negligent, careless, reckless and/or unlawful conduct on the part of the defendants herein, by their agents, servants and/or employees in the ownership, operation, maintenance, management, construction, control and design of the parking lot on the aforesaid premises, and, among other things, said negligence of the defendants herein, by their agents, servants and/or employees was exhibited in defendants allowing and permitting the parking lot to be used when such was in an unsafe, dangerous, hazardous and defective condition, and in allowing and permitting it to be and remain in such condition, without warning plaintiff and others of its existence.

16.     Upon information and belief, the aforesaid icy parking lot and the dangerous and hazardous condition created thereby existed for a sufficient length of time to give both actual and constructive notice to the defendants, including notice by reasonable inspection.

-4-

17.    Upon information and belief, the defendants herein affirmatively created the dangerous and hazardous condition complained of herein.

18.    As a result of the alleged incident, the plaintiff, ROBERT DOHRING, sustained bodily injuries and was painfully and seriously injured, and some of the injuries may result in permanent defect; was rendered sick, sore, lame and disabled; sustained pain and suffering and shock to his nerves and nervous system; was caused to and did seek medical aid and attention; was caused to be confined to hospital, bed and home; was caused to and did incur great medical expenses and may incur further medical expense; was caused to be incapacitated from his usual activities and may be further incapacitated.

19.    This action falls within one or more of the exceptions set forth in CPLR §1602.

20.    As a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

WHEREFORE, the plaintiff demands judgment against the defendants, either jointly or severally, in the First Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction; and for such other, further or different relief as the Court may deem just and proper, together with the costs and disbursements of the action.

DATED:    Buffalo, New York
           July 31, 2025

2002769. 1, 099610.0001

17.     Upon information and belief, the defendants herein affirmatively created the dangerous and hazardous condition complained of herein.

18.     As a result of the alleged incident, the plaintiff, ROBERT DOHRING, sustained bodily injuries and was painfully and seriously injured, and some of the injuries may result in permanent defect; was rendered sick, sore, lame and disabled; sustained pain and suffering and shock to his nerves and nervous system; was caused to and did seek medical aid and attention; was caused to be confined to hospital, bed and home; was caused to and did incur great medical expenses and may incur further medical expense; was caused to be incapacitated from his usual activities and may be further incapacitated.

19.     This action falls within one or more of the exceptions set forth in CPLR §1602.

20.     As a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

DATED:    Buffalo, New York
          July 31, 2025

                    **LIPSITZ GREEN SCIME CAMBRIA LLP**

                    By: _Cherie L. Peterson_____

                        Cherie L. Peterson, Esq.
                    Attorneys for Plaintiff
                    Office and P.O. Address
                    42 Delaware Avenue, Suite 120
                    Buffalo, New York 14202-3924
                    (716) 849-1333, Ext. 417
                    [CLP: #73421.0001]

**LIPSITZ GREEN SCIME CAMBRIA LLP**

By: _____

Cherie L. Peterson, Esq.
Attorneys for Plaintiff
Office and P.O. Address
42 Delaware Avenue, Suite 120
Buffalo, NY 14202
(716) 849-1333 ext. 417
[CLP: # 73421.0001]

-6-

2002769, 1, 099610.0001

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

---

ROBERT DOHRING

                          Plaintiff,

v.                                                    Index No. _____

PRESTIGE LAWN CARE OF WNY LLC,
SPRINGWISE FACILITY MANAGEMENT, INC.,
ROBERT MARIN, as Trustee of the ROBERT
MARIN & CELESTE DE SCHULTHESS
MARIN FAMILY TRUST and
CELESTE DE SCHULTHESS MARIN,
as Trustee OF the ROBERT MARIN &
CELESTE DE SCHULTHESS
MARIN FAMILY TRUST,

                          Defendants.

---

### NOTICE OF COMMENCEMENT OF ACTION
### SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b)(3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: (1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and (2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile, or contact the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated:  July 31, 2025

_Cherie Peterson_ (Signature)                    (716) 849-1333, Ext. 417 (Phone)

Cherie L. Peterson, Esq.        (Name)           (716) 8551580        (Fax)

Lipsitz Green Scime Cambria LLP (Firm)           cpeterson@lglaw.com     (E-mail)

42 Delaware Avenue, Suite 120        (Address)

Buffalo, New York 14202

TO:

PRESTIGE LAWN CARE OF WNY LLC
163 Nicholson Street
Buffalo, New York 14216

SPRINGWISE FACILITY MANAGEMENT, INC
1820 South Bend Avenue, Suite 1200
South Bend, Indiana 46637

ROBERT MARIN, as Trustee of the
ROBERT MARIN & CELESTE DE SCHULTHESS
MARIN FAMILY TRUST
12728 Parkyns Street
Los Angeles, California 90049

CELESTE DE SCHULTHESS MARIN, as Trustee
of the ROBERT MARIN & CELESTE DE SCHULTHESS
MARIN FAMILY TRUST
12728 Parkyns Street
Los Angeles, California 90049

**LIPSITZ GREEN SCIME CAMBRIA LLP**

By: _____
                    Cherie L. Peterson, Esq.
Attorneys for Plaintiff
Office and P.O. Address
42 Delaware Avenue, Suite 120
Buffalo, NY 14202
(716) 849-1333 ext. 417
[CLP: # 73421.0001]

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

---

ROBERT DOHRING

                                  Plaintiff,

v.                                                    Index No. _____

PRESTIGE LAWN CARE OF WNY LLC,
SPRINGWISE FACILITY MANAGEMENT, INC.,
ROBERT MARIN, as Trustee of the ROBERT
MARIN & CELESTE DE SCHULTHESS
MARIN FAMILY TRUST and
CELESTE DE SCHULTHESS MARIN,
as Trustee OF the ROBERT MARIN &
CELESTE DE SCHULTHESS
MARIN FAMILY TRUST,

                          Defendants.

---

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b)(3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: (1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and (2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile, or contact the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated: July 31, 2025

_Cherie L. Peterson_ (Signature)          (716) 849-1333, Ext. 417 (Phone)

Cherie L. Peterson, Esq.          (Name)          (716) 8551580          (Fax)

Lipsitz Green Scime Cambria LLP (Firm)          cpeterson@lglaw.com          (E-mail)

42 Delaware Avenue, Suite 120          (Address)

Buffalo, New York 14202

TO:

PRESTIGE LAWN CARE OF WNY LLC
163 Nicholson Street
Buffalo, New York 14216

SPRINGWISE FACILITY MANAGEMENT, INC
1820 South Bend Avenue, Suite 1200
South Bend, Indiana 46637

ROBERT MARIN, as Trustee of the
ROBERT MARIN & CELESTE DE SCHULTHESS
MARIN FAMILY TRUST
12728 Parkyns Street
Los Angeles, California 90049

CELESTE DE SCHULTHESS MARIN, as Trustee
of the ROBERT MARIN & CELESTE DE SCHULTHESS
MARIN FAMILY TRUST
12728 Parkyns Street
Los Angeles, California 90049