# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY (TRENTON)

DUANE MORRIS LLP

Gregory D. Herrold
40 Lake Center Drive
401 Route 73 North, Suite 200
Marlton, NJ 08053
Telephone: 856-874-4225
Fax: 856-424-4446
Email: gdherrold@duanemorris.com

*Counsel for Murray Avenue Kosher, Inc.*

In Re:

LAKEHURST AND BROADWAY CORPORATION [1]

Case No. 25-14831 (MBK)

Chapter 11

Hearing date: April 2, 2026 at 10:00 AM EST

Hon. Michael B. Kaplan

Murray Avenue Kosher, Inc.'s Motion to Intervene

## MURRAY AVENUE KOSHER, INC'S MOTION TO INTERVENE PURSUANT TO FED. R. BANKR. P. 2018 (a)

---

[1] This Motion to Intervene is being filed in this remaining bankruptcy case pursuant to the Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases issued on December 30, 2025, at Dckt. No. 3695 in Case No. 25-14861.

Proposed Intervenor Murray Avenue Kosher, Inc. ("**MAKI**"), pursuant to Rule 2018(a) of the Federal Rules of Bankruptcy Procedure, requests permission to intervene in this bankruptcy action, for the limited purpose of participating in the dispute regarding assignment of a lease for the property located at 1700 Murray Ave., Pittsburgh, PA, including but not limited to, by joining the *Motion to Vacate Order Approving the Assumption and Assignment of Unexpired Lease to Murray Ave Market, LLC, Pursuant to Fed. R. Civ. P. 60(b) and Fed. R. Bankr. P. 9024*, Dckt. 245, filed by 29 Katz Crew ("Motion to Vacate"). In support thereof, MAKI states as follows:

## BACKGROUND

1. Murray Avenue Market, LLC ("**MAM**") obtained an assignment of a former Rite-Aid lease in the Squirrel Hill neighborhood in Pittsburgh by declaring to this Court that MAM "is acquiring Murray Avenue Kosher, Inc. [MAKI]," a long-standing, family-owned neighborhood kosher grocery store, and that MAKI "will be merged with Murray Avenue Market." *Supplemental Declaration of Yitzchok Glassner in Support of Murray Ave Market's Assumption of Lease*, dated September 5, 2025, Dckt. #2330, attached hereto as **Exhibit A** ("Supplemental Declaration") at ¶5. MAM further represented to the Court that, after the purported merger, MAKI's existing market "will be even more profitable at the new location." *Id.* at ¶17.

2

2. MAM also proffered to the Court a "Market Business Plan" that called for "relocating a full-service kosher neighborhood market." MAM's plan was based on an "Existing Market with successful track record" and "$5M in gross sales" and "$500K yearly" in net profits. MAM asserted – without equivocation – that it "is not a start-up – it represents a strategic partnership between the existing kosher market [MAKI] … and a group of new investors …." MAM represented to the Court that the "[l]egacy operators and new investors are united." *See Market Business Plan*, attached hereto as **Exhibit B**, at 1, 3; *Declaration of Yitzchok Glassner in Support of Murray Ave Market's Assumption of Lease*, dated Aug. 28, 2025, Dckt. # 2194, attached hereto as **Exhibit C** ("Declaration"), at ¶13.

3. MAM also submitted MAKI's tax returns and P&L Statement to the Court (in violation of an NDA)[2] to purportedly demonstrate MAM's ability to satisfy its obligations under the Murray Avenue Lease. *See Declaration* at ¶¶ 9-10; *Supplemental Declaration* at ¶16.

4. MAM did not suggest to the Court that MAM's purported alliance and partnership with MAKI was prospective, uncertain, contingent, or unfinalized.

---

[2] In June 2025, MAM approached the principals of MAKI with an offer to purchase MAKI's store. In the course of negotiations regarding the potential sale, MAKI provided to MAM certain information about MAKI's financial status, subject to a non-disclosure agreement ("**NDA**") executed on July 11, 2025. *See* **Exhibit D**.

3

5. The Court took MAM and its principal at their word. The Court approved the assignment of the lease, expressly pointing to the financial records MAM submitted (MAKI's records) and MAKI's "long-standing history and [ ] healthy financial condition." The Court approved the assignment of the lease because, based on MAM's representations, MAM would be "essentially stepping into the shoes of [MAKI]." *See Sep. 18, 2025 Letter Opinion, In Re New Rite Aid, LLC*, Case No. 25-14861, Dckt. 2494, attached hereto as **Exhibit E** at 6. *See also Sept. 26, 2025 Order Approving the Assumption and Assignment of Unexpired Lease to Murray Ave Market, LLC*, attached hereto as **Exhibit F** at 5¶1 ("**September 26 Order**") (incorporating the reasoning of the Letter Opinion).

6. But MAM's representations were not true. While MAM and MAKI were at one point engaged in advanced negotiations about a potential MAM acquisition of MAKI's business, the parties never reached an agreement. There is not and never was a strategic partnership between MAKI and MAM. The "legacy operators" at MAKI are not and never were "united" with MAM. *See Declaration of A. Markovic in Support of Motion to Vacate Order Approving the Assumption and Assignment of Unexpired Lease to Murray Ave Market, LLC Pursuant to Fed. R. Civ. P. 60(b)(3) and Fed. R. Bankr. P. 9024*, dated Dec. 26, 2025, attached hereto as **Exhibit G**, at ¶9-10.

