# EXHIBIT F

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

Order Filed on September 26, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

### ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO MURRAY AVE MARKET, LLC

The relief set forth on the following pages, numbered three (3) through nine (9), is

**ORDERED.**

DATED: September 26, 2025

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO MURRAY AVE MARKET, LLC |

Upon the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 804] (the "Final Order")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a *Notice of Bid Deadline, Potential Auction and Potential Sale Hearing for Certain Lease Assets* [Docket No. 1320] (the "Auction Notice"); and the Debtors having conducted an Auction in accordance with the Final Order; and following the Auction the Debtors having served a *Notice of Successful and Backup Bidders With Respect to the Auction of Certain of the Debtors' Leases* [Docket No. 1524] (the "Notice of Successful Bidder") and the *Notice of Assumption and Assignment of Certain of the Debtors' Leases* [Docket No. 1525] (the "Assumption and Assignment Notice" and, together with the Notice of Successful Bidder, the "Bid Notice Documents") on the Objection Notice Parties and the Lease Counterparty, 1700 Murray Avenue LLC (as successor in interest under the Lease to Alex-Forbes & Murray, L.P.) (the "Landlord"), in accordance with the terms of the Final Order, in which the Debtors identified Murray Ave Market as the Successful Bidder with respect to the Debtors' lease

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Final Order or the *Debtors' Motion for Entry of Interim and Final Orders (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief* [Docket No. 22].

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO MURRAY AVE MARKET, LLC |

dated August 19, 2003 (the "Lease") with the Landlord relating to certain premises located at 1700 Murray Avenue, Pittsburgh, Pennsylvania (the "Premises") with respect to the Debtors' Store No. 274; and following the filing and service of the Bid Notice Documents, the Debtors having provided certain documents demonstrating adequate assurance of future performance to the Landlord and AmeriServ Financial Bank ("AmeriServ") and Martin Perry, as the Court-Appointed Receiver for 1700 Murray Avenue, LLC (the "Receiver" and together with Ameriserv, "Respondents"); and the Respondents having filed an *Objection to Assumption and Assignment Notice* [Docket No. 1808] (the "Initial Objection"), and the Initial Objection having been scheduled for a hearing on August 28, 2025 (the "Hearing"), at which Hearing, the Court having admitted the *Declaration of Yitzchok Glassner in Support of Murray Ave Market's Assumption of Lease* [Docket No. 2194], and heard argument from the Debtors, Murray Ave Market, LLC ("Murray Ave Market" or the "Assignee") and the Respondents; and during the Hearing the Court having requested supplemental briefing and submission of financial data and information supporting Murray Ave Market's ability to operate as the anchor retailer in the Premises; and following the Hearing, Murray Ave Market having filed the *Supplemental Declaration of Yitzchok Glassner in Support of Murray Ave Market's Assumption of Lease* [Docket No. 2330] and that certain *Surreply in Support of Murray Ave Market's Assumption of Lease* [Docket No. 2459] and the Respondents having filed that certain *Supplemental Objection to Assumption and Assignment Notice* (the "Supplemental Objection" and together with the Initial Objection, collectively, the "Objection"); and this Court having determined that the Debtors having complied with the Final Order, and that the Debtors' entry into the Assumption and Assignment Agreement attached hereto

(Page | 5)
Debtors: NEW RITE AID, LLC, *et al.*
Case No. 25-14861 (MBK)
Caption of Order: ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO MURRAY AVE MARKET, LLC

as **Exhibit 1** (the "Assignment Agreement") is in the best interest of the Debtors and their estates and provides for the highest or best bid for the Lease; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT:**

1. For the reasons set forth in the Court's letter opinion dated September 18, 2025 [Docket No. 2494], the Objection is overruled and the Assignee and the Debtors have met their burden with respect to adequate assurance of future performance as required by Section 365(f)(2)(B) of the Bankruptcy Code.

2. The applicable Debtor, Rite Aid of Pennsylvania, LLC, and Assignee are authorized to enter into and perform under the Assignment Agreement, and to implement the Assignment Agreement and the transactions contemplated thereunder and hereunder. The Assignment Agreement and all of the terms and conditions thereof is hereby approved in all respects.

3. Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, Rite Aid of Pennsylvania, LLC is hereby authorized to assume, sell and assign to Assignee the Lease, pursuant to the terms and provisions of this Order and the Assignment Agreement, all of the terms of which are hereby approved. Assignee shall be deemed to be substituted for Rite Aid of Pennsylvania, LLC as a party to the Lease and the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Lease from and after the Assumption Date.

4. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of the Lease shall: (a) be free and clear of (i) all interests including, but not limited to, any liens,

(Page | 6)
Debtors: NEW RITE AID, LLC, *et al.*
Case No. 25-14861 (MBK)
Caption of Order: ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO MURRAY AVE MARKET, LLC

---

claims, rights, interests, charges, or encumbrances, except with respect to any interests related to reciprocal easement agreements or that may be assumed liabilities under the Assignment Agreement (collectively, the "Interests") and any Interests shall attach to the proceeds in the same order and priority, as applicable, and subject to all existing defenses, claims, setoffs, and rights and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Lease (but only in connection with the assignment by the Debtor to the Assignee), *provided* that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under the Lease, including adjustments, reconciliations, and indemnity obligations, liability for which shall be assumed or assumed and assigned by the Debtors or the Assignee, as agreed by and among the Debtors and the Assignee or (B) in respect of any taxes, and (b) constitute a legal, valid, and effective transfer of the Lease and vest the Assignee with all rights, titles, and interests to the Lease. For the avoidance of doubt, all provisions of the Lease, including any provision limiting assignment, shall be binding on the Assignee.

5.      Subject to the other provisions of this Order, the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to Assignee

(Page | 7)
Debtors: NEW RITE AID, LLC, *et al.*
Case No. 25-14861 (MBK)
Caption of Order: ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO MURRAY AVE MARKET, LLC

---

the Lease with Assignee being responsible only for the post-assignment liabilities or defaults under the Lease except as otherwise provided for in this Order and (b) execute and deliver to Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer the Lease.

6. The Assignee shall be responsible for the payment of the Cure Costs. The undisputed Cure Cost (the "Undisputed Cure Cost") is hereby fixed at the amount set forth in the Assumption and Assignment Notice ($32,670); *provided, however*, the Respondents have asserted that they are due additional amounts totaling $170,936.38 (the "Additional Asserted Cure Costs"). The Assignee shall pay the Undisputed Cure Cost promptly following the entry of this Order, without prejudice to the Respondent's right to seek payment of the Additional Asserted Cure Costs. The Assignee and the Respondents shall work together to resolve the Additional Asserted Cure Costs and, if the parties reach a resolution thereon, the Assignee shall pay the Additional Asserted Cure Costs, or any agreed portion thereof, promptly upon such resolution and without the need for any further Order of this Court. In the event the Assignee and the Respondents fail to reach a resolution of the Additional Asserted Cure Costs, such dispute shall be determined by the Bankruptcy Court at a hearing to be scheduled by the Court upon the request of the parties. Upon payment of the applicable Cure Cost, but subject to the terms of this Paragraph, the Landlord and the Respondents, together with any party that succeeds to the rights of the Landlord, are hereby barred and permanently enjoined from asserting against the Debtors and Assignee any default, claim, or liability existing, accrued, arising, or relating to the Lease for the period prior to the entry of this Order.

7. Except with respect to the payment of the Cure Costs, the Assignee shall have no

(Page | 8)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO MURRAY AVE MARKET, LLC |

liability or obligation with respect to defaults relating to the Lease arising, accruing, or relating to a period prior to the Assumption Date except as otherwise agreed to between the Assignee and the Respondents.

8.  The Assignment Agreement and each of the transactions contemplated therein were negotiated, proposed and are undertaken by the Debtors and the Assignee from arm's-length bargaining positions without collusion or fraud, and in good faith within the meaning of section 363(m) of the Bankruptcy Code. As a result of the foregoing, the Assignee is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

9.  The Debtors are authorized to execute and deliver all instruments and documents and take all additional actions necessary to effectuate the relief granted in this Order and the assumption without further order from this Court.

10. For the avoidance of doubt, the assumption or assumption and assignment of the Lease shall not be free and clear of, and instead shall be subject to: (a) amounts that are unbilled or not yet due as of the Assumption Date, regardless of when such amounts accrued, such as common area maintenance, insurance, taxes, and similar charges; (b) any regular or periodic adjustment or reconciliation of charges that are not due or have not been determined as of the Assumption Date; (c) any percentage rent that may come due; (d) indemnification obligations; (e) any unpaid cure amount, calculated in accordance with the terms of any applicable amendment or other agreement of the Parties; and (f) agreements that run with the land such as REAs and COREAs.

11. Notwithstanding anything to the contrary in this Order or the Auction Procedures, any Assumption and Assignment Notice, Assumption and Assignment Agreement or Purchase

(Page | 9)
Debtors: NEW RITE AID, LLC, *et al.*
Case No. 25-14861 (MBK)
Caption of Order: ORDER APPROVING THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE TO MURRAY AVE MARKET, LLC

---

Agreement, side letter(s), or any document or agreement related to any of the forgoing, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand), including, without limitation, any collateral or security provided by or on behalf of any of the Debtors, and any rights, proceeds, benefits, claims, rights to payments and/or recoveries thereunder and/or any claims handling service agreements, shall be abandoned, sold, assigned, or otherwise transferred without the express prior written consent of the applicable insurer and/or third-party administrator.

