**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*



**Order Filed on March 11, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

LAKEHURST AND BROADWAY
CORPORATION,

Debtor.[1]

Chapter 11

Case No. 25-14831 (MBK)

**ORDER GRANTING LIQUIDATING TRUSTEE'S MOTION FOR ENTRY OF AN
ORDER (A) APPROVING THE (I) OMNIBUS CLAIMS OBJECTION
PROCEDURES AND FORM OF NOTICE, (II) OMNIBUS SUBSTANTIVE
CLAIMS OBJECTIONS, AND (III) SATISFACTION PROCEDURES
AND FORM OF NOTICE AND (B) WAIVING BANKRUPTCY RULE 3007(e)**

The relief set forth on the following pages, numbered two (2) through five (5) is

**ORDERED**.

**DATED: March 11, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)
Debtor:             LAKEHURST AND BROADWAY CORPORATION
Case No.            25-14831 (MBK)
Caption of Order:   ORDER GRANTING LIQUIDATING TRUSTEE'S MOTION FOR
                    ENTRY OF AN ORDER (A) APPROVING THE (I) OMNIBUS CLAIMS
                    OBJECTION PROCEDURES AND FORM OF NOTICE, (II) OMNIBUS
                    SUBSTANTIVE CLAIMS OBJECTION, AND (III) SATISFACTION
                    PROCEDURES AND FORM OF NOTICE AND (B) WAIVING
                    BANKRUPTCY RULE 3007(e)

Upon consideration of the *Liquidation Trustee's Motion for Entry of an Order (A) Approving (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice and (B) Waiving Bankruptcy Rule 3007(e)* (the "Motion")[2]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and Standing Order 12-1 (Simandle, C.J.), *Standing Order of Reference to the Bankruptcy Court Under Title 11*, dated September 18, 2012, as amended June 6, 2025 (Bumb, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"), if any; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Wind-Down Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record of the Hearing, if any, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3

52479972

(Page 3)
Debtor:            LAKEHURST AND BROADWAY CORPORATION
Case No.           25-14831 (MBK)
Caption of Order:  ORDER GRANTING LIQUIDATING TRUSTEE'S MOTION FOR
                   ENTRY OF AN ORDER (A) APPROVING THE (I) OMNIBUS CLAIMS
                   OBJECTION PROCEDURES AND FORM OF NOTICE, (II) OMNIBUS
                   SUBSTANTIVE CLAIMS OBJECTION, AND (III) SATISFACTION
                   PROCEDURES AND FORM OF NOTICE AND (B) WAIVING
                   BANKRUPTCY RULE 3007(e)

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, and pursuant to Bankruptcy Rule 3007(c), the Liquidating Trustee may, jointly or separately, file Omnibus Objections that include objections to Claims (including requests for payment of Administrative Claims) on any basis provided for in Bankruptcy Rule 3007(d) and/or the Additional Grounds.

3.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Liquidating Trustee may object to more than 100 Claims in a single Omnibus Objection on any of the bases set forth in Bankruptcy Rule 3007(d) and/or the Additional Grounds.

4.      The Liquidating Trustee may file and prosecute any Omnibus Objections in accordance with the Objection Procedures attached hereto as **Exhibit 1**, which are approved, and the other procedural safeguards set forth in Bankruptcy Rule 3007(e) except as stated in the preceding paragraph.  The Liquidating Trustee may include scheduled Claims in Omnibus Objections.

5.      The form of Objection Notice attached hereto as **Exhibit 2** is approved.  The Liquidating Trustee is authorized to send Objection Notices via first-class mail or electronic mail, as applicable, in accordance with the Objection Procedures.

6.      The Satisfaction Procedures attached hereto as **Exhibit 3** are approved.

3

52479972

(Page 4)

| | |
|---|---|
| Debtor: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | ORDER GRANTING LIQUIDATING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE (I) OMNIBUS CLAIMS OBJECTION PROCEDURES AND FORM OF NOTICE, (II) OMNIBUS SUBSTANTIVE CLAIMS OBJECTION, AND (III) SATISFACTION PROCEDURES AND FORM OF NOTICE AND (B) WAIVING BANKRUPTCY RULE 3007(e) |

7.      The form of Notice of Satisfaction attached hereto as **Exhibit 4** is approved.  The Liquidating Trustee is authorized to mail or email Notices of Satisfaction via first-class mail or electronic mail in accordance with the Satisfaction Procedures that notify certain claimants of the Liquidating Trustee's belief that those Claims have been satisfied in full and will be expunged from the Claims Register absent a timely response from the Claim holder.  If no response is received timely from the recipient of the Notice of Satisfaction, the Liquidating Trustee or the Claims and Noticing Agent acting on the Liquidating Trustee's behalf are authorized to expunge such Claim from the Claims Register and such recipient shall not be treated as a creditor with respect to the Claim for purposes of distribution.

8.      The Liquidating Trustee is authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

9.      The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon its entry.

10.      This Order shall not modify any rights, responsibilities, deadlines or procedures addressed in the Plan or any of the documents related to the Liquidating Trust contemplated or created pursuant to the Plan.

11.      Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Wind-Down Debtors or the Liquidating Trust; (b) a waiver of the Liquidating Trustee right to dispute any particular claim on any grounds; (c) a

4

52479972

(Page 5)
Debtor:          LAKEHURST AND BROADWAY CORPORATION
Case No.         25-14831 (MBK)
Caption of Order: ORDER GRANTING LIQUIDATING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE (I) OMNIBUS CLAIMS OBJECTION PROCEDURES AND FORM OF NOTICE, (II) OMNIBUS SUBSTANTIVE CLAIMS OBJECTION, AND (III) SATISFACTION PROCEDURES AND FORM OF NOTICE AND (B) WAIVING BANKRUPTCY RULE 3007(e)

promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Liquidating Trustee rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Liquidating Trustee that any liens (contractual, common law, statutory, or otherwise) are valid, and the Liquidating Trustee expressly reserve its rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any transfer made pursuant to the Court's Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Liquidating Trustee right to subsequently dispute such claim.

12.     Nothing contained herein is intended or should be construed to modify the terms of the Plan or Confirmation Order.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

5

52479972