**ADELMAN & GETTLEMAN, LTD**.
Howard L. Adelman, Esq. (Ill. ARDC no. 0015458)
(admitted *pro hac vice*)
53 West Jackson Boulevard, Suite 1050
Chicago, Illinois 60604
(312) 435-1050
hla@ag-ltd.com

*Co-Counsel for Southern California United Food and Commercial Workers Unions and Drug Employers Pension Fund*

**McDOWELL LAW PC**
Paul Pflumm, Esq. (006912002)
46 West Main Street
Maple Shade, New Jersey 08052
(856) 482-5544
ppflumm@mcdowelllegal.com

*Co-Counsel for Southern California United Food and Commercial Workers Unions and Drug Employers Pension Fund*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>LAKEHURST AND BROADWAY CORPORATION,<br><br>Wind-Down Debtor.[1] | Chapter 11<br><br>Case No. 25-14831 (MBK) |

**RESPONSE OF SOUTHERN CALIFORNIA UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND DRUG EMPLOYERS PENSION FUND TO LIQUIDATING TRUSTEE'S FIRST AND SECOND OMNIBUS OBJECTIONS TO CERTAIN DUPLICATIVE CLAIMS**

The Southern California United Food and Commercial Workers Unions and Drug Employers Pension Fund (the "**Pension Fund**"), by and through its undersigned counsel, submits this response to the Liquidating Trustee's First and Second Omnibus Objections to Certain Duplicative Claims [Dkt. Nos. 281, 282] (the "**Objections**"), which, in relevant part, seek the entry of orders overruling and disallowing all but one of the Pension Fund's Withdrawal Liability Claims (as defined below).[2] In support of its response, the Pension Fund respectfully submits as follows:

---

[1] On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above-captioned Debtor [Case No. 25-14861 (MBK), Dkt. No. 3695] (the "**Final Decree Order**"). The court has entered a text order on the affiliated dockets listed in the Order requiring that all remaining matters be filed under the above-captioned case, Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK).

[2] A list of the Pension Fund's claims to which the Liquidating Trustee objects is attached hereto as **Schedule 1** and expressly made a part hereof and incorporated herein.

1

## BACKGROUND

1. On May 5, 2025 (the "**Petition Date**"), the Debtors[3] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. The Pension Fund is a multiemployer defined benefit pension plan subject to the provisions of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*. ("**ERISA**").

3. Debtor Thrifty PayLess, Inc. d/b/a Rite Aid ("**Rite Aid**") and United Food and Commercial Workers International Union, Locals 135, 324, 770, 1167, 1428, 1442, and 8 GS, are parties to collective bargaining agreements (the "**CBAs**") which obligated Rite Aid to make employer contributions to the Pension Fund.

4. On August 30, 2025, the Debtors gave notice to the Pension Fund that "the last applicable employee was separated" from the Debtors.

5. Under ERISA, the Debtors' separation from all employees covered by the CBAs constituted a cessation of the Debtors' obligation to contribute under the CBAs and triggered a "complete withdrawal" from the Pension Fund. *See* 29 U.S.C. § 1383(a).

6. The withdrawal makes each Debtor jointly and severally liable to the Pension Fund in an amount equal to the Debtors' withdrawal liability ("**Withdrawal Liability**"). *See id.* §§ 1301(b)(1), 1381(a).

---

[3] "Debtors" includes New Rite Aid, LLC, and all affiliate debtors which commenced voluntary chapter 11 proceedings in the U.S. Bankruptcy Court for the District of New Jersey on May 5, 2025, and whose cases were jointly administered under case no. 25-14861 until the Court entered the Final Decree Order.

7. Accordingly, the Pension Fund has a claim against each of the Debtors for such Withdrawal Liability (the "**Withdrawal Liability Claims**" and each, a "**Withdrawal Liability Claim**"), which the Pension Fund's actuary has calculated to be $41,178,411.00.[4]

8. The Pension Fund has filed a Withdrawal Liability Claim in each Debtor's case.

9. The Liquidating Trustee has filed Objections, which, in relevant part, seek the entry of orders overruling and disallowing all but one of the Pension Fund's Withdrawal Liability Claims, with the claim against Debtor Thrifty Ice Cream, LLC [Claim No. 2459] serving as the surviving Withdrawal Liability Claim.

