**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

**STARK & STARK, PC**
Thomas S. Onder, Esq.
100 American Metro Blvd.
Hamilton, NJ 08619
Telephone (609) 219-7458
tonder@stark-stark.com
*Counsel to Creditor- Robert Marin and Celeste de
Schulthess Marin Family Trust*

**Order Filed on March 24, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

|  |  |
|---|---|
| In re:<br><br>LAKEHURST AND BROADWAY<br>CORPORATION,<br><br>Debtor. [1] | Case No. 25-14831 (MBK)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>Honorable Michael B. Kaplan |

**CONSENT ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC
STAY PURSUANT TO BANKRUPTCY CODE SECTION 362(d) AND PLAN
INJUNCTION**

The relief set forth on the following pages, numbered two (2) through five (5), is
**ORDERED**.

**DATED: March 24, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

_____

[1] On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order on Final Decree").  The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK).

(Page | 2)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY PURSUANT TO BANKRUPTCY CODE SECTION 362(d) AND PLAN INJUNCTION |

Upon the Motion of Creditor Robert Marin and Celeste de Schulthess Marin Family Trust [Docket No. 287] (the "Motion") for entry of an Order Granting Relief From The Automatic Stay And Allowing Movant To Name Debtor As Defendant In State Court Action in the bankruptcy case of the above-captioned debtor and other Wind-Down Debtors (collectively, the "Wind-Down Debtors"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); in consideration of the *Order Approving the Disclosure Statement For, and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Case No. 25-14861, Docket No. 3445] (the "2025 Rite Aid Confirmation Order") and the plan confirmed thereby [Case No. 25-14861, Docket No. 3445, Ex. A] (the "2025 Rite Aid Plan");[2] in consideration of the *Order Approving the Disclosure Statement For, and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and Its Debtor Affiliates* [Case No. 23-18993, Docket No. 4532] (the "2023 Rite Aid Confirmation Order") and the plan confirmed thereby [Case No. 23-18993, Docket No. 4532, Ex. A] (the "2023 Rite Aid Plan"); and the Robert Marin and Celeste de Schulthess Marin Family Trust (the "Movant", and together with the Wind-Down Debtors, the "Parties") having represented that it seeks the relief sought in the Motion solely to preserve any defenses it may have in the Action (defined below);

_____

[2]   Capitalize terms used but not otherwise defined herein shall have the meaning ascribed to them in the 2025 Rite Aid Plan.

(Page | 3)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY PURSUANT TO BANKRUPTCY CODE SECTION 362(d) AND PLAN INJUNCTION |

and the Parties having consensually resolved the Motion with the submission and entry of this order (this "Order"); and due and proper notice of the Motion having been provided to Debtors' Counsel and the United States Trustee; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED solely to the limited extent set forth herein.

2. The Movant is granted limited relief from the plan injunction under the 2025 Rite Aid Plan and from automatic stay, to the extent applicable, solely for the purpose of naming the Wind-Down Debtor counterparty to the subject lease, Eckerd Corporation, as a nominal party in an action filed in the Supreme Court of New York, County of Erie, which is currently pending under the caption styled *Robert Dohring v. Prestige Lawn Care of WNY, LLC; Springwise Facility Management, Inc.; Robert Marin and Celeste De Schulthess Marin as Trustees of the Robert Marin and Celeste de Schulthess Family Trust, Index No: 813133/2025* (the "Action")

3. The relief granted herein is strictly limited as follows:

   a. The relief granted in paragraph 2 of this Order shall terminate immediately upon the filing of any pleading, naming Eckerd Corporation in the Action.

   b. Movant shall, from and after such filing, be fully and automatically subject to the plan injunction and any applicable discharge under 11 U.S.C. § 524 under the 2025 Rite Aid Plan in all respects without further order of this Court.

   c. No party to the action may take any further action against the Wind-Down Debtors, including without limitation service of any summons, complaint, third-

(Page | 4)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY PURSUANT TO BANKRUPTCY CODE SECTION 362(d) AND PLAN INJUNCTION |

party complaint, discovery request, request for testimony, subpoena or other process.

d.  Movant shall not seek to prosecute, continue, or otherwise pursue any claim, counterclaim, crossclaim or third-party claim against Wind-Down Debtors.

e.  The Wind-Down Debtors, including Eckerd Corporation, shall not be required to appear in or otherwise take any action with respect to the Action.

f.  Any further action, including any action involving a current insurance policy of the Debtors, must strictly comply with and remains subject in all respects to the terms of the 2025 Rite Aid Plan. To be clear, this Order does not grant the Movant any rights or relief with respect to such policies, absent further order of the Court.

g.  The Parties agree that the applicable insurance policy in place at the time of the loss giving rise to the Action was assigned to the trust or trusts created pursuant the 2023 Rite Aid Plan, and that any relief related to such policy must be sought in accordance with the 2023 Rite Aid Plan.

h.  All rights under the 2023 Rite Aid Plan, including the rights of (i) the debtors or reorganized debtors under the 2023 Rite Aid Plan and (ii) any trust or entity created or contemplated under the 2023 Rite Aid Plan, are fully reserved and no relief herein is being granted with respect to the 2023 Rite Aid Plan.

i.  Movant expressly acknowledges that, except for the limited and immediately terminating relief granted in paragraph 2 of this Order, Movant remains fully

(Page | 5)

| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
|---|---|
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY PURSUANT TO BANKRUPTCY CODE SECTION 362(d) AND PLAN INJUNCTION |

subject to the injunction and any applicable discharge under 11 U.S.C. §524, as set forth in the 2025 Rite Aid Confirmation Order and 2025 Rite Aid Plan.

4. The Parties agree that any indemnification claim asserted by the Movant against the Wind-Down Debtors, to the extent allowed under the 2025 Rite Aid Plan, constitutes a general unsecured claim pursuant to 11 U.S.C. §502(e), and any such claim shall be treated in accordance with the 2025 Rite Aid Plan. All rights of the Wind-Down Debtors with respect to any such claim, including the right to contest such a claim, are expressly preserved.

5. In the event Movant is found by this Court to have violated this Order, Movant shall be responsible for and shall promptly pay the reasonable attorneys' fees, costs, and expenses incurred by the Wind-Down Debtors in connection with enforcing this Order; *provided that,* prior to seeking fees in connection with any such enforcement action the Wind-Down Debtors shall provide written notice of such violation and Movant shall have seven (7) days to cure, where practicable.

6. The fourteen-day stay of the order imposed by Bankruptcy Rule 4001(a)(4) is hereby waived.

7. This Court shall retain jurisdiction to resolve any disputes arising from or related to this Order.

8. This Order shall become effective immediately upon entry of this Order notwithstanding anything in the Federal Rules of Bankruptcy Procedures or otherwise to the contrary.