**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*



**Order Filed on March 24, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

LAKEHURST AND BROADWAY
CORPORATION,

Debtor.[1]

Chapter 11

Case No. 25-14831 (MBK)

Related to Docket No. 281

## ORDER SUSTAINING LIQUIDATING TRUSTEE'S FIRST OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS

The relief set forth on the following pages, numbered two (2) through five (5), is hereby

**ORDERED**.

**DATED: March 24, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page | 2)

Debtor:              Lakehurst and Broadway Corporation
Case No.             25-14831 (MBK)
Caption of Order:    Order Sustaining Liquidating Trustee's First Omnibus Objection to Certain
                     Duplicative Claims

Upon consideration of the *Liquidating Trustee's First Omnibus Objection to Certain Duplicative Claims* (the "Objection");[2] and upon consideration of the Kaup Declaration; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and it appearing that no other or further notice of the Objection need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and all objections, if any, to the Objection having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Wind-Down Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the record of the Hearing, if any, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

(Page | 3)
Debtor:          Lakehurst and Broadway Corporation
Case No.         25-14831 (MBK)
Caption of Order: Order Sustaining Liquidating Trustee's First Omnibus Objection to Certain
                 Duplicative Claims

IT IS HEREBY ORDERED THAT:

1.      The Objection is SUSTAINED as set forth herein.

2.      Each Duplicative Claim listed in the column titled "Duplicative Claim" set forth on **Schedule 1** attached hereto is disallowed and expunged in its entirety. The claims listed in the column titled "Surviving Claim" identified on **Schedule 1** shall remain on the claims register, subject to the Liquidating Trustee and Wind-Down Debtors' rights to file additional substantive and non-substantive objections to any Surviving Claim and any other proofs of claim that have been or may be filed against the Debtors, which are expressly preserved.

3.      Should one or more of the grounds of objection stated in the Objection be dismissed, the Liquidating Trustee or Wind-Down Debtors' rights to object on any other grounds that they may later discover is expressly preserved.

4.      To the extent a response is filed regarding any Duplicative Claim, each such Duplicative Claim, and the Objection as it pertains to such Duplicative Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed a separate order with respect to each Surviving Claim. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

5.      The Liquidating Trustee and Wind-Down Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

(Page | 4)

Debtor:          Lakehurst and Broadway Corporation
Case No.         25-14831 (MBK)
Caption of Order: Order Sustaining Liquidating Trustee's First Omnibus Objection to Certain
                  Duplicative Claims

6.      Kroll Restructuring Administration LLC, the Court-appointed claims and noticing

agent in the chapter 11 cases, is hereby authorized and directed to make such revisions to the

official claims register as are necessary to reflect the relief granted in this Order.

7.      Nothing in this Order or the Objection is intended or shall be construed as a

waiver of any of the rights the Liquidating Trustee or Wind-Down Debtors may have to enforce

rights of setoff against the claimants.

8.      Nothing in the Objection or this Order, nor any actions or payments made by the

Liquidating Trustee or Wind-Down Debtors pursuant to this Order, shall be construed as: (a) an

admission as to the amount of, basis for, or validity of any claim against the Wind-Down Debtors

under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the

Liquidating Trustee, Wind-Down Debtors, or any other party-in-interest's right to dispute any

claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission

that any particular claim is of a type specified or defined in this Order; (e) an admission as to the

validity, priority, enforceability, or perfection of any lien on, security interest in, or other

encumbrance on property of the Wind-Down Debtors' estates; or (f) a waiver of any claims or

causes of action which may exist against any entity under the Bankruptcy Code or any other

applicable law.

9.      This Order is without prejudice to the rights of the Liquidating Trustee, Wind-

Down Debtors, their estates, any successors thereto, and any other party in interest, to object to

any other proof of claim filed in these chapter 11 cases.

