**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*



**Order Filed on March 24, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

LAKEHURST AND BROADWAY
CORPORATION,

                              Debtor.[1]

Chapter 11

Case No. 25-14831 (MBK)

Related to Docket Nos. 281 and 282

**CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND
SOUTHERN CALIFORNIA UNITED FOOD AND COMMERCIAL
WORKERS UNIONS AND DRUG EMPLOYERS PENSION FUND
REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTIONS TO
CERTAIN DUPLICATIVE CLAIMS**

The relief set forth on the following pages, numbered two (3) through seven (7), is

**ORDERED**.

**DATED: March 24, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page | 2)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND SOUTHERN CALIFORNIA UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND DRUG EMPLOYERS PENSION FUND REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTIONS TO CERTAIN DUPLICATIVE CLAIMS |

This Consent Order is made by and between Eric Kaup, the RAD Liquidating Trustee (the "Liquidating Trustee"), on behalf of the RAD Liquidating Trust and the above-captioned debtor and the other Wind-Down Debtors (the "Wind-Down Debtors") in the above-referenced chapter 11 cases (the "Chapter 11 Cases") and Southern California United Food and Commercial Workers Unions and Drug Employers Pension Fund (the "Pension Fund" and together with the Liquidating Trustee, the "Parties"), by and through their respective counsel of record, with regard to the following facts:

**WHEREAS**, New Rite Aid LLC and each of its affiliated debtors (collectively, the "Debtors"), including Thrifty Payless, Inc., filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code on May 5, 2025 (the "Petition Date"), commencing the Chapter 11 Cases; and

**WHEREAS**, as of the Petition Date, Debtor Thrifty PayLess, Inc. d/b/a Rite Aid and United Food and Commercial Workers International Union, Locals 135, 324, 770, 1167, 1428, 1442, and 8 GS, were parties to collective bargaining agreements (the "CBAs"); and

**WHEREAS**, on November 11, 2025, the Debtors filed their *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* [Docket No. 3215] (as modified, amended, and including all supplements, the "Plan"); and

**WHEREAS**, on November 26, 2025, over the objection of the Pension Fund, the Court entered *the Order Approving the Disclosure Statement and Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates*

70913/0001-52762252v1

(Page | 3)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND SOUTHERN CALIFORNIA UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND DRUG EMPLOYERS PENSION FUND REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTIONS TO CERTAIN DUPLICATIVE CLAIMS |

*(Technical Modifications)* [Docket No. 3445], and on December 15, 2025 entered the *Supplemental Order to Order Approving the Disclosure Statement and Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3536] confirming the Plan and approving and approving the Disclosure Statement [Docket No. 3216] (collectively, the "Confirmation Orders"); and

**WHEREAS**, Article VI.B of the Plan, as approved and confirmed by the Confirmation Orders, provides, in relevant part, that "For all purposes associated with distributions under the Plan, all guarantees by any Debtor of the obligations of any other Debtor, as well as any joint and several liability of any Debtor with respect to any other Debtor, shall be deemed eliminated so that any obligation that could otherwise be asserted against more than one Debtor shall result in a single distribution under the Plan. Any such Claims shall be released pursuant to Article X of the Plan and shall be subject to all potential objections, defenses, and counterclaims, and to estimation pursuant to section 502(c) of the Bankruptcy Code. . . ."; and

**WHEREAS**, the Pension Fund has filed a claim against each of the Debtors in an amount the Pension Fund asserts is the amount equal to the Debtors' withdrawal liability (the "Asserted Withdrawal Liability", and the claims associated therewith, the "Asserted Withdrawal Liability Claims" and each, an "Asserted Withdrawal Liability Claim"), which Asserted Withdrawal Liability Claims are maintained on the register of claims maintained by the Court-appointed claims and noticing agent, Kroll Restructuring Administration LLC ("Kroll"); and

70913/0001-52762252v1

(Page | 4)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND SOUTHERN CALIFORNIA UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND DRUG EMPLOYERS PENSION FUND REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTIONS TO CERTAIN DUPLICATIVE CLAIMS |

**WHEREAS**, the Pension Fund has asserted that a portion of the Asserted Withdrawal Liability is attributable to work performed postpetition and entitled to administrative priority (the "Asserted Administrative Withdrawal Liability Claim"); and

**WHEREAS**, the Pension Fund timely filed a request for payment of administrative expense for the Asserted Administrative Withdrawal Liability Claim totaling $1,162,068.00 [Case No. 25-14831 Docket No. 214], which amount the Liquidating Trustee and the Wind-Down Debtors dispute; and

**WHEREAS**, on February 24, 2026, the Liquidating Trustee filed the *Liquidating Trustee's First Omnibus Objection to Certain Duplicative Claims* [Case No. 25-14831 Docket No. 281] (the "First Omnibus Claims Objection") and the *Liquidating Trustee's Second Omnibus Objection to Certain Duplicative Claims* [Case No. 25-14831 Docket No. 282] (the "Second Omnibus Claims Objection" and together with the First Omnibus Claims Objection, the "Omnibus Claims Objections"), asserting that the Asserted Withdrawal Liability Claims are duplicative of one another and requesting that all but one of the Asserted Withdrawal Liability Claims be expunged as a "Duplicative Claim" with Claim No. 2459 to serve as a "Surviving Claim"; and

