<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</td></tr>
<tr><td>

In re

LAKEHURST AND BROADWAY
CORPORATION,


              Wind-Down Debtor.

</td></tr>
</table>

**Order Filed on March 23, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

Chapter 11

Case No. 25-14831 (MBK)

### ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE CERTAIN DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through seven (7) is

**ORDERED.**

DATED: March 23, 2026

_____
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page | 2

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE CERTAIN DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

Upon the motion (the "Motion") of RAD Sub-Trust B, formed pursuant to the confirmed 2023 Plan, seeking entry of an order authorizing and directing the Debtors to share data containing Protected Information to the Trusts as more fully set forth in the Motion; and this Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, Article XIII of the 2023 Plan, Paragraph 275 of the 2023 Confirmation Order, and section 105(a) of the Bankruptcy Code; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice is necessary; and this Court having reviewed the Motion, the declarations submitted by Sub-Trust B, the objections submitted by the Debtors and Wind-Down Debtors, and the arguments of counsel; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The MOTION is granted in part with respect to Sub-Trust B as set forth herein.

2.     The Debtors' and Wind-Down Debtors' objections to the Motion (Case No. 25-14861, ECF Nos. 3471 and 3554; Case No. 25-14831, ECF No. 17) are expressly overruled except as to certain costs and as otherwise set forth herein.

Page | 3
Debtors:          LAKEHURST AND BROADWAY CORPORATION
Case No.          25-14831 (MBK)
Caption of Order: ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO
                  SHARE CERTAIN DATA CONTAINING PROTECTED
                  INFORMATION PURSUANT TO THE 2023 PLAN; AND (II)
                  GRANTING RELATED RELIEF

3.      The Wind-Down Debtors are authorized, directed, and required to provide

Sub-Trust B with access to all data within their or their outside counsel's possession, including

data containing Protected Information and Privileged Information, reasonably necessary for Sub-

Trust B to evaluate, administer, and pursue the Assigned Insurance Rights transferred to it under

the 2023 Plan, including the following categories of data containing PHI and/or IIHI pursuant to

45 CFR § 164.512(e)(1)(i):

(a)      Records of opioid prescriptions submitted to and/or dispensed by

the Debtors from 2001 to the present, as preserved by the Wind-Down Debtors in a "flat file"

with parameters previously agreed with Sub-Trust B; and

(b)      Complete email and shared drive files, to the extent available, for

the following former Debtor employees: Doug Rousseau, Matt Schroeder, Paul Gilbert, Chris

Hansen, Heyward Donigan, Thomas Sabatino, Anita Ward, and Paul Zikmund; and

(c)      The following categories of documents:

(i)      The one hundred and five (105) Iron Mountain boxes

identified by Sub-Trust B;

(ii)     Copies of all productions from previous MDL opioid

litigation against Rite Aid ("MDL Litigation");

(iii)    Copies of all productions from *Rite Aid Sub-Trust B v. ACE*

*American Ins. Co., et al.*, C.A. No. N19C-04-150 EMD CCLD, pending in the Superior Court for

the State of Delaware ("Delaware Action");

Page | 4

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE CERTAIN DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

(iv)     Certain documents that were collected but not reviewed or produced in connection with the Delaware Action housed by outside counsel to the Debtors (approximately 4,000 documents that have been identified by outside counsel);

(v)     Copies of Rite Aid's responses to Requests for Production from the MDL Litigation.

4.     Paragraph 7(c) of the Protective Order shall be deleted and replaced in its entirety with the following paragraph:

**"The Trust shall conduct a reasonable review of PHI or Other Individually Identifiable Health Material before producing or sharing such Discovery Materials with any other person or entity.  The Trust must designate all Discovery Materials that it reasonably concludes contains Protected Information as 'PHI or Other Individually Identifiable Health Information Material.'  Such designation shall constitute a representation that there is a good-faith basis for the designation, and the material so designated shall be treated in all respects as Highly Confidential Material."**

For the avoidance of doubt, the remaining terms of the Protective Order, including the protections provided in the Protective Order for data designated as PHI or IIHI, remain and are not affected by this Order.

5.     All access, use, and review of the Protected Information shall be conducted in strict compliance with the 2023 Plan, the 2023 Confirmation Order, the Protective Order, the protective terms of the Litigation Cooperation Agreement (which, for the avoidance of doubt, has been rejected by the Debtors), and all applicable federal and state laws, including HIPAA, 45 C.F.R. § 164.512(e)(1)(i), and other privacy protections governing PHI, PII, and IIHI.

Page | 5
Debtors:            LAKEHURST AND BROADWAY CORPORATION
Case No.            25-14831 (MBK)
Caption of Order:   ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE CERTAIN DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF

6.      The Wind-Down Debtors shall not be required to undertake any separate or additional screening or designation of the Protected Information.  The costs and responsibilities associated with any subsequent review, access, or use of the Protected Information shall be borne by Sub-Trust B and/or by a Receiving Party.

7.      Pursuant to the 2023 Plan, all attorney client privilege, work product protections, or other privilege or immunity held by the Debtors related to the Assigned Insurance Rights shall be preserved and extended to Sub-Trust B.

