| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>David M. Bass, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>dbass@coleschotz.com<br>fyudkin@coleschotz.com<br><br>*Counsel to the Liquidating Trustee and the Wind-Down Debtors* | |



**Order Filed on March 24, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In re:<br><br>LAKEHURST AND BROADWAY<br>CORPORATION,<br><br>                Debtor.[1] | Chapter 11<br><br>Case No. 25-14831 (MBK)<br><br>Related to Docket No. 281 |

**CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND**
**PUBA PROPERTIES REGARDING LIQUIDATING TRUSTEE'S**
**OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS**

The relief set forth on the following pages, numbered two (2) through six (6), is

**ORDERED**.

**DATED: March 24, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page | 2)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND PUBA PROPERTIES REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS |

This Consent Order is made by and between Eric Kaup, the RAD Liquidating Trustee (the "Liquidating Trustee"), on behalf of the RAD Liquidating Trust and the above-captioned debtor and the other Wind-Down Debtors (the "Wind-Down Debtors") in the above-referenced chapter 11 cases (the "Chapter 11 Cases") and Steven Puthuff, Judith Puthuff and Wendy Thomas dba PUBA Properties, a general partnership ("PUBA Properties" and together with the Liquidating Trustee, the "Parties"), by and through their respective counsel of record, with regard to the following facts:

**WHEREAS**, PUBA Properties is the successor in interest and landlord under a lease of nonresidential real property, amended and restated April 8, 2008 (together with all amendments, modifications and extensions thereto, the "Lease") with Thrifty Payless, Inc. for commercial space at 1220 Broadway Street, Placerville, California; and

**WHEREAS**, on or about April 8, 2008, Rite Aid Corporation executed a Guaranty in favor of PUBA Properties, LLC, a predecessor of the PUBA Properties (the "Guaranty"); and

**WHEREAS**, New Rite Aid LLC and each of its affiliated debtors (collectively, the "Debtors"), including Thrifty Payless, Inc. and Rite Aid Corporation, filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code on May 5, 2025, commencing the Chapter 11 Cases; and

**WHEREAS**, on November 11, 2025, the Debtors filed their *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* [Docket No. 3215] (as modified, amended, and including all supplements, the "Plan"); and

70913/0001-52721794v1

(Page | 3)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND PUBA PROPERTIES REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS |

**WHEREAS**, on November 26, 2025, the Court entered *the Order Approving the Disclosure Statement and Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3445], and on December 15, 2025 entered the *Supplemental Order to Order Approving the Disclosure Statement and Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3536] confirming the Plan and approving and approving the Disclosure Statement [Docket No. 3216] (collectively, the "Confirmation Orders"); and

**WHEREAS**, Article VI.B of the Plan, as approved and confirmed by the Confirmation Orders, provides, in relevant part, that "For all purposes associated with distributions under the Plan, all guarantees by any Debtor of the obligations of any other Debtor, as well as any joint and several liability of any Debtor with respect to any other Debtor, shall be deemed eliminated so that any obligation that could otherwise be asserted against more than one Debtor shall result in a single distribution under the Plan. Any such Claims shall be released pursuant to Article X of the Plan and shall be subject to all potential objections, defenses, and counterclaims, and to estimation pursuant to section 502(c) of the Bankruptcy Code. . . ."; and

**WHEREAS**, on September 5, 2025, PUBA Properties filed two (2) proofs of claim, each in the amount of $877,267.43, including amounts asserted to be due pursuant to 11 U.S.C. §§ 503(b)(1) and 507(a)(2) totaling $73,186.15 (the "Alleged Administrative Claim"). The proofs of claim were assigned Claim Nos. 1758 and 1759 (each a "Claim" and collectively, the "Claims")

(Page | 4)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND PUBA PROPERTIES REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS |

on the register of claims maintained by the Court-appointed claims and noticing agent, Kroll Restructuring Administration LLC ("Kroll"); and

WHEREAS, Claim No. 1758 asserts claims alleged to be under the Lease against Debtor Thrifty Payless, Inc. pursuant to 11 U.S.C. §§ 502(b)(6), 503(b)(1) and 507(a)(2) and Claim No. 1759 asserts claims in the same amount against Rite Aid Corporation pursuant to the Guaranty; and

