| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>David M. Bass, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>dbass@coleschotz.com<br>fyudkin@coleschotz.com<br><br>*Counsel to the Liquidating Trustee and the Wind-Down Debtors* | |



**Order Filed on March 24, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| In re:<br><br>LAKEHURST AND BROADWAY CORPORATION,<br><br>                  Debtor.[1] | Chapter 11<br><br>Case No. 25-14831 (MBK)<br><br>Related to Docket No. 281 |

## CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND SKBB INVESTMENTS REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS

The relief set forth on the following pages, numbered two (2) through seven (7), is

**ORDERED**.

**DATED: March 24, 2026**

/s/ Michael B. Kaplan
Honorable Michael B. Kaplan
United States Bankruptcy Judge

70913/0001-52753749v2

(Page | 2)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND SKBB INVESTMENTS REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS |

This Consent Order is made by and between Eric Kaup, the RAD Liquidating Trustee (the "Liquidating Trustee"), on behalf of the RAD Liquidating Trust and the above-captioned debtor and the other Wind-Down Debtors (the "Wind-Down Debtors") in the above-referenced chapter 11 cases (the "Chapter 11 Cases") and SKBB Investments, a California limited partnership ("SKBB" and together with the Liquidating Trustee, the "Parties"), by and through their respective counsel of record, with regard to the following facts:

**WHEREAS**, SKBB is the successor in interest and landlord under a lease of nonresidential real property, dated October 29, 1969 (together with all amendments, modifications and extensions thereto, the "Lease") with Thrifty Payless, Inc. for commercial space at 4077 Governor Drive, San Diego, California; and

**WHEREAS**, New Rite Aid LLC and each of its affiliated debtors (collectively, the "Debtors"), including Thrifty Payless, Inc., filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code on May 5, 2025, commencing the Chapter 11 Cases; and

**WHEREAS**, on November 11, 2025, the Debtors filed their *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* [Docket No. 3215] (as modified, amended, and including all supplements, the "Plan"); and

**WHEREAS**, on November 26, 2025, the Court entered *the Order Approving the Disclosure Statement and Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3445], and on December 15, 2025 entered the *Supplemental Order to Order Approving the Disclosure Statement and Confirming the Debtors' Second Amended Joint Chapter 11 Plan of*

70913/0001-52753749v2

(Page | 3)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND SKBB INVESTMENTS REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS |

*Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3536] confirming the Plan and approving the Disclosure Statement [Docket No. 3216] (collectively, the "Confirmation Orders"); and

**WHEREAS**, Article VI.B of the Plan, as approved and confirmed by the Confirmation Orders, provides, in relevant part, that "For all purposes associated with distributions under the Plan, all guarantees by any Debtor of the obligations of any other Debtor, as well as any joint and several liability of any Debtor with respect to any other Debtor, shall be deemed eliminated so that any obligation that could otherwise be asserted against more than one Debtor shall result in a single distribution under the Plan. Any such Claims shall be released pursuant to Article X of the Plan and shall be subject to all potential objections, defenses, and counterclaims, and to estimation pursuant to section 502(c) of the Bankruptcy Code. . . ."; and

**WHEREAS**, SKBB has filed eight (8) proofs of claim (each a "Claim" and collectively, the "Claims"), which are included on the register of claims maintained by the Court-appointed claims and noticing agent, Kroll Restructuring Administration LLC ("Kroll"), asserting various amounts alleged to be due pursuant to sections 502(b)(6), 503(b)(1), 507(a)(2), (8) of the Bankruptcy Code relating to the Lease; *i.e.*, (i) Claim No. 932, filed on July 13, 2025, in the amount of $217,783.72 against Thrifty Payless, Inc.; (ii) Claim No. 1120, filed on July 25, 2025, in the amount of $217,783.72 against Thrifty Payless, Inc.; (iii) Claim No. 2109, filed on October 17, 2025, in the amount of $879,329.00 against Thrifty Payless, Inc.; (iv) Claim No. 2209, filed October 22, 2025, in the amount of $87,169.00 against New Rite Aid, LLC; (v) Claim No. 2224, filed October 27, 2025, in the amount of $87,169.00 against Thrifty Payless, Inc.; (vi) Claim No.

70913/0001-52753749v2

(Page | 4)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND SKBB INVESTMENTS REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS |

2504, filed January 30, 2026, in the amount of $153,427.54 against Thrifty Payless, Inc.; (vii)

Claim No. 2511, filed January 30, 2026, in the amount of $965,711.67 against Thrifty Payless,

Inc.; and (viii) Claim No. 2543, in the amount of $153,427.54 against New Rite Aid, LLC; and

**WHEREAS**, on February 24, 2026, the Liquidating Trustee filed the *Liquidating Trustee's First Omnibus Objection to Certain Duplicative Claims* [Docket No. 281] (the "Omnibus Claims Objection"), asserting that certain of the Claims are duplicative of one another and requesting that

Claim Nos. 932 and 1120 be expunged as a "Duplicative Claim" with Claim No. 2109 to serve as

a "Surviving Claim" and that Claim Nos. 2109 and 2209 be expunged as a "Duplicative Claim"

with Claim No. 2504 to serve as a "Surviving Claim"; and

**WHEREAS**, SKBB has disputed that certain of the Claims are duplicative of one another

and has requested that the Liquidating Trustee agree to preserve certain Claims (the "Current

Surviving Claims"), while acknowledging that SKBB is entitled to only a single distribution on

account of any allowed claim asserted in the Claims in the aggregate allowed and payable amount,

in accordance with the Plan and applicable law, and the Liquidating Trustee has agreed to SKBB's

request in accordance with the terms of this Consent Order.

NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION THE

PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY AGREED AND

ORDERED AS FOLLOWS:

1. Claim Nos. 932, 1120, 2109, 2209, 2224, and 2543 have each been amended and

superseded and shall be and hereby are expunged. For the avoidance of doubt, expungement of

such claims as amended and superseded shall not affect the substantive rights, bases, or

70913/0001-52753749v2

(Page | 5)

Debtors:          LAKEHURST AND BROADWAY CORPORATION
Case No.          25-14831 (MBK)
Caption of Order: CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND
                  SKBB INVESTMENTS REGARDING LIQUIDATING TRUSTEE'S
                  OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS

components of liability asserted therein to the extent such matters are preserved within the Current Surviving Claims.

2.      Claim Nos. 2504 and 2511 are, subject to the terms of this Consent Order, the Current Surviving Claims.

3.      Subject to the terms of this Consent Order, the Plan and Confirmation Orders, each of the Current Surviving Claims shall survive and none of the Current Surviving Claims shall be expunged; *provided*, *however*, that SKBB shall be entitled to only a single distribution in the aggregate allowed and payable amount on account of such Current Surviving Claims, including a single distribution, if any, with respect to any alleged request for payment of an administrative expense, to the extent such Current Surviving Claim or Current Surviving Claims are ultimately allowed and payable pursuant to the Plan.

4.      This Consent Order is without prejudice to the rights of the Liquidating Trustee, Wind-Down Debtors, their estates, any successors thereto, and any other party in interest, including the Reorganized Debtors, to object to any of the Current Surviving Claims or any other proof of claim filed in the Chapter 11 Cases on any basis, and such rights are expressly preserved. This Consent Order is without prejudice to the rights of SKBB to defend, supplement, or amend the Current Surviving Claims, or to assert all available rights, arguments, and defenses related to the Current Surviving Claims and the right of the Liquidating Trust to object to any supplemental or amended claim and to assert all available rights, arguments, and defenses related to the Current Surviving Claims.

70913/0001-52753749v2

(Page | 6)

Debtors:          LAKEHURST AND BROADWAY CORPORATION
Case No.          25-14831 (MBK)
Caption of Order:  CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND
                  SKBB INVESTMENTS REGARDING LIQUIDATING TRUSTEE'S
                  OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS

5.      The Liquidating Trustee and Wind-Down Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Consent Order.

6.      Kroll is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted in this Consent Order.

7.      Nothing in this Consent Order or the Omnibus Claims Objection is intended or shall be construed as a waiver of any of the rights the Liquidating Trustee or Wind-Down Debtors may have to enforce rights of setoff against SKBB.

8.      Nothing in the Objection or this Consent Order, nor any actions or payments made by the Liquidating Trustee or Wind-Down Debtors pursuant to this Consent Order, shall be construed as: (a) an admission as to the amount of, basis for, or validity of the Current Surviving Claims against the Wind-Down Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of SKBB, the Liquidating Trustee, Wind-Down Debtors, or any other party-in-interest's rights with respect to the Current Surviving Claims; (c) a promise or requirement to pay any particular Current Surviving Claim; (d) an implication or admission that any particular Current Surviving Claim is of a type specified or defined in this Consent Order; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Wind-Down Debtors' estates; (f) a waiver of any claims or causes of action of the Liquidation Trustee, Wind-Down Debtors, or SKBB which may exist under the Bankruptcy Code or any other applicable law.

(Page | 7)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND SKBB INVESTMENTS REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS |

9. This Consent Order is effective immediately upon entry and is not subject to any stay under the United States Bankruptcy Code, the Federal Rule of Bankruptcy Procedure, or applicable nonbankruptcy law.

10. This Consent Order may be executed and delivered in any number of original or facsimile or electronic counterparts, each of which shall be deemed an original.

11. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to this Consent Order, including the interpretation, enforcement and implementation of this Consent Order.

[*Remainder of page intentionally left blank*]

70913/0001-52753749v2

(Page | 8)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND SKBB INVESTMENTS REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS |

The undersigned hereby consent to the form and entry of this Consent Order:

Dated: March 20, 2026

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

/s/ Nathan D. Basalyga

**ICE MILLER LLP**
Louis T. DeLucia, Esq.
Alyson M. Fiedler, Esq.
Nathan D. Basalyga, Esq. (admitted *pro hac vice*)
1500 Broadway, Suite 2900
New York, NY 10036
Phone: 212-835-6315
louis.delucia@icemiller.com
alyson.fiedler@icemiller.com
nathan.basalyga@icemiller.com

Alexandria Lundberg, Esq.
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Telephone: (317) 236-5816
Email: alexandria.lundberg@icemiller.com

*Counsel for SKBB Investments, a California limited partnership*

70913/0001-52753749v2

United States Bankruptcy Court

District of New Jersey

In re:                                                                                   Case No. 25-14831-MBK

Lakehurst and Broadway Corporation                                                       Chapter 11

Murray Avenue Kosher, Inc.

     Debtors

# CERTIFICATE OF NOTICE

| District/off: 0312-3 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: Mar 24, 2026 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**     **Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 26, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Lakehurst and Broadway Corporation, 200 Newberry Commons, Etters, PA 17319-9363 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 26, 2026                          Signature:          /s/Gustava Winters