**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| LAKEHURST AND BROADWAY CORPORATION, | Case No. 25-14831 (MBK) |
| Debtor.[1] | |

**NOTICE OF LIQUIDATING TRUSTEE'S MOTION FOR**
**ENTRY OF AN ORDER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS**

**PLEASE TAKE NOTICE** that on **April 23, 2026 at 1:00 p.m. (prevailing Eastern Time)** or as soon thereafter as counsel may be heard, Eric Kaup, the RAD Liquidating Trustee, on behalf of on behalf of the RAD Liquidating Trust and the above-captioned debtor and the other

---

[1]  On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order on Final Decree"). The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK). Except as otherwise provided herein, references to the "Docket" herein shall refer to the docket in the formerly jointly administered cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK).

Wind-Down Debtors,[2] by and through his undersigned counsel, shall move (the "Motion") before

the Honorable Michael B. Kaplan, United States Bankruptcy Judge, in Courtroom #8 of the United

States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 402 East State

Street, Trenton, New Jersey 08608, or such other physical or virtual location as may be determined

by the Court, for entry of an order, substantially in the form submitted herewith.

PLEASE TAKE FURTHER NOTICE the Motion sets forth the relevant factual bases

upon which the relief requested should be granted.  A Proposed Order granting the relief requested

in the Motion is also submitted herewith.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief requested in

the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection;

(iii) conform with the Bankruptcy Court's *Chapter 11 Complex Case Management Order* [Docket

No. 502], and (iv) be filed with the Clerk of the United States Bankruptcy Court electronically by

attorneys who regularly practice before the Bankruptcy Court in accordance with the General

Order Regarding Electronic Means for Filing Signing, and Verification of Documents dated March

27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures

dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental

Commentary and the User's Manual for the Electronic Case Filing System can be found at

www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-

interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with

the General Order and the Supplemental Commentary, so as to be received no later than seven (7)

days before the hearing date set forth above.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and its Debtor Affiliates (Technical Modifications)* [Docket No. 3215].

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these

Chapter 11 Cases may be obtained free of charge by visiting the website of Kroll Restructuring

Administration at https://restructuring.ra.kroll.com/RiteAid2025.  You may also obtain copies of

any pleadings by visiting the Court's website at www.njb.uscourts.gov in accordance with the

procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely filed and served,

the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief

requested may be granted without further notice or hearing.

Dated: March 30, 2026

*/s/ Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:        msirota@coleschotz.com
                wusatine@coleschotz.com
                dbass@coleschotz.com
                fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down
Debtors*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| LAKEHURST AND BROADWAY CORPORATION, | Case No. 25-14831 (MBK) |
| Debtor.[1] | |

**LIQUIDATING TRUSTEE'S MOTION FOR ENTRY
OF AN ORDER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS**

TO THE HONORABLE MICHAEL B. KAPLAN,
UNITED STATES BANKRUPTCY JUDGE:

Eric Kaup, the RAD Liquidating Trustee (the "<u>Liquidating Trustee</u>"), on behalf of the RAD

Liquidating Trust (the "<u>Liquidating Trust</u>") and the above-captioned debtor and the other Wind-

---

[1] On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "<u>Order on Final Decree</u>").  The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, *Lakehurst and Broadway Corporation*, Case No. 25-14831 (MBK).  Except as otherwise provided herein, references to the "Docket" herein shall refer to the docket in the formerly jointly administered cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK).

Down Debtors[2] (collectively, the "Wind-Debtors") in the above-referenced chapter 11 cases (the "Chapter 11 Cases"), hereby files this *Liquidating Trustee's Motion for Entry of an Order Extending the Deadline to Object to Claims* (the "Motion"). In support of the Motion, the Liquidating Trustee respectfully represents as follows:

**Relief Requested**

1. The Liquidating Trustee seeks, on behalf of the Liquidating Trust and the Wind-Down Debtors, entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the Claims Objection Deadline (as defined in the Plan) for a period of 180 days, to and including December 26, 2026.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.) and amended on June 6, 2025 (Bumb, C.J.). The Liquidating Trustee confirms his consent, on behalf of the Liquidating Trust and the Wind-Down Debtors, to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 502 and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 3007 and 9006 of the Federal Rules of

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3445, Ex. A] (the "Plan").

Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

**Background**

5. On May 5, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. These Chapter 11 Cases were formally jointly administered under lead Case No. 25-14861 (MBK).

6. On August 16, 2024, the Court entered the *Order Approving the Disclosure Statement For, and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3445] (the "Confirmation Order")[3] confirming the Plan.

7. On December 31, 2025, the Effective Date (as defined in the Plan) occurred. *See Notice of (A) Entry of the Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC (Technical Modifications) and Its Debtor Affiliates and (II) Occurrence of the Effective Date* [Docket No. 3699] (the "Effective Date Notice").

8. Pursuant to the Plan and the Confirmation Order, the deadline to file proofs of claim was thirty (30) days following the Effective Date. With the Effective Date of the Plan occurring December 31, 2025, the Claims Bar Date was established as January 30, 2026.[4]

---

[3] On December 15, 2025, the Bankruptcy Court also entered the *Supplemental Order to Order Approving the Disclosure Statement and Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3536].

[4] The "Claims Bar Date" is defined in the Plan, as follows:

"*Claims Bar Date*" means the deadline, which shall be thirty (30) days after the Effective Date, by which Proofs of Claim or requests for payment, as applicable, must be Filed with respect to Administrative Claims, Other Priority Claims, Priority Tax Claims, Other Secured Claims, and Settled Priority Claims unless this Plan expressly provides that the applicable claimant is not required to file a Proof of Claim or request for payment, as applicable. For the avoidance of doubt, (a) Professional Fee Claims shall not be subject to the Claims Bar Date and shall be filed and treated in accordance with Article II.C hereof, and (b) the Claims Bar Date shall not apply to Claims for

3

9.      With the assistance of Kroll Restructuring Administration (the "Claims and Noticing Agent"), the Debtors served the Solicitation Materials, including the Plan, as well as the Confirmation Order and the Effective Date Notice on the various creditors and parties in interest in the Chapter 11 Cases.  *See* Docket Nos. 3273, 3290, 3468, Case No. 25-14831 Docket No. 26, 43, 235, 236 and 247.

10.     On the Effective Date, the Liquidating Trustee became the sole representative of the Wind-Down Debtors and assumed responsibility for, *inter alia*, resolving claims, performing claims reconciliation, and objecting to claims. *See* Plan, Art. IX.A.

11.     Pursuant to the Plan:

"*Claims Objection Deadline*" means the deadline for objecting to any Claim or request for payment of any Administrative Claim (other than Professional Fee Claims), which shall be on the date that is the later of (a) 180 days after the Effective Date and (b) such other period of limitation as may be specifically fixed by an order of the Bankruptcy Court for objecting to Claims.

*See* Plan, Article I.A., ¶ 33.  The Claims Objection Deadline is June 29, 2026 (the "Claims Objection Deadline").  *See also* Plan, Article IX.E. ("Any objections to Claims shall be Filed by the Debtors or, if Filed after the Effective Date, the Liquidating Trust, as applicable, on or before the Claims Objection Deadlines, as such deadline may be extended from time to time.")

12.     As of the date hereof, over 10,100 Proofs of Claim have been scheduled and/or filed against the Debtors, including no less than 620 Administrative Claims.  The Debtors, prior to the Effective Date, and the Liquidating Trust, following Effective Date, together with their advisors, have commenced and are continuing the Claims reconciliation process and have commenced filing objections to Claims.  The Liquidating Trustee anticipates that he will object to a substantial

---

Cure Costs, if any, which shall be administered in accordance with Article V hereof.

Plan, Art. I.A.32.

number of Administrative Claims, Other Priority Claims, Priority Tax Claims, Other Secured Claims, and Settled Priority Claims, asserted against the Debtors in accordance with Bankruptcy Rule 3007(d), which authorizes the Debtors to object to multiple Claims in an omnibus fashion based on certain enumerated grounds, and on additional grounds not set forth in Bankruptcy Rule 3007(d).

13.    On February 17, 2026, the Liquidating Trustee filed the *Liquidating Trustee's Motion for Entry of an Order (A) Approving (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice and (B) Waiving Bankruptcy Rule 3007(e)* [Case No. 25-14831, Docket No. 251] which was granted by order of this Court on March 11, 2026 [Case No. 25-14831, Docket No. 312].

