**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>LAKEHURST AND BROADWAY CORPORATION,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 25-14831 (MBK) |

**LIQUIDATING TRUSTEE'S THIRD**
**OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM**
**PURSUANT TO SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY**
**CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2**

TO THE HONORABLE JUDGE MICHAEL B. KAPLAN UNITED STATES

BANKRUPTCY JUDGE FOR THE DISTRICT OF NEW JERSEY:

Eric Kaup, the RAD Liquidating Trustee (the "Liquidating Trustee"), on behalf of the RAD

Liquidating Trust (the "Liquidating Trust") and the above-captioned debtor and the other Wind-

---

[1]  On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order on Final Decree"). The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, *Lakehurst and Broadway Corporation*, Case No. 25-14831 (MBK). Except as otherwise provided herein, references to the "Docket" herein shall refer to the docket in the formerly jointly administered cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK).

Down Debtors (collectively, the "Wind-Down Debtors", and prior to the Effective Date, the "Debtors")[2] in the above-referenced chapter 11 cases (the "Chapter 11 Cases"), respectfully states as follows in support of this omnibus claims objection (this "Objection").

## Relief Requested

1.      The Liquidating Trustee respectfully requests entry of an order substantially in the form attached hereto as **Exhibit A** (the "Order"), (i) disallowing and expunging each proof of claim identified on Schedule 1 to the Order to the extent each such claim asserts an administrative or priority claim (collectively, the "No Liability Claims") because the Wind-Down Debtors are not liable for the amount of such claim for which an administrative or priority claim is asserted; (ii) reclassifying each proof of claim identified on Schedule 2 to the Order (collectively, the "Reclassified Claims") because each such claim is improperly classified as an administrative or priority claim and should be reclassified as a general unsecured claim; (iii) disallowing and expunging each proof of claim identified on Schedule 3 to the Order to the extent each such claim asserts an administrative or priority claim (collectively, the "No Supporting Documentation Claims") because each such claim fails to sufficiently specify the basis for the claim or provide sufficient documentation in support of such claim; and (iv) reclassifying each proof of claim identified on Schedule 4 to the Order to the extent each such claim asserts an administrative or priority claim (collectively, the "Satisfied Claims") because any portion of such claim entitled to treatment under the Plan as an Administrative Expense Claim or as an Other Priority Claim  has been satisfied such that any remaining claim, if any, is a general unsecured claim.  As such, each

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and its Debtor Affiliates (Technical Modifications)* [Docket No. 3445, Ex. A] (the "Plan") or the Claims Objection Procedures Order (defined herein), as applicable.

2

of the Claims listed on <u>Schedules 1</u>, <u>2</u>, <u>3</u>, and <u>4</u> to the Order (collectively, the "<u>Schedules</u>") should be disallowed, expunged, and/or reclassified, as applicable.

2.      In support of this Objection, the Liquidating Trustee submits the *Declaration of Eric Kaup in Support of the Liquidating Trustee's Third Omnibus Objection to Certain Proofs of Claim Pursuant to Sections 502(b) and 503(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1 and 3007-2* (the "<u>Kaup Declaration</u>"), attached hereto as **Exhibit B**.

## Jurisdiction

3.      The United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.) and amended on June 6, 2025 (Bumb, C.J.).  The Liquidating Trustee confirms his consent, on behalf of the Liquidating Trust and the Wind-Down Debtors, to the Court entering a final order in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief sought herein are sections 502(b) and 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>") and rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").  This Objection complies in all respects with rules 3007-1 and 3007-2 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "<u>Local Rules</u>").

**Background**

6.      On May 5, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.  From the Petition Date through the Effective Date (defined below) of the Plan, the Debtors remained in possession of their assets and continued to operate and manage their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On November 26, 2025, the Court entered its *Order Approving the Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3445], and on December 15, 2025, entered its *Supplemental Order to Order Approving The Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3536].

8.      The Plan became effective on December 31, 2025 (the "Effective Date").  *See Notice of (A) Entry of the Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC (Technical Modifications) and Its Debtor Affiliates and (II) Occurrence of the Effective Date* [Docket No. 3699] (the "Effective Date Notice").  On the Effective Date, the Trust was established pursuant to the terms of the Plan and the terms of that certain Liquidating Trust Agreement (the "Trust Agreement" and, together with the Plan and Confirmation Order, the "Plan Documents"), under which the Liquidating Trustee became the sole representative of the Wind-Down Debtors and assumed responsibility for, inter alia, resolving claims, performing claims reconciliation, and objecting to claims. *See* Plan, Art. IX.A. *and* Trust Agreement, Art. II.

9. The Plan established the Claims Bar Date which expired on January 30, 2026. *See* Plan, Art.1A.32. (requiring that Administrative Claims, Other Priority Claims, Priority Tax Claims, Other Secured Claims, and Settled Priority Claims be filed on or before the date that is thirty (30) days after the Effective Date).

**Claims Reconciliation Process**

10. Pursuant to the Plan, the Liquidating Trustee is empowered to, among other things, control and effectuate the claims reconciliation process, including by objecting to, seeking to reclassify, and reconciling or settling claims. Since the Effective Date, the Liquidating Trustee has been working diligently on multiple open issues relating to the consummation of the Plan, including analyzing and reconciling Claims filed against the Wind-Down Debtors' estates.

11. As of the date hereof, over 600 Administrative and Priority Claims have been filed against the Wind-Down Debtors and are included on the claims register (the "Claims Register") maintained by the Court-approved claims and noticing agent Kroll Restructuring Administration LLC ("Kroll"). The Wind-Down Debtors, prior to the Effective Date, and the Liquidating Trustee (on behalf of the Wind-Down Debtors) following the Effective Date, together with their advisors, have commenced the Claims reconciliation process, including reviewing, analyzing and reconciling claims to ensure that the Claims Register is accurate so the Liquidating Trustee may make distributions in accordance with the Plan.

12. In connection with that process, on February 17, 2026, the Liquidating Trustee filed the *Liquidating Trustee's Motion for Entry of an Order (A) Approving (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice and (B) Waiving Bankruptcy Rule 3007(e)* [Case No. 25-14831, Docket No. 251] (the "Claims Objection Procedures Motion") and on March 11, 2026,

the Court entered the *Order Granting Liquidating Trustee's Motion for Entry of an Order (A) Approving (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice and (B) Waiving Bankruptcy Rule 3007(e)* [Case No. 25-14831, Docket No. 312] (the "Claims Objection Procedures Order").[3]

13.    Pursuant to the Claims Objection Procedures Order, the Liquidating Trustee is authorized  to object to multiple Proofs of Claim in an omnibus format, on the grounds set forth in Bankruptcy Rule 3007(d) as well as on the additional grounds set forth in the Claims Objection Procedures Motion.  Accordingly, in accordance with Rule 3007(d) and the Claims Objection Procedures Order, the Liquidating Trustee files this Objection.

### Relief Requested

14.    By this Objection, the Liquidating Trustee objects to the Claims set forth on the Schedules pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and the Claims Objection Procedures Order.  The Liquidating Trustee respectfully requests entry of the Proposed Order disallowing, expunging and/or reclassifying each of these Claims as set forth on the Schedules.

