| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1** |
| Jeffrey Kurtzman, Esquire (JK-7689)<br>**KURTZMAN \| STEADY, LLC**<br>101 N. Washington Avenue, Suite 4A<br>Margate, NJ 08402<br>kurtzman@kurtzmansteady.com<br>Telephone: (215) 839-1222 |
| Attorneys for Quakertown Joint Venture, LLC |

| | |
|---|---|
| In re:<br><br>LAKEHURST AND BROADWAY<br>CORPORATION,<br><br>      Debtor. | Case No. 25-14831 (MBK)<br><br>Chapter 11<br><br>Hearing Date and Time: To be determined by the Court. |

**REPLY OF QUAKERTOWN JOINT VENTURE, LLC TO LIQUIDATING TRUSTEE'S THIRD OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM PURSUANT TO SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007AND LOCAL RULES 3007-1 AND 3007-2**

TO: THE HONORABLE MICHAEL B. KAPLAN,
   UNITED STATES BANKRUPTCY JUDGE:

The reply of Quakertown Joint Venture, LLC (the "Claimant"), by and through its undersigned attorneys, to the Liquidating Trustee's Third Omnibus Objection to Certain Proofs of Claim Pursuant to 11 U.S.C. §502(a), Federal Rule of Bankruptcy Procedure 3007 and Local Bankruptcy Rules 3007-1 and 3007-2 (the "Claims Objection"), respectfully represents as follows:

**BACKGROUND**

1. On May 5, 2025 (the "Petition Date"), New Rite Aid, LLC and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.      On November 26, 2025, this Court entered an order (the "Confirmation Order") confirming the Debtors' Second Amended Joint Plan of Reorganization (the "Plan"), among other relief [Doc. No. 3445].  The Plan became effective on or about December 31, 2025.

3.      The Liquidating Trustee was appointed pursuant to the Plan to, among other things, reconcile proofs of claim against the Debtors.

4.      The Claimant is a former landlord of one of the Debtors and the owner of certain nonresidential real property located in Quakertown, Pennsylvania (the "Property").

5.      Pursuant to a nonresidential real property lease between the applicable Debtor, as lessee, and the Claimant, as lessor (the "Lease"), the applicable Debtor leased the Property for the operation of a pharmacy.

6.      On September 17, 2025, this Court entered an order authorizing the rejection of the Lease as of August 31, 2025 [Doc. No. 2482].

7.      On or about September 24, 2025, the Claimant filed claim no. 1913 against the applicable Debtor (the "Claim").  The Claim reflects several components, including (a) pre-petition amounts due under the Lease, (b) administrative "stub rent" accruing during the period from the Petition Date through May 31, 2025, and (c) lease rejection damages calculated in accordance with §502(b)(6) of the Bankruptcy Code.  A copy of the Claim is annexed hereto and made a part hereof as Exhibit "A".

8.      On April 10, 2026, the Liquidating Trustee filed the Claims Objection [Doc. No. 363], which seeks an order disallowing the administrative priority portion of various claims, including the Claim.

9.      As it relates to the Claim, the stated basis of the Claims Objection is that there exists "no supporting documentation" with respect to the Claim.  The Liquidating Trustee adopts that

2

position notwithstanding the fact that the Claim is supported by a detailed tenant ledger reflecting amounts due under the Lease through the Petition Date, as well as a summary reflecting lease rejection damages for the one-year period from September 1, 2025 through August 31, 2026.

10.     The Claim is clear in designating the sum of $13,738.86 as the amount entitled to an administrative priority pursuant to §§507(a)(2) and 503(b) of the Bankruptcy Code (the "Administrative Claim").  See, Claim, item 12.

11.     The basis on which the Administrative Claim was calculated is straightforward.  As reflected in the tenant ledger attached to the Claim, the amount due under the Lease for May, 2025 (i.e., the month in which these cases were commenced) for base rent, common area maintenance, insurance and real estate taxes totaled $16,380.95.  Dividing that figure by 31 (based on the number of days in May) and multiplying the resulting per diem amount by 26 (the number of post-petition days in May) results in a stub rent calculation equal to the amount of the Administrative Claim.

12.     In that context, the Claimant is puzzled by the Liquidating Trustee's stated basis for the Claims Objection, which is that the Claim lacks supporting documentation.  There is simply nothing esoteric about the Administrative Claim or the manner in which it has been calculated. Each of the components of the Administrative Claim (i.e., rent, CAM, taxes and insurance) is specified as a tenant obligation under the Lease.

13.     Accordingly, the Claimant disputes that the Claim in general or the Administrative Claim in particular requires supplemental explanation or support, For those reasons, the Claims Objection should be overruled as it relates to the Claim, and the Administrative Claim should be allowed as filed pursuant to §502(a) of the Bankruptcy Code.

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

A.     **The Legal Standard.**

25.     The filing of a proof of claim constitutes *prima facie* evidence of the validity of the claim.  <u>See</u> 11 U.S.C. §502(a).  However, once an objecting party submits sufficient evidence to place the claimant's entitlement at issue, the burden of going forward with the evidence to sustain the claim shifts to the claimant.  These shifting burdens of proof are described by the Third Circuit as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. §502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support the claim.  If averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid.  In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward.  The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim.  It is often said that the objector must produce evidence equal in force to the prima facie case.  In practice, the objector must produce evidence which if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.  The burden of persuasion is always on the claimant.

<u>In re Allegheny Intern., Inc.</u>, 954 F.2d 167, 173-74 (3d Cir. 1992) (internal citations omitted).

26.     Nothing in the Claim Objection operates to alter the *prima facie* validity of the Claim, including the priority component.  Under §502(b) of the Bankruptcy Code, once an objection to a claim is filed, the bankruptcy court, after notice and a hearing, is required to determine the amount of the claim and to allow the claim unless the claim falls into one of certain statutory exceptions.  None of the exceptions is applicable here.

27.     The touchstones of the <u>Allegheny</u> analysis, the statute and the applicable procedural rules regarding the shifting burdens are **evidence** sufficient to reduce or disallow a claim, not a

mere one-size-fits-all label based on a party's notion of what constitutes insufficient documentary support.

## RESERVATION OF RIGHTS

28.     The Claimant understands that, as it relates to the Claim, the Liquidating Trustee is challenging only the administrative priority portion.  In the event that the Liquidating Trustee's intended scope is broader, however, the Claimant reserves the right to supplement this response.

## CONCLUSION

29.     For the foregoing reasons, the Claim should be allowed in its entirety, and the Claims Objection should be overruled.

WHEREFORE, Quakertown Joint Venture, LLC respectfully requests the entry of an order pursuant to 11 U.S.C. §502(a), Federal Rule of Bankruptcy Procedure 3007 and Local Bankruptcy Rules  3007-1 and 3007-2 allowing the Claim, and granting such other and further relief as is just and proper.

Dated:  April 14, 2026                     **KURTZMAN | STEADY, LLC**

By:/s/ Jeffrey Kurtzman____
Jeffrey Kurtzman, Esquire
101 N. Washington Avenue, Suite 4A
Margate, New Jersey 08402
Telephone:  (215) 839-1222
Email:  kurtzman@kurtzmansteady.com

Attorneys for Quakertown Joint Venture, LLC