| |
|---|
| **UNITED STATES BANKRUPTCY COURT** **DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1** |

Jeffrey Kurtzman, Esquire (JK-7689)
**KURTZMAN | STEADY, LLC**
101 N. Washington Avenue, Suite 4A
Margate, NJ 08402
kurtzman@kurtzmansteady.com
Telephone: (215) 839-1222

Attorneys for Quakertown Joint Venture, LLC

| | |
|---|---|
| In re: | Case No. 25-14831 (MBK) |
| LAKEHURST AND BROADWAY CORPORATION, | Chapter 11 |
| Debtor. | Hearing Date and Time: To be determined by the Court. |

**CERTIFICATION OF DANIEL BLEZNAK IN SUPPORT OF REPLY OF QUAKERTOWN JOINT VENTURE, LLC TO LIQUIDATING TRUSTEE'S THIRD OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM PURSUANT TO SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007AND LOCAL RULES 3007-1 AND 3007-2**

Daniel Bleznak, being duly sworn, hereby certifies as follows.

1.      I am an adult individual and am the president of Quakertown Joint Venture, LLC (the "Claimant").

2.      I submit this certification in support of the Claimant's reply (the "Reply") to the Liquidating Trustee's Third Omnibus Objection to Certain Proofs of Claim Pursuant to 11 U.S.C. §502(a), Federal Rule of Bankruptcy Procedure 3007 and Local Bankruptcy Rules 3007-1 and 3007-2 (the "Claims Objection").

3.      On May 5, 2025 (the "Petition Date"), New Rite Aid, LLC and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4.      On or about September 24, 2025, the Claimant filed claim no. 1913 against the applicable Debtor (the "Claim").  The Claim reflects several components, including (a) pre-petition amounts due under the Lease, (b) administrative "stub rent" accruing during the period from the Petition Date through May 31, 2025, and (c) lease rejection damages calculated in accordance with §502(b)(6) of the Bankruptcy Code.  A copy of the Claim is annexed to the Reply and made a part thereof as Exhibit "A".

5.      On April 10, 2026, the Liquidating Trustee filed the Claims Objection [Doc. No. 363], which seeks an order disallowing the administrative priority portion of various claims, including the Claim.

6.      As it relates to the Claim, the stated basis of the Claims Objection is that there exists "no supporting documentation" with respect to the Claim.  The Liquidating Trustee adopts that position notwithstanding the fact that the Claim is supported by a detailed tenant ledger reflecting amounts due under the Lease through the Petition Date, as well as a summary reflecting lease rejection damages for the one-year  period from September 1, 2025 through August 31, 2026.

7.      The Claim is clear in designating the sum of $13,738.86 as the amount entitled to an administrative priority pursuant to §§507(a)(2) and 503(b) of the Bankruptcy Code (the "Administrative Claim").  See, Claim, item 12.

8.      The basis on which the Administrative Claim was calculated is straightforward.  As reflected in the tenant ledger attached to the Claim, the amount due under the Lease for May, 2025 (i.e., the month in which these cases were commenced) for base rent, common area maintenance, insurance and real estate taxes totaled $16,380.95.  Dividing that figure by 31 (based on the number of days in May) and multiplying the resulting per diem amount by 26 (the number of post-petition days in May) results in a stub rent calculation equal to the amount of the Administrative Claim.

2

9. I disagree with the Liquidating Trustee's stated basis for the Claims Objection, which is that the Claim lacks supporting documentation. Each of the components of the Administrative Claim (i.e., rent, CAM, taxes and insurance) is specified as a tenant obligation under the Lease. I submit that the Administrative Claim has been calculated properly based on the ratable post-petition amounts due for the period from the Petition Date through May 31, 2025

10. Accordingly, I dispute that the Claim in general or the Administrative Claim in particular requires supplemental explanation or support, For those reasons, the Claims Objection should be overruled as it relates to the Claim, and the Administrative Claim should be allowed as filed pursuant to §502(a) of the Bankruptcy Code.

11. I understand that I am subject to the penalties of perjury if I have willfully misstated any of the information contained herein.

Dated:  April 14, 2026                                    /s/ Daniel Bleznak_____