**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

**Order Filed on April 23, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

In re:

LAKEHURST AND BROADWAY
CORPORATION,

Debtor.[1]

Chapter 11

Case No. 25-14831 (MBK)

Related to Docket No. 281

**CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND
GRANT ACQUISITION, LP PROPERTIES REGARDING LIQUIDATING
TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE
CLAIMS**

The relief set forth on the following pages, numbered two (2) through seven (7), is

**ORDERED**.

**DATED: April 23, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page | 2)

Debtors:          LAKEHURST AND BROADWAY CORPORATION
Case No.          25-14831 (MBK)
Caption of Order: CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND
                  GRANT ACQUISITION, LP REGARDING LIQUIDATING
                  TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE
                  CLAIMS

This Consent Order is made by and between Eric Kaup, the RAD Liquidating Trustee (the "Liquidating Trustee"), on behalf of the RAD Liquidating Trust and the above-captioned debtor and the other Wind-Down Debtors (the "Wind-Down Debtors") in the above-referenced chapter 11 cases (the "Chapter 11 Cases") and Grant Acquisition, LP ("Grant Acquisition" and together with the Liquidating Trustee, the "Parties"), by and through their respective counsel of record, with regard to the following facts:

**WHEREAS**, Grant Acquisition and Realty Income Pennsylvania Properties Trust are parties to that certain Ground Lease dated September 21, 2005 with respect to that certain premises located at 9200 Frankford Avenue, Philadelphia, Pennsylvania (the "Premises"); and

**WHEREAS**, the Premises was subleased by Rite Aid of Pennsylvania, LLC under that certain Sublease Agreement dated February 18, 2008 (the "Sublease"); and

**WHEREAS**, on or about April 8, 2008, Rite Aid Corporation executed a Guaranty in favor of Realty Income Pennsylvania Properties Trust (the "Guaranty"); and

**WHEREAS**, New Rite Aid LLC and each of its affiliated debtors (collectively, the "Debtors"), including Rite Aid of Pennsylvania, LLC and Rite Aid Corporation, filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code on May 5, 2025 (the "Petition Date"), commencing the Chapter 11 Cases; and

**WHEREAS**, on November 11, 2025, the Debtors filed their *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* [Docket No. 3215] (as modified, amended, and including all supplements, the "Plan"); and

70913/0001-52740748v1

(Page | 3)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND GRANT ACQUISITION, LP REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS |

**WHEREAS**, on November 26, 2025, the Court entered *the Order Approving the Disclosure Statement and Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3445], and on December 15, 2025 entered the *Supplemental Order to Order Approving the Disclosure Statement and Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3536] confirming the Plan and approving and approving the Disclosure Statement [Docket No. 3216] (collectively, the "Confirmation Orders"); and

**WHEREAS**, Article VI.B of the Plan, as approved and confirmed by the Confirmation Orders, provides, in relevant part, that "For all purposes associated with distributions under the Plan, all guarantees by any Debtor of the obligations of any other Debtor, as well as any joint and several liability of any Debtor with respect to any other Debtor, shall be deemed eliminated so that any obligation that could otherwise be asserted against more than one Debtor shall result in a single distribution under the Plan. Any such Claims shall be released pursuant to Article X of the Plan and shall be subject to all potential objections, defenses, and counterclaims, and to estimation pursuant to section 502(c) of the Bankruptcy Code. . . ."; and

**WHEREAS**, on August 8, 2025, Grant Acquisition (identified as Grant Acquisitions LP) filed four (4) proofs of claim (each a "Claim" and collectively, the "Claims"), which are included on the register of claims maintained by the Court-appointed claims and noticing agent, Kroll Restructuring Administration LLC ("Kroll"); i.e., (i) Claim No. 1340, as a general unsecured claim, in the amount of $388,968.24 against Rite Aid of Pennsylvania, LLC, relating to pre-petition

70913/0001-52740748v1

(Page | 4)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND GRANT ACQUISITION, LP REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS |

arrears alleged to be due to Grant Acquisition and damages alleged to have resulted from the rejection of the Sublease; (ii) Claim No. 1368, as a general unsecured claim, in the amount of $388,968.24 against Rite Aid Corporation, on account of the Guaranty, relating to pre-petition arrears alleged to be due to Grant Acquisition and damages alleged to have resulted from the rejection of the Sublease; (iii) Claim No. 1369, as an administrative claim, in the amount of $5,621.96 against Rite Aid of Pennsylvania, LLC, for obligations alleged to 1373 be due for the post-Petition Date period prior to the rejection of the Sublease (the "Sublease Administrative Claim"); and (iv) Claim No. 1373, as an administrative claim, in the amount of $5,621.96 against Rite Aid Corporation, on account of the Guaranty, for obligations alleged to be due for the post-Petition Date period prior to the rejection of the Sublease (the "Guaranty Administrative Claim" and together with the Sublease Administrative Claim, the "Alleged Administrative Claims"); and

