Law Office of Shmuel Klein PA
Attorney for HVP2 LLC
113 Cedarhill Ave
Mahwah, NJ 07430
845-425-2510
Attorney ID 00851987
email: shmuel.klein@verizon.net

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

_____

In re:
LAKEHURST AND BROADWAY CORPORATION,
Debtor.1

Chapter 11
Case No. 25-14861 (MBK)

_____

TO: HONORABLE MICHAEL B. KAPLAN
United States Bankruptcy Judge

<u>**Certification in Support of HVP2 LLC**</u>
<u>**Motion for Payment of Administrative Payment**</u>

I, Miriam Klein certify actual knowledge of the foregoing statements and they are true:

1.      This Certification is filed by HVP2 LLC, (hereinafter "HVP") in Support of its motion for

administrative expenses in the amount of $ 29,537.01 for the Debtors post-petition portion of the

common area charges and penalties pro-rated to the alleged surrender date of July 31, 2025.

2.      I have examined the business records of the Common Area charges incurred by HVP2 LLC

from the property management company, Propup,  (See Exhibits A-Z) for the period of time when the

Debtor occupied and ran its retail business in a space it leased from HVP2 LLC located at 83

Vandenburgh Ave., Troy, NY (Store 10687) (hereinafter "premises").   As a result, based on these

business records, I have knowledge of those business records kept in the ordinary course of business.

_____

 On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order on Final Decree"). The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, *Lakehurst and Broadway Corporation*, Case No. 25-14831 (MBK). Except as otherwise provided herein, references to the "Docket" herein shall refer to the docket in the formerly jointly administered cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK).

3.      Debtor had HVP2 LLC purchase real estate and construct a custom built pharmacy in or aroeunt 2017. The parties entered into several leases.  The final lease (see Exhibit AA) required the Debtor to pay it's share of the The aforesaid lease was rejected and the premises was allegedly surrendered on July 31, 2025. The allegation is currently a issue on appeal to the United States District Court.  All rights are reserved.

4.      Prior to the second bankruptcy filing, the Debtor consistently paid its proportion of the common area charges before the premises was allegedly surrendered.  Debtor owes the proportionate amount of $29,537.01.  All of the charges were billed prior to the alleged surrender date of July 31, 2025 and were post-petition charges while the Debtor occupied and ran its business from the premises.

5.      The charges include necessary maintenance costs related to the upkeep of the shopping center where the Debtor operated its store.

6.      According to the lease the Debtor is responsible to pay its portion of the Common Area Charges See Lease §5.1.

7.      The Bankruptcy Code requires post-petition portion of the common area charges from the Debtors petition date until the alleged date of surrender.  Under 11 U.S.C. § 365(d)(3), a Debtor must timely perform all obligations under a non-residential real property lease pending assumption or rejection.  All obligations under the lease which accrue post-petition are automatically deemed an administrative expense.  The express language of the statute requires such performance "until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." The requirements in § 503(b)(1) that the lease obligations be actual or necessary costs of preserving the estate.  The post-petition amount sought by this motion is actual or necessary costs of preserving the estate, prior to the alleged surrender date.

8.      The lease explicitly provides for attorney's fees:

   21.3. In the event that either Landlord or Tenant seeks enforcement of its rights and commences any suit for the collection of any amounts for which the other may be in default or for the performance of any other covenant or agreement hereunder, the prevailing party shall be

entitled to be reimbursed by the other party for reasonable attorneys' fees and expenses incurred in enforcing such obligations and/or collecting such amounts.

9.      As a direct result of the Debtor's failure to pay the portion of the common area charges charges, this motion was required.  Debtor must therefore pay HVP's attorney's fees in the amount stated on Exhibit D  in the current amount (without prejudice) of $38,249.00.

WHEREFORE it is respectfully requested HVP2 LLC's motion be granted and Debtor be compelled to pay $29,537.01 for post-petition portion of the common area charges and penalties plus attorney's fees within 10 days of an Order of this Court.

Dated: May 4, 2026

BY: /s/ Miriam Klein
Miriam Klein for HVP2 LLC