# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Order Filed on July 21, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

New Rite Aid, LLC, *et al.*,

                              Debtors.

| | |
|---|---|
| Case No.: | 25-14861 |
| Chapter: | 11 |
| Judge: | Michael B. Kaplan |

## ORDER GRANTING IN PART, LIMITED RELIEF FROM AUTOMATIC STAY

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: July 21, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Debtors:         New Rite Aid, LLC, *et al.*
Case No.        25-14861 (MBK)
Caption of Order: Order Granting in Part, Limited Relief from Automatic Stay

This matter having come before the Court on the Motion of Marshell Landrum, as Personal Representative of the Estate of Michael W. Landrum, Sr., for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d); and the Court having reviewed all pleadings and evidence submitted; and good cause appearing:

IT IS HEREBY ORDERED:

1.  The Motion is Granted.

2.  Limited stay relief is granted to permit Movant to pursue all rights with respect to "Unassigned Insurance Policies," as defined under Debtors' confirmed Plan, if any, and to seek assignment of insurance rights from the Litigation Trust, subject to the provisions of the confirmed Plan, including Articles VLK and X.D.

3.  Movant is authorized to file a late proof of claim if required under FRBP 3003(c)(3), with respect to Case No. 23-18993, subject to the rights of all parties in interest to file and prosecute any objections to said claim(s) consistent with the Debtors' confirmed Plan, which went effective August 30, 2024, and applicable provisions of the Bankruptcy Code and relevant court orders.

4.  No relief is granted with respect to 11 U.S.C. § 523(a)(6), as this section is applicable only to individual debtors, pursuant to the express language of the statute.

Form order – ntcorder

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
402 East State Street
Trenton, NJ 08608

_____

Case No.: 25–14861–MBK
Chapter: 11
Judge: Michael B. Kaplan

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
New Rite Aid, LLC
aka Juniper RX, LLC
200 Newberry Commons
Etters, PA 17319
Social Security No.:

Employer's Tax I.D. No.:
88–0991843

_____

## NOTICE OF JUDGMENT OR ORDER
### Pursuant to Fed. R. Bankr. P. 9022

     Please be advised that on July 21, 2025, the court entered the following judgment or order on the court's docket in the above–captioned case:

Document Number: 1511 – 801
ORDER GRANTING IN PART, LIMITED RELIEF FROM AUTOMATIC STAY re: PURSUE WRONGFUL DEATH CLAIM AGAINST INSURERS (Related Doc # 801). Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. See BNC Certificate of Notice. Signed on 7/21/2025. (wiq)

     Parties may review the order by accessing it through PACER or the court's electronic case filing system (CM/ECF). Public terminals for viewing are also available at the courthouse in each vicinage.

Dated: July 21, 2025
JAN: wiq

Jeanne Naughton
Clerk

# EXHIBIT B

**Marshell Landrum**
15333 Culver Drive 340
Irvine, CA 92604
808-321-4931
marshelllandrum@gmail.com

3/11/2026

**VIA CERTIFIED MAIL & EMAIL**

**Rite Aid Litigation Trust**
c/o Kroll Restructuring Administration LLC
850 Third Avenue Suite 412
Brooklyn, NY 11232

**Re: Formal Request for Assignment of Insurance Rights under Article VLK**
**Estate of Michael W. Landrum Sr.**
**Court Order: Case No. 25-14861, Doc. 1511 (July 21, 2025)**

To the Litigation Trustee:

This letter constitutes a formal request, pursuant to the Order of the United States Bankruptcy
Court for the District of New Jersey (Case No. 25-14861, Doc. 1511, dated July 21, 2025)
and **Article VLK** of the confirmed Second Amended Joint Chapter 11 Plan of Reorganization,
for the assignment of insurance rights pertaining to the wrongful death claim of Michael W.
Landrum Sr.

**1. Basis for Request:**
The Bankruptcy Court's Order granted me limited relief from the automatic stay specifically "to
seek assignment of insurance rights from the Litigation Trust, subject to the provisions of the
confirmed Plan, including Articles VLK and X.D." A copy of the Order is attached for your
reference.

**2. Claim Summary:**

- **Incident:** Pharmacy malpractice resulting in wrongful death.

- **Date:** July 21-23, 2023.

- **Decedent:** Michael W. Landrum Sr.

- **Allegation:** The Rite Aid pharmacy dispensed a 10mL dose of Promethazine DM, double
  the FDA-approved maximum dosage for a medically vulnerable patient, without adequate
  warning or counseling, leading to his death.

- **Relevant Policies:** I have been provided with a schedule of applicable CGL and umbrella
  liability insurance policies for the policy period covering the incident.

