# EXHIBIT 7

**United States Bankruptcy Court for the District of New Jersey**

| Fill in this information to identify the case (Select only one Debtor per claim form): |
|---|

**Debtor:** Rite Aid of New Jersey, Inc.

**Case Number:** 25-14730

Modified Official Form 410

# Proof of Claim

**4/25**

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1:    Identify the Claim

| | | |
|---|---|---|
| 1. **Who is the current creditor?** | Lewis  Hunter | |
| | Name of the current creditor (the person or entity to be paid for this claim) | |
| | Other names the creditor used with the debtor | |

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Address1:   c/o Ryan P. McCarthy, Esq. | Address1: |
| Address2:   1650 Market Street | Address2: |
| Address3:   Suite 3600 | Address3: |
| Address4: | Address4: |
| City:   Philadelphia | City: |
| State:   PA | State: |
| Postal Code:   19103 | Postal Code: |
| Country: | Country: |
| Contact phone  215-394-0541 | Contact phone |
| Contact email  ryan@gmlaborlaw.com | Contact email |

**Uniform Claim Identifier (if you use one)**

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.   Claim number on court claims registry (if known)_____    Filed on _____
                                                                                              MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ____ ____   ____

**7. How much is the claim?**

$ 11,438.32 . **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

NJ WARN and Contractual Unpaid Severance

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____

**Amount of the claim that is secured:** $ _____

**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**Proof of Claim**                                                                 page 2

| | | Amount entitled to priority |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | |
| | ☐ Yes. *Check one:* | |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| | | |
|---|---|---|
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No | |
| | ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

---

**Part 3:    Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Ryan P. McCarthy*  03/19/2026

_____    _____
Electronic Signature                              Date

**Name of the person who is completing and signing this claim**

| | | | |
|---|---|---|---|
| Name | Ryan P. McCarthy | | |
| | First name | Middle name | Last name |
| Title/Company | Attorney/Goodley McCarthy LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1650 Market Street | | |
| | Suite 3600 | | |
| | Number          Street | | |
| | Philadelphia | PA | 19103 |
| | City | State | ZIP Code          Country |
| Contact phone | 215-394-0541 | Email | ryan@gmlaborlaw.com |

**Proof of Claim**                                                                                                           page 3

**Additional Noticing Addresses (if provided):**

**Additional Address 1**
Name:
Address1:

Address2:

Address3:

Address4:

City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

_____

**Additional Address 2**
Name:
Address1:
Address2:

Address3:
Address4:
City:
State:
 Postal Code:
 Country:

Contact Phone:
Contact Email:

**Additional Supporting Documentation Provided**

[✔] Yes
[ ] No
------------------------------------------------------------------------------------------------------

 Attachment Filename:

L Hunter- Administrative Expense Form and exhibits.pdf

KROLL

Electronic Proof of Claim Confirmation:  3870-1-VZSEL-869334715

Claim Electronically Submitted on (UTC) :  2026-03-19T12:27:36.827Z

Submitted by: Lewis Hunter
ryan@gmlaborlaw.com

**KROLL**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | | REQUEST FOR PAYMENT OF<br>ADMINISTRATIVE EXPENSE |
|---|---|---|

| In re:<br><br>Rite Aid of New Jersey, Inc. | Chapter 11<br><br>Case Number:  25-14730 | |

NOTE:  This form should not be used for an unsecured claim arising prior to the commencement of the case.  In such instances, a proof of claim should be filed.

| Name of Creditor: **Lewis Hunter**<br>(The person or other entity to whom the debtor owed money or property.)<br><br>Name and Addresses Where Notices Should Be Sent:<br><br>Goodley McCarthy LLC<br>c/o Ryan P. McCarthy LLC<br>1650 Market Street, Ste 3600<br>Philadelphia, PA 19103 | ☐  Check box if you are aware that anyone else has filed a proof of claim relating to your claim.  Attach copy of statement giving particulars.<br><br>☒  Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐  Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: | Check here if this request:<br>☐ replaces a previously filed request, dated:<br>☐ amends a previously filed request, dated: |
|---|---|

1.  BASIS FOR CLAIM

    ☐    Goods Sold
    ☐    Services performed
    ☐    Money loaned
    ☐    Personal injury/wrongful death
    ☐    Taxes
    ☒    Other (Describe briefly)
**NJ WARN and Contractual Unpaid Severance**

☐  Retiree benefits as defined in 11 U.S.C. §1114(a)
☒  Wages, salaries and compensations (Fill out below)

Provide last four digits of your social security number  **8706**_____

2.  DATE DEBT WAS INCURRED:
**December 31, 2025**

3.  TOTAL AMOUNT OF REQUEST AS OF ABOVE DATE:  **$11,438.32**_____

☒ Check this box if the request includes interest or other charges in addition to the principal amount of the request.  Attach itemized statement of all interest or additional charges.

