<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

</td><td>



**Order Filed on May 29, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

</td></tr>
</table>

|  |  |
|---|---|
| In re: | Chapter 11 |
| LAKEHURST AND BROADWAY CORPORATION, | Case No. 25-14831 (MBK) |
| Debtor.[1] | |

### CONSENT ORDER RESOLVING RARED ALLENSTOWN, LLC; RARED MANCHESTER, LLC; AND RARED JAFFREY, LLC'S JOINT MOTION, PURSUANT TO 11 U.S.C. §§ 365(d)(3) OR 503(b)(1)(A), TO ALLOW AND COMPEL PAYMENT OF CLAIM FOR ADDITIONAL RENT THAT BECAME DUE POST-PETITION AND PRE-REJECTION OF LEASES

The relief set forth on the following pages, numbered two (2) through six (6), is

**ORDERED**.

**DATED: May 29, 2026**

_____
'Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page | 2)

Debtors:        LAKEHURST AND BROADWAY CORPORATION
Case No.        25-14831 (MBK)
Caption of Order:    CONSENT ORDER RESOLVING RARED ALLENSTOWN, LLC;
RARED MANCHESTER, LLC; AND RARED JAFFREY, LLC's Joint
MOTION, PURSUANT TO 11 U.S.C. §§ 365(d)(3) OR 503(b)(1)(A), TO
ALLOW AND COMPEL PAYMENT OF CLAIM FOR ADDITIONAL
RENT THAT BECAME DUE POST-PETITION AND PRE-REJECTION
OF LEASES

This Consent Order is made by and between RARED Allenstown, LLC ("Allenstown"),

RARED Manchester NH, LLC (a/k/a RARED Manchester, LLC) ("Manchester") and RARED

Jaffrey, LLC ("Jaffrey", together with Allenstown and Manchester, the "Landlords"), and

Lakehurst and Broadway Corporation, together with New Rite Aid, LLC and other affiliated Wind-

Down Debtors (as defined in the Plan, defined below, collectively, the "Debtors," and together

with the Landlords, the "Parties"), by and through their respective counsel of record, with regard

to the following facts:

**WHEREAS**, each of the Debtors filed a voluntary petition for relief under chapter 11 of

Title 11 of the United States Code on May 5, 2025 (the "Petition Date"), commencing these chapter

11 cases (the "Bankruptcy Cases"); and

**WHEREAS**, as of the Petition Date, Allenstown and Rite Aid of New Hampshire, Inc.,

one of the Debtors, were parties to that certain nonresidential real property lease agreement dated

December 1, 1997 (together with all amendments, modifications and extensions thereto, the

"Allenstown Lease") for commercial space located at 46 Allenstown Road, Allenstown, NH,

03275, known as Store No. 4993; and

**WHEREAS**, as of the Petition Date, Manchester and Rite Aid of New Hampshire, Inc.,

one of the Debtors, were parties to that certain nonresidential real property lease agreement dated

April 2, 1996 (together with all amendments, modifications and extensions thereto, the

"Manchester Lease") for commercial space located at 1631 Elm Street, Manchester, NH, 03101,

known as Store No. 4741; and

(Page | 3)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER RESOLVING RARED ALLENSTOWN, LLC; RARED MANCHESTER, LLC; AND RARED JAFFREY, LLC's Joint MOTION, PURSUANT TO 11 U.S.C. §§ 365(d)(3) OR 503(b)(1)(A), TO ALLOW AND COMPEL PAYMENT OF CLAIM FOR ADDITIONAL RENT THAT BECAME DUE POST-PETITION AND PRE-REJECTION OF LEASES |

**WHEREAS**, as of the Petition Date, Jaffrey and Rite Aid of New Hampshire, Inc., one of the Debtors, were parties to that certain nonresidential real property lease agreement dated July 15, 1999 (together with all amendments, modifications and extensions thereto, the "Jaffrey Lease", and together with the Allenstown Lease and the Manchester Lease, the "Leases") for commercial space located at 14 Peterborough Street, Jaffrey, NH, 03452, known as Store No. 1653; and

**WHEREAS**, on June 9, 2025, the Court entered that certain *Final Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 776] (the "Final Rejection Procedures Order"); and

**WHEREAS**, on July 25, 2025, in accordance with the Final Rejection Procedures Order, the Debtors filed that certain *Seventeenth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 1574], requesting authorization to reject, among other non-residential real property leases, the Jaffrey Lease, as of July 31, 2025 (the "July Rejection Date")

**WHEREAS**, on September 5, 2025, the Court entered that certain *Seventeenth Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, if Any* [Docket No. 2325], authorizing the rejection of the Jaffrey Lease as of the July Rejection Date; and

**WHEREAS**, on August 26, 2025, in accordance with the Final Rejection Procedures Order, the Debtors filed that certain *Thirty-First Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 2166], requesting authorization to reject, among

(Page | 4)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER RESOLVING RARED ALLENSTOWN, LLC; RARED MANCHESTER, LLC; AND RARED JAFFREY, LLC's Joint MOTION, PURSUANT TO 11 U.S.C. §§ 365(d)(3) OR 503(b)(1)(A), TO ALLOW AND COMPEL PAYMENT OF CLAIM FOR ADDITIONAL RENT THAT BECAME DUE POST-PETITION AND PRE-REJECTION OF LEASES |

other non-residential real property leases, the Manchester Lease and the Allenstown Lease, as of August 31, 2025 (the "August Rejection Date")

