# TERM SHEET

On April 15, 2026, the parties in the matter of *In re New Rite Aid, LLC* (Case No. 25-14861, Bankr. D.N.J.), *In re Lakehurst and Broadway Corporation* (Remaining Debtors) (Case No. 25-14831, Bankr. D.N.J.) (collectively "Bankruptcy Case") conducted an all-day mediation ("Mediation") with John M. Steiner acting as mediator ("Mediator").  Present at the mediation were 29 Katz Crew, LP, ("29 Katz") represented by Michael Shiner and Maribeth Thomas from Tucker Arensberg and Murray Ave Market, LLC, ("MAM") represented by Kirk Burkley from WH/Burkley.  Representatives appearing on behalf of 29 Katz was John Katz.  Representatives appearing on Behalf of MAM were Yitzchok Glassner, Julius Rudolph, and Yakov Shemtov.  The purpose of the Mediation was to resolve certain issues and disputes between 29 Katz and MAM in and relating to the assumption and assignment in the Bankruptcy Case of that certain lease by and between 1700 Murray Avenue, LLC (as successor in interest to Alex-Forbes and Murray, LP), and Rite Aid of Pennsylvania, Inc., dated August 19, 2003 (the "Lease") and related disputes and issues.  After a full day of mediation, 29 Katz and MAM, reached agreement on their issues and disputes under the following terms and conditions (all subject to the execution of a definitive settlement agreement mutually acceptable to 29 Katz and MAM):

1. Upon the receipt by MAM of the appropriate and necessary zoning and building permits, 29 Katz will permit, and MAM shall effectuate and early exercise of the next 5-year renewal option under the Lease.

2. Yitzchok Glassner and his spouse will provide for a period of 5 years a 9-month rolling joint and several personal guaranties to 29 Katz guarantying the obligations of MAM under the Lease.

1

3. 29 Katz will agree to a base rent abatement under the Lease for the months of May 2026, June 2026, and July 2026.

4. 29 Katz will fully cooperate with MAM with respect to the opening of the kosher market, including but not limited to, attending zoning and permit hearings in support of MAM.

5. MAM shall have a one-time, use it or lose it, right of first refusal ("ROFR") to purchase the property known as 1700-1710 Murray Avenue, Pittsburgh, PA 15217, and 1712-1714 Murray Avenue, Pittsburgh, PA 15217 (the "Property"). The ROFR shall contain reasonable and customary terms and conditions expected to be included in a commercially reasonable transaction containing ROFR provisions.

6. 29 Katz shall have a one-time, use it or lose it, ROFR to purchase the Lease. The ROFR shall contain reasonable and customary business terms accustomed to commercial transactions containing ROFR provisions.

7. 29 Katz agrees to cease and desist all discussions and cooperation with Murray Avenue Kosher, Inc. ("MAKI") and its principals and representatives.

8. MAM agrees to an amendment to paragraph 11 of the Lease substantially in the following form: The Lease cannot be sold or assigned without Landlord's consent, which consent will not be unreasonably withheld; conditioned, or delayed; except it shall be deemed on unreasonable denial if Landlord does not consent to a sale or assignment: (i) to a related MAM entity; or (ii) to an unrelated entity who has the same or better credit as MAM at the time of such sale or assignment [MAM AND 29 KATZ HAVE AGREED THAT AT THE CONCLUSION OF THE MEDIATION SUBPARAGRAPH (ii) OF THIS PARAGRAPH 8 REMAINS SUBJECT TO

2

REVIEW, NEGOTIATION, AGREEMENT AND APPROVAL. THE MEDIATION IS HELD OPEN ON THIS POINT AND IF 29 KATZ AND MAM CANNOT RESOLVE, THE MEDIATOR CAN ASSIST IN RESOLVIONG IF 29 KATZ AND MAM SO AGREE].

9. The Lease will be amended to include an additional 5-year renewal period ("Additional Renewal Period"), which Additional Renewal Period will terminate and be of no force and effect in the event of a sale or assignment of the Lease prior to the exercise of the Additional Renewal Period.

10. 29 Katz and MAM will agree to a robust mutual general release of all past and present claims or causes of action. Said mutual general release shall be negotiated between 29 Katz and MAM and shall contain reasonable and customary terms and conditions expected to be included in a commercially reasonable settlement agreement.

Final Agreement on the above terms and conditions are subject to (i) resolution of the issue identified in paragraph 8 above; and (ii) execution of a definitive settlement agreement.

[SIGNATURE PAGE TO FOLLOW]

AGREED TO AND ACCEPTED BY:

Date:_____   MURRAY AVE MARKET, LLC

            _____
            Yitzchok Glassner
            Principal

            _____
            Julius Rudolph
            Principal

            _____
            Yakov Shemtov
            Principal

            _____
            Kirk B. Burkley, Esq.
            kburkley@bernsteinlaw.com
            Counsel to Murray Ave Market, LLC

Date:_____   29 KATZ CREW, L.P.

            _____
            John Katz
            Principal

            *Michael A. Shiner*
            Michael A. Shiner
            mshiner@tuckerlaw.com
            Counsel to 29 Katz Crew, L.P.

