**MARSHELL LANDRUM**
15333 CULVER DRIVE 340
IRVINE, CA 92604
808-321-4931
marshelllandrum@gmail.com
IN PROPRIA PERSONA

FILED BANKRUPTCY NJB
2026 JUN 9 AM 8:06:52

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARSHELL LANDRUM, AS COURT-APPOINTED PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL W. LANDRUM SR., <br><br> Movant, <br><br> vs. <br><br> New Rite Aid, LLC <br><br> Respondent. | Case No. 25-14861 (JKS) <br><br> **REPLY TO LIQUIDATING TRUSTEE'S OBJECTION TO MOTION TO ENFORCE COURT ORDER, COMPEL ASSIGNMENT OF INSURANCE RIGHTS, AND FOR SANCTIONS** <br><br> Chapter: 11 <br> Judge: Michael B. Kaplan |

Marshell Landrum, as Court-Appointed Personal Representative of the Estate of Michael W. Landrum Sr., pro se, respectfully submits this Reply to the Liquidating Trustee's Objection [Docket No. 418] to Movant's Motion to Enforce Court Order, Compel Assignment of Insurance Rights, and for Sanctions.

**I. INTRODUCTION**

The Liquidating Trustee's Objection mischaracterizes both this Court's July 21, 2025 Order (Doc. 1511) (the "Limited Stay Relief Order") and the confirmed Plan. This Court granted Movant limited relief from the automatic stay specifically to allow her to seek assignment of insurance rights from the appropriate Trust. Despite this clear authorization, the Rite Aid Litigation Trust has failed to respond in any way to Movant's formal written request sent by certified mail on March 16, 2026.

Further, although this Court ordered Cole Schotz P.C. to produce a list of applicable insurance companies, and that list was provided, representatives of the Debtors' counsel (specifically from Felice Yudkin at Cole Schotz) have since instructed those insurers not to respond to Movant. This direct interference with rights granted by this Court warrants strong relief, including sanctions.

## II. PROCEDURAL BACKGROUND AND FACTS

1. On July 21, 2025, this Court entered the Limited Stay Relief Order (Doc. 1511) granting Movant limited relief from the automatic stay and expressly authorizing Movant to seek assignment of insurance rights from the Trust, subject to the confirmed Plan.

2. On March 16, 2026, Movant sent a formal written request for assignment of insurance rights to the Rite Aid Litigation Trust via certified mail, return receipt requested, to the addresses designated in the Plan and Trust documents. The Trust received the request but has failed to respond for over 75 days.

3. On April 19, 2026, Movant attempted to communicate professionally with Cole Schotz P.C. regarding the assignment process. Counsel responded with an email stating, among other things, "I suggest you stop sending stupid emails and file whatever you want!!!!" (Exhibit C to original Motion).

4. Movant has also submitted evidence that Cole Schotz P.C. contacted at least one insurer (Chubb) and instructed it not to communicate with Movant regarding the Estate's coverage rights.

## III. ARGUMENT

**A. The Trustee's Failure to Respond Violates the Spirit and Purpose of the Court's Order**

The Limited Stay Relief Order was not meaningless. This Court authorized Movant to seek assignment of insurance rights. A fundamental part of that authorization is the expectation that the Trust would respond to a formal request. The Trustee's complete silence for over two months is unreasonable and frustrates the relief this Court granted.

The Trustee cannot now use its Objection as a substitute for the written response that should have been provided months ago.

REPLY TO LIQUIDATING TRUSTEE'S OBJECTION TO MOTION TO ENFORCE COURT ORDER, COMPEL ASSIGNMENT OF INSURANCE RIGHTS, AND FOR SANCTIONS

2

**B. The Trustee Mischaracterizes the Scope of the Limited Stay Relief Order**

The Trustee argues that Movant's claim falls only under "Unassigned Insurance Policies." However, this Court's Order of July 21, 2025, would have no practical effect if it only permitted Movant to seek rights that the Trustee now claims do not exist or do not apply. The Order clearly contemplated that Movant may have viable rights to pursue through assignment.

Movant is not asking this Court to rule on coverage issues at this stage, only to enforce the process this Court already authorized: requiring the Trust to respond to the assignment request and, if the Plan permits, to execute the assignment.

