

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**U.S. COURTHOUSE**
**402 E. STATE STREET**
**TRENTON, NEW JERSEY 08608**

**Hon. Michael B. Kaplan**                                          **609-858-9360**
**Judge, United States Bankruptcy Court**

June 11, 2026

*All Interested Parties via CM/ECF*

Re:     **In re: LAKEHURST AND BROADWAY CORPORATION, et al., Wind-Down Debtors,** Case No. 25-14831 (MBK)

Dear Counsel and all Parties in Interest:

This matter comes before the Court on the Motion (Doc. No. 390) filed by Marshell Landrum, as personal representative of the estate of Michael W. Landrum ("Movant"), seeking three forms of relief: (1) enforcement of this Court's Limited Stay Relief Order dated July 21, 2025; (2) compelled assignment of insurance rights from the Litigation Trust; and (3) sanctions against Cole Schotz P.C., counsel to the Liquidating Trustee and Wind-Down Debtors.

The Court has reviewed the Motion, the Response filed by the Rite Aid Sub-Trust B (Doc. No. 417), the Objection filed by the Liquidating Trustee (Doc. No. 418), and Movant's Reply (Doc. No. 430). For the reasons set forth below, the Motion is **DENIED** in its entirety.

1

## I.     Jurisdiction

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, and June 6, 2025, referring all bankruptcy cases to the bankruptcy court. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) & (O). Venue is proper under 28 U.S.C. § 1408. The following constitutes the Court's findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052.[1]

## II.     Background and Procedural History

The factual background and procedural history of the matter are well known to the parties. However, the Court briefly recounts the procedural posture, which is both important and—unfortunately—the source of Movant's fundamental confusion throughout this proceeding. On October 15, 2023, Rite Aid Corporation and certain subsidiaries ("Debtors") filed for Chapter 11 protection in this District. Those bankruptcies, which were jointly administered under a lead case, *In re Rite Aid Corp.*, Case No. 23-18993, resulted in a confirmed plan of reorganization (the "2023 Rite Aid Plan" or "Plan") which became effective on August 30, 2024. Under that Plan, the Debtors' insurance rights were divided into two categories:

- **Assigned Insurance Rights** — broadly defined to include rights under commercial general liability policies, products liability policies, and similar coverage — which were transferred to the Litigation Trust (the "2023 Trust") and further assigned to Sub-Trust B, created specifically to pursue and monetize these rights for the benefit of thousands of tort claimants.

---

[1] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact they too are adopted as such.

- **Unassigned Insurance Rights** — a distinct category covering property, casualty, cyber, and certain operational policies — which were *not* transferred to the 2023 Trust and remained with the reorganized entities.

Rite Aid filed for bankruptcy a second time on May 5, 2025, resulting in the current Chapter 11 Cases, which were formerly administered under lead case *In re New Rite Aid, LLC,* Case No. 25-14861, and are presently administered under *In re Lakehurst and Broadway Corporation*, Case No. 25-14831. On June 9, 2025, Movant filed an Emergency Motion for Relief from the Automatic Stay to pursue wrongful death claims relating to her father's death, which she alleges was caused by the Debtors' conduct in dispensing Promethazine. On July 21, 2025, this Court entered its "Limited Stay Relief Order" (Doc. No. 1511 in Case No. 25-14861), which granted Movant *limited* relief for two specific purposes:

1. To pursue any rights Movant may have against the Unassigned Insurance Policies under the 2023 Rite Aid Plan; and

2. To **seek** assignment of other insurance rights from the 2023 Trust, **subject to the provisions of the confirmed 2023 Rite Aid Plan**. (emphasis added).

The 2025 New Rite Aid Plan became effective on December 31, 2025, and established the RAD Liquidating Trust under Eric Kaup as Liquidating Trustee, with Cole Schotz as counsel.

### III.   Discussion

#### A.   The Motion to Enforce the Limited Stay Relief Order is Denied

The threshold problem with the Motion is that it rests on a fundamental misreading of what this Court actually ordered on July 21, 2025. Movant appears to believe that the Limited Stay Relief Order entitled Movant to *receive* an assignment of insurance rights—that it was an affirmative grant of those rights. That is incorrect. The Order authorized Movant to **seek** an assignment from the 2023

3

Trust, expressly subject to the terms of the 2023 Rite Aid Plan. The distinction is not technical. It is the entire substance of what was ordered. Critically, the Court did **not** order any party—not the Liquidating Trustee, not Cole Schotz, not Sub-Trust B—to assign anything to Movant. There is therefore no order to "enforce." The predicate of the Motion fails.

Furthermore, Movant's correspondence was directed to addresses that have no connection to the entities alleged to have acted in violation of a court order. Sub-Trust B has represented, and the Court accepts, that letters were sent to Kurtzman Carson Consultants LLC and a Brooklyn, New York address — neither of which is the address of Sub-Trust B, the Litigation Trust, or any of the sub-trusts. Sub-Trust B was unaware of Movant's outreach until the filing of this Motion. That is not noncompliance with a court order; that is misdirected correspondence.
The Motion to Enforce is therefore **DENIED**.