7. Instead, MAM <u>is</u> a start-up. MAM <u>is not</u> stepping into the shoes of MAKI. To the contrary, having succeeded in obtaining the assignment of the lease on the strength of MAKI's "long-standing history and healthy financial condition," MAM now intends to compete against the very same "existing market" that it inaccurately told this Court it was acquiring.[3]

8    MAM's misstatements continue in its most recent submission. In it, MAM asserts that, at all relevant times, it "actively negotiated in good faith with MAKI for the purpose of consummating an acquisition of MAKI," and that "MAKI cut off all negotiations with [MAM]." *See Objection of Murray Ave Market, LLC to the Motion to Vacate Order Approving Assumption and Assignment of Unexpired Lease Pursuant to Fed. R. Civ. P. 60(b) and Fed. R. Bankr. P. 9024*, Dckt. 294 ("MAM's Objection") at ¶ 6, 33.

9. Again, that is not so. To the contrary, in October 2025, MAM informed MAKI that, having obtained the assignment of the lease from the Court, MAM no longer needed any deal with MAKI:

> [W]e believed that by presenting a united front in bankruptcy court, we would have a near certain path to success in assuming the lease…*[but] [MAKI's] Saul [Markovic] specifically stated '…We are not together in this effort.' That was a clear signal that you [MAKI] were choosing not to participate in a joint approach[,] which, of course, was your prerogative* — but it also meant that the conditions of that proposed deal no longer applied. We ultimately

---

[3] MAKI is located at 1916 Murray Ave, Pittsburgh, PA—down the street from, and in the same neighborhood as, the property located at 1700 Murray Ave., Pittsburgh, PA.

prevailed in that case without your involvement, so to now suggest that we had an agreement *when you explicitly opted out of that coordinated effort* is simply not accurate. …When we followed up with Saul, he confirmed that no agreement had been reached—so that deal is now off the table.

*See Declaration of S. Markovic,* attached hereto as **Exhibit H**, at 5-6 (emphasis added). Thus, MAM *told the Court* that it was united in a strategic partnership with MAKI (and its long-standing financial track record) in order to obtain the assignment; then, after winning the assignment, MAM *told MAKI* that it no longer needed any association with MAKI. *See id.*

10. Following the entry of the September 26 Order, MAKI became aware that, as part of MAM's effort to convince the Court to approve the lease assignment, MAM made the above-described false statements to this Court about MAKI.

11. On February 13, 2026, 29 Katz Crew, the landlord of the property at 1700 Murray Ave, filed a Motion to Vacate this assignment of the lease to MAM. *See Motion to Vacate*, Dckt. 245.

12. MAKI requests permission to intervene in these proceedings in relation to the Katz Motion and the dispute over the assignment of the lease at 1700 Murray Avenue in Pittsburgh.

## LEGAL ARGUMENT

13. Federal Rule of Bankruptcy Procedure 2018(a) allows a bankruptcy court, "[a]fter hearing on such notice as the court orders and for cause," to "permit an interested entity to intervene generally or in any specified matter." As explained

6

in the Notes of the Advisory Committee on Rules (1983), "[s]ubdivision (a)…permits intervention of an entity…not otherwise entitled to do so under the Code or this rule. Such a party seeking to intervene mush show cause therefor." Fed. R. Bankr. P., Advisory Committee's Note to 1983 amendment.

14. MAKI has cause to intervene in this action because it has suffered and/or will suffer financial and reputational harm as a result of the issuance of the September 26 Order. *See, e.g. In re Public Service Co. of New Hampshire*, 88 B.R. 546 (1988) (interpreting "cause" for purposes of Rule 2018(a) to mean "an economic or similar interest in the case or one of its aspects").

15. MAKI has an economic interest in the September 26 Order (one of the aspects of this case) insofar as A) MAM made misrepresentations to the Court regarding a coordinated effort between MAM and MAKI, in order to obtain a favorable lease, and now will be competing directly with MAKI, a small, family-run business; and B) MAM has disclosed MAKI's confidential financial information in a public forum, making it available to MAKI's existing competitors, and placing MAKI at an unfair competitive disadvantage.

16. MAKI has a direct interest in an aspect of this case — the September 26, 2025 Order and the disposition of the lease for 1700 Murray Ave. — and has good cause to intervene in this action.

17. MAKI therefore seeks permission to intervene in this action for the limited purpose of participating in the dispute regarding the property located at 1700 Murray Ave., Pittsburgh, PA, including but not limited to, by joining the Motion to Vacate filed by 29 Katz Crew.

**WHEREFORE**, Proposed Intervenor Murray Avenue Kosher, Inc. requests that the Court grant this motion and permit it to intervene in this action for the limited purpose of participating in the dispute regarding the property located at 1700 Murray Ave, Pittsburgh, PA, including but not limited to, by joining the *Motion to Vacate Order Approving the Assumption and Assignment of Unexpired Lease to Murray Ave Market, LLC, Pursuant to Fed. R. Civ. P. 60(b) and Fed. R. Bankr. P. 9024*, Dckt. 245, filed by 29 Katz Crew..

Dated: March 6, 2026         By: */s/ Gregory D. Herrold*

DUANE MORRIS LLP

Gregory D. Herrold (NJ ID No. 218282017)
40 Lake Center Drive
401 Route 73 North, Suite 200
Marlton, NJ 08053
Telephone: 856-874-4225
Fax: 856-424-4446
Email: gdherrold@duanemorris.com

*Counsel for Murray Avenue Kosher, Inc.*