12. The 14-day stay required of any assignment of any contract or lease pursuant to Bankruptcy Rule 6006(d) is hereby waived.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# EXHIBIT 1

## ASSUMPTION AND ASSIGNMENT AGREEMENT

Docusign Envelope ID: A3EDD679-2F23-4F3E-BFFC-CAAA6E0FE204

## ASSUMPTION AND ASSIGNMENT AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement"), dated as of September ___, 2025, is by and between RITE AID OF PENNSYLVANIA, LLC ("Assignor") and MURRAY AVENUE MARKET, LLC, A Pennsylvania limited liability company ("Assignee").

### RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"); and

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the real property lease (referred to as the "Lease") with respect to the premises at 1700 Murray Avenue, Pittsburgh, PA (the "Premises") pursuant to the terms and conditions of the Auction Procedures approved by the Bankruptcy Court in the chapter 11 cases of *In re New Rite Aid, LLC, et al.*, Case No. 25-14861 (MBK) (the "Bankruptcy Court Approval").

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties ("Parties") hereto agree as follows:

### AGREEMENT

1. <u>Assignment and Assumption</u>. Effective upon the receipt of Bankruptcy Court Approval and payment of the Purchase Price as set forth below:

(a) Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Lease.

Docusign Envelope ID: A3EDD679-2F23-4F3E-BFFC-CAAA6E0FE204umes and undertakes to pay, perform, and discharge all of Assignor's obligations and duties with respect to the Lease.

2. <u>Payment of Purchase Price</u>. Assignee shall, on or before two (2) business days following the Court approval of the assignment of the Lease, deliver, in immediately available funds wired to the account specified by Assignor, the purchase price for the Lease in the amount of $93,275.00 (the "<u>Purchase Price</u>") minus (i) a credit of rent for the period from May 5 through May 31 at $537.04 per day, or $14,500.11; and minus (ii) a credit of rent for the period from September 1 through September 18 at $537.04 per day, or $9,666.72, for a net wire of $69,108.17. The Parties acknowledge that if the assignment and assumption of the Lease (the "<u>Closing</u>") does not occur before September 30, 2025, the Lease may thereafter be rejected in the Bankruptcy Court proceeding referenced above.

3. <u>Assumption of Liabilities. In addition to assuming all remaining obligations that exist with respect to the Lease, including, but not limited to, accrued but unbilled adjustments for CAM, real estate taxes, and insurance, Assignee shall assume and cure all outstanding liabilities with respect to the Lease.</u>

4. <u>No Further Liability of Assignor. From and after Closing, Assignor shall have no further obligations and duties with respect to the Lease.</u>

5. <u>Further Assurances. At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Lease.</u>

6. "As Is Where Is" Transaction. Assignee hereby

Docusign Envelope ID: A3EDD679-2F23-4F3E-BFFC-CAAA6E0FE204

Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Lease. Without limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any premises subject to the Lease. Assignee further acknowledges that the Assignee has conducted an independent inspection and investigation of the physical condition of premises subject to the Lease and all such other matters relating to or affecting the Lease as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Lease, Assignee is doing so based upon such independent inspections and investigations. Accordingly, Assignee will accept the Lease "AS IS" and "WHERE IS."

7. <u>Compliance With Law.</u> Assignee hereby agrees to comply with all applicable laws. Assignee agrees to indemnify and hold Assignor harmless for any violation or alleged violation of this section.

8. <u>Governing Law.</u> This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

9. <u>Jurisdiction.</u> The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

10. <u>No Reliance.</u> Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that

Docusign Envelope ID: A3EDD679-2F23-4F3E-BFFC-CAAA6E0FE204

sent it in this matter. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

11. <u>Construction.</u> <u>This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.</u>

12. <u>Execution in Counterparts.</u> <u>This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All signatures of the Parties to this Agreement may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.</u>

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

[*Signatures appear on following page*].

68500/0009-51110017v3

ASSIGNOR:
RITE AID OF PENNSYLVANIA, LLC

By: *Susan C. Lowell* (DocuSigned by: 7BDBCCA79B30474...)
Name:

Docusign Envelope ID: A3EDD679-2F23-4F3E-BFFC-CAAA6E0FE204

ASSIGNEE:
MURRAY AVENUE MARKET, LLC
By: NV Properties, LLC, its General Partner

By:
Name: Yitzchok Glassner
Its: Member

*[signature]* 9/22/25

Doc#: US1:27362200v1
68500/0009-51110017v3

Yitzchok Glassner