## RESPONSE

10. The Withdrawal Liability Claims constitute enforceable, non-duplicative claims against the Debtors, which should be allowed pursuant to section 502(b)(1) of the Bankruptcy Code. 11 U.S.C. § 502(b)(1) (providing that the court shall allow a claim unless an enumerated basis for disallowance applies).

11. Under ERISA and as discussed below, each Debtor is jointly and severally liable for the Withdrawal Liability. Accordingly, the Pension Fund has a valid claim against each Debtor but may recover only once for the full amount of such liability.

### A. The Pension Fund Has Enforceable Claims Against Each Debtor

12. When the Debtors separated from all the employees covered by the CBAs, Rite Aid's obligation to contribute under the Pension Fund ceased and triggered a "complete withdrawal" from the Pension Fund. *See* 29 U.S.C. § 1383(a).

---

[4] A portion of the Withdrawal Liability is attributable to work performed postpetition and entitled to administrative priority (the "**Administrative Withdrawal Liability Claim**"). The Pension Fund timely filed a request for payment of administrative expense for the Administrative Withdrawal Liability Claim totaling $1,162,068.00 [Dkt. No. 214].

3

1460181_2

13. "If an employer withdraws from a multiemployer plan in a complete withdrawal . . . then the employer is liable to the plan in the amount determined under this part to be the withdrawal liability." *Id.* at § 1381(a).

14. Under ERISA, "all trades or businesses under 'common control' are treated as a 'single employer.'" *Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc.-Pension Fund v. Gotham Fuel Corp.*, 860 F. Supp. 1044, 1049 (D.N.J. 1993) (citing 29 U.S.C. § 1301(b)(1)).

15. "Thus, members of a group of businesses under common control with a contributing employer are liable for the employer's withdrawal liability." *Id.*; *see also Cent. States, Se. & Sw. Areas Pension Fund v. Laguna Dairy, S. De R.L. De C.V.*, 132 F.4th 672, 675 (3d Cir. 2025) ("Entities under common control are jointly and severally liable for withdrawals from the fund by any member of the commonly controlled group.").

16. The Debtors are under common control and therefore jointly and severally liable for Rite Aid's Withdrawal Liability. As a result, the Pension Fund has an enforceable claim against each Debtor for such liability.

17. The Liquidating Trustee does not appear to contest the Debtors' joint and several liability, as he proposes that the Pension Fund's claim against Debtor Thrifty Ice Cream, LLC, a Debtor which is not a party to the CBAs giving rise to the Withdrawal Liability, should serve as the "surviving claim."

**B. The Pension Fund Does Not Seek to Recover Multiple Times for the Same Liability**

18. The Objections observe that a claimant is not entitled to multiple recoveries for a single liability against a debtor. The Pension Fund agrees.

19. The Debtors' joint and several liability means each Debtor may be held liable for the entire amount of the Withdrawal Liability but that the Pension Fund may "recover only once for the full amount." *Honeycutt v. United States*, 581 U.S. 443, 447-48 (2017).

4

20. The Pension Fund does not seek to recover more than it is owed; it merely seeks to preserve its rights to pursue payment of the Withdrawal Liability from any one of the Debtors with the ability to pay until it receives one hundred percent (100%) of its claim.

21. The Liquidating Trustee's proposal—a "surviving claim" against a single Debtor—does not preserve those rights.

22. A single surviving claim might make sense in the context of substantive consolidation, whereby the assets and liabilities of distinct but related entities are pooled and treated as if they belong to a single entity. *In re Las Torres Dev., L.L.C.*, 413 B.R. 687, 693 (Bankr. S.D. Tex. 2009). However, the Debtors' bankruptcy cases have not been substantively consolidated.

23. Rather, they are being jointly administered. Joint administration does not "merge [ ] the assets and liabilities of the debtor entities into a unitary debtor estate, to which all holders of allowed claims are required to look for distribution." *In re Appalachian Fuels, LLC*, 493 B.R. 1, 21 (B.A.P. 6th Cir. 2013) (quoting *Woburn Assoc. v. Kahn (In re Hemingway Transport, Inc.)*, 954 F.2d 1, 11-12 (1st Cir.1992)). Nor does joint administration "affect the substantive rights of claimants." *In re McKenzie Energy Corp.*, 228 B.R. 854, 874 (Bankr. S.D. Tex. 1998).