(Page | 5)
Debtor:          Lakehurst and Broadway Corporation
Case No.         25-14831 (MBK)
Caption of Order:   Order Sustaining Liquidating Trustee's First Omnibus Objection to Certain
                    Duplicative Claims

10.   This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Objection, the claimants whose claims are subject to the Objection, or this Order, including the interpretation, enforcement and implementation of this Order.

## Schedule 1

**Duplicative Claims**

| Creditor | Duplicative Claim | Surviving Claim |
|---|---|---|
| 1021 First Avenue Conway, LLC | 1223 | 1419 |
| 569 Broadway Associates | 1534 | 1538 |
| 570 DAB 68, LLC | 1911 | 2191 |
| 601 Chelsea Owner, LLC | 1610 | 1611 |
| 7245 Henry Clay Blvd Properties, LLC | 762 | 870 |
| 93 NYRPT, LLC | 1777 | 1928 |
| ALD Capital PA, LLC | 1520 | 1523 |
| Aztec Inn LP | 2131 | 2148 |
| Bethel Park, LLC | 1134 | 1155 |
| Bny Eac-I, LLC | 1558 | 1930 |
| Buffalo-Main Street, LLC | 1566 | 2190 |
| CH Retail Fund II/Philadelphia Chesterbrook Village, L.L.C | 2079 | 2158 |
| Crosstown Dubois LLC | 1532 | 1533 |
| Eastway RX Associates TIC | 997 | 1924 |
| Edgemark Littleton LLC | 814 | 1633 |
| Edgemark Littleton LLC | 1631 | 1633 |
| Felos Associates, LLC | 1985 | 1988 |
| Foothill Center Partners, LLC | 822 | 1700 |
| Foothill Center Partners, LLC | 1854 | 1700 |
| GC Main Street Owners LLC | 111 | 1193 |
| GC Main Street Owners LLC | 1001 | 1193 |
| Gelb Investments RA LLC | 1326 | 1409 |
| Gelb Investments RA LLC | 1379 | 1409 |
| Green Lake Phase II, LLC | 1559 | 1617 |
| Hemmat Family Limited Liability Company | 1954 | 2022 |
| Joseph Murphy Corporation | 1962 | 1971 |
| Joseph Murphy Corporation | 1963 | 1971 |
| Joseph Murphy Corporation | 1969 | 1971 |
| Kitsigianis Properties LLC | 1168 | 1174 |
| LS Morrell LLC | 1703 | 1706 |
| Mahopac Improvements Owner, LLC | 2116 | 2119 |
| Mar-Mart Realty Co. Inc. | 1235 | 1264 |
| Meetinghouse Development Associates, LP | 1757 | 1820 |
| Mt. Lebanon Cooke, LP | 1547 | 1565 |
| Mt. Lebanon Cooke, LP | 1548 | 1565 |
| Mt. Lebanon Cooke, LP | 1556 | 1565 |
| Musso 3636, LLC | 763 | 1079 |
| Musso 3636, LLC | 912 | 1079 |
| New Century Associates Group, L.P. | 1625 | 1629 |
| NFNY Business Trust | 1765 | 1770 |
| Orion Development XXIII, LLC | 1807 | 1810 |

| Creditor | Duplicative Claim | Surviving Claim |
|---|---|---|
| Quakertown Joint Venture, LLC | 444 | 1913 |
| RAD Connellsville, LLC | 227 | 911 |
| RAP Hamlin, LP | 1595 | 1598 |
| Red Lion Broadway, LLC | 1564 | 1580 |
| Red Lion Broadway, LLC | 1571 | 1580 |
| RH NCBC7 Associates LLC | 1295 | 1593 |
| Robert Marin and Celeset de Schulthess Marin Trust | 1527 | 1530 |
| SACC Inc. | 1585 | 2017 |
| SADG-1 Limited Partnership | 1549 | 1602 |
| SADG-4 Limited Partnership | 1138 | 1167 |
| SLF Properties LLC, a California limited liability company | 1725 | 1726 |

3