**WHEREAS**, the Pension Fund has disputed that the Asserted Withdrawal Liability Claims are duplicative of one another and has requested that the Liquidating Trustee agree to preserve each of the Asserted Withdrawal Liability Claims, while acknowledging that the Pension Fund is entitled to only a single distribution on account of any allowed claim asserted in the Asserted Withdrawal Liability Claims, including on account of any asserted administrative claims, whether

(Page | 5)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND SOUTHERN CALIFORNIA UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND DRUG EMPLOYERS PENSION FUND REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTIONS TO CERTAIN DUPLICATIVE CLAIMS |

asserted in the Asserted Administrative Withdrawal Liability Claim or otherwise, in accordance with the Plan and applicable law, and the Liquidating Trustee has agreed to the Pension Fund's request in accordance with the terms of this Consent Order.

NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION THE PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY AGREED AND ORDERED AS FOLLOWS:

1. Subject to the terms of this Consent Order, the Plan and Confirmation Orders, each of the Asserted Withdrawal Liability Claims, including the Asserted Administrative Withdrawal Liability Claim, shall survive and none of the Asserted Withdrawal Liability Claims, including the Asserted Administrative Withdrawal Liability Claim, shall be expunged; *provided*, *however*, that the Pension Fund shall be entitled to only a single distribution on account of such Asserted Withdrawal Liability Claims, including a single distribution, if any, with respect to any alleged request for payment of an administrative expense in the Asserted Administrative Withdrawal Liability Claims or otherwise, to the extent such Asserted Administrative Withdrawal Liability Claim or any of the Asserted Withdrawal Liability Claims are ultimately allowed and payable pursuant to the Plan.

2. This Consent Order is without prejudice to the rights of the Liquidating Trustee, the Wind-Down Debtors, their estates, any successors thereto, and any other party in interest, including the Reorganized Debtors, to object to any of the Asserted Withdrawal Liability Claims,

70913/0001-52762252v1

(Page | 6)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND SOUTHERN CALIFORNIA UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND DRUG EMPLOYERS PENSION FUND REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTIONS TO CERTAIN DUPLICATIVE CLAIMS |

including the Asserted Administrative Withdrawal Liability Claim, or any other proof of claim filed in the Chapter 11 Cases on any basis, and such rights are expressly preserved.

3. Kroll is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted in this Consent Order.

4. Nothing in this Consent Order or the Omnibus Claims Objections is intended or shall be construed as a waiver of any of the rights the Liquidating Trustee or the Wind-Down Debtors may have to enforce prepetition rights of setoff against the Pension Fund.

5. Nothing in the Objection or this Consent Order, nor any actions or payments made by the Liquidating Trustee or Wind-Down Debtors pursuant to this Consent Order, shall be construed as: (a) an admission as to the amount of, basis for, or validity of the Asserted Withdrawal Liability Claims, including the Asserted Administrative Withdrawal Liability Claim, against the Wind-Down Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Liquidating Trustee, the Wind-Down Debtors, or any other party-in-interest's right to dispute the Asserted Withdrawal Liability Claims, including the Asserted Administrative Withdrawal Liability Claim; (c) a promise or requirement to pay any particular Asserted Withdrawal Liability Claim, including the Asserted Administrative Withdrawal Liability Claim; (d) an implication or admission that any particular the Asserted Withdrawal Liability Claim, including the Asserted Administrative Withdrawal Liability Claim, is of a type specified or defined in this Consent Order; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Wind-Down Debtors'

(Page | 7)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND SOUTHERN CALIFORNIA UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND DRUG EMPLOYERS PENSION FUND REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTIONS TO CERTAIN DUPLICATIVE CLAIMS |

estates; or (f) a waiver of any claims or causes of action which may exist against the Pension Fund under the Bankruptcy Code or any other applicable law.

6.    This Consent Order is effective immediately upon entry and is not subject to any stay under the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or applicable nonbankruptcy law.

7.    This Consent Order may be executed and delivered in any number of original or facsimile or electronic counterparts, each of which shall be deemed an original.

8.    This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to this Consent Order, including the interpretation, enforcement and implementation of this Consent Order.

[*Remainder of page intentionally left blank*]

(Page | 8)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND SOUTHERN CALIFORNIA UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND DRUG EMPLOYERS PENSION FUND REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTIONS TO CERTAIN DUPLICATIVE CLAIMS |

The undersigned hereby consent to the form and entry of this Consent Order:

Dated: March 23, 2026

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D.  Sirota, Esq.
Warren A.  Usatine, Esq.
David M. Bass, Esq.
Felice R.  Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

/s/ Howard L. Adelman

**McDOWELL LAW, PC**
Paul Pflumm, Esq.
46 West Main Street
Maple Shade, New Jersey 08052
(856) 482-5544
ppflumm@mcdowelllegal.com

-and-

**ADELMAN & GETTLEMAN, LTD.**
Howard L. Adelman, Esq. (Ill. ARDC no. 0015458) (admitted pro hac vice)
53 West Jackson Boulevard, Suite 1050
Chicago, Illinois 60604
(312) 435-1050
hla@ag-ltd.com

*Co-Counsel for Southern California United Food and Commercial Workers Unions and Drug Employers Pension Fund*

70913/0001-52762252v1