8.      Nothing in this Order alters or modifies Sub-Trust B's obligations under the 2023 Plan documents.  Sub-Trust B shall remain fully responsible for compliance with all applicable legal and fiduciary obligations in connection with its use of Protected Information.

9.      The Wind-Down Debtors' (and/or RAD Liquidating Trust's, as applicable) costs of complying with this Order, specifically reasonable (a) data hosting charges for new requests made by Sub-Trust B after January 15, 2026 and (b) hourly costs of IT contractors and counsel retained by the RAD Liquidating Trust incurred in connection with any requests for information submitted to the Wind-Down Debtors by Sub-Trust B (including the document categories in Paragraph 3(b)-(c) above) that, as of January 15, 2026, have not been fulfilled by the Wind-Down Debtors, shall be the responsibility of Sub-Trust B.  For the avoidance of doubt, any costs incurred by Wind-Down Debtors prior to January 15, 2026 are to be borne by Wind-Down Debtors and will not be reimbursed by Sub-Trust B, including, without limitation, the collection of the flat file referenced in Paragraph 3(a) above.  The Wind-Down Debtors will provide Sub-Trust B with pricing and cost estimates in connection with the collection of

Page | 6

Debtors:            LAKEHURST AND BROADWAY CORPORATION
Case No.            25-14831 (MBK)
Caption of Order:   ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO
                    SHARE  CERTAIN  DATA  CONTAINING  PROTECTED
                    INFORMATION PURSUANT TO THE 2023 PLAN; AND (II)
                    GRANTING RELATED RELIEF

documents requested in Paragraph 3(b)-(c) above before performing any work.  In preparing these pricing and cost estimates, the Wind-Down Debtors will make all reasonable efforts to limit costs, especially (1) reducing data processing costs by leaving data processing to be performed by Sub-Trust B whenever possible; (2) applying reasonable date and search term filters to reduce review volume whenever possible (except for item 3(b), where complete email and shared drive files will be provided); (3) limiting whenever possible privilege reviews in light of the certain privileges and immunities extended to Sub-Trust B; and (4) whenever possible relying on prior document reviews and productions for the items listed in 3(c).  To the extent the Wind-Down Debtors and Sub-Trust B do not agree to pricing or cost estimates, that dispute will be brought to this Court, which retains jurisdiction.

10.     Wind-Down Debtors agree that they will not review documents collected in connection with Paragraphs 3(b) (with the exception of attorneys working in their capacity as such or individuals that, in the Wind-Down Debtors' reasonable judgment, would be likely based on their job descriptions to have had access to substantial volumes of privileged materials), 3(c)(ii), 3(c)(iii), and 3(c)(v) for privilege, PHI, or IIHI before producing documents to Sub-Trust B.  However, and notwithstanding anything to the contrary herein, the Wind-Down Debtors are permitted to review documents collected in connection with Paragraphs 3(c)(i) and 3(c)(iv) for non-opioid related PHI or IIHI and for privilege.  The Wind-Down Debtors and Sub-Trust agree to meet and confer in good faith regarding review costs associated with the foregoing.

11.     The RAD Liquidating Trust shall advance the costs contemplated in Paragraphs 9-10 in the first instance, and shall have a right of surcharge against the assets of Sub-

Page | 7

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE CERTAIN DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF |

Trust B, but only in the event of an insurance recovery (including any settlement), with such costs to be reimbursed by Sub-Trust B before Sub-Trust B makes any distribution to its beneficiaries or professional advisors from an insurance recovery (or any settlement). Upon completion of the tasks contemplated hereby, the RAD Liquidating Trust shall submit an itemized invoice to Sub-Trust B, and Sub-Trust B shall have thirty (30) days to raise any objection to the amounts contained therein with the RAD Liquidating Trust, after which such amounts shall be deemed agreed by Sub-Trust B absent such objection.

12. Nothing herein shall be deemed to alter the provisions of the Data Retention Plan (Case No. 25-14861, ECF No. 3305), including, without limitation, the provisions governing subpoenas served on the Debtors or Wind-Down Debtors or the Wind-Down Debtors' authority to destroy any data not specified in subparagraphs 3(a)-(c) hereof.

13. Nothing herein shall be construed to require the Wind-Down Debtors to produce any Privileged Information with respect to which the Wind-Down Debtors and Sub-Trust B do not share privilege pursuant to the 2023 Plan.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. Sub-Trust B is authorized and empowered to take any and all actions necessary to implement the terms of this Order.

16. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

United States Bankruptcy Court

District of New Jersey

In re:                                                                    Case No. 25-14831-MBK

Lakehurst and Broadway Corporation                                        Chapter 11

Murray Avenue Kosher, Inc.

      Debtors

# CERTIFICATE OF NOTICE

| District/off: 0312-3 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: Mar 23, 2026 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 25, 2026:**

**Recip ID**      **Recipient Name and Address**
db      + Lakehurst and Broadway Corporation, 200 Newberry Commons, Etters, PA 17319-9363

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 25, 2026          Signature:      /s/Gustava Winters