WHEREAS, on February 24, 2026, the Liquidating Trustee filed the *Liquidating Trustee's First Omnibus Objection to Certain Duplicative Claims* [Case No. 25-14831 Docket No. 281] (the "Omnibus Claims Objection"), asserting with respect to the Claims that they are duplicative and requesting that Claim No. 1758 be expunged as a "Duplicative Claim" with Claim No. 1759 serve as a "Surviving Claim"; and

WHEREAS, PUBA Properties has disputed that the Claims are duplicative of one another and has requested that the Liquidating Trustee agree to preserve both Claims, while acknowledging that PUBA Properties is entitled to only a single distribution on account of any allowed claim asserted in the Claims, in accordance with the Plan and applicable law, and the Liquidating Trustee has agreed to PUBA Properties' request in accordance with the terms of this Consent Order.

NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION THE PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY AGREED AND ORDERED AS FOLLOWS:

1. Subject to the terms of this Consent Order, the Plan and Confirmation Orders, each of the Claims shall survive and neither Claim shall be expunged; *provided*, *however*, that PUBA

70913/0001-52721794v1

(Page | 5)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND PUBA PROPERTIES REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS |

Properties shall be entitled to only a single distribution of account of such Claims, including a single distribution, if any, with respect to the Alleged Administrative Claim, to the extent such Claim or Claims are ultimately allowed.

2.　　This Consent Order is without prejudice to the rights of the Liquidating Trustee, Wind-Down Debtors, their estates, any successors thereto, and any other party in interest, including the Reorganized Debtors, to object to Claims or any other proof of claim filed in the Chapter 11 Cases on any basis, and such rights are expressly preserved.

3.　　The Liquidating Trustee and Wind-Down Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Consent Order.

4.　　Kroll is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted in this Consent Order.

5.　　Nothing in this Consent Order or the Omnibus Claims Objection is intended or shall be construed as a waiver of any of the rights the Liquidating Trustee or Wind-Down Debtors may have to enforce rights of setoff against PUBA Properties.

6.　　Nothing in the Objection or this Consent Order, nor any actions or payments made by the Liquidating Trustee or Wind-Down Debtors pursuant to this Consent Order, shall be construed as: (a) an admission as to the amount of, basis for, or validity of the Claims against the Wind-Down Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Liquidating Trustee, Wind-Down Debtors, or any other party-in-interest's right to dispute the Claims; (c) a promise or requirement to pay any particular Claim; (d) an implication

(Page | 6)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND PUBA PROPERTIES REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS |

or admission that any particular Claim is of a type specified or defined in this Consent Order; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Wind-Down Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against PUBA Properties under the Bankruptcy Code or any other applicable law.

7.      This Consent Order is effective immediately upon entry and is not subject to any stay under the United States Bankruptcy Code, the Federal Rule of Bankruptcy Procedure, or applicable nonbankruptcy law.

8.      This Consent Order may be executed and delivered in any number of original or facsimile or electronic counterparts, each of which shall be deemed an original.

9.      This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to this Consent Order, including the interpretation, enforcement and implementation of this Consent Order.

[*Remainder of page intentionally left blank*]

70913/0001-52721794v1

(Page | 7)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND PUBA PROPERTIES REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS |

The undersigned hereby consent to the form and entry of this Consent Order:

Dated: March 16, 2026

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D.  Sirota, Esq.
Warren A.  Usatine, Esq.
David M. Bass, Esq.
Felice R.  Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and
the Wind-Down Debtors*

/s/ Julie Rome-Banks

**BINDER MALTER HARRIS & ROME-
BANKS LLP**
Julie Rome-Banks, Esq.
1625 The Almeda, Suite 101
San Jose, CA 95126
Telephone: (408) 295-1700
Email: julie@bindermalter.com

*Counsel for Steven Puthuff, Judith Puthuff
and Wendy Thomas dba PUBA Properties,
a general partnership*

70913/0001-52721794v1

United States Bankruptcy Court

District of New Jersey

In re:

Lakehurst and Broadway Corporation

Murray Avenue Kosher, Inc.

     Debtors

Case No. 25-14831-MBK

Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0312-3              User: admin              Page 1 of 1

Date Rcvd: Mar 24, 2026         Form ID: pdf903          Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol**        **Definition**

+              Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 26, 2026:**

**Recip ID**              **Recipient Name and Address**
db                 +  Lakehurst and Broadway Corporation, 200 Newberry Commons, Etters, PA 17319-9363

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 26, 2026                Signature:        /s/Gustava Winters