14.    Since the Effective Date of the Plan, the Liquidating Trustee has been diligently attending to his obligations under the Plan including, without limitation, addressing numerous motions and requests for payment of Administrative Claims and, where appropriate, objecting to Claims.

### Basis for Relief

15.    Pursuant to section 502(a) of the Bankruptcy Code, "a claim or interest. . . is deemed allowed, unless a party in interests . . . objects."  As stated above, the Plan expressly established June 29, 2026 as the Claims Objection Deadline while also providing that the Claims Objection Deadline may be fixed by order of the Court, implicitly recognizing that circumstances may warrant one or more extensions of time.

16.    Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or order of the Court, except for time periods provided under

certain Bankruptcy Rules that are not applicable here. *See* Fed. R. Bankr. P. 9006(b)

17.      In addition, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  It is also generally recognized that "[s]ection 105(a) authorizes the bankruptcy court, or the district court sitting in bankruptcy, to fashion such orders as are required to further the substantive provisions of the Code."  *See In re Morristown & E. R. Co.*, 885 F.2d 98, 100 (3d Cir. 1989) (citing Collier on Bankruptcy ¶ 105.04 at 105–15 & n.5 (15th rev. ed. 1989)).

18.      The Liquidating Trustee respectfully submits that cause exists to extend the Claims Objection Deadline by a period of 180 days.  Many of the filed proofs of claim contain multiple components and require a careful review by the Liquidating Trustee and his professionals.  While the Liquidating Trustee submits that a majority of the Claims will be reconciled and resolved during the initial 180-day period contemplated by the Plan, a certain number may not be and believes the additional time will be beneficial to allow that process to be completed.  The request included in this Motion is the first requested extension.  Accordingly, the Liquidating Trustee submits that an extension of time to review and object to such claims is appropriate.

## **A Bridge Order Is Not Required**

19.      To the extent the Court does not rule on this Motion prior to the expiration of the Claims Objection Deadline, the time period shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order. *See Chapter 11 Complex Case Management Order* [Docket No. 502] (the "Case Management Order"), ¶ XIII.

20.      The Case Management Order remains in effect pursuant to the terms of the Confirmation Order which provides "all prior orders entered in these Chapter 11 Cases and all documents and agreements executed by the Debtors as authorized and directed thereunder as of

6

the Effective Date shall be binding upon and shall inure to the benefit of the Debtors or the

Reorganized Debtors or Wind-Down Debtors, as applicable, and their respective successors and

assigns." Confirmation Order, ¶ 107.

## No Prior Request

21.    No prior request for the relief sought in this Motion has been made to this Court or

any other court.

## Notice

22.    The Liquidating Trustee will provide notice of this Motion to the following parties

and/or their respective counsel, as applicable: (a) the office of the U.S. Trustee;; and (b) any party

that has requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  The

Liquidating Trustee submits that, in light of the nature of the relief requested, no other or further

notice need be given.

**WHEREFORE**, the Liquidating Trustee respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 30, 2026

/s/ Michael D. Sirota
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:       msirota@coleschotz.com
             wusatine@coleschotz.com
             dbass@coleschotz.com
             fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

---

In re:

LAKEHURST AND BROADWAY
CORPORATION,

Debtor.[1]

Chapter 11

Case No. 25-14831 (MBK)

## ORDER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS

The relief set forth on the following pages, numbered two (2) through three (3), is

**ORDERED**.

---

[1]    On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order on Final Decree"). The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, *Lakehurst and Broadway Corporation*, Case No. 25-14831 (MBK).

(Page | 2)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | ORDER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS |

Upon the *Liquidating Trustee's Motion for Entry of an Order Extending the Deadline to Object to Claims* (the "Motion"),[2] pursuant to the Plan, sections 502 and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 3007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), extending the Claims Objection Deadline; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.) and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that sufficient cause exists for the relief set forth herein; and this Court having found that the Liquidating Trustee's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | ORDER EXTENDING THE DEADLINE TO OBJECT TO CLAIMS |

2.     The Claims Objection Deadline, as set forth in Article IX.E. of the Plan, is extended for a period of 180 days, to and including **December 26, 2026**.

3.     This Order shall be without prejudice to the right of the Liquidating Trustee to seek further extensions of the Claims Objection Deadline.

4.     The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.