### Objection

**I.    Legal Standard of Administrative Claims**.

15.    While section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects" *see* 11 U.S.C. § 502(a), and rule 3001(f) of the Federal Rules of Bankruptcy Procedure

---

[3]    In addition, on May 23, 2025, the Court entered the *Chapter 11 Complex Case Management Order* [Docket No. 502], implementing the *Chapter 11 Complex Case Procedures* (the "Complex Case Procedures") attached thereto, which provide for certain omnibus claims objection procedures.  *See* Complex Case Procedures, Section VIII.

provides that "[a] proof of claim signed and filed in accordance with these rules is prima facie evidence of the claim's validity and amount," *see* Fed. R. Bankr. P. 3001(f),[4] requests for administrative expense payment are *not* given the same evidentiary weight as proofs of claim. *See In re PT-1 Commc'ns, Inc.*, 386 B.R. 402, 406-07 (Bankr. E.D.N.Y. 2007) (citing Fed. R. Bankr.P. 3001(f); *In re Silvus*, 329 B.R. 193, 205 (Bankr. E.D. Va. 2005); *In re Morgan*, 48 B.R. 148, 149 (Bankr. D. Md. 1985); 4 *Collier on Bankruptcy* ¶ 503.02[2] (Alan N. Resnick & Henry J. Sommer eds. 15th ed. rev.) ("The 'notice and hearing' requirement for allowance of administrative expenses is in contrast to the 'deemed' allowance provision of section 502(a) respecting proofs of claim. The phrase 'after notice and a hearing'… contemplates at least some form of court approval before allowance of any administrative payment from the estate….")); *see also In re Cardinal Indus., Inc.*, 151 B.R. 833, 836 (Bankr. S.D. Ohio 1992) (a request or motion under § 503(a) does not constitute <u>prima</u> <u>facie</u> evidence of the validity or amount of an administrative claim, and does

---

[2] The burden of proof for determining the validity of claims rests on different parties at different stages of the claims objection process. As explained by the United States Court of Appeals for the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is 'prima facie' valid [citations omitted]. In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. . . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citation omitted). Once the prima facie validity of a claim is rebutted, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* at 173. The burden of persuasion is always on the claimant. *Id.* at 174. A claim, however, should not be allowed if that claim is unenforceable against a debtor and property of a debtor, under any agreement or applicable law. *See* 11 U.S.C. § 502(b)(1). If an objection is made to the proof of claim, the claimant has the ultimate burden of persuasion as to the validity and amount of the claim. *See Allegheny Int'l*, 954 F.2d at 172.

not shift the burden to the opposing party to produce evidence to overcome that presumption and, therefore, the administrative claimant has the burden of showing that they are entitled to administrative priority status by a preponderance of the evidence).

16. Instead, a party moving for administrative expense priority treatment bears a heavy burden to establish entitlement to priority treatment. *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.,* 547 U.S. 651, 667 (2006) ("To give priority to a claimant not clearly entitled thereto is not only inconsistent with the policy of equality of distribution; it dilutes the value of the priority for those creditors Congress intended to prefer.") (citation omitted); *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 181 F.3d 527, 533 (3d Cir. 1999) ("A party seeking payment of costs and fess as an administrative expense must . . . carry the heavy burden of demonstrating that the costs and fees for which it seeks payment provided an actual benefit to the estate and that such costs and expenses were necessary to preserve the value of the estate assets.") (citation omitted); *PT-1 Commc'ns*, 386 B.R. at 406 ("Since 'grants of administrative expense priority cut against the general goal in bankruptcy law to distribute limited debtor assets equally among similarly situated creditors, … the party seeking administrative expense status bears the burden of establishing its entitlement to that status.'") (quoting *In re Adelphia Bus. Solutions, Inc.*, 296 B.R. 656, 662 (Bankr. S.D.N.Y. 2003)); *In re Bernard Techs., Inc.*, 342 B.R. 174, 177 (Bankr. D. Del. 2006) ("In order to hold administrative expenses to a minimum and to maximize the value of the bankruptcy estate, section 503(b) is narrowly construed.") (*citing Burlington N. R.R. Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.)*, 853 F.2d 700, 706 (9th Cir.1988)); *Woburn Assocs. v. Kahn (In re Hemingway Transp., Inc.)*, 954 F.2d 1, 4-5 (1st Cir. 1992) ("The traditional presumption favoring ratable distribution among all holders of unsecured claims counsels strict construction of the Bankruptcy Code provisions governing requests for priority

8

payment of administrative expenses.") (*citing S. Ry. Co. v. Johnson Bronze Co.*, 758 F.2d 137 (3d Cir. 1985)).

17.    To meet its burden, a party moving for payment of an administrative priority claim generally must demonstrate that the claim (i) arises from a post-petition transaction between the party claiming the administrative priority and debtor in possession, and (ii) conferred benefit upon the bankruptcy estate. *See In re Energy Future Holdings Corp.*, 990 F.3d 728, 741 (3d Cir. 2021) (*citing In re Women First Healthcare, Inc.*, 332 B.R. 115, 121 (Bankr. D. Del. 2005)).

18.    Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection", including claims that "were presented in a form that does not comply with applicable rules and the objection states that the objector is therefore unable to determine a claim's validity." *See* Bankruptcy Rule 3007(d)(2)(F).  Local Rule 3007-2 expands on those claims for which an omnibus objection may be filed, including that "[a]n omnibus objection to claims may be filed to reduce the amount of a claim or to modify a claim's priority status."  D.N.J. LBR 3007-2.  The Claims Objection Procedures Order also provides that the Liquidating Trustee may object to claims on the grounds that such claims "the Claims fail to specify the asserted claim amount (or only list the claim amount as 'unliquidated')", "fail to sufficiently specify the basis for the Claim or provide sufficient supporting documentation in support of such Claim", "seek recovery of amounts for which the Debtors are not liable", "are classified incorrectly or improperly." *See* Claims Objection Procedures, ¶ 1.b., c., d. and e; *see also, Complex Case Procedures*, Section VIII.  In order to ensure due process, pursuant to Local Rule 3007-2 and the Claims Objection Procedures Order, the *Notice of Objection to Your Claim*, the form of which was attached to the Claims Objection Procedures Motion, must be filed and served on the relevant individual Claimants.

**II.     No Liability Claims**

19.     For the reasons set forth in this Objection, Schedule 1, and the Kaup Declaration, the Liquidating Trustee submits that each of the No Liability Claims asserts an administrative expense or priority claim against the Wind-Down Debtors for which the Wind-Down Debtors have no legal responsibility to pay, or a claim for which the amount asserted is $0.00 or unliquidated. As indicated on Schedule 1 to the Order, any portion of such claim for which an administrative expense or priority claim is asserted should be disallowed and expunged to the extent thereof, with any remaining general unsecured claim, if any, to be treated in accordance with the Plan.

20.     Based on the Liquidating Trustee's careful review of the Wind-Down Debtors' books and records, the Schedules, and the No Liability Claims, including supporting documentation provided by the Claimant, if any, the Liquidating Trustee has determined that the Wind-Down Debtors do not owe any administrative expense or priority claim liability with respect to the No Liability Claims. Unless the No Liability Claims are disallowed and expunged as requested and to the extent requested herein, the Claims Register will reflect Claims which the Debtors have no liability for, in contravention of the provisions and policies of the Bankruptcy Code and the Plan, and to the direct detriment of the Wind-Down Debtors and their estates and other creditors.