WHEREAS, on February 24, 2026, the Liquidating Trustee filed the *Liquidating Trustee's First Omnibus Objection to Certain Duplicative Claims* [Case No. 25-14831 Docket No. 281] (the "Omnibus Claims Objection"), asserting with respect to the Alleged Administrative Claims that they are duplicative and requesting that Claim No. 1369 be expunged as a "Duplicative Claim" with Claim No. 1373 to serve as a "Surviving Claim"; and

WHEREAS, Grant Acquisition has disputed that the Alleged Administrative Claims are duplicative of one another and has requested that the Liquidating Trustee agree to preserve both Alleged Administrative Claims, while acknowledging that Grant Acquisition is entitled to only a single distribution on account of any allowed claim asserted in the Alleged Administrative Claims,

70913/0001-52740748v1

(Page | 5)

Debtors:              LAKEHURST AND BROADWAY CORPORATION
Case No.              25-14831 (MBK)
Caption of Order:     CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND
                      GRANT ACQUISITION, LP REGARDING LIQUIDATING
                      TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE
                      CLAIMS

in accordance with the Plan and applicable law, and the Liquidating Trustee has agreed to Grant

Acquisition's request in accordance with the terms of this Consent Order.

NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION THE

PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY AGREED AND

ORDERED AS FOLLOWS:

1.      Subject to the terms of this Consent Order, the Plan and Confirmation Orders, each

of the Claims shall survive and neither Alleged Administrative Claim shall be expunged in

accordance with the Omnibus Claims Objection; *provided*, *however*, that Grant Acquisition shall

be entitled to only a single distribution of account of its Claims, including a single distribution, if

any, with respect to the Alleged Administrative Claims to the extent either or both of the Alleged

Administrative Claim Claims is or are ultimately allowed.

2.      This Consent Order is without prejudice to the rights of the Liquidating Trustee,

Wind-Down Debtors, their estates, any successors thereto, and any other party in interest,

including the Reorganized Debtors, to object to the Claims or any other proof of claim filed in the

Chapter 11 Cases on any basis, and such rights are expressly preserved.

3.      The Liquidating Trustee and Wind-Down Debtors are authorized and empowered

to execute and deliver such documents, and to take and perform all actions necessary to implement

and effectuate the relief granted in this Consent Order.

4.      Kroll is hereby authorized and directed to make such revisions to the official claims

register as are necessary to reflect the relief granted in this Consent Order.

70913/0001-52740748v1

(Page | 6)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND GRANT ACQUISITION, LP REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS |

5.      Nothing in this Consent Order or the Omnibus Claims Objection is intended or shall be construed as a waiver of any of the rights the Liquidating Trustee or Wind-Down Debtors may have to enforce rights of setoff against Grant Acquisition.

6.      Nothing in the Objection or this Consent Order, nor any actions or payments made by the Liquidating Trustee or Wind-Down Debtors pursuant to this Consent Order, shall be construed as: (a) an admission as to the amount of, basis for, or validity of the Claims against the Wind-Down Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Liquidating Trustee, Wind-Down Debtors, or any other party-in-interest's right to dispute the Claims; (c) a promise or requirement to pay any particular Claim; (d) an implication or admission that any particular Claim is of a type specified or defined in this Consent Order; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Wind-Down Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against Grant Acquisition under the Bankruptcy Code or any other applicable law.

7.      This Consent Order is effective immediately upon entry and is not subject to any stay under the United States Bankruptcy Code, the Federal Rule of Bankruptcy Procedure, or applicable nonbankruptcy law.

8.      This Consent Order may be executed and delivered in any number of original or facsimile or electronic counterparts, each of which shall be deemed an original.

70913/0001-52740748v1

(Page | 7)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND GRANT ACQUISITION, LP REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS |

9.     This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to this Consent Order, including the interpretation, enforcement and implementation of this Consent Order.

[*Remainder of page intentionally left blank*]

70913/0001-52740748v1

(Page | 8)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND GRANT ACQUISITION, LP REGARDING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN DUPLICATIVE CLAIMS |

The undersigned hereby consent to the form and entry of this Consent Order:

Dated: As of March 18, 2026

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D.  Sirota, Esq.
Warren A.  Usatine, Esq.
David M. Bass, Esq.
Felice R.  Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and
the Wind-Down Debtors*

/s/ Madison R. Torsiello

**RIVKIN RADLER LLP**
Madison R. Torsiello, Esq.
477 Madison Avenue, Suite 410
New York, NY 10022
Telephone: (212) 455-9563
Email:  Madison.Torsiello@rivkin.com

*Counsel for Grant Acquisition LP*