**3. Formal Demand:**

I hereby request that the Litigation Trust assign to me, as Personal Representative of the Estate, all rights, titles, and interests under any and all insurance policies that may provide coverage for this claim. This assignment will allow me to pursue recovery directly from the applicable insurers as contemplated by the Plan and the Court's Order.

**4. Proposed Next Steps:**

Please provide, within fourteen (14) days of receipt of this letter:

a) Acknowledgment of this request and the name of the Trust representative handling it.

b) Any required claim forms or documentation you need from me to process this assignment request under Article VLK.

c) If the Trust declines this request, a detailed written explanation citing the specific provision of the Plan or Trust agreement that justifies the denial.

**5. Contact Information:**

Please direct all correspondence regarding this matter to me at the address above.

Thank you for your prompt attention to this formal request, which is made in direct compliance with the Bankruptcy Court's directive.

Respectfully,

**Marshall Landrum**
Personal Representative of the Estate of Michael W. Landrum Sr.

**Marshell Landrum**
15333 Culver Drive 340
Irvine, CA 92604
808-321-4931
marshelllandrum@gmail.com

10/28/2025

**VIA CERTIFIED MAIL & EMAIL**

**Rite Aid Litigation Trust**
c/o Kroll Restructuring Administration LLC
850 Third Avenue Suite 412
Brooklyn, NY 11232

**Re: Formal Request for Assignment of Insurance Rights under Article VLK**
**Estate of Michael W. Landrum Sr.**
**Court Order: Case No. 25-14861, Doc. 1511 (July 21, 2025)**

To the Litigation Trustee:

This letter constitutes a formal request, pursuant to the Order of the United States Bankruptcy
Court for the District of New Jersey (Case No. 25-14861, Doc. 1511, dated July 21, 2025)
and **Article VLK** of the confirmed Second Amended Joint Chapter 11 Plan of Reorganization,
for the assignment of insurance rights pertaining to the wrongful death claim of Michael W.
Landrum Sr.

**1. Basis for Request:**
The Bankruptcy Court's Order granted me limited relief from the automatic stay specifically "to
seek assignment of insurance rights from the Litigation Trust, subject to the provisions of the
confirmed Plan, including Articles VLK and X.D." A copy of the Order is attached for your
reference.

**2. Claim Summary:**

- **Incident:** Pharmacy malpractice resulting in wrongful death.

- **Date:** July 21-23, 2023.

- **Decedent:** Michael W. Landrum Sr.

- **Allegation:** The Rite Aid pharmacy dispensed a 10mL dose of Promethazine DM, double
  the FDA-approved maximum dosage for a medically vulnerable patient, without adequate
  warning or counseling, leading to his death.

- **Relevant Policies:** I have been provided with a schedule of applicable CGL and umbrella
  liability insurance policies for the policy period covering the incident.

**3. Formal Demand:**

I hereby request that the Litigation Trust assign to me, as Personal Representative of the Estate, all rights, titles, and interests under any and all insurance policies that may provide coverage for this claim. This assignment will allow me to pursue recovery directly from the applicable insurers as contemplated by the Plan and the Court's Order.

**4. Proposed Next Steps:**

Please provide, within fourteen (14) days of receipt of this letter:

a) Acknowledgment of this request and the name of the Trust representative handling it.

b) Any required claim forms or documentation you need from me to process this assignment request under Article VLK.

c) If the Trust declines this request, a detailed written explanation citing the specific provision of the Plan or Trust agreement that justifies the denial.

**5. Contact Information:**

Please direct all correspondence regarding this matter to me at the address above.

Thank you for your prompt attention to this formal request, which is made in direct compliance with the Bankruptcy Court's directive.

Respectfully,

Marshall Landrum

Personal Representative of the Estate of Michael W. Landrum Sr.

 
# Follow-Up: Formal Request for Assignment of Insurance Rights – Estate of Michael W. Landrum Sr. (Delivered March 16, 2026)

**Marshell Landrum** <marshelllandrum@gmail.com>
Sun, Apr 19, 2026 at 2:41 PM
To: info@kccllc.net, riteaidpitrust@riteaidpitrust.com, riteaidinfo@ra.kroll.com, "Yudkin, Felice" <fyudkin@coleschotz.com>, msirota@coleschotz.com, svanaalten@coleschotz.com

To the Litigation Trustee and Claims Administrator,

I write regarding my formal request dated March 16, 2026 for assignment of insurance rights under Article VLK and Article X.D of the confirmed plan in Case No. 25-14861.

Delivery of my request was confirmed on March 16, 2026. As of today, I have received no acknowledgment or response.