4.  Secured Claim
☐  Check this box if your claim is secured by collateral (including a right of setoff).
    Brief Description of Collateral:

    ☐  Real Estate        ☐  Motor Vehicle
    ☐  Other (Describe briefly)  _____

    Value of Collateral:  $_____

☒  Check this box if there is no collateral or lien securing your claim.

5.  **Credits**:  The amount of all payments have been credited and deducted for the purposes of making this request for payment of administrative expenses.

6.  **Supporting Documents**: *Attach copies of supporting documents*, such as purchase orders, invoices, itemized statements of running accounts, contracts as well as any evidence of perfection of a lien.

    DO NOT SEND ORIGINAL DOCUMENTS.  If the documents are not available, explain.
    If  the documents are voluminous, attach a summary.

7.  **Date-Stamped Copy**:  To receive an acknowledgment of the filing of your request, enclose a self-addressed envelope and copy of this request.

THIS SPACE IS FOR COURT USE ONLY

| Date:<br><br>3/19/2026 | Sign and print below the name and title, if any, of the creditor or other person authorized to file this request (attach copy of power of attorney, if any).<br><br>/s/ Ryan P. McCarthy_____ |
|---|---|

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

NOTE:  The filing of this request will not result in the scheduling of a hearing to consider payment of your administrative claim but will result in the registry of your administrative claim with the Bankruptcy Court. If you wish to have a hearing scheduled on your claim, you must file a motion in accordance with D.N.J. LBR 3001-1(b).                                        *rev.8/1/15*

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In Re: Rite Aid of New Jersey, Inc. (Case No. 25-14730)

Amounts Owed to Creditor Lewis Hunter for New Jersey WARN Act Severance[1]

2025 Weekly Salary and Value of Fringe Benefits-  $1,429.79

Years of Service -                                   8 years

**TOTAL AMOUNT OWED:**                              **$11,438.32**

Creditor is also seeking attorney's fees and costs. *See* N.J.S.A. § 34:21-6

---

[1] N.J.S.A. § 34:21-2(b) ("The rate of severance pay provided by the employer pursuant to this subsection b. shall be the average regular rate of compensation received during the employee's last three years of employment with the employer or the final regular rate of compensation paid to the employee, whichever rate is higher.")

# EXHIBIT 2

# RITE AID

MAILING ADDRESS
200 Newberry Commons
Etters, PA 17319

(717) 761-2633

December 10, 2025

**VIA OVERNIGHT MAIL & WORKDAY**

Re:    Your Employment Status

Dear Associate:

We are writing to you as a follow up to our letters dated May 5, 2025, June 3, 2025, June 18, 2025, July 10, 2025, July 24, 2025, August 8, 2025, August 22, 2025, September 5, 2025, September 23, 2025, October 16, 2025, October 30, 2025 and November 21, 2025 their enclosed Notification Forms under the Millville Dallas Airmotive Plant Job Loss Notification Act ("Notification Form"). In those letters we informed you that Rite Aid would conduct employee separations in connection with the closing of various locations set forth in the letter, the entirety of these locations eventually would close, and this action was expected to be permanent. We further stated that bumping rights, if any, for impacted bargaining unit employees would be governed by the applicable collective bargaining agreement and there are no bumping rights for non-bargaining unit employees.

Some of the associates employed at some of the locations identified in our earlier letter will have their separation dates extended. Your employment now is expected to end during the 14-day period commencing on December 31, 2025. We are extending your separation date because continued employment is necessary to continue our operations for a period of time. Some associates may have their Termination Dates extended and if your Termination Date is changed, we will let you know as soon as is possible.

Except as stated otherwise in this letter and its enclosure, the remainder of the information provided to you regarding this action in our earlier letters and their enclosed Notification Forms remain relevant, except that your facility is now expected to close during the 14-day period commencing on December 31, 2025. A Twelfth Amended Notification Form is enclosed with this letter.

You may contact the HR Solutions Center at (888) 575-9318 or AskHR@riteaid.com, if you require further information.