WHEREAS, on September 17, 2025, the Court entered that certain *Thirty-First Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, if Any* [Docket No. 2482], authorizing the rejection of the Manchester Lease and the Allenstown Lease as of the August Rejection Date; and

WHEREAS, on November 11, 2025, the Debtors filed their *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* [Docket No. 3215] (as modified, amended, and including all supplements, and confirmed, the "Plan"); and

WHEREAS, on November 26, 2025, the Court entered *the Order Approving the Disclosure Statement and Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3445], and on December 15, 2025 entered the *Supplemental Order to Order Approving the Disclosure Statement and Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3536] confirming the Plan and approving the Disclosure Statement [Docket No. 3216]; and

WHEREAS, on February 2, 2026, the Landlords filed *RARED Allenstown, LLC; RARED Manchester, LLC; and RARED Jaffrey, LLC's Joint Motion, Pursuant to 11 U.S.C. §§ 365(d)(3) or 503(b)(1)(a), to Allow and Compel Payment of Claim for Additional Rent that Became Due Post-Petition and Pre-rejection of Leases* [Case No. 25-14831, Docket No. 230] (the "Motion"),

(Page | 5)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER RESOLVING RARED ALLENSTOWN, LLC; RARED MANCHESTER, LLC; AND RARED JAFFREY, LLC's Joint MOTION, PURSUANT TO 11 U.S.C. §§ 365(d)(3) OR 503(b)(1)(A), TO ALLOW AND COMPEL PAYMENT OF CLAIM FOR ADDITIONAL RENT THAT BECAME DUE POST-PETITION AND PRE-REJECTION OF LEASES |

seeking payment of post-petition amounts alleged to be due for periods prior to the July Rejection Date and the August Rejection Date, as applicable; and

**WHEREAS**, the Debtors and the Landlords wish to resolve issues relating to the Motion, pursuant to the terms hereof; including, through and by way of the agreed upon allowance and payment of administrative expenses as set forth in this Consent Order.

NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION THE PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY AGREED AND ORDERED AS FOLLOWS:

1.      The Landlords shall have an allowed administrative expense claim pursuant to sections 365(d)(3) and 503(b)(1)(A) of the Bankruptcy Code in the aggregate amount of $36,883.76 shared among the Landlords (the "Allowed Administrative Expense Claim"). Within seven (7) business days following the entry of this Consent Order, the Wind-Down Debtors or the Liquidating Trustee (as defined in the Plan) shall pay to the Landlords the Allowed Administrative Expense Claim, which payment shall be in full and final satisfaction of any and all administrative expenses or claims of the Landlords, pursuant to sections 365(d)(3), 503(b) or 507 of the Bankruptcy Code including, but not limited to, the claims asserted in the Motion.

2.      The Debtors, the Liquidating Trust (as defined in the Plan) and the Landlords are authorized to take all actions necessary to effectuate the relief granted in this Consent Order without further order from this Court.

(Page | 6)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER RESOLVING RARED ALLENSTOWN, LLC; RARED MANCHESTER, LLC; AND RARED JAFFREY, LLC's Joint MOTION, PURSUANT TO 11 U.S.C. §§ 365(d)(3) OR 503(b)(1)(A), TO ALLOW AND COMPEL PAYMENT OF CLAIM FOR ADDITIONAL RENT THAT BECAME DUE POST-PETITION AND PRE-REJECTION OF LEASES |

3.    This Consent Order is effective immediately upon entry and is not subject to any stay under the United States Bankruptcy Code, the Federal Rule of Bankruptcy Procedure, or applicable nonbankruptcy law.

4.    This Consent Order may be executed and delivered in any number of original or facsimile or electronic counterparts, each of which shall be deemed an original.

5.    The Bankruptcy Court will retain jurisdiction to resolve any and all disputes relating to this Consent Order.

The undersigned hereby consent to the form and entry of this Consent Order:

Dated: As of May 29, 2026

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D.  Sirota, Esq.
Warren A.  Usatine, Esq.
David M. Bass, Esq.
Felice R.  Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

/s/ Andrew Small

**WEBER GALLAGHER LLC**
Andrew Small, Esq.
1500 Broadway Suite 2401
New York, NY 10036
T. 646.585.7129
Email: asmall@wglaw.com

-and-

**MARCUS CLEGG**
Brendan Barry, Esq.
David Johnson, Esq.
16 Middle Street, 5th Floor
Portland, ME 04101
btb@marcusclegg.com
DCJ@marcusclegg.com

*Counsel to RARED Jaffrey, LLC; RARED Allenstown, LLC; and RARED Manchester NH, LLC*

United States Bankruptcy Court

District of New Jersey

In re:                                                                      Case No. 25-14831-MBK

Lakehurst and Broadway Corporation                                          Chapter 11

        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3                     User: admin                              Page 1 of 1

Date Rcvd: May 29, 2026                  Form ID: pdf903                          Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol       Definition**

+              Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
               regulations require that automation-compatible mail display the correct ZIP.


**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 31, 2026:**

**Recip ID                 Recipient Name and Address**
db                     +  Lakehurst and Broadway Corporation, 200 Newberry Commons, Etters, PA 17319-9363


TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE


# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE


# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**


**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**


Date: May 31, 2026                    Signature:        /s/Gustava Winters