# TERM SHEET

On April 15, 2026, the parties in the matter of *In re New Rite Aid, LLC* (Case No. 25-14861, Bankr. D.N.J.), *In re Lakehurst and Broadway Corporation* (Remaining Debtors) (Case No. 25-14831, Bankr. D.N.J.) (collectively "Bankruptcy Case") conducted an all-day mediation ("Mediation") with John M. Steiner acting as mediator ("Mediator").  Present at the mediation were 29 Katz Crew, LP, ("29 Katz") represented by Michael Shiner and Maribeth Thomas from Tucker Arensberg and Murray Ave Market, LLC, ("MAM") represented by Kirk Burkley from WH/Burkley.  Representatives appearing on behalf of 29 Katz was John Katz.  Representatives appearing on Behalf of MAM were Yitzchok Glassner, Julius Rudolph, and Yakov Shemtov.  The purpose of the Mediation was to resolve certain issues and disputes between 29 Katz and MAM in and relating to the assumption and assignment in the Bankruptcy Case of that certain lease by and between 1700 Murray Avenue, LLC (as successor in interest to Alex-Forbes and Murray, LP), and Rite Aid of Pennsylvania, Inc., dated August 19, 2003 (the "Lease") and related disputes and issues.  After a full day of mediation, 29 Katz and MAM, reached agreement on their issues and disputes under the following terms and conditions (all subject to the execution of a definitive settlement agreement mutually acceptable to 29 Katz and MAM):

1. Upon the receipt by MAM of the appropriate and necessary zoning and building permits, 29 Katz will permit, and MAM shall effectuate and early exercise of the next 5-year renewal option under the Lease.

2. Yitzchok Glassner and his spouse will provide for a period of 5 years a 9-month rolling joint and several personal guaranties to 29 Katz guarantying the obligations of MAM under the Lease.

1

3. 29 Katz will agree to a base rent abatement under the Lease for the months of May 2026, June 2026, and July 2026.

4. 29 Katz will fully cooperate with MAM with respect to the opening of the kosher market, including but not limited to, attending zoning and permit hearings in support of MAM.

5. MAM shall have a one-time, use it or lose it, right of first refusal ("ROFR") to purchase the property known as 1700-1710 Murray Avenue, Pittsburgh, PA 15217, and 1712-1714 Murray Avenue, Pittsburgh, PA 15217 (the "Property").  The ROFR shall contain reasonable and customary terms and conditions expected to be included in a commercially reasonable transaction containing ROFR provisions.

6. 29 Katz shall have a one-time, use it or lose it, ROFR to purchase the Lease.  The ROFR shall contain reasonable and customary business terms accustomed to commercial transactions containing ROFR provisions.

7. 29 Katz agrees to cease and desist all discussions and cooperation with Murray Avenue Kosher, Inc. ("MAKI") and its principals and representatives.

8. MAM agrees to an amendment to paragraph 11 of the Lease substantially in the following form:  The Lease cannot be sold or assigned without Landlord's consent, which consent will not be unreasonably withheld; conditioned, or delayed; except it shall be deemed on unreasonable denial if Landlord does not consent to a sale or assignment: (i) to a related MAM entity; or (ii) to an unrelated entity who has the same or better credit as MAM at the time of such sale or assignment [MAM AND 29 KATZ HAVE AGREED THAT AT THE CONCLUSION OF THE MEDIATION SUBPARAGRAPH (ii) OF THIS PARAGRAPH 8 REMAINS SUBJECT TO

2

REVIEW, NEGOTIATION, AGREEMENT AND APPROVAL.  THE MEDIATION IS HELD OPEN ON THIS POINT AND IF 29 KATZ AND MAM CANNOT RESOLVE, THE MEDIATOR CAN ASSIST IN RESOLVIONG IF 29 KATZ AND MAM SO AGREE].

9. The Lease will be amended to include an additional 5-year renewal period ("Additional Renewal Period"), which Additional Renewal Period will terminate and be of no force and effect in the event of a sale or assignment of the Lease prior to the exercise of the Additional Renewal Period.

10. 29 Katz and MAM will agree to a robust mutual general release of all past and present claims or causes of action.  Said mutual general release shall be negotiated between 29 Katz and MAM and shall contain reasonable and customary terms and conditions expected to be included in a commercially reasonable settlement agreement.

Final Agreement on the above terms and conditions are subject to (i) resolution of the issue identified in paragraph 8 above; and (ii) execution of a definitive settlement agreement.

[SIGNATURE PAGE TO FOLLOW]

AGREED TO AND ACCEPTED BY:

Date:_____4/20/2026_____

MURRAY AVE MARKET, LLC

_____
Yitzchok Glassner
Principal

_____
Julius Rudolph
Principal

_____
Yakov Shemtov
Principal

_____
Kirk B. Burkley, Esq.
kburkley@bernsteinlaw.com
Counsel to Murray Ave Market, LLC


Date:_____

29 KATZ CREW, L.P.


_____
John Katz
Principal


_____
Michael A. Shiner
mshiner@tuckerlaw.com
Counsel to 29 Katz Crew, L.P.

4