**C. Movant Did Not Violate the Limited Stay Relief Order — She Followed It**

The Trustee's claim that Movant violated the Limited Stay Relief Order by contacting insurers is without merit. The Order specifically permitted Movant "to pursue any rights she may have against the Unassigned Insurance Policies **and to seek assignment of other insurance rights from the trust.**"

This Court ordered Cole Schotz to provide the list of insurers. Having received that list, Movant acted appropriately by contacting the carriers to pursue the very rights the Court authorized her to seek. The Trustee cannot now penalize Movant for taking the logical next step the Court enabled. Any suggestion otherwise is a mischaracterization of this Court's Order.

**D. Counsel's Conduct Warrants Judicial Review**

Movant does not seek sanctions lightly. However, the combination of:

- Complete non-response to a formal certified mail request,
- Abusive and dismissive communication from counsel ("stop sending stupid emails"), and
- Alleged direct interference with insurers (instructing Chubb not to respond),

justifies this Court ordering Cole Schotz P.C. to show cause why sanctions should not be imposed under the Court's inherent authority and/or 28 U.S.C. § 1927.

**D. Movant Is Entitled to Reasonable Costs**

Movant has been forced to incur additional expense and effort to enforce an Order this Court already entered. Reimbursement of reasonable costs is appropriate.

///

## IV. REQUESTED RELIEF

**WHEREFORE,** Movant respectfully requests that this Court:

1. Overrule the Liquidating Trustee's Objection;

2. Enforce the Court's July 21, 2025 Order (Doc. 1511);

3. Compel the Rite Aid Litigation Trust (or its successor) to file and serve a written response to Movant's March 16, 2026 request within fourteen (14) days of this Court's order;

4. Direct the Trust to execute an assignment of all applicable insurance rights to Movant consistent with the confirmed Plan and this Court's prior Order, or in the alternative, identify with particularity any specific Plan provision that prohibits such assignment;

5. Order Cole Schotz P.C. to show cause why sanctions should not be imposed;

6. Award Movant her reasonable costs incurred in bringing this Motion and Reply; and

7. Grant such other and further relief as the Court deems just and proper.

Movant further requests that the Court schedule this matter for hearing at the earliest convenient date.

Respectfully submitted,

Date: 6/4/2026

Marshell Landrum,

Plaintiff in Propria Persona

REPLY TO LIQUIDATING TRUSTEE'S OBJECTION TO MOTION TO ENFORCE COURT ORDER, COMPEL ASSIGNMENT OF INSURANCE RIGHTS, AND FOR SANCTIONS

4

# EXHIBIT A

 Gmail

## Notice of Electronically Filed Claim & Request for Insurance Information In re New Rite Aid, LLC, Case No. 25-14861

**Yudkin, Felice** <FYudkin@coleschotz.com>                                           Thu, Jul 31, 2025 at 9:02 AM
To: Marshell Landrum <marshelllandrum@gmail.com>
Cc: "DeSantis, Celine M." <celine.desantis@morganlewis.com>, "Goodchild, III, John C."
<john.goodchild@morganlewis.com>, "Aguilar, Sophia C." <sophia.aguilar@morganlewis.com>, "Ziegler, Matthew C."
<matthew.ziegler@morganlewis.com>, "Gocksch, Michael K." <michael.gocksch@morganlewis.com>, "Milliaressis, Andreas"
<AMilliaressis@coleschotz.com>, "Mitchell, Sean A" <smitchell@paulweiss.com>, "Esses, Joshua"
<jesses@paulweiss.com>, "Harris, Daniel" <DHarris@coleschotz.com>

Your threat of sanctions is ridiculous and there are simply no grounds to support a request for sanctions. Again, there is nothing in the Court's Order that imposes any obligation on the Debtors to produce documents or otherwise respond to your requests. Putting that aside, given that it seems that you are familiar with the plan, you would note that the Plan specifically defines the Unassigned Insurance Policies (definition is below). The claims that you allege in your complaint cover general liability, druggist liability and product liability. All of those policies constitute assigned policies which were assigned to the Trusts under the Plan and are no longer property of the Debtors.