### B.   The Request to Compel Assignment of Insurance Rights is Denied

Even if the Court were to construe the Motion as a fresh request for assignment—rather than an enforcement motion—it would still fail. The 2023 Rite Aid Plan and Confirmation Order vest Sub-Trust B with discretionary authority, not a mandatory obligation, to assign Assigned Insurance Rights to individual tort claimants. The Confirmation Order expressly provides that Sub-Trust B has "the power to assign and/or transfer Assigned Insurance Rights for Tort Claims to Holders of Allowed Tort Claims, *subject to reasonable restrictions so as not to interfere with, increase costs to, or impede the efforts of, the Litigation Trust*." *2023 Rite Aid Plan* (*Ex. A to Confirmation Order* at 61), Art. IV.E.3(a), Doc No. 4532 in Case No. 23-18993 (emphasis added).

The Sub-Trust B Agreement further provides that the Trustee must "exercise reasonable business judgment and liquidate the Sub-Trust B Assets to maximize net recoveries to the Sub-Trust B Beneficiaries" in an "expeditious but orderly manner." *Sub-Trust B Trust Agreement* (*Ex. I-4 to Eleventh Amended Plan Supplement* at 1070), Art. I(1.5)(a), Doc. No. 4793 in Case No. 23-18993.

4

Sub-Trust B has represented that it has exercised that business judgment and concluded that the most efficient and equitable approach is to pursue a single, consolidated action against the Debtors' insurers on behalf of thousands of opioid and other tort claimants. This Court has no basis to second-guess that determination and compelling an individual assignment would directly contradict the Plan's structure and Sub-Trust B's fiduciary obligations.

The Court is persuaded by Sub-Trust B's argument on this point. Permitting individual claimants to carve out separate actions against the same pool of insurance proceeds could:

- Create a race to the courthouse among similarly situated claimants;
- Cause unequal distribution of finite insurance proceeds to the detriment of other beneficiaries;
- Impose additional costs and delays on Sub-Trust B's consolidated effort; and
- Complicate or preclude global resolution with insurers.

These are precisely the harms that bankruptcy law and mass tort trust structures are designed to prevent. As the Supreme Court has recognized across multiple contexts, equality of distribution among creditors is a central policy of the Bankruptcy Code. *See, e.g.*, *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 655, 126 S. Ct. 2105, 2109, 165 L. Ed. 2d 110 (2006). Movant's claim is a "Tort Claim" under the 2023 Rite Aid Plan. The sole avenue of recovery is through the Litigation Trust Assets. The Confirmation Order is explicit: "any recovery for any such Tort Claim against the Debtors . . . shall be limited to the Litigation Trust Assets and shall in no circumstances extend to the Reorganized Debtors or the Wind Down Debtors." *2023 Confirmation Order* ¶ 23, Doc No. 4532 in Case No. 23-18993. The request to compel assignment is therefore **DENIED**.

### C. The Request for Sanctions Against Cole Schotz is Denied

Movant seeks sanctions against the law firm, Cole Schotz on the ground that counsel acted in "bad faith, vexatiously, wantonly, or for oppressive reasons," citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). The Court finds no basis whatsoever for sanctions here. *Chambers* sanctions are reserved for conduct that is genuinely abusive of the judicial process.

What the record shows is precisely the opposite: Cole Schotz, on multiple occasions—both informally and in filings before this Court—patiently explained to Movant the scope of her potential recovery, the distinction between Assigned and Unassigned Insurance Rights, the inapplicability of the Unassigned Insurance Policies to the asserted tort claim, and the appropriate entity to contact regarding the Assigned Insurance Rights.

When Movant continued to direct demands directly to Chubb Insurance and other insurers for relief that falls outside the Limited Stay Relief Order—conduct that itself was in tension with that Order—Cole Schotz issued a cease-and-desist demand. That is not sanctionable conduct. It is responsible lawyering in defense of a client whose rights were being circumvented. If anything, the record suggests that it has been Movant's repeated misdirected correspondence and demands that have strained the bounds of the Limited Stay Relief Order—not counsel's response to it. The request for sanctions is **DENIED**.

### IV.    Conclusion

For all of the foregoing reasons, Marshell Landrum's Motion to Enforce Court Order, Compel Assignment of Insurance Rights, and for Sanctions is **DENIED** in its entirety.

The Court notes, with some sympathy, that Movant has been navigating a complex and layered bankruptcy proceeding, while apparently proceeding without counsel experienced in this area. The Court urges Movant to engage with Sub-Trust B directly, at the proper address, and to work within the framework established by the 2023 Rite Aid Plan if she wishes to pursue her claim. That framework exists precisely to ensure that claimants like her receive fair treatment alongside similarly situated tort claimants. Counsel for Sub-Trust B and the Liquidating Trustee are directed to submit a form of order consistent with this ruling within **seven (7) days**.

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Cc:  Filed on CM/ECF