24. The Pension Fund has the right to seek payment of the Withdrawal Liability from each of the jointly and severally liable Debtors up to the total amount of the liability. It has exercised that right by filing the Withdrawal Liability Claims, which claims should be allowed.

25. The Withdrawal Liability Claims are not duplicative, and the Objections should be overruled.

26. Should the Court decide to sustain the Objections, the Pension Fund requests that the surviving claim be the Withdrawal Liability Claim filed against Debtor Thrifty PayLess, Inc.

5

1460181_2

[Claim No. 2298], which is a party to the CBAs, rather than the claim filed against Debtor Thrifty Ice Cream, LLC [Claim No. 2459], which is not.

## CONCLUSION

For the reasons stated herein, the Pension Fund respectfully requests that the Court (i) allow the Withdrawal Liability Claims, (ii) overrule the Liquidating Trustee's First and Second Omnibus Objections to Certain Duplicative Claims, as they pertain to the Pension Fund's Withdrawal Liability Claims, and (iii) grant any other relief this Court deems just and proper. Should the Court sustain the Objections, the Pension Fund respectfully requests that the surviving claim be Claim No. 2298, rather than Claim No. 2459.

[*Remainder of Page Intentionally Left Blank*]

1460181_2

Dated: March 16, 2026

Respectfully submitted,

Southern California United Food and Commercial Workers Unions and Drug Employers Pension Fund

By: /s/ *Paul Pflumm*
      Paul Pflumm, Esq.

By: /s/ *Howard L. Adelman*
      Howard L. Adelman, Esq.

**McDOWELL LAW, PC**
Paul Pflumm, Esq. (006912002)
46 West Main Street
Maple Shade, New Jersey 08052
(856) 482-5544
ppflumm@mcdowelllegal.com

-and-

**ADELMAN & GETTLEMAN, LTD**.
Howard L. Adelman, Esq. (Ill. ARDC no. 0015458) (admitted *pro hac vice*)
53 West Jackson Boulevard, Suite 1050
Chicago, Illinois 60604
(312) 435-1050
hla@ag-ltd.com

*Co-Counsel for Southern California United Food and Commercial Workers Unions and Drug Employers Pension Fund*

1460181_2

# **SCHEDULE 1**

| Claim Nos. |
| --- |
| 2298 |
| 2299 |
| 2300 |
| 2303 |
| 2305 |
| 2306 |
| 2307 |
| 2308 |
| 2309 |
| 2310 |
| 2311 |
| 2312 |
| 2313 |
| 2314 |
| 2315 |
| 2316 |
| 2317 |
| 2318 |
| 2319 |
| 2320 |
| 2321 |
| 2322 |
| 2323 |
| 2324 |
| 2325 |
| 2326 |
| 2327 |
| 2328 |
| 2329 |
| 2330 |
| 2331 |
| 2332 |
| 2333 |
| 2334 |
| 2335 |
| 2343 |
| 2344 |
| 2346 |
| 2348 |
| 2349 |
| 2350 |

| |
|---|
| 2352 |
| 2353 |
| 2354 |
| 2355 |
| 2356 |
| 2357 |
| 2358 |
| 2360 |
| 2361 |
| 2362 |
| 2363 |
| 2364 |
| 2365 |
| 2366 |
| 2367 |
| 2368 |
| 2369 |
| 2370 |
| 2371 |
| 2372 |
| 2373 |
| 2374 |
| 2375 |
| 2376 |
| 2379 |
| 2380 |
| 2381 |
| 2382 |
| 2384 |
| 2385 |
| 2386 |
| 2387 |
| 2388 |
| 2389 |
| 2390 |
| 2391 |
| 2392 |
| 2396 |
| 2397 |
| 2398 |
| 2399 |
| 2400 |

| |
|---|
| 2401 |
| 2402 |
| 2403 |
| 2404 |
| 2405 |
| 2406 |
| 2407 |
| 2408 |
| 2409 |
| 2410 |
| 2411 |
| 2412 |
| 2413 |
| 2414 |
| 2415 |
| 2416 |
| 2417 |
| 2418 |
| 2419 |
| 2420 |
| 2421 |
| 2422 |
| 2444 |
| 2445 |
| 2446 |
| 2447 |
| 2448 |
| 2450 |
| 2451 |
| 2452 |
| 2453 |
| 2454 |
| 2455 |
| 2458 |