21.     Accordingly, for all the foregoing reasons, the No Liability Claims identified on Schedule 1 should be disallowed and expunged as requested, and the Liquidating Trustee submits that the Court should enter the Order disallowing and expunging the No Liability Claims identified on Schedule 1 to the Order to the extent such claim asserts an administrative expense or priority claim, and authorizing the Liquidating Trustee and/or Kroll to update the Claims Register accordingly.

10

### III.    Reclassified Claims

22.    For the reasons set forth in this Objection, Schedule 2, and the Kaup Declaration, each of the Reclassified Claims asserts an administrative or priority claim that is not supported by the asserted proof of claim, the supporting documentation attached thereto, if any, and/or under the Bankruptcy Code or the confirmed Plan.  The Liquidating Trustee does not believe that the Wind-Down Debtors are liable for the Reclassified Claims as currently filed and submits that the Reclassified Claims should be reclassified as general unsecured claims, including with respect to any unliquidated amounts included thereon.

23.    The Reclassified Claims, including any unliquidated amounts thereto, should be modified where appropriate under section 502(b)(1) of the Bankruptcy Code and Bankruptcy Rule 3007.  If the Reclassified Claims are not formally reclassified and modified as requested herein, the relevant claimants may receive a better recovery than other similarly situated creditors, even though such recovery is not warranted.  The relief requested in this Objection is necessary to prevent any inappropriate distribution of estate funds and to facilitate the administration of the claims process.

24.    Accordingly, the Liquidating Trustee requests that the Court enter the Order reclassifying the Reclassified Claims identified on Schedule 2 to the Order and authorizing the Liquidating Trustee and/or Kroll to update the Claims Register.

### IV.    No Supporting Documentation Claims

25.    For the reasons set forth in this Objection, Schedule 3, and the Kaup Declaration, the Liquidating Trustee submits that each of the No Supporting Documentation Claims asserts a claim against the Debtors that is not supported by the asserted proof of claim, the supporting documentation attached thereto, if any, and/or under the Bankruptcy Code or the confirmed Plan.

11

26.     Each of the No Supporting Documentation Claims asserts an administrative or priority claim without sufficient documentation for the Liquidating Trustee to determine the validity of the priority of such claim.  Pursuant to the Claims Objection Procedures Order, the Liquidating Trustee, through current or former employees of the Wind-Down Debtors who have been retained by the Liquidating Trustee, has sent each of the underlying Claimants a request for additional documentation to support the priority asserted in their claims.  *See* Claims Objection Procedures Order, Ex 1, ¶1.c.  To date, the Claimants who filed the No Supporting Documentation Claims have not provided additional documentation to support the priority asserted in their claims.  If the No Supporting Documentation Claims are not disallowed and expunged, the relevant claimants may receive a better recovery than other similarly situated creditors, even though such recovery is not warranted.  The relief requested in this Objection is necessary to prevent any inappropriate distribution of estate funds and to facilitate the administration of the claims process.

27.     Accordingly, the Liquidating Trustee seeks entry of the Order disallowing and expunging the No Supporting Documentation Claims as set forth in Schedule 3 and authorizing the Liquidating Trustee and/or Kroll to update the Claims Register.

## V.      Satisfied Claims

28.     For the reasons set forth in this Objection, Schedule 4, and the Kaup Declaration, the Liquidating Trustee submits that each of the Satisfied Claims asserts a claim for which any portion thereof which is entitled to treatment under the Plan as an Administrative Expense Claim or as an Other Priority Claim has been satisfied, such that any remaining claim, if any, is a general unsecured claim

29.     Each of the Satisfied Claims asserts a claim which includes, in whole or in part, an administrative expense or other priority claim, as applicable and in accordance with the Plan.  For

each Satisfied Claim, any portion of such claim entitled to treatment as an Administrative Expense Claim or as an Other Priority Claim has been satisfied such that any remaining claim, if any, is a general unsecured claim.  If the Satisfied Claims are not reclassified, the relevant claimants may receive a better recovery than they are entitled to, even though such recovery is not warranted. The relief requested in this Objection is necessary to prevent any inappropriate distribution of estate funds and to facilitate the administration of the claims process.

30.    Accordingly, the Liquidating Trustee seeks entry of the Order reclassifying the Satisfied Claims as set forth in Schedule 4 and authorizing the Liquidating Trustee and/or Kroll to update the Claims Register.

### Separate Contested Matters

31.    To the extent that a response is filed regarding any claim identified in this Objection and the Liquidating Trustee is unable to resolve the response, the objection by the Liquidating Trustee to each such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Liquidating Trustee respectfully requests that any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each such claim.

### Reservation of Rights

32.    The Liquidating Trustee hereby reserves his right to amend, modify, and supplement this Objection, prior to the hearing before the Court on this Objection, if any; *provided*, *however*, that nothing in this Objection shall affect the Liquidating Trustee's right to object to the claims subject to this Objection or any other proof of claim at a future date on a basis other than as set forth in this Objection as permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Rules or in the Order.

33.     Notwithstanding anything to the contrary herein, nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection is intended or should be construed as (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Wind-Down Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Wind-Down Debtors', Liquidating Trustee's, or any other party in interest's rights to dispute any claim (or portion thereof), including but limited to those claims identified on Schedule 1, Schedule 2, Schedule 3, or Schedule 4 on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Objection or the Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Liquidating Trustee as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Wind-Down Debtors' estates; (g) a waiver or limitation of the Liquidating Trustee's, the Wind-Down Debtors', or any other party in interest's, claims, causes of action, or other rights, including setoff or recoupment, under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Liquidating Trustee or Wind-Down Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Objection are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (j) otherwise affecting the Liquidating Trustee's or Wind-Down Debtors' rights

14

under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

### Statement of Compliance with Local Rules

34.    Counsel for the Liquidating Trustee has reviewed the requirements of Local Rule 3007-1 and certifies that this Objection substantially complies with such Local Rule, as modified by the Claims Objection Procedures Order, as applicable.  To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1 and/or the Claims Objection Procedures Order, as applicable, the Liquidating Trustee believes such deviations are not material and respectfully requests that any such requirement be waived.  The Liquidating Trustee, in compliance with Local Rule 3007-2, will serve a *Notice of Objection to Your Claim* in response to the Claimants' proofs of claim upon the Claimants listed in the Schedules.

### Notice

35.    The Liquidating Trustee will provide notice of this Objection to the parties listed on the Schedules.  In light of the nature of the relief requested, the Liquidating Trustee submits that no other or further notice need be given.

### Conclusion

**WHEREFORE**, the Liquidating Trustee respectfully requests entry of the Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

*[Remainder of Page Intentionally Left Blank.]*

15

Dated:  April 10, 2026

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the RAD Liquidating Trust
and the Wind-Down Debtor*

16

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

| | |
|---|---|
| In re:<br><br>LAKEHURST AND BROADWAY CORPORATION,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 25-14831 (MBK) |

### ORDER SUSTAINING LIQUIDATING TRUSTEE'S
### THIRD OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM
### PURSUANT TO SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY
### CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2

The relief set forth on the following pages, numbered two (2) through five (5) is

**ORDERED**.

---

[1]    On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order on Final Decree"). The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, *Lakehurst and Broadway Corporation*, Case No. 25-14831 (MBK).