This lack of response is not acceptable given that:

• The Bankruptcy Court's Order (Doc. 1511, July 21, 2025) expressly authorizes me to seek assignment of insurance rights
• The confirmed Plan preserves insurance rights and contemplates action by the Litigation Trust
• I am proceeding as Personal Representative of the Estate in a wrongful death claim

This email serves as a second notice and formal demand for immediate action.

Required response within 7 days of this email:

1. Written acknowledgment of my request
2. Identification of the individual handling this matter
3. Confirmation whether the Trust will assign the insurance rights
4. If additional information is required, a specific list of items
5. If the request is denied, a detailed written explanation citing the exact Plan or Trust provision relied upon

If I do not receive a response within this deadline, I will proceed without further notice to seek relief from the Bankruptcy Court, including:

• An order compelling the Litigation Trustee to respond
• An order deeming the insurance rights assigned
• Or confirmation that I may proceed directly against available insurance without assignment

I will also rely on the existing order granting stay relief and the Plan's insurance provisions in support of that relief.

Please treat this matter with urgency.

Sincerely,
Marshell Landrum

Case 25-14831-MBK   Doc 390-2   Filed 04/27/26   Entered 05/05/26 13:12:29   Desc Exhibit   Page 10 of 18

Personal Representative, Estate of Michael W. Landrum Sr.
808-321-4931

**2 attachments**

Litigation Trust Letter.pdf
221K

MOTION FINAL RESULT.pdf
635K

# EXHIBIT C

## Rite Aid

**Yudkin, Felice** <FYudkin@coleschotz.com>

Thu, Dec 11, 2025 at 6:13 PM

To: "marshelllandrum@gmail.com" <marshelllandrum@gmail.com>

Ms. Landrum – I have received notice from Chubb that you are consistently emailing/contacting them regarding your purported claim. As we have explained to you, you were granted relief from the automatic stay only as to the "Unassigned Policies." Even if you had a claim (which we assert you do not), the policies that would cover this claim are Assigned Policies under the prior Chapter 11 Plan. Therefore, your actions are clearly barred by the clear injunction language in the Plan. Moreover, Rite Aid is self insured and the company is unable to honor its self insured retention. Excess insurance carrier have no obligation to provide insurance coverage if the self-insured retention is not exhausted (which is the case here).

Based on the foregoing, demand is hereby made that you immediately cease and desist from pursuing Chubb (or any other insurance carrier). There is simply no coverage for this claim and your actions are in violation of the Court's Order. In the event that you continue to pursue the insurance carriers, we will be forced to seek intervention from the Court and reimbursement of our legal fees to do so.

Please be guided accordingly.

-Felice R. Yudkin

 **COLE SCHOTZ** P.C.

**FELICE YUDKIN**
**MEMBER**

**OFFICE** 201.525.6261
**CELL**   201.315.8951
**EMAIL**  fyudkin@coleschotz.com

Court Plaza North | 25 Main Street | Hackensack, NJ 07601

**NEW JERSEY  NEW YORK  DELAWARE  MARYLAND  TEXAS  FLORIDA  WASHINGTON, D.C.**
**VCARD | BIO | COLESCHOTZ.COM**

Legal Practice Assistant: Caroline De Courcey | 201.489.3000 x 5020 | CDeCourcey@coleschotz.com


## Follow-Up: Formal Request for Assignment of Insurance Rights – Estate of Michael W. Landrum Sr. (Delivered March 16, 2026)

Sirota, Michael <MSirota@coleschotz.com>                                                                                       Sun, Apr 19, 2026 at 3:12 PM
To: Marshell Landrum <marshelllandrum@gmail.com>, "Yudkin, Felice" <FYudkin@coleschotz.com>
Cc: "info@kccllc.net" <info@kccllc.net>, "riteaidpitrust@riteaidpitrust.com" <riteaidpitrust@riteaidpitrust.com>, "riteaidinfo@ra.kroll.com" <riteaidinfo@ra.kroll.com>, "Van Aalten, Seth" <SVanAalten@coleschotz.com>

I suggest you stop sending stupid emails and file whatever you want!!!! My Best

Cole Schotz, P.C.
Michael D. Sirota
Member
1325 Avenue of the Americas | 19th Floor | New York, NY | 10019-6079
Direct 646.563.8942 | Fax 646.563.7942 | Cell 201.637.4890 | msirota@coleschotz.com
25 Main Street | Hackensack, NJ | 07601
Direct 201.525.6262 | Fax 201.678.6262
New Jersey | New York | Delaware | Maryland | Texas | Florida
vCard | bio | website

Legal Practice Assistant: Caroline De Courcey-Côte | 201.489.3000 x 5020 | CDeCourcey-Cote@coleschotz.com