Sincerely,

*Steven K. Bixler*

Steven Bixler
Chief Financial Officer

Enclosure:    Twelfth Amended Notification Form under the Millville Dallas Airmotive Plant Job Loss
Notification Act

## Twelfth Amended Notification Form
*under the*
### Millville Dallas Airmotive Plant Job Loss Notification Act
N.J.S.A. 34:21-1, et seq.

Any restatement or summary of the law, which is contained in this document is intended for informational purposes only. The Department of Labor and Workforce Development has neither enforcement authority, nor rulemaking authority under the Millville Dallas Airmotive Plan Job Loss Notification Act, N.J.S.A. 34:21-1, et seq. (the Act). The role of the Department of Labor and Workforce Development under the Act is limited to: (1) dispatching the rapid response team to, among other things, provide appropriate information, referral and counseling to workers who are subject to plant closings or mass layoffs and (2) making available to employers the form upon which notification shall be provided under the Act.

Under the Act, prenotification of certain plant closings, transfers, and mass layoffs is required by way of completion of this Notification Form.

**The entire law can be viewed at:** *nj.gov/labor/employer-services/warn*

If you are an individual or private business entity that employs the workforce at a place of employment which has been in operation for a period longer than three years, and you employ 100 or more employees, you must comply with the requirements of the Act if you anticipate any of the following events. The following definitions and those included elsewhere within this notification form are taken directly from the Act.

| | |
|---|---|
| **Mass Layoff** | "Mass layoff" means a reduction in force which is not the result of a transfer or termination of operations and which results in the termination of employment at an establishment during any 30-day period for 50 or more of the employees at or reporting to the establishment. |
| **Termination of Operations** | "Termination of operations" means the permanent or temporary shutdown of a single establishment, or of one or more facilities or operating units within a single establishment, except that "termination of operations" shall not include a termination of operations made necessary because of a fire, flood, natural disaster, national emergency, act of war, civil disorder or industrial sabotage, decertification from participation in the Medicare and Medicaid programs as provided under Titles XVIII and XIX of the federal "Social Security Act," Pub.L.74-271 (42 U.S.C. s.1395 et seq.) or license revocation pursuant to P.L.1971, c.136 (C.26:2H-1 et al.). |
| **Transfer of Operations** | "Transfer of operations" means the permanent or temporary transfer of a single establishment, or one or more facilities or operating units within a single establishment, to another location, inside or outside of this State. |

### Type or Print All Applicable Information

**Company Information**

| | | |
|---|---|---|
| Company Name<br>Rite Aid of New Jersey, Inc. | | |
| Address<br>701 Delran Parkway | | |
| City<br>Delran | State<br>NJ | ZIP Code<br>08075 |
| County<br>Burlington | | |
| Contact Person<br>HR Solutions Center | | |
| Telephone number<br>(888) 575-9318 | | Ext. |
| Fax | | |
| Email<br>AskHR@riteaid.com | | |

**Union Information** (if applicable)

| | | |
|---|---|---|
| Union Name<br>UFCW | | Local Number<br>1776 |
| Address<br>3031 Walton Road, Suite 201 | | |
| City<br>Plymouth Meeting | State<br>PA | ZIP Code<br>19462 |
| Contact Person<br>Wendell Young | | |
| Telephone number<br>(610) 940-1805 | | Ext. |
| Fax | | |
| Email<br>wyoungiv@ufcw1776.org | | |

NJES-997 (4/23)

"Termination of employment" means the layoff of an employee without a commitment to reinstate the employee to his previous employment within six months of the layoff, except that "termination of employment" shall not mean a voluntary departure or retirement or a discharge or suspension for misconduct of the employee connected with the employment or any layoff of a seasonal employee or refer to any situation in which an employer offers to an employee, at a location inside the State and not more than 50 miles from the previous place of employment, the same employment or a position with equivalent status, benefits, pay and other terms and conditions of employment, and, except that a layoff of more than six months which, at its outset, was announced to be a layoff of six months or less, shall not be treated as a termination of employment under N.J.S.A. 34:21-1 et seq., if the extension beyond six months is caused by business circumstances not reasonably foreseeable at the time of the initial layoff, and notice is given at the time it becomes reasonably foreseeable that the extension beyond six months will be required.

### Termination Information—C.34:21-3

**a.** Number of employees to be terminated: 9

Date(s) on which each termination of employment will occur:
Terminations are expected to occur during the 14-day window commencing December 31, 2025.