211. "Unassigned Insurance Policies" means, each of, (a) the Property Insurance Policies, (b) the Casualty Insurance Policies, (c) the Cyber Insurance Policies, (d) any Insurance Policy reasonably necessary to operate the Reorganized Debtors' business (or any proceeds recovered in connection with the operation of the Reorganized Debtors' business), (e) any Insurance Policy issued to McKesson under which any Debtor is designated as an additional insured party, and (f) any Insurance Policy purchased to maintain the insurance covenant in any Exit Facilities Documents, the Exit 1.5 Lien Notes Documents, the Takeback Notes Documents, or documents necessary to effectuate any security interests agreed to be granted to McKesson in connection with the McKesson Settlement. For the avoidance of doubt, no Unassigned Insurance Policy or any insurance rights in an Unassigned Insurance Policy are being assigned to the Trust or to any other constituency. Furthermore, for the avoidance of doubt, nothing herein shall affect or impair the Assigned Claims or Assigned Insurance Rights or vice versa, except that (i) Assigned Insurance Rights and Assigned Claims shall not include McKesson Insurance Policies and (ii) any recoveries on McKesson Insurance Policies shall not be used to provide distributions under the Plan.

[Quoted text hidden]

**M Gmail**

Marshell Landrum <marshelllandrum@gmail.com>

## List of Insurance Policies

**Yudkin, Felice** <FYudkin@coleschotz.com>
To: Marshell Landrum <marshelllandrum@gmail.com>   Tue, Sep 2, 2025 at 1:56 PM

Marshell – Following up on the conference with the Court, below is the list of applicable insurance policies:

**CGL (including DL & Products)**

**Self-Insurance**

**SIR - $7M per occurrence (no aggregate)**

- Umbrellla Liability Chubb XEU G27939375 007 Marsh – NYC $15M Excess ($15M Med Mal) Lead Umbrella 10/15/22 10/15/23
- Umbrellla Liability QBE 140000794 Marsh - LON $10M x $15M 10/15/22 10/15/23
- Umbrellla Liability Axa XL US00113175LI22A Marsh - NYC $25M x $25M 10/15/22 10/15/23
- Umbrellla Liability Great American EXC 4457906 Marsh - NYC $25M x $50M 10/15/22 10/15/23
- Umbrellla Liability Sompo XSC30000549105 Marsh - NYC $12.5M part of $25M x $75M 10/15/22 10/15/23
- Umbrellla Liability Arcadian ARCGL009152022 Marsh - BDA $12.5M part of $25M x $75M 10/15/22 10/15/23
- Umbrellla Liability CNA 7017852135 Marsh - NYC $25M x $100M 10/15/22 10/15/23
- Umbrellla Liability Starr 1000041076221 Marsh - NYC $25M x $125M 10/15/22 10/15/23
- Umbrellla Liability Liberty Mutual ECO(23)60775670 Marsh - NYC $25M part of $50M x $150M 10/15/22 10/15/23
- Umbrellla Liability Axa XL US00113205LI22A Marsh - NYC $25M part of $50M x $150M 10/15/22 10/15/23
- Umbrellla Liability AIG 25905366 Marsh - NYC $25M x $200M 10/15/22 10/15/23
- Umbrellla Liability Chubb Bermuda RAC-0273/MXS Marsh - BDA $25M x $225M 10/15/22 10/15/23

# 🍀 COLE SCHOTZ P.C.

**FELICE YUDKIN**
**MEMBER**

**OFFICE**   201.525.6261
**CELL**       201.315.8951
**EMAIL**    fyudkin@coleschotz.com

Court Plaza North | 25 Main Street | Hackensack, NJ 07601

**NEW JERSEY  NEW YORK  DELAWARE  MARYLAND  TEXAS  FLORIDA  WASHINGTON, D.C.**
**VCARD | BIO | COLESCHOTZ.COM**

Legal Practice Assistant: Caroline De Courcey | 201.489.3000 x 5020 | CDeCourcey@coleschotz.com

* * * * * *

This e-mail message from Cole Schotz P.C. is private and may contain privileged information. If you are not the intended recipient, please do not read, copy or use it or disclose it to others. If you have received this message in error, please

notify the sender immediately by replying to this message and then delete it from your system.

 Gmail

Marshell Landrum <marshelllandrum@gmail.com>

---

## Rite Aid XEU G27939375 007

**Marshell Landrum** <marshelllandrum@gmail.com>
To: david.ahn@chubb.com

Thu, Dec 11, 2025 at 12:44 PM

David,

See attached final order from the bankruptcy judge. Please move forward with my claim as soon as possible. My direct phone number is 808-321-4931.

📄 MOTION FINAL RESULT.pdf
635K