(Page 2)

| | |
|---|---|
| Debtor: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | ORDER SUSTAINING LIQUIDATING TRUSTEE'S THIRD OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM PURSUANT TO SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2 |

Upon consideration of the *Liquidating Trustee's Third Omnibus Objection to Certain Proofs of Claim Pursuant to Sections 502(b) and 503(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1 and 3007-2* (the "Objection")[1]; and upon consideration of the Kaup Declaration; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and it appearing that no other or further notice of the Objection need be provided; and upon the hearing held by the Court to consider the relief requested in the Objection (the "Hearing"), if any; and all responses, if any, to the Objection having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Wind-Down Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the record of the Hearing, if any, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Objection is sustained as set forth herein.

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

(Page 3)

| | |
|---|---|
| Debtor: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | ORDER SUSTAINING LIQUIDATING TRUSTEE'S THIRD OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM PURSUANT TO SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2 |

2.      Each claim identified on **Schedule 3** attached to this Order is hereby disallowed and expunged in its entirety.

3.      Each of the No Liability Claims and No Documentation Claims identified on **Schedule 1** attached to this Order, is hereby disallowed and expunged to the extent such No Liability Claim asserts an administrative or priority claim.  To the extent such No Liability Claim asserts a general unsecured claim, it will remain on the Claims Register and such general unsecured portions of the No Liability Claims are neither allowed nor disallowed at this time, subject to the Liquidating Trustee and Wind-Down Debtors' rights to file additional substantive and non-substantive objections to any No Liability Claim and any other proofs of claim that have been or may be filed against the Debtors, which are expressly preserved.  Nothing herein shall constitute, nor shall it be deemed to constitute, the allowance of any of the No Liability Claims.

4.      Each of the Reclassified Claims identified on **Schedule 2** attached to this Order, is hereby reclassified in its entirety as a general unsecured claim. The Reclassified Claims will remain on the Claims Register and such claims are neither allowed nor disallowed at this time, subject to the Liquidating Trustee and Wind-Down Debtors' rights to file additional substantive and non-substantive objections to any Reclassified Claim and any other proofs of claim that have been or may be filed against the Debtors, which are expressly preserved.  Nothing herein shall constitute, nor shall it be deemed to constitute, the allowance of any of the Reclassified Claims.

5.      To the extent each of the Satisfied Claims identified on **Schedule 4** attached to this Order asserts an Administrative Claim or Other Priority Claim under the Plan, such Satisfied Claim

(Page 4)
Debtor:            LAKEHURST AND BROADWAY CORPORATION
Case No.           25-14831 (MBK)
Caption of Order:  ORDER SUSTAINING LIQUIDATING TRUSTEE'S THIRD OMNIBUS
                   OBJECTION TO CERTAIN PROOFS OF CLAIM PURSUANT TO
                   SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY CODE,
                   BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2

or portion of the Satisfied Claim in the amount set forth on **Schedule 4**, shall be deemed and hereby is satisfied in full.

6.     Kroll Restructuring Administration LLC, the Court-appointed claims and noticing agent in the Chapter 11 Cases, is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted in this Order.

7.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Wind-Down Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Wind-Down Debtors', Liquidating Trustee's, or any other party in interest's rights to dispute any claim (or portion thereof), including but limited to those claims identified on **Schedule 1**, **Schedule 2**, **Schedule 3**, or **Schedule 4** on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Objection or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Liquidating Trustee as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Wind-Down Debtors' estates; (g) a waiver or limitation of the Liquidating Trustee's, the Wind-Down Debtors', or any other party in interest's, claims, causes of action, or other rights, including setoff or recoupment, under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract,

(Page 5)

| | |
|---|---|
| Debtor: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | ORDER SUSTAINING LIQUIDATING TRUSTEE'S THIRD OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM PURSUANT TO SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2 |

lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Liquidating Trustee or Wind-Down Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Objection are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (j) otherwise affecting the Liquidating Trustee's or Wind-Down Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

8.      Notice of the Objection as provided therein shall be deemed good and sufficient notice of such Objection and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

9.      The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Schedule 1**

**No Liability Claims**

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1848 | 27 Round Lake Realty, LLC | New Rite Aid, LLC | 9/17/2025 | $305,099.11 | This claim seeks recovery of amounts for which the Debtors are not liable | Section II, ¶¶19–21 |
| 2092 | Barbara Ann Skucy by her POA Suzanne Williams | The Bartell Drug Company | 10/17/2025 | $0.00 | This claim fails to specify the claim amount or specifies the claim only as unliquidated | Section II, ¶¶19–21 |
| 2470 | City of Philadelphia Law Department | Rite Aid of Maryland, Inc. | 1/29/2026 | $0.00 | This claim fails to specify the claim amount or specifies the claim only as unliquidated | Section II, ¶¶19–21 |
| 2466 | CrowdStrike, Inc. | Rite Aid Corporation | 1/29/2026 | $0.00 | This claim fails to specify the claim amount or specifies the claim only as unliquidated | Section II, ¶¶19–21 |
| 2467 | CrowdStrike, Inc. | Rite Aid Hdqtrs. Corp. | 1/29/2026 | $0.00 | This claim fails to specify the claim amount or specifies the claim only as unliquidated | Section II, ¶¶19–21 |
| 2119 | Mahopac Improvements Owner, LLC | Rite Aid of New York, Inc. | 10/17/2025 | $0.00 | This claim fails to specify the claim amount or specifies the claim only as unliquidated | Section II, ¶¶19–21 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1770 | NFNY Business Trust | New Rite Aid, LLC | 9/8/2025 | $317,138.93 | This claim seeks recovery for rent and late fees. The Debtors timely paid their rent obligations. To the extent this claim asserts a claim for rent, this claim should be marked as satisfied. To the extent this claim asserts a claim for late fees, the claim should be disallowed. | Section II, ¶¶19–21 |
| 1909 | NFNY Business Trust | New Rite Aid, LLC | 9/23/2025 | $364,725.43 | This claim seeks recovery of amounts for which the Debtors are not liable | Section II, ¶¶19–21 |
| 1910 | NFNY Business Trust | New Rite Aid, LLC | 9/23/2025 | $312,490.44 | This claim seeks recovery of amounts for which the Debtors are not liable | Section II, ¶¶19–21 |
| 2089 | P&F Retail Associates, L.P. | Rite Aid of Pennsylvania, LLC | 10/15/2025 | $254,843.47 | This claim fails to specify the claim amount or specifies the claim only as unliquidated | Section II, ¶¶19–21 |
| 1479 | QCSI Six, LLC | Thrifty PayLess, Inc. | 8/11/2025 | $559,422.78 | This claim seeks recovery of amounts for which the Debtors are not liable | Section II, ¶¶19–21 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1947 | The Irvine Company LLC | Thrifty PayLess, Inc. | 9/26/2025 | $593,754.72 | This claim seeks recovery for rent and late fees. The Debtors timely paid their rent obligations. To the extent this claim asserts a claim for rent, this claim should be marked as satisfied. To the extent this claim asserts a claim for late fees, the claim should be disallowed. | Section II, ¶¶19–21 |