Click here to visit our Covid-19 Resource Center for important legal updates

## 100 YEARS COLE SCHOTZ P.C.

**MICHAEL D. SIROTA**
**MEMBER**

**OFFICE**  201.525.6262
**CELL**  201.637.4890
**EMAIL**  msirota@coleschotz.com

Court Plaza North | 25 Main Street | Hackensack, NJ 07601

**NEW JERSEY  NEW YORK  DELAWARE  MARYLAND  TEXAS  FLORIDA  WASHINGTON, D.C.**

Case 25-14831-MBK   Doc 390-2   Filed 04/27/26   Entered 05/05/26 13:12:29   Desc
Exhibit   Page 14 of 18

VCARD | BIO | COLESCHOTZ.COM

Legal Practice Assistant: Caroline De Courcey | 201.489.3000 x 5020 | CDeCourcey@coleschotz.com

---

**From:** Marshell Landrum <marshelllandrum@gmail.com>
**Sent:** Sunday, April 19, 2026 6:09:21 PM
**To:** Yudkin, Felice <FYudkin@coleschotz.com>
**Cc:** info@kccllc.net <info@kccllc.net>; riteaidpitrust@riteaidpitrust.com <riteaidpitrust@riteaidpitrust.com>; riteaidinfo@ra.kroll.com <riteaidinfo@ra.kroll.com>; Sirota, Michael <MSirota@coleschotz.com>; Van Aalten, Seth <SVanAalten@coleschotz.com>
**Subject:** Re: Follow-Up: Formal Request for Assignment of Insurance Rights – Estate of Michael W. Landrum Sr. (Delivered March 16, 2026)

I suggest you contact them. I will be filing my Motion tomorrow.


Marshell Landrum

Personal Representative, Estate of Michael W. Landrum Sr.

808-321-4931


On Sun, Apr 19, 2026 at 2:59 PM Yudkin, Felice <FYudkin@coleschotz.com> wrote:

We do not represent the Trust but I suggest you copy counsel to the Trust on your emails as the emails you have included are not correct.

**100** YEARS **COLE SCHOTZ** P.C.

**FELICE YUDKIN**
**MEMBER**

**OFFICE** 201.525.6261
**CELL** 201.315.8951
**EMAIL** fyudkin@coleschotz.com

Court Plaza North | 25 Main Street | Hackensack, NJ 07601

**NEW JERSEY   NEW YORK   DELAWARE   MARYLAND   TEXAS   FLORIDA   WASHINGTON, D.C.**

**VCARD | BIO | COLESCHOTZ.COM**

Case 25-14831-MBK   Doc 390-2   Filed 04/27/26   Entered 05/05/26 13:12:29   Desc
Exhibit   Page 16 of 18

Legal Practice Assistant: Caroline De Courcey | 201.489.3000 x 5020 | CDeCourcey@coleschotz.com

On Apr 19, 2026, at 5:42 PM, Marshell Landrum <marshelllandrum@gmail.com> wrote:

To the Litigation Trustee and Claims Administrator,

I write regarding my formal request dated March 16, 2026 for assignment of insurance rights under Article VI.K and Article X.D of the confirmed plan in Case No. 25-14861.

Delivery of my request was confirmed on March 16, 2026. As of today, I have received no acknowledgment or response.

This lack of response is not acceptable given that:

• The Bankruptcy Court's Order (Doc. 1511, July 21, 2025) expressly authorizes me to seek assignment of insurance rights
• The confirmed Plan preserves insurance rights and contemplates action by the Litigation Trust
• I am proceeding as Personal Representative of the Estate in a wrongful death claim

This email serves as a second notice and formal demand for immediate action.

Required response within 7 days of this email:

1. Written acknowledgment of my request
2. Identification of the individual handling this matter
3. Confirmation whether the Trust will assign the insurance rights
4. If additional information is required, a specific list of items
5. If the request is denied, a detailed written explanation citing the exact Plan or Trust provision relied upon

If I do not receive a response within this deadline, I will proceed without further notice to seek relief from the Bankruptcy Court, including:

• An order compelling the Litigation Trustee to respond
• An order deeming the insurance rights assigned
• Or confirmation that I may proceed directly against available insurance without assignment

I will also rely on the existing order granting stay relief and the Plan's insurance provisions in support of that relief.

Please treat this matter with urgency.

Sincerely,
Marshell Landrum
Personal Representative, Estate of Michael W. Landrum Sr.
808-321-4931

<Litigation Trust Letter.pdf>

<MOTION FINAL RESULT.pdf>

\* \* \* \* \* \*

This e-mail message from Cole Schotz P.C. is private and may contain privileged information. If you are not the intended recipient, please do not read, copy or use it or disclose it to others. If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system.

* * * * * *

This e-mail message from Cole Schotz P.C. is private and may contain privileged information. If you are not the intended recipient, please do not read, copy or use it or disclose it to others. If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system.