Date(s) on which mass layoff or transfer or termination of operations of the establishment will occur:
Terminations are expected to occur during the 14-day window commencing December 31, 2025.

**b.** Reason for termination: ☐ Mass Layoff   ☐ Transfer of Operations   ☑ Termination of Operations

Explain the reason(s) for mass layoff or transfer or termination of operations:
End of operations.

**c.** Is any employment being offered to terminated employees at any other establishment operated by the employer?

☐ Yes   ☑ No

If yes, provide detailed information regarding the benefits, pay, and other terms and conditions of that employment and the location of the other establishment:

**d.** Please state any employee rights with respect to wages, severance pay, benefits, pension or other terms of employment as they relate to the termination, including, but not limited to, any rights based on a collective bargaining agreement or other existing employer policy.

**d1.** Rights to wages?   ☑ Yes   ☐ No

If yes, please explain.
Employees will be paid regular wages/salary through their separation date.

**d2.** Rights to severance pay?   ☑ Yes   ☐ No

If yes, please explain.
Employees will be provided severance pay no less than one week for every full year of service consistent with the Millville Dallas Airmotive Plant Job Loss Notification Act.

**d3.** Rights to pension?   ☐ Yes   ☑ No

If yes, please explain.
Company does not maintain a current pension plan. There is a pension plan which has been frozen for several years. However, eligible employees can participate in the Company's 401(k) plan.

**d4.** Rights to benefits?   ☑ Yes   ☐ No

If yes, please explain.
Eligible and participating employees will be provided current benefits under the Company's plans and policies through their termination date. Employees will be provided the option to continue certain medical benefits pursuant to COBRA.

**d5.** Rights to other terms of employment?   ☐ Yes   ☑ No

If yes, please explain.

Severance pay, which is payable under the Act to each employee whose employment is terminated:
The employer who operates the establishment or conducts the mass layoff, in the case of the employer who employs 100 or more employees, shall provide to each employee whose employment is terminated severance pay equal to one week of pay for each full year of employment. If the employer provides any employee with less than 90 days notification before the first termination of employment occurs in connection with the termination or transfer of operations, or mass layoff, the employer shall provide that employee with an additional four weeks of severance pay. The rate of severance pay provided by the employer shall be the average regular rate of compensation received during the employee's last three years of employment with the employer or the final regular rate of compensation paid to the employee, whichever rate is higher. Severance pay under the Act shall be regarded as compensation due to an employee for back pay and losses associated with the termination of the employment relationship, notwithstanding the calculation of the amount of the payment with reference to the employee's length of service. An employer shall provide an employee the severance pay required under the Act or any severance pay provided by the employer pursuant to a collective bargaining agreement or for any other reason, whichever is greater. Any back pay provided by the employer to the employee pursuant to section 5 of the "Worker Adjustment and Retraining Notification Act, " Pub.L.100-379 (29 U.S.C. s.2104), because of a violation of section 3 of that act (29 U.S.C. s.2101) shall be credited toward meeting the severance pay requirements of the Millville Dallas Airmotive Job Loss Notification Act.

Response Team Services:
In accordance with the Act, there is established within the Department of Labor and Workforce Development a response team, the purpose of which is to provide appropriate information, referral and counseling to workers who are subject to plant closings or mass layoffs. The information, referral and counseling provided by the response team will address available public programs which make it possible to delay or prevent the transfer or termination of operations, including economic development incentive and workforce development programs, public programs or benefits which may be available to assist the employees, including but not limited to, unemployment compensation benefits, job training or retraining programs, and job search assistance; and employee rights based on the Act, or any other law which applies to the employees with respect to wages, severance pay, benefits, pensions or other terms of employment as they relate to the termination of employment.

Employers covered by the Act are required to provide the response team with the amount of on-site work-time access to the employees of the establishment that the response team determines is necessary for the response team to carry out its responsibilities under the law.

### Please provide the completed Notification Form to:

⇨ The Commissioner of Labor and Workforce Development

> Robert Asaro-Angelo, Commissioner
> Attention: Rapid Response Team
> Department of Labor and Workforce Development
> PO Box 933
> Trenton, New Jersey 08625-0933
>
> Phone: 1-800-343-3919
> Fax: 609-777-3020
> Email: RapidResponse@dol.nj.gov

⇨ The Chief Elected Official of the municipality where the establishment is located

⇨ Each employee whose employment is to be terminated

⇨ Any collective bargaining units of employees at the establishment