**Schedule 2**

**Reclassified Claims**

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Reclassification | Objection Reference |
|---|---|---|---|---|---|---|
| 1894 | 16200 Bear Valley road Holdings, LLC, a Maryland Limited Liability Company | Thrifty PayLess, Inc. | 9/19/2025 | $609,823.24 | This claim is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |
| 1283 | ABS Surplus-O LLC | Thrifty PayLess, Inc. | 8/7/2025 | $298,530.00 | This claim seeks recovery for rejection damages and taxes. To the extent this claim asserts a claim for rejection damages, this claim should be reclassified as unsecured. To the extent this claim asserts a claim for taxes, the Debtors have not received sufficient documentation to support this obligation and accordingly object on that basis. | Section III, ¶¶22–24 |
| 576 | Andrew Shapiro  SJN Clarmont Properties Associates LLC | New Rite Aid, LLC | 6/12/2025 | $55,511.00 | This claim is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |
| 2011 | Branciforte Apartments LLC | New Rite Aid, LLC | 9/30/2025 | $2,448,000.00 | This claim is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Reclassification | Objection Reference |
|---|---|---|---|---|---|---|
| 1441 | Construction Systems Management, Inc. | New Rite Aid, LLC | 8/15/2025 | $9,630.00 | This claim was filed as a 503(b)(9) claim but does not reflect goods received by a Debtor in the ordinary course of business within 20 days of the Petition Date. | Section III, ¶¶22–24 |
| 976 | CX360, Inc. | New Rite Aid, LLC | 7/14/2025 | $2,244,666.71 | This claim is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |
| 622 | Expert Landscape Management Corp. | New Rite Aid, LLC | 6/16/2025 | $39,548.75 | This claim was filed as a 503(b)(9) claim but does not reflect goods received by a Debtor in the ordinary course of business within 20 days of the Petition Date. | Section III, ¶¶22–24 |
| 2512 | GKGF, LLC | Thrifty PayLess, Inc. | 1/30/2026 | $578,067.67 | This claim is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |
| 98 | Gradera Properties LLC | Rite Aid of Delaware, Inc. | 5/20/2025 | $8,335.03 | This claim is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |
| 328 | Heritage Companies LLC | New Rite Aid, LLC | 6/2/2025 | $4,039.07 | This claim was filed as a 503(b)(9) claim but does not reflect goods received by a Debtor in the ordinary course of business within 20 days of the Petition Date. | Section III, ¶¶22–24 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Reclassification | Objection Reference |
|---|---|---|---|---|---|---|
| 923 | JB HUNT TRANSPORT, INC. | New Rite Aid, LLC | 7/11/2025 | $975,914.00 | This claim was filed as a 503(b)(9) claim but does not reflect goods received by a Debtor in the ordinary course of business within 20 days of the Petition Date. | Section III, ¶¶22–24 |
| 1334 | Jerome Alexander Consulting Corp | New Rite Aid, LLC | 8/8/2025 | $35,920.00 | This claim was filed as a 503(b)(9) claim but does not reflect goods received by a Debtor in the ordinary course of business within 20 days of the Petition Date. | Section III, ¶¶22–24 |
| 1514 | Kemgas Propane Service | New Rite Aid, LLC | 8/13/2025 | $1,863.92 | This claim was filed as a 503(b)(9) claim but does not reflect goods received by a Debtor in the ordinary course of business within 20 days of the Petition Date. | Section III, ¶¶22–24 |
| 2270 | Kindle, Elise | Rite Aid Corporation | 12/2/2025 | $1,000,000.00 | This claim was filed as a 503(b)(9) claim but does not reflect goods received by a Debtor in the ordinary course of business within 20 days of the Petition Date. | Section III, ¶¶22–24 |
| 193 | LePage's 2000, Inc. | Rite Aid Hdqtrs. Corp. | 5/27/2025 | $168,464.71 | This claim was filed as a 503(b)(9) claim but does not reflect goods received by a Debtor in the ordinary course of business within 20 days of the Petition Date. | Section III, ¶¶22–24 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Reclassification | Objection Reference |
|---|---|---|---|---|---|---|
| 2204 | LG Lindenhurst Associates LLC | Rite Aid of New York, Inc. | 10/31/2025 | $617,885.26 | This claim is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |
| 639 | McNeil Industrial, Inc. | Thrifty Ice Cream, LLC | 6/18/2025 | $2,194.18 | This claim was filed as a 503(b)(9) claim but does not reflect goods received by a Debtor in the ordinary course of business within 20 days of the Petition Date. | Section III, ¶¶22–24 |
| 379 | Pacific World Corporation | New Rite Aid, LLC | 5/30/2025 | $232,962.30 | This claim was filed as a 503(b)(9) claim but does not reflect goods received by a Debtor in the ordinary course of business within 20 days of the Petition Date. | Section III, ¶¶22–24 |
| 394 | RL Albert & Son | New Rite Aid, LLC | 6/3/2025 | $599,972.00 | This claim was filed as a 503(b)(9) claim but does not reflect goods received by a Debtor in the ordinary course of business within 20 days of the Petition Date. | Section III, ¶¶22–24 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Reclassification | Objection Reference |
|---|---|---|---|---|---|---|
| 1863 | Safeway Inc | Thrifty PayLess, Inc. | 9/18/2025 | $1,863.92 | This claim seeks recovery for rent, taxes, and rejection damages. The debtors have paid all rent amounts which are entitled to treatment as an administrative expense claim. To the extent this claim asserts an administrative expense claim for rent, this claim should be marked as satisfied. To the extent this claim asserts a claim for taxes, the Debtors have not received sufficient documentation to support this obligation and accordingly object on that basis. To the extent this claim asserts a claim for rejection damages, that claim should be reclassified as an unsecured claim. | Section III, ¶¶22–24 |
| 743 | SIENNA NV LLC | New Rite Aid, LLC | 6/27/2025 | $440,502.96 | This claim was filed as a 503(b)(9) claim but does not reflect goods received by a Debtor in the ordinary course of business within 20 days of the Petition Date. | Section III, ¶¶22–24 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Reclassification | Objection Reference |
|---|---|---|---|---|---|---|
| 102 | Storefront.com Online Inc. | New Rite Aid, LLC | 5/20/2025 | $200,000.00 | This claim was filed as a 503(b)(9) claim but does not reflect goods received by a Debtor in the ordinary course of business within 20 days of the Petition Date. | Section III, ¶¶22–24 |
| 358 | Tax Compliance, Inc. | New Rite Aid, LLC | 6/3/2025 | $23,881.21 | This claim was filed as a 503(b)(9) claim but does not reflect goods received by a Debtor in the ordinary course of business within 20 days of the Petition Date. | Section III, ¶¶22–24 |
| 190 | TIM'S FLORAL | Rite Aid of Pennsylvania, LLC | 5/20/2025 | $36,061.96 | This claim was filed as a 503(b)(9) claim but does not reflect goods received by a Debtor in the ordinary course of business within 20 days of the Petition Date. | Section III, ¶¶22–24 |
| 1461 | UVeritech, Inc | New Rite Aid, LLC | 8/12/2025 | $5,547.84 | This claim was filed as a 503(b)(9) claim but does not reflect goods received by a Debtor in the ordinary course of business within 20 days of the Petition Date. | Section III, ¶¶22–24 |
| 421 | Westbelt Country Property Ltd. | New Rite Aid, LLC | 6/4/2025 | $3,953,559.84 | This claim is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Reclassification | Objection Reference |
|---|---|---|---|---|---|---|
| 795 | Wine Barrel Holdings, LLC. | New Rite Aid, LLC | 6/30/2025 | $531,138.18 | This claim was filed as a 503(b)(9) claim but does not reflect goods received by a Debtor in the ordinary course of business within 20 days of the Petition Date. | Section III, ¶¶22–24 |
| 253 | WY Heritage Grove LLC | New Rite Aid, LLC | 5/28/2025 | $54,332.74 | This claim is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |
| 786 | WY Heritage Grove, LLC | New Rite Aid, LLC | 6/30/2025 | $80,565.00 | This claim is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |

**Schedule 3**

**No Supporting Documentation Claims**

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1283 | ABS Surplus-O LLC | Thrifty PayLess, Inc. | 8/7/2025 | $298,530.00 | This claim seeks recovery for rejection damages and taxes. To the extent this claim asserts a claim for rejection damages, this claim should be reclassified as unsecured. To the extent this claim asserts a claim for taxes, the Debtors have not received sufficient documentation to support this obligation and accordingly object on that basis. | Section IV, ¶¶25–27 |
| 1852 | American Realty Capital Operating Partnership, L.P. | Rite Aid of Pennsylvania, LLC | 9/17/2025 | $473,695.40 | The claim does not clearly state its basis or include adequate supporting documentation | Section IV, ¶¶25–27 |
| 1321 | ARC RAPITPA001, LP | Rite Aid of Pennsylvania, LLC | 8/7/2025 | $735,810.71 | The claim does not clearly state its basis or include adequate supporting documentation | Section IV, ¶¶25–27 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1533 | Crosstown Dubois LLC | Thrift Drug, Inc. | 8/18/2025 | $282,393.66 | The claim does not clearly state its basis or include adequate supporting documentation | Section IV, ¶¶25–27 |
| 2266 | HCP RRF Sand Canyon LLC | Thrifty PayLess, Inc. | 11/24/2025 | $822,776.20 | The claim does not clearly state its basis or include adequate supporting documentation | Section IV, ¶¶25–27 |
| 2000 | IREIT Yardley Lower Makefield, L.L.C. | Thrift Drug, Inc. | 9/30/2025 | $87,353.60 | The claim does not clearly state its basis or include adequate supporting documentation | Section IV, ¶¶25–27 |
| 1470 | Lancaster Development Company, LLC | Thrifty PayLess, Inc. | 8/11/2025 | $286,500.76 | The claim does not clearly state its basis or include adequate supporting documentation | Section IV, ¶¶25–27 |
| 1291 | MDC East Hobson, LLC | Thrifty PayLess, Inc. | 8/7/2025 | $1,112,277.93 | The claim does not clearly state its basis or include adequate supporting documentation | Section IV, ¶¶25–27 |
| 2143 | MDC Seal Beach LLC | Thrifty PayLess, Inc. | 10/15/2025 | $1,408,242.21 | The claim does not clearly state its basis or include adequate supporting documentation | Section IV, ¶¶25–27 |
| 1913 | Quakertown Joint Venture, LLC | Eckerd Corporation | 9/24/2025 | $229,733.66 | The claim does not clearly state its basis or include adequate supporting documentation | Section IV, ¶¶25–27 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1653 | Rancho Del Mar Center, LLC | Thrifty PayLess, Inc. | 8/26/2025 | $967,612.63 | The claim does not clearly state its basis or include adequate supporting documentation | Section IV, ¶¶25–27 |
| 1476 | RX Nanty Glo Investors, LLC | Rite Aid of Pennsylvania, LLC | 8/11/2025 | $197,610.27 | The claim does not clearly state its basis or include adequate supporting documentation | Section IV, ¶¶25–27 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1863 | Safeway Inc | Thrifty PayLess, Inc. | 9/18/2025 | $1,863.92 | This claim seeks recovery for rent, taxes, and rejection damages. The debtors have paid all rent amounts which are entitled to treatment as an administrative expense claim. To the extent this claim asserts an administrative expense claim for rent, this claim should be marked as satisfied. To the extent this claim asserts a claim for taxes, the Debtors have not received sufficient documentation to support this obligation and accordingly object on that basis. To the extent this claim asserts a claim for rejection damages, that claim should be reclassified as an unsecured claim. | Section IV, ¶¶25–27 |
| 2050 | The Irvine Company LLC | Thrifty PayLess, Inc. | 10/5/2025 | $1,070,150.92 | The claim does not clearly state its basis or include adequate supporting documentation | Section IV, ¶¶25–27 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1714 | Wilmington Trust, N.A., Trustee (Series BANK 2019-BNK20) | Eckerd Corporation | 8/29/2025 | $601,775.12 | The claim does not clearly state its basis or include adequate supporting documentation | Section IV, ¶¶25–27 |

**Schedule 4**

**Satisfied Claims**

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 870 | 7245 Henry Clay Blvd Properties, LLC | Rite Aid of New York, Inc. | 6/25/2025 | $121,242.78 | The asserted administrative expense or priority claim, as applicable, has been satisfied in full. The remaining portion of the claim, if any, shall be a general unsecured claim. | Section V, ¶¶28–30 |
| 1619 | A.L. GEORGE, LLC | Rite Aid of New York, Inc. | 8/22/2025 | $29,189.13 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 1803 | Abarta Coca-Cola Beverages, LLC | New Rite Aid, LLC | 9/12/2025 | $261,328.54 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 600 | Abbott Nutrition, div. of Abbott Laboratories Inc. | New Rite Aid, LLC | 6/13/2025 | $1,861,643.39 | The asserted administrative expense or priority claim, as applicable, has been satisfied in full. The remaining portion of the claim, if any, shall be a general unsecured claim. | Section V, ¶¶28–30 |
| 981 | AG WGI, LLC | Rite Aid of Virginia, Inc. | 7/14/2025 | $147,771.43 | The asserted administrative expense or priority claim, as applicable, has been satisfied in full. The remaining portion of the claim, if any, shall be a general unsecured claim. | Section V, ¶¶28–30 |
| 2184 | Amos Sweets Inc | Rite Aid Hdqtrs. Corp. | 10/24/2025 | $145,362.00 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 2347 | Amroyan, Narine | New Rite Aid, LLC | 12/30/2025 | $53,911.76 | The asserted administrative expense or priority claim, as applicable, has been satisfied in full. The remaining portion of the claim, if any, shall be a general unsecured claim. | Section V, ¶¶28–30 |
| 37 | Appelco Packaging, Inc dba EWA Industries | Thrifty Ice Cream, LLC | 5/16/2025 | $43,207.45 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 2495 | ARC DBPPROP001, LLC | Rite Aid of New Hampshire, Inc. | 1/30/2026 | $299,868.61 | The asserted administrative expense or priority claim, as applicable, has been satisfied in full. The remaining portion of the claim, if any, shall be a general unsecured claim. | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 147 | Arthur R. Gren Co., Inc. | Rite Aid of New York, Inc. | 5/27/2025 | $15,971.81 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 1683 | BIC USA Inc | New Rite Aid, LLC | 8/26/2025 | $298,123.92 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 286 | Blumel-211 Associates, LLC | Eckerd Corporation | 5/28/2025 | $29,552.67 | The asserted administrative expense or priority claim, as applicable, has been satisfied in full. The remaining portion of the claim, if any, shall be a general unsecured claim. | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 28 | Bon Suisse, Inc. | New Rite Aid, LLC | 5/14/2025 | $4,288,673.84 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 165 | Brown & Haley | New Rite Aid, LLC | 5/20/2025 | $32,675.93 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 1755 | Canada Dry Delaware Valley Bottling | Rite Aid of Delaware, Inc. | 9/5/2025 | $53,737.40 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 556 | CG Roxane LLC | New Rite Aid, LLC | 6/11/2025 | $70,557.24 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 994 | Coca-Cola Bottling Co., Yakima & Tri-Cities, Inc | New Rite Aid, LLC | 7/16/2025 | $11,373.21 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 580 | Compass Health Brands Corp. | New Rite Aid, LLC | 6/12/2025 | $580,475.26 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1754 | Davidovicz, Paul | New Rite Aid, LLC | 9/5/2025 | $138,461.52 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 518 | Donaghy Sales LLC | New Rite Aid, LLC | 6/6/2025 | $330,359.84 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 921 | Dora's Naturals Inc | New Rite Aid, LLC | 7/3/2025 | $79,066.00 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 2438 | Dr. Bronner's Magic Soaps | New Rite Aid, LLC | 1/16/2026 | $78,972.96 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 845 | E.T. Browne Drug Company | New Rite Aid, LLC | 6/24/2025 | $13,885.56 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 2229 | FFF Enterprises, Inc. | Rite Aid Hdqtrs. Corp. | 11/4/2025 | $7,167,294.36 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 883 | FIJI Water Company LLC | New Rite Aid, LLC | 7/3/2025 | $92,409.36 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 2258 | Foundation Consumer Healthcare, LLC | Rite Aid Corporation | 11/19/2025 | $2,009,373.36 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 356 | Fresno Beverage Company Inc | Thrifty PayLess, Inc. | 5/27/2025 | $97,924.44 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 2126 | GBR Valley Cottage Limited Liability Company | Rite Aid of New York, Inc. | 10/17/2025 | $16,480.99 | The asserted administrative expense or priority claim, as applicable, has been satisfied in full. The remaining portion of the claim, if any, shall be a general unsecured claim. | Section V, ¶¶28–30 |
| 6 | GOLD COAST INGREDIENTS INC. | New Rite Aid, LLC | 5/12/2025 | $88,880.88 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1423 | HPT (GEISTOWN), L.P. | Rite Aid of Pennsylvania, LLC | 8/8/2025 | $286,731.44 | This claim seeks recovery for rent and taxes. The debtors have paid all amounts of post-petition rent which are entitled to treatment as an administrative expense claim. To the extent this claim asserts a claim for post-petition rent, this claim should be marked as satisfied. To the extent this claim asserts a claim for taxes, the Debtors have not received sufficient documentation to support this obligation and accordingly object on that basis. | Section V, ¶¶28–30 |
| 1296 | HS Belmont LLC | Thrifty PayLess, Inc. | 8/6/2025 | $173,952.14 | The asserted administrative expense or priority claim, as applicable, has been satisfied in full. The remaining portion of the claim, if any, shall be a general unsecured claim. | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 951 | Jacjhin LLC | Eckerd Corporation | 7/7/2025 | $376,335.04 | The asserted administrative expense or priority claim, as applicable, has been satisfied in full. The remaining portion of the claim, if any, shall be a general unsecured claim. | Section V, ¶¶28–30 |
| 648 | Jackson & Coker Locums Tenens, LLC | Rite Aid of Virginia, Inc. | 6/17/2025 | $6,990.00 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 999 | Japonesque, LLC. | New Rite Aid, LLC | 7/16/2025 | $188,120.46 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 473 | Jordanos, Inc./Pacific Beverage Company | New Rite Aid, LLC | 6/6/2025 | $169,327.16 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 1561 | Kiss Nail Products Inc. | Rite Aid Corporation | 8/21/2025 | $935,494.56 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 800 | LAKE CONSUMER PRODUCTS INC | New Rite Aid, LLC | 6/26/2025 | $19,321.04 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1802 | Liberty Coca-Cola Beverages, LLC | New Rite Aid, LLC | 9/12/2025 | $245,846.61 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 1005 | Lift Off Distribution, LLC | New Rite Aid, LLC | 7/16/2025 | $19,097.64 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 372 | Little Spring Water LLC | New Rite Aid, LLC | 6/3/2025 | $115,065.60 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 2174 | Manhattan Beer Distribtors, LLC | Genovese Drug Stores, Inc. | 10/22/2025 | $96,430.93 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 2173 | Manhattan Beer Distributors, LLC | Rite Aid of New York, Inc. | 10/22/2025 | $195,024.42 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 2175 | Manhattan Beer Distributors, LLC | Eckerd Corporation | 10/22/2025 | $13,255.04 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 2176 | Manhattan Beer Distributors, LLC | Drug Palace, Inc. | 10/22/2025 | $3,058.49 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 287 | Marist Centerpoint, LLC | Eckerd Corporation | 5/28/2025 | $16,979.58 | The asserted administrative expense or priority claim, as applicable, has been satisfied in full. The remaining portion of the claim, if any, shall be a general unsecured claim. | Section V, ¶¶28–30 |
| 1736 | Matagrano Inc | Thrifty PayLess, Inc. | 9/3/2025 | $53,745.24 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1790 | Mettler Packaging LLC | New Rite Aid, LLC | 9/10/2025 | $56,286.72 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 383 | MJM Sourcing, LLC | New Rite Aid, LLC | 5/27/2025 | $727,623.58 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 1646 | Motisi, Christian | New Rite Aid, LLC | 8/28/2025 | $4,039.20 | The asserted administrative expense or priority claim, as applicable, has been satisfied in full. The remaining portion of the claim, if any, shall be a general unsecured claim. | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1770 | NFNY Business Trust | New Rite Aid, LLC | 9/8/2025 | $317,138.93 | This claim seeks recovery for rent and late fees. The Debtors timely paid their rent obligations. To the extent this claim asserts a claim for rent, this claim should be marked as satisfied. To the extent this claim asserts a claim for late fees, the claim should be disallowed. | Section V, ¶¶28–30 |
| 613 | Nguyen, Jack | New Rite Aid, LLC | 6/16/2025 | $47,937.12 | The asserted administrative expense or priority claim, as applicable, has been satisfied in full. The remaining portion of the claim, if any, shall be a general unsecured claim. | Section V, ¶¶28–30 |
| 325 | North Coast Mercantile Co., Inc. | New Rite Aid, LLC | 5/30/2025 | $15,960.85 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 62 | Northside Food Company | Thrifty Ice Cream, LLC | 5/20/2025 | $179,520.00 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 539 | NW Beverages LLC | New Rite Aid, LLC | 6/10/2025 | $6,133.28 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 1099 | Pharmavite LLC | New Rite Aid, LLC | 7/24/2025 | $2,171,037.84 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 158 | Private Projects Inc | New Rite Aid, LLC | 5/20/2025 | $32,954.98 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 1623 | Pure Distribution US LLC | Rite Aid Hdqtrs. Corp. | 8/24/2025 | $171,235.52 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 588 | Quantbiome Inc dba Ombre | New Rite Aid, LLC | 6/12/2025 | $22,416.00 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1798 | Reyes Coca Cola Bottling | New Rite Aid, LLC | 9/12/2025 | $415,251.30 | The asserted administrative expense or priority claim, as applicable, has been satisfied in full. The remaining portion of the claim, if any, shall be a general unsecured claim. | Section V, ¶¶28–30 |
| 782 | Reyes Holdings and its Affiliates | Thrifty PayLess, Inc. | 6/30/2025 | $1,896,243.86 | The asserted administrative expense or priority claim, as applicable, has been satisfied in full. The remaining portion of the claim, if any, shall be a general unsecured claim. | Section V, ¶¶28–30 |
| 1825 | Roose, Tenica A | New Rite Aid, LLC | 9/15/2025 | $25,489.80 | The asserted administrative expense or priority claim, as applicable, has been satisfied in full. The remaining portion of the claim, if any, shall be a general unsecured claim. | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1863 | Safeway Inc | Thrifty PayLess, Inc. | 9/18/2025 | $1,863.92 | This claim seeks recovery for rent, taxes, and rejection damages. The debtors have paid all rent amounts which are entitled to treatment as an administrative expense claim. To the extent this claim asserts an administrative expense claim for rent, this claim should be marked as satisfied. To the extent this claim asserts a claim for taxes, the Debtors have not received sufficient documentation to support this obligation and accordingly object on that basis. To the extent this claim asserts a claim for rejection damages, that claim should be reclassified as an unsecured claim. | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 592 | SAJ-LLC | New Rite Aid, LLC | 6/12/2025 | $17,298.00 | The asserted administrative expense or priority claim, as applicable, has been satisfied in full. The remaining portion of the claim, if any, shall be a general unsecured claim. | Section V, ¶¶28–30 |
| 178 | Sequoia Beverage Company, LP | Thrifty PayLess, Inc. | 5/16/2025 | $63,264.21 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 433 | Shamrock Brands, LLC | New Rite Aid, LLC | 6/4/2025 | $74,776.38 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 392 | Sharp Packaging Systems | Rite Aid Hdqtrs. Corp. | 6/3/2025 | $224,824.00 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 1726 | SLF Properties LLC, a California limited liability company | Rite Aid Corporation | 9/2/2025 | $363,399.73 | The asserted administrative expense or priority claim, as applicable, has been satisfied in full. The remaining portion of the claim, if any, shall be a general unsecured claim. | Section V, ¶¶28–30 |
| 941 | Southern Glazer's Wine and Spirits of Washington, LLC | Thrifty PayLess, Inc. | 7/7/2025 | $40,324.90 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 57 | SPI West Port, Inc | New Rite Aid, LLC | 5/19/2025 | $115,300.80 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 1059 | STAPLES INC., FOR ITSELF AND AS DESCRIBED ON ATTACHED ANNEX TO PROOF OF CLAIM | Rite Aid Corporation | 6/30/2025 | $2,226,447.92 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 7 | Supply Source Inc | New Rite Aid, LLC | 5/12/2025 | $52,949.09 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1800 | Swire Pacific Holdings Inc. | New Rite Aid, LLC | 9/12/2025 | $267,484.60 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 1450 | Takeya USA Corporation | Rite Aid of Maryland, Inc. | 8/14/2025 | $65,344.00 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 882 | Tekle, Sefanit M | New Rite Aid, LLC | 7/4/2025 | $14,176.51 | The asserted administrative expense or priority claim, as applicable, has been satisfied in full. The remaining portion of the claim, if any, shall be a general unsecured claim. | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1947 | The Irvine Company LLC | Thrifty PayLess, Inc. | 9/26/2025 | $593,754.72 | This claim seeks recovery for rent and late fees. The Debtors timely paid their rent obligations. To the extent this claim asserts a claim for rent, this claim should be marked as satisfied. To the extent this claim asserts a claim for late fees, the claim should be disallowed. | Section V, ¶¶28–30 |
| 1028 | The Village Company LLC | Rite Aid Corporation | 7/18/2025 | $31,842.42 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 195 | Tim's Floral | Rite Aid of Pennsylvania, LLC | 5/20/2025 | $6,578.68 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 577 | Woodstream Corp | New Rite Aid, LLC | 6/12/2025 | $44,896.60 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 598 | Wright Wisner Distributing Corp | Rite Aid of New York, Inc. | 6/13/2025 | $365,304.63 | This claim has been satisfied in accordance with the procedures set forth in the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883] | Section V, ¶¶28–30 |
| 1904 | Zimmer Development Company of Virginia, L.P. | Eckerd Corporation | 9/22/2025 | $192,174.79 | The asserted administrative expense or priority claim, as applicable, has been satisfied in full. The remaining portion of the claim, if any, shall be a general unsecured claim. | Section V, ¶¶28–30 |

**Exhibit B**

**Kaup Declaration**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel to the RAD Liquidating Trust
and the Wind-Down Debtor*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>LAKEHURST AND BROADWAY<br>CORPORATION,<br><br>Wind-Down Debtor.[1] | Chapter 11<br><br>Case No. 25-14831 (MBK) |

**DECLARATION OF ERIC KAUP IN
SUPPORT OF LIQUIDATING TRUSTEE'S THIRD
OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM
PURSUANT TO SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY
CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2**

I, Eric Kaup, pursuant to section 1746 of title 28 of the United States Code, hereby declare

that the following is true and correct to the best of my knowledge, information and belief:

---

[1] On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Final Decree Order"). The Court has entered a text order on the affiliated dockets listed in the Final Decree Order requiring that all remaining matters be filed under the above captioned case, Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK). Except as otherwise provided herein, references to the "Docket" herein shall refer to the docket in the formerly jointly administered cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK).

1.       I am the Liquidating Trustee appointed in the above-captioned chapter 11 cases.  I am a Chief Commercial Officer, Head of Hilco Global Originations & Transactions, and Special Counsel at Hilco Global.

2.       I submit this declaration (the "Declaration") in support of the *Liquidating Trustee's Third Omnibus Objection to Certain Proofs of Claim Pursuant to Sections 502(b) and 503(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1 and 3007-2* (the "Objection"),[2] filed contemporaneously herewith.  I am over the age of 18, competent to testify and authorized to submit the Declaration as the Liquidating Trustee.

3.       Every matter set forth herein is based on either (a) my personal knowledge; (b) my review, or the review of work performed by current or former employees of the Wind-Down Debtors who have been retained by the Liquidating Trustee whom I oversee in a managerial capacity; (c) relevant documents; or (d) my understanding based on information obtained from the Debtors' records.

4.       I have read and reviewed the Objection, including the information set forth on **Schedules 1**, **2**, **3**, and **4** to the Proposed Order, and I am familiar with the information contained in those documents.

5.       To the best of my knowledge, information and belief, the information that is contained in the Objection is true and correct.

6.       I, and/or one or more individuals working for the Liquidating Trustee, have reviewed the proofs of claim listed on **Schedule 1**, **Schedule 2**, **Schedule 3**, and **Schedule 4** to the Proposed Order, together with any supporting documentation attached thereto, and made reasonable efforts to review the No Liability Claims, the Reclassified Claims, the No Supporting

---

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the Objection.

Documentation Claims, and the Satisfied Claims.  I have determined that (i) each of the No Liability Claims and the No Supporting Documentation Claims should be disallowed and/or expunged for the reasons and in the manner set forth in the Objection, and as provided for in the Proposed Order, (ii) each of the Reclassified Claims should be reclassified as an unsecured claim for the reasons and in the manner set forth in the Objection, and as provided for in the Proposed Order; and (iii) each of the Satisfied Claims should be deemed satisfied to the extent of any Administrative Expense Claim or Other Priority Claim, as applicable, for the reasons and in the manner set forth in the Objection, and as provided for in the Proposed Order.

7.      I have complied with the procedures set forth in the *Liquidating Trustee's Motion for Entry of an Order (A) Approving (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice and (B) Waiving Bankruptcy Rule 3007(e)* [Case No. 25-14831, Docket No. 251].

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

April 10, 2026

/s/ Eric Kaup

Eric Kaup, Solely in his Capacity as Liquidating
Trustee in the Chapter 11 Cases of
Lakehurst and Broadway
Corporation, *et al.*

3