**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

**STARK & STARK, PC**
Thomas S. Onder, Esq.
100 American Metro Blvd.
Hamilton, NJ 08619
Telephone (609) 219-7458
tonder@stark-stark.com
*Counsel to Creditor- SADG-1, Limited Partnership*

In re:

LAKEHURST AND BROADWAY
CORPORATION,

Debtor[1].

Case No. 25-14831 (MBK)

Chapter 11

(Jointly Administered)

Ref: 411 and 412

Hearing Date: June 30, 2026 at 10:00 am.

## CREDITOR, SADG-1, LIMITED PARTNERSHIP'S RESPONSE TO OBJECTION TO THEIR ADMNISTRATIVE EXPENSE CLAIM

SADG-1, Limited Partnership (the "Claimant") by and through its counsel, Stark & Stark, P.C. files this response to the Debtor's motion (the "Motion") objecting to their filed administrative expense claim #1602 in the amount of **$13,884.38**, plus additional attorney's fees and costs (the "Administrative Expense Claim") [Docket Nos. 411 and 412]. Claimant respectfully requests that this Court allow its Administrative Expense Claim and compel the Debtor to make payment immediately.

---

[1]     On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order on Final Decree"). The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK). Except as otherwise provided herein, references to the "Docket" in shall refer to the docket in the formerly jointly administered cases captioned In re New Rite Aid, LLC, Case No. 25-14861 (MBK).



## BACKGROUND

1.   On or about May 5, 2025, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

2.   On February 18, 1997, one of Debtors' entities, Rite Aid of Pennsylvania, LLC entered into a lease (the "Lease") for premises located at 102 North Main Street, Pittston, Pennsylvania 18640-2166 (the "Premises").

3.   The Premises were part of a "shopping center" as that term is referred to in Bankruptcy Code §365(b)(3).  As such, Landlords are entitled to the protections of that section for the Premises.

4.   Prior to this case, on or about October 15, 2023, Debtor filed its first Chapter 11 bankruptcy petition, known as docket # 23-18993.

5.   On or about November 1, 2023, Debtor and Claimant entered into an amendment to the Lease (the "Amendment"), which among other things revised the term.  See a true and correct copy of the Amendment as Exhibit "A".  Hereinafter, the Lease and Amendment shall be collectively referred to as the "Lease".

6.   Debtor rejected the Lease in the matter at bar as of July 31, 2025.   See a true and correct copy of the 18th Notice of Rejection, see page 15 of 24 [Docket # 1575] as Exhibit "B".

7.   Claimant filed its claims on or about July 29, 2025, including its Administrative Expense Claim. See a true and correct copy of the Administrative Expense Claim as Exhibit "C".

8.   After further review, Claimant's tax bills for 2025 from the county were $10,530.57.  Of this amount, $2,538.87 should be allowed as an administrative expense claim for the 88 days of



4912-7725-0997, v. 4

post-petition, pre-rejection rent provided under the Lease. from May 5 to May 31, 2025.  See a true and correct copy of the unpaid tax bills for 2025 as Exhibit "D".

9.  Claimant's Administrative Expense Claim should be allowed in the amount of amount of **$2,538.87** and paid immediately under the Bankruptcy Code.

## **REPLY TO OBJECTIONS**

10. Section 502 of the Bankruptcy Code sets forth procedures to govern the allowance or disallowance of a "claim or interest" in a bankruptcy case.

11. Section 502(a) provides that a claim or interest, proof of which is filed with the court, "is deemed allowed," unless a party in interest objects.

12. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Thus, any party objecting to the claim has the burden of introducing sufficient evidence to rebut the presumption of validity. *See generally* Collier on Bankruptcy ¶ 3001.09[2] (16th ed. 2025).

13. Here, Landlord asserts that it is still owed rent from the Petition Date of May 5, 2025 through the Rejection Date of June 30, 2025, as Debtor incurred **$2,538.87** unpaid taxes as noted in Exhibit "D.

14. Landlord requests that the Court allow its Administrative Expense Claim in the amount of **$2,538.87** and direct the Debtor to pay the same immediately.



4912-7725-0997, v. 4

## RESERVATION OF RIGHTS

15.     To the extent consistent with the reply expressed herein, Landlord reserves all rights to

make further and/or future objections.

Respectfully submitted,

Dated: June 22, 2026                               **STARK & STARK, P.C.**

By: */s/ Thomas S. Onder*
Thomas S. Onder, Esq.
Joseph H. Lemkin, Esq.
100 American Metro Blvd.
Hamilton, NJ08619
Telephone (Direct): 609-219-7458
Telephone (Main): 609-896-9060
Facsimile: 609-895-7395
Email: tonder@stark-stark.com



4912-7725-0997, v. 4

# EXHIBIT A

Rite Aid Store No. 1371

## AMENDMENT TO LEASE

**THIS AMENDMENT TO LEASE** (this "*Amendment*") is made effective November 1, 2023 (the "*Effective Date*") by and between SADG-1 Limited Partnership, a Pennsylvania limited partnership ("*Landlord*"), and RITE AID OF PENNSYLVANIA, LLC, a Pennsylvania limited liability company ("*Tenant*," and together with the Landlord, the "*Parties*" and each, a "*Party*").

## RECITALS

**WHEREAS**, Landlord and Tenant are parties to that certain lease agreement dated February 18, 1997 (as amended from time to time thereafter, the "*Lease*"), with respect to that certain premises located at 102 North Main Street Pittston, Pennsylvania 18640-2166, which premises is defined and more particularly described in the Lease (the "*Premises*");

**WHEREAS**, on October 15, 2023, Tenant and certain of its debtor affiliates (collectively, the "*Debtors*") commenced a case (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "*Bankruptcy Code*") which is now pending in the United States Bankruptcy Court for the District of New Jersey (the "*Bankruptcy Court*"). The Chapter 11 Cases are being jointly administered under Case Number 23-18993; and

**WHEREAS**, Landlord and Tenant desire to modify certain terms and conditions of the Lease, effective as of the Restructuring Effective Date (as hereinafter defined), as amended by this Amendment.

**NOW, THEREFORE**, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and confessed, Landlord and Tenant hereby agree as follows:

## AGREEMENT

1.      Capitalized Terms. Capitalized terms used and not otherwise defined herein shall have the respective meaning assigned to such terms in the Lease.

2.      Recitals Correct. The parties acknowledge and agree that the recitals stated above are true and correct, are being relied upon by the parties in entering into this Agreement, and each and every one of the above recitals is incorporated herein as if fully set forth at length.

3.      Effective Date. This Amendment, and each of its amendments, modifications, and waivers with respect to the Lease as set forth herein, shall be effective on the date that the Lease is assumed or assigned in the Chapter 11 Cases, whether pursuant to (a) procedures approved by the Bankruptcy Court or (b) entry of an order by the Bankruptcy Court approving the assumption or assignment of the Lease, including pursuant to or in connection with a sale of Tenant's assets pursuant to Section 363 of the Bankruptcy Code, confirmation of Tenant's chapter 11 plan of reorganization in the Chapter 11 Cases, or a stand-alone motion for assumption or assignment of the Lease (in each case, the "*Restructuring Effective Date*"); *provided, however*, that Tenant shall obtain the benefit of this Amendment, except as otherwise provided herein, and this Amendment shall be binding on Landlord, beginning on the Effective Date hereof. In the event the Restructuring Effective Date does not occur, or the Lease is rejected in accordance with the Bankruptcy Code, this Amendment shall be null and void in all respects, and nothing in this Amendment shall give rise to any claim, causes of action, or damages (compensatory or consequential) against either Party. Nothing contained in this Amendment is intended to be or shall be construed as or deemed an assumption or an assignment of the Lease, as amended hereby, or any contract or document related thereto under section 365 of the Bankruptcy Code. Prior to the Restructuring Effective Date, Tenant expressly

1

reserves its right, in its sole and absolute discretion, to assume, reject, or assign the Lease pursuant to section 365 of the Bankruptcy Code.

4. <u>Lease Modification</u>.

(a) <u>Rent</u>.   Landlord and Tenant hereby agree that, from and after the Effective Date and through the remainder of the Current Base Term that expires November 23, 2032, Tenant shall only be obligated to pay rent (exclusive of any percentage rent, common area maintenance charges, taxes, and insurance premiums and all other additional rent payable directly to the Landlord) in the amount of $190,000.00 per annum ("***Base Rent***"), payable on the first (1st) day of each month in equal installments of $15,833.33. Nothing set forth in this Amendment shall modify Tenant's obligation to pay Additional Rent as set forth in the Lease.  In the event that, upon the Restructuring Effective Date, Tenant has paid rent in excess of the amount herein specified for the period specified above, then Tenant shall be entitled to offset such excess amounts against the next installment(s) of Base Rent coming due under the Lease until such time as such excess amounts have been recouped in full by Tenant.

(b) <u>Landlord Waiver of Claims</u>.  Landlord hereby waives, releases, and discharges Tenant and all of its affiliated companies, the Debtors (as defined in the Chapter 11 Cases), and their bankruptcy estates, and their respective successors and assigns, from any and all claims, damages, obligations, liabilities, actions, and causes of action of every kind and nature whatsoever it may have for any cure payments or other amounts due and owing under the Lease, or that otherwise arose under or in connection with the Lease, through and including the date hereof, including but not limited to claims for so-called "stub rent," (whether or not asserted as administrative priority claims pursuant to Section 503(b) of the Bankruptcy Code) whether known or unknown, liquidated or unliquidated, fixed or contingent, matured or unmatured, now existing or hereafter arising, including any claims and causes of action for damages, payments, or amounts owing or that may become owing pursuant to section 365(b) of the Bankruptcy Code. Notwithstanding the above language in this paragraph, this waiver shall not release any claims related to any personal injury and/or environmental claims.

(c) <u>Tenant Waiver of Claims</u>. Tenant hereby waives, releases, and discharges Landlord and all of its affiliated companies and their successors and assigns, from any and all claims, damages, obligations, liabilities, actions and causes of action of every kind and nature whatsoever it may have or that arose under in or in connection with the Lease, arising prior to the Effective Date, whether known or unknown, liquidated or unliquidated, fixed or contingent, matured or unmatured.

(d) <u>Attorneys' Fees</u>. Landlord further acknowledges and agrees that, notwithstanding anything to the contrary in the Lease, Landlord shall not be entitled to receive from Tenant or its affiliates (or charge as rent due from Tenant or its affiliates) any attorneys' fees incurred by Landlord in connection with this Amendment. For the sake of clarity, this provision applies only to this Amendment, and Article 23 of the Lease shall otherwise continue to govern the payment of attorneys' fees in connection with the Lease, including any subsequent bankruptcy case, pursuant to Bankruptcy Code 365.

5. <u>No Default and Waiver of Charges</u>.  Landlord acknowledges and affirms that as of the Effective Date, Tenant is not in default under any of the terms, conditions, or provisions of the Lease, and that there exist no events or circumstances which, with the passage of time or the giving of notice or both, constitutes a default under the Lease (including, without limitation, any failure of Tenant to meet its obligations to continuously operate in the Premises). Landlord further acknowledges and agrees that as of the Effective Date, Landlord has no knowledge of any offsets, claims, or defenses against Tenant with respect to any obligation or duty of Tenant arising pursuant to the Lease. To the extent that any notices of default or non-payment have been delivered to Tenant, all such notices are hereby waived and of no further

Rite Aid Store No. 1371

force or effect. No default interest, late fees, charges, surcharges, or other fees shall be due, and all such interest, late fees, charges, surcharges, or other fees are waived and shall not apply.

6. <u>Authority</u>. Each Party represents and warrants that it has the authority and power to enter into this Amendment and that this Amendment constitutes a legal, valid and binding obligation of that Party.

7. <u>Notices.</u>

(a) Notwithstanding anything to the contrary contained in the Lease, any notices required or permitted to be sent to Tenant under the Lease shall be sent by nationally recognized overnight courier or United States certified mail, return receipt requested, addressed as follows:

If by Certified Mail:
RITE AID OF PENNSYLVANIA, LLC
P.O. Box 3165
Harrisburg PA 17105
Attn: Legal Department

If by Overnight Courier:
RITE AID OF PENNSYLVANIA, LLC
200 Newberry Commons
Etters PA 17319
Attn: Legal Department

(b) Notwithstanding anything to the contrary contained in the Lease any notices required or permitted to be sent to Landlord under the Lease shall be sent by nationally recognized overnight courier or United States certified mail, return receipt requested, addressed as follows and with copies sent at the same time by email to the email addresses set forth below:

| | |
|---|---|
| Name: | SADG-1, Limited Partnership |
| Address: | 100 Colliery Road |
| | Dickinson City, PA 18519 |
| Email: | mark@scandaleassociated.com |
| | ladidiane@comcast.net |
| | gregscan@gmail.com |
| | tonder@stark-stark.com |
| | ereilly@bvrrlaw.com |
| Telephone: | 570-383-0259 |

With a copy to:
If by Overnight Courier
Thomas S. Onder
Stark & Stark- Attorneys At Law
100 American Metro Blvd.
Hamilton, NJ 08619
Telephone: (609) 219-7458

And

Eileen A. Reilly, Esquire

3

BURKE VULLO REILLY ROBERTS
1460 Wyoming Avenue
Forty Fort, PA 18704
Telephone (570) 288-6441
Fax (570) 288-4598
If by Certified Mail:
Thomas S. Onder, Esq.
Stark & Stark-Attorneys At Law
PO Box 5315
Princeton, NJ 08543

AND

Eileen A. Reilly, Esquire
BURKE VULLO REILLY ROBERTS
1460 Wyoming Avenue
Forty Fort, PA 18704

All notices sent by nationally recognized courier shall be effective the following business day, all notices sent by certified mail, return receipt requested shall be effective five calendar days after the date mailed, if mailed from a post office with proof of mailing, or, if not so mailed upon receipt.

8.     Miscellaneous.

(a)     Landlord and Tenant each hereby represents that it has dealt with no party or broker in connection with this Amendment [except for A&G Real Estate Partners ("*Tenant's Broker*") and REF Advisory INC ("*Landlord's Advisor*"). Landlord shall be solely responsible for the fee of Landlord's Advisor. Any and all fees that may be due to Tenant's Broker shall be paid by Tenant pursuant to a separate agreement]. Insofar as each Party knows, no other broker negotiated this Amendment or is entitled to any commission in connection therewith. Landlord and Tenant each agrees to indemnify, defend and hold the other harmless from and against any and all claims, loss, cost and damages (including reasonable attorney fees and court costs) suffered or incurred by the representing Party as a result of a breach of this representation.

(b)     This Amendment may be executed in counterparts, each of which shall constitute an original, and which together shall constitute one and the same agreement. This Amendment may be executed or delivered by electronic or facsimile means, and copies of executed signature pages stored electronically in portable document format (.pdf) shall be binding as originals. Neither Party shall record this Amendment without the express prior written consent of the other Party.

(c)     Subject to the other terms of this Amendment, each of Landlord and Tenant agree to execute and deliver such other instruments and perform such other acts, in addition to the matters herein specified, as may be reasonably necessary, from time to time, to effectuate the modifications, waivers and amendments contemplated by this Amendment.

(d)     This Amendment, and all covenants contained herein, shall be binding and inure to the benefit of the Parties and their respective successors, assigns, heirs, executors, administrators, and representatives.

4

Rite Aid Store No. 1371

(e)      The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect.

(f)      Except as modified as set forth in this Amendment, all of the terms and provisions of the Lease remain unchanged and in full force and effect and Landlord and Tenant hereby ratify and confirm same.   Landlord and Tenant acknowledge and agree that the Lease, as modified by this Amendment, sets forth the entire agreement between Landlord and Tenant and there are no other agreements, understandings, undertakings, representations, or warranties among the Parties with respect to the subject matter hereof except as set forth herein.  In case of any conflict between the terms and provisions of the Lease and the terms and provisions of this Amendment, the terms and provisions of this Amendment shall control.

(g)      Rite Aid Corporation, the Lease Guarantor, shall affirm its corporate guaranty of the subject lease and including this Lease Amendment.

*[signature pages follow]*

5

**IN WITNESS WHEREOF**, the Parties hereto have executed this Amendment effective as of the Effective Date.

**LANDLORD:**

SADG-1 LIMITED PARTNERS,
A Pennsylvannia limited partenrship

By: SADG-1, Inc.,
Its Corporate General Partner

By: _____
Name: John W. Pardue
Title: President

**TENANT:**

RITE AID OF PENNSYLVANIA, LLC

By: _____
Name:  Lisa M. Winnick
Title:  Vice President

**GUARANTOR:**

RITE AID CORPORATION

By: _____
Name:
Title:

# EXHIBIT B

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel to the Debtors and
Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**EIGHTEENTH NOTICE OF REJECTION OF
CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON <u>SCHEDULE 1</u> ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY**

---

1   The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**PLEASE TAKE NOTICE** that on June 9, 2025, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered a final order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") (i) authorizing and approving procedures to reject executory contracts and unexpired leases and (ii) granting related relief [Docket No. 776] (the "Final Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Procedures Order and by this this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 1** annexed to the proposed form of order attached hereto as **Exhibit 1** is hereby rejected effective as of the date (the "Rejection Date") set forth on **Schedule 1**, or such other date to which the Debtors and the counterparty or counterparties to any such Contract agree. For unexpired leases, the rejection effective date shall be the later of (a) the proposed effective date set forth on the Rejection Notice; and (b) the date the Debtors relinquish control of the premises by (1) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord or (2) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but that the landlord may rekey the leased premises.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than ten (10) calendar days after the date that the Debtors file and served this Notice: (a) the Debtors, New Rite Aid, LLC, 200 Newberry Commons, Etters, Pennsylvania

---

2   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

17319; (b) co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice Yudkin (fyudkin@coleschotz.com), and Seth Van Aalten, Esq. (svanaalten@coleschotz.com), and Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 6th Avenue, New York, NY 10019, Attn: Andrew N. Rosenberg (arosenberg@paulweiss.com), Alice Belisle Eaton (aeaton@paulweiss.com), Christopher Hopkins (chopkins@paulweiss.com), and Sean A. Mitchell (smitchell@paulweiss.com); (c) counsel to the Prepetition ABL Agent and DIP Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola (jventola@choate.com), Jonathan D. Marshall (jmarshall@choate.com), and Mark D. Silva (msilva@choate.com) and Greenberg Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park, NJ 07932, Attn: Alan J. Brody (brodya@gtlaw.com) and Julia Frost-Davies (julia.frostdavies@gtlaw.com); (d) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie (lauren.bielskie@usdoj.gov); (e) counsel to the applicable Contract counterparty; (f) proposed co-counsel to the Committee, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn: Brett H. Miller (bmiller@willkie.com), Todd M. Goren (tgoren@willkie.com), James H. Burbage (jburbage@willkie.come), and Jessica D. Graber (jgraber@willkie.com) and Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew S. Sherman (asherman@sillscummis.com), Boris Mankovetskiy (bmankovetskiy@sillscummis.com), and Gregory Kopacz (gkopacz@sillscummis.com); and (g) counsel to McKesson Corporation, Sidley Austin LLP, 350 South Grant Avenue, Los Angeles, CA 90071, Attn: Anna Gumport (agumport@sidley.com), and Buchalter, A Professional

Corporation, 18400 Von Karman Avenue, Suite 800 Irvine, California 92612, Attn: Jeffrey K.

Garfinkle (jgarfinkle@buchalter.com).

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the

Debtors shall file a Rejection Order under a certificate of no objection. The rejection of each

Contract listed in this Rejection Notice shall become effective on the applicable Rejection Date

set forth on **Schedule 1** or such other date to which the Debtors and the counterparty or

counterparties to such Contract agree.[3]

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract

is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider

the objection for the Contract or Contracts to which such objection relates. If such objection is

overruled or withdrawn, such Contract will only be deemed rejected upon entry by the Court of a

consensual form of Rejection Order resolving the objection as between the objecting party and the

Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of

the Court and shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice

or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as

ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Final Procedures

Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or

other arrangement, the Contract counterparty may not set off or recoup or otherwise use such

---

[3] An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice. Any objection to the rejection of any particular Contract listed in this Rejection must state with specificity the Contract to which it is directed. For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Final Procedures Order.

monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any Personal Property of the Debtors that is listed and described on **Schedule 1** shall be deemed abandoned as of the Rejection Date. With respect to unexpired leases, on the Rejection Date landlords may, in their sole discretion and without further notice or order of the Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay will be modified to allow such disposition.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so on or before the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and, (b) thirty (30) calendar days after the later of (A) the date of entry of the Rejection Order approving rejection of the applicable Contract, and (B) the Rejection Date. IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

Dated:  July 25, 2025

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel to the Debtors and
Debtors in Possession*

**Exhibit 1**

**Proposed Rejection Order**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| In re:<br><br>NEW RITE AID, LLC, *et al.*,<br><br>Debtors. [1] | Chapter 11<br><br>Case No. 25-14861 (MBK)<br><br>(Jointly Administered) |

## EIGHTEENTH ORDER APPROVING THE REJECTION
## OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED
## LEASES AND THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY, IF ANY

The relief set forth on the following pages, numbered three (3) through five (5), is

**ORDERED**.

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com


-and-

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com


*Co-Counsel to the Debtors and
Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al.* |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Eighteenth Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

Upon the *Final Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No.776] (the "Final Procedures Order")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a Rejection Notice on each applicable party as set forth in the Rejection Schedule, attached hereto as **Schedule 1**, in accordance with the terms of the Final Procedures Order; and no timely objections having been filed to the Rejection of such Contracts; and due and proper notice of the Final Procedures Order and the Rejection Notice having been provided to each applicable Rejection Counterparty as set forth in the Rejection Schedule and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Contracts listed on the Rejection Schedule attached hereto as **Schedule 1** are rejected under section 365 of the Bankruptcy Code effective as of the later of the Rejection Date listed on **Schedule 1** or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided*, that the Rejection Date for a rejection of a lease of nonresidential real property

---

[1]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Final Procedures Order.

(Page | 4)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Eighteenth Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

shall not occur until the later of (i) the Rejection Date set forth on **Schedule 1** and (ii) the date the Debtors relinquish control of the premises by (A) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

2.    The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' Personal Property that may be located on the Debtors' leased premises that are subject to a rejected Contract; *provided*, *however*, that nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under the applicable law from any of the Debtors' leased premises, to the extent the Debtors seek to abandon Personal Property that contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors shall remove the PII from such Personal Property before abandonment, and (iii) the Debtors shall not abandon any medications or medicines. The property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. For the avoidance of doubt, and absent any sustained objection as it relates to property at a particular premises, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without notice or liability

(Page | 5)

| | |
|---|---|
| Debtors: | NEW RITE AID, LLC, *et al*. |
| Case No. | 25-14861 (MBK) |
| Caption of Order: | Eighteenth Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

3.     Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty (30) calendar days after the later of (a) the date of entry of this Order approving rejection of the applicable Contract, and (b) the Rejection Date. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

4.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order and the rejection without further order from this Court.

5.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Schedule 1**

**Rejected Contracts[1, 2]**

| # | Non-Debtor Counterparty | Counterparty Address | Contract Description | Debtor Party | Store # | Location Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|---|---|
| 1 | RUI LING LU | 284 AVENUE P, BROOKLYN, NY 11204 | Unexpired Ground Lease | MAXI GREEN, INC. | 10309A | 12 NORTH MAIN STREET, RANDOLPH, VT, 05060 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 2 | RULLO FAMILY LTD PARTNERSHIP | C/O DAN RULLO, SOMERSET, PA 15501-0000 | Unexpired Store Lease | RITE AID OF PENNSYLVANIA, INC. | 1780 | 1516 JEFFERSON AVENUE, WINDBER, PA, 15963 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 3 | RX COMPTON INVESTORS DBT | C/O NET LEASE CAPITAL ADVISORS, INC., PLYMOUTH, NH 03264 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 6214 | 1001 NORTH CENTRAL AVENUE, COMPTON, CA, 90222 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 4 | RX NEWBURG OWNERS LLC | C/O OLMSTEAD PROPERTIES, INC., NEW YORK, NY 10018-0000 | Unexpired Store Lease | RITE AID OF NEW YORK, INC. | 1302 | 657 BROADWAY, NEWBURGH, NY, 12550 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |

---

[1] For the avoidance of doubt, the Contracts referenced herein include any ancillary documents, including guaranties or assignments thereof, and any amendments, modifications, subleases, or termination agreements related thereto.

[2] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

| # | Non-Debtor Counterparty | Counterparty Address | Contract Description | Debtor Party | Store # | Location Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|---|---|
| 5 | S & F MOTEL CO LLC | 98 CUTTERMILL RD, STE 240, GREAT NECK, NY 11021 | Unexpired Store Lease | RITE AID OF PENNSYLVANIA, INC. | 1413 | 155 EAST NORTHAMPTON STREET, WILKES-BARRE, PA, 18701 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 6 | S & P INVESTMENTS | C/O  R. POLTI & ASSOCIATES, SAN LUIS OBISPO, CA 93405-0000 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5788 | 35 SOUTH MILPAS STREET, SANTA BARBARA, CA, 93103 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 7 | S DAVIS REAL ESTATE HLDG LLC | 909 AMBERSON AVE, PITTSBURGH, PA 15232 | Unexpired Store Lease | ECKERD CORPORATION | 10877 | 100 CONHOCTON ST, CORNING, NY, 14830 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 8 | SACC INC. | 23101 MOULTON PKY STE 210, LAGUNA HILLS, CA 92653 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 6753 | 28995 NEWPORT ROAD, MENIFEE, CA, 92584 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 9 | SADG-1 LIMITED PARTNERS | C/O  THE DREHER GROUP, DICKSON CITY, PA 18519-0000 | Unexpired Store Lease | RITE AID OF PENNSYLVANIA, INC. | 1371 | 102 NORTH MAIN STREET, PITTSTON, PA, 18640 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 10 | SAFEWAY INC/PDA #9856610101 | BANK OF AMERICA LOCKBOX SERV., CHICAGO, IL 60693 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5369 | 30 EAST OAK STREET, LEBANON, OR, 97355 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 11 | SANDEEP K GUPTA | 18201 COLLINS AVE APT 1901, SUNNY ISLES BEACH, FL 33160 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 6000 | 520 WEST LODI AVENUE, LODI, CA, 95240 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |

| # | Non-Debtor Counterparty | Counterparty Address | Contract Description | Debtor Party | Store # | Location Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|---|---|
| 12 | SARA & BENNY REALTY CORP. | ATTN: LINDA KAIRY, BROOKLYN, NY 11230-0000 | Unexpired Store Lease | RITE AID OF NEW YORK, INC. | 4738 | 1631-43 PITKIN AVENUE, BROOKLYN, NY, 11212 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 13 | SARNIA PROPERTIES INC | C/O CPMANAGEMENT INC, EXETER, NH 03833 | Unexpired Store Lease | RITE AID OF NEW HAMPSHIRE, INC. | 1397 | 53 CHURCH STREET, KINGSTON, NH, 03848 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 14 | SEECHE REALTY TRUST | C/O JAMES E KERR, BONITA SPRINGS, FL 34134 | Unexpired Store Lease | RITE AID OF NEW HAMPSHIRE, INC. | 4282 | 92 SOUTH STREET, CONCORD, NH, 03301 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 15 | SERIES IV CHANNEL ISLAND BUS | WOLF FAMILY SERIES LP, LOS ANGELES, CA 90048 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 6557 | 5075 OLIVEHURST AVENUE, OLIVEHURST, CA, 95961 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 16 | SHIRLEY OSUMI | DBA 1560 SYCAMORE LLC, SAN FRANCISCO, CA 94104 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5923 | 1560 SYCAMORE AVENUE, HERCULES, CA, 94547 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 17 | SHOPRITE SUPERMARKETS INC | 176 NORTH MAIN STREET, FLORIDA, NY 10921-0000 | Unexpired Store Lease | ECKERD CORPORATION | 10708 | 103 HAWKINS DRIVE, MONTGOMERY, NY, 12549 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 18 | SHOPS AT HAMPTON TOWNE CTR LLC | C/O COLLIERS INTL ASSET SVCS, NORFOLK, VA 23510 | Unexpired Store Lease | ECKERD CORPORATION | 11290 | 40 TOWNE CENTRE WAY, HAMPTON, VA, 23666 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |

| # | Non-Debtor Counterparty | Counterparty Address | Contract Description | Debtor Party | Store # | Location Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|---|---|
| 19 | SLACK & WINZLER PROPS, LTD | P.O. BOX 549, EUREKA, CA 95502-0000 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 6036 | 411 HARRIS STREET, EUREKA, CA, 95503 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 20 | SLD-COLLINGSWOOD LLC AND | P.O. BOX 105, FURLONG, PA 18925-0000 | Unexpired Store Lease | THRIFT DRUG, INC. | 10471 | 664 HADDON AVENUE, COLLINGSWOOD, NJ, 08108 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 21 | SLF PROPERTIES LLC | C/O LAVERTY CHACON COMMERCIAL, CITRUS HEIGHTS, CA 95611-1003 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 6228 | 4221 NORWOOD AVENUE, SACRAMENTO, CA, 95838 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 22 | SPS I LLC | 21905 64TH AVE W, MOUNTLAKE TERRACE, WA 98043-2251 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 6232 | 12811 MERIDIAN STREET EAST, PUYALLUP, WA, 98373 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 23 | SRI AUSHADA LLC | 3579 E FOOTHILL BLVD #714, PASADENA, CA 91107 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5794 | 1809 CECIL AVENUE, DELANO, CA, 93215 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 24 | STEPHEN INVESTMENTS INC | 2141 TUOLUMNE, SUITE A, FRESNO, CA 93721-0000 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 6289 | 4593 NORTH CEDAR AVENUE, FRESNO, CA, 93726 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 25 | STEPNEY CROSSING LLC | STEPNEY CROSSING, LLC, MONROE, CT 06468 | Unexpired Store Lease | MAXI DRUG, INC. | 10370 | 435 MAIN ST., MONROE, CT, 06468 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |

| # | Non-Debtor Counterparty | Counterparty Address | Contract Description | Debtor Party | Store # | Location Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|---|---|
| 26 | STEVEN J OLIVA | C/O CC L STREET LLC, VANCOUVER, WA 98600 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5293 | 500 SOUTH PIONEER WAY, MOSES LAKE, WA, 98837 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 27 | SUN ENTERPRISES, LLC | 220 WESTBURY AVE, CARLE PLACE, NY 11514 | Unexpired Store Lease | GENOVESE DRUG STORES, INC. | 10673 | 803 MONTAUK HWY UNIT D, SHIRLEY, NY, 11967 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 28 | SUSO 4 GAINSBOROUGH LP | C/O SLATE ASSET MGMT, TORONTO, ON M5H 3T9 | Unexpired Store Lease | ECKERD CORPORATION | 11250 | 101 GAINSBOROUGH SQUARE, CHESAPEAKE, VA, 23320 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 29 | SVSC HOLDING LP | 8100 LA MESA BLVD, SUITE 101, LA MESA, CA 91942-0000 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5620 | 661 SWEETWATER ROAD, SPRING VALLEY, CA, 91977 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 30 | TANKLAGE FAMILY LP II LLC | 1025 TANKLAGE RD UNIT B, SAN CARLOS, CA 94070 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 6434 | 1710 CALIFORNIA STREET, ESCALON, CA, 95320 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 31 | TEN PATELS HORSEHEADS LLC | 2750 WESTINGHOUSE RD, STE B, HORSEHEADS, NY 14845 | Unexpired Store Lease | ECKERD CORPORATION | 10881 | 2898 WESTINGHOUSE ROAD, HORSEHEADS, NY, 14845 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 32 | THE BUNCHER COMPANY | ONE WATERFRONT PLACE, PITTSBURGH, PA 15222 | Unexpired Store Lease | RITE AID OF PENNSYLVANIA, INC. | 6733 | 503 CLIFTON ROAD, BETHEL PARK, PA, 15102 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |

| # | Non-Debtor Counterparty | Counterparty Address | Contract Description | Debtor Party | Store # | Location Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|---|---|
| 33 | THE NIKI GROUP LLC | C/O THE NIKI GROUP LLV, SAN DIEGO, CA 92130 | Unexpired Store Lease | ECKERD CORPORATION | 11267 | 1373 N GREAT NECK ROAD, VIRGINIA BEACH, VA, 23454 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 34 | THE NIKI GROUP LLC | THE NIKI GROUP, LLC - RAK1, SAN DIEGO, CA 92130 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5316 | 1901 NORTH STEPTOE STREET, KENNEWICK, WA, 99336 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 35 | THE NIKI GROUP LLC-RADNY1 | C/O THE NIKI GROUP LLC, SAN DIEGO, CA 92130 | Unexpired Store Lease | RITE AID OF NEW YORK, INC. | 1617 | 238 HOOKER AVENUE, POUGHKEEPSIE, NY, 12603 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 36 | THE NIKI GROUP LLC-RAFS1 | C/O THE NIKI GROUP LLC, SAN DIEGO, CA 92130 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5872 | 5574 EAST KINGS CANYON, FRESNO, CA, 93727 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 37 | THE NIKI GROUP, LLC-RANC1 | C/O THE NIKI GROUP LLC, SAN DIEGO, CA 92130 | Unexpired Store Lease | ECKERD CORPORATION | 11183 | 501 EAST BASIN ROAD, NEW CASTLE, DE, 19720 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 38 | THE SHOPPES OF FLOWERS | C/O RC COMMERCIAL REALTY LLC, YARDLEY, PA 19067-0000 | Unexpired Store Lease | THRIFT DRUG, INC. | 11110 | 96 NORTH FLOWERS MILL ROAD, LANGHORNE, PA, 19047 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 39 | THOMPSON & THOMPSON | P.O. BOX 52, NASSAU, DE 19969-0000 | Unexpired Store Lease | RITE AID OF MARYLAND, INC. | 4909 | 12154 BRITTINGHAM LANE, PRINCESS ANNE, MD, 21853 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |

| # | Non-Debtor Counterparty | Counterparty Address | Contract Description | Debtor Party | Store # | Location Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|---|---|
| 40 | THOMPSON & THOMPSON | P.O. BOX 52, NASSAU, DE 19969-0000 | Unexpired Store Lease | RITE AID OF DELAWARE, INC. | 4919 | 36729 OLD MILL ROAD, MILLVILLE, DE, 19967 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 41 | TITANIC ASSOCIATES | C/O THE HAMPSHIRE COMPANIES, MORRISTOWN, NJ 07960-0000 | Unexpired Store Lease | RITE AID OF NEW JERSEY, INC. | 1258 | 3400 NEW JERSEY AVENUE, WILDWOOD, NJ, 08260 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 42 | T-M MFG CO | 1345 CORINNE LN, MENLO PARK, CA 94025 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5814 | 2505 MT VERNON AVENUE, BAKERSFIELD, CA, 93306 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 43 | TRC MM LLC | C/O TERRAMAR RETAIL CENTERS LLC, NEWPORT BEACH, CA 92660 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5597 | 2150 SOUTH ATLANTIC BOULEVARD, MONTEREY PARK, CA, 91754 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 44 | TRIANGLE TOWN CENTER NW LLC | 2315 GALAHAD ROAD, SAN DIEGO, CA 92123-3954 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5288 | 364 TRIANGLE SHOPPING CENTER, LONGVIEW, WA, 98632 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 45 | TSANG ENTERPRISES LLC | 3215 HUNTS POINT RD, HUNTS POINT, WA 98004 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 6455 | 17615  140TH AVENUE SE, RENTON, WA, 98058 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 46 | U & ME PROPERTIES LLC | 400 POST AVE, STE 303, WESTBURY, NY 11590 | Unexpired Store Lease | ECKERD CORPORATION | 11049 | 200 SOUTH BEST AVENUE, WALNUTPORT, PA, 18088 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |

| # | Non-Debtor Counterparty | Counterparty Address | Contract Description | Debtor Party | Store # | Location Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|---|---|
| 47 | UB BREWSTER LLC | 321 RAILROAD AVE, GREENWICH, CT 06830 | Unexpired Store Lease | RITE AID OF NEW YORK, INC. | 3656 | 1511 ROUTE 22 SUITE A, BREWSTER, NY, 10509 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 48 | UNION DEVELOPMENT COMPANY | 11150 SANTA MONICA BLVD STE 760, LOS ANGELES, CA 90025 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5942 | 31836 ALVARADO BOULEVARD, UNION CITY, CA, 94587 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 49 | UNITED BANK, INC | 187 STEUBENVILLE PIKE, BURGETTSTOWN, PA 15021 | Unexpired Store Lease | THE LANE DRUG COMPANY | 2375 | 925 WEST ERIE PLAZA, ERIE, PA, 16505 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 50 | UNIVERSITY PLAZA ASSOCIATES, L | C/O NIGRO COMPANIES, ALBANY, NY 12211 | Unexpired Store Lease | ECKERD CORPORATION | 10691 | 1225 WESTERN AVENUE, ALBANY, NY, 12203 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 51 | USRP 1 LLC-SHOPPES OF GRAYLYN | C/O REGENCY CENTERS CORPORATION, JACKSONVILLE, FL 32202-5019 | Unexpired Store Lease | RITE AID OF DELAWARE, INC. | 839 | 1718 MARSH ROAD, WILMINGTON, DE, 19810 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 52 | USRP 1 LLC-SHOPPES OF GRAYLYN | C/O REGENCY CENTERS CORPORATION, JACKSONVILLE, FL 32202-5019 | Unexpired Pylon Sign | RITE AID OF DELAWARE, INC. | 839A | 1718 MARSH ROAD, WILMINGTON, DE, 19810 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |

| # | Non-Debtor Counterparty | Counterparty Address | Contract Description | Debtor Party | Store # | Location Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|---|---|
| 53 | VANDERVERT NORTH, LLC | 12906 N. ADDISON STREET, SPOKANE, WA 99218-0000 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5311 | 12420 NORTH DIVISION STREET, SPOKANE, WA, 99218 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 54 | VAUGHAN VILLAGE, LLC | 13504 8TH AVE NW, SEATTLE, WA 98177 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5194 | 7500-A 196TH ST.,SW, LYNNWOOD, WA, 98036 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 55 | VENTURA REVOCABLE TRST-5/30/05 | 3241 HENRICH FARM LANE, ALLISON PARK, PA 15101 | Unexpired Store Lease | RITE AID OF PENNSYLVANIA, INC. | 3459 | 802 PENNSYLVANIA AVENUE, PITTSBURGH, PA, 15233 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 56 | VEREIT REAL ESTATE LP | C/O REALTY INCOME CORP, SAN DIEGO, CA 92130 | Unexpired Store Lease | RITE AID OF NEW HAMPSHIRE, INC. | 4800 | 10 MAIN STREET, WINCHESTER, NH, 03470 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 57 | VESTAR JAMES CENTER LLC | C/O VESTAR PROPERTY MGMT, CITY OF INDUSTRY, CA 91716 | Unexpired Store Lease | The Bartell Drug Company | 6957 | 1850 SOUTH MILDRED STREET, TACOMA, WA, 98465 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 58 | VISALIA HOLDINGS, LLC | ATTN: RABIN MICHAEL, LOS ANGELES, CA 90049 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 6459 | 1735 E WALNUT AVENUE, VISALIA, CA, 93292 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |

| # | Non-Debtor Counterparty | Counterparty Address | Contract Description | Debtor Party | Store # | Location Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|---|---|
| 59 | WASHCO-SHIPPENSBURG COMMONS, L | C/O WASHCO MANAGEMENT CORPORATION, HAGERSTOWN, MD 21740-0000 | Unexpired Store Lease | THRIFT DRUG, INC. | 11023 | 300 S. FAYETTE STREET, SHIPPENSBURG, PA, 17257 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 60 | WASHINGTON TOWN CENTER LLC | PO BOX 1052, TWP OF WASHINGTON, NJ 07676 | Unexpired Store Lease | RITE AID OF NEW JERSEY, INC. | 1360 | 265 PASCACK ROAD, WASHINGTON TOWNSHIP, NJ, 07676 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 61 | WATCH HILL CAF LLC | 1015 N HOLLYWOOD WAY, BURBANK, CA 91505 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5840 | 1356 WEST AVENUE J, LANCASTER, CA, 93534 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 62 | WATERDAM PARTNERS C/O SILK AND | 5812 DARLINGTON ROAD, PITTSBURGH, PA 15217 | Unexpired Store Lease | THRIFT DRUG, INC. | 10961 | 4185 WASHINGTON ROAD, MCMURRAY, PA, 15317 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 63 | WEC 97K-29 INVESTMENT TRUST | C/O BRIXTON INVESTMENT MANAGEMENT, SOLANA BEACH, CA 92075 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 6013 | 1935 N STREET, NEWMAN, CA, 95360 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 64 | WEC 98D-28 | C/O WESTERN DISTRIBUTION CENTERS, LLC, SAN DIEGO, CA 92121-0000 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5830 | 740 QUINTANA ROAD, MORRO BAY, CA, 93442 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |

| # | Non-Debtor Counterparty | Counterparty Address | Contract Description | Debtor Party | Store # | Location Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|---|---|
| 65 | WEC 98G 1 LP | 9034 WEST SUNSET BLVD., WEST HOLLYWOOD, CA 90069-0000 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5462 | 300 NORTH CANON DRIVE, BEVERLY HILLS, CA, 90210 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 66 | WEDGEWOOD NO. 9 | C/O RLP DEVELOPMENT, SEATTLE, WA 98112-0000 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5216 | 8500 35TH AVENUE NE, SEATTLE, WA, 98115 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 67 | WESTCORE BRAVE LANCASTER LLC | 505 14TH AVE, STE 300, OAKLAND, CA 94612 | Unexpired Distribution Center Lease | THRIFTY PAYLESS, INC. | 88 | 30th Street West and Avenue H, Lancaster, California, 93586 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 68 | WIG PROPERTIES, LLC-LKPV | C/O WIG PROPERTIES, LLC, BELLEVUE, WA 98006-0000 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5277 | 5700 100TH STREET SW STE 100, LAKEWOOD, WA, 98499 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 69 | WILSHIRE UNIONCENTER, LP | C/O FRED LEEDS PROPERTIES, LOS ANGELES, CA 90008 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5454 | 1744 WEST SIXTH STREET, LOS ANGELES, CA, 90017 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 70 | WILSON CAPITAL LLC | 407 E NESHANNOCK AVE, NEW WILMINGTON, PA 16142 | Unexpired Store Lease | THRIFT DRUG, INC. | 10994 | 135 SOUTH MARKET STREET, NEW WILMINGTON, PA, 16142 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 71 | WOLFGANG JORDAN, TRUSTEE | LIVING TRUST UTD 6/18/19, LOS ANGELES, CA 90027 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5679 | 12900 PALM DRIVE, DESERT HOT SPRINGS, CA, 92240 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |

| # | Non-Debtor Counterparty | Counterparty Address | Contract Description | Debtor Party | Store # | Location Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|---|---|
| 72 | WOODMONT PLAZA ASSOCIATES, LLC | C/O THE KEMPNER CORPORATION, WHITE PLAINS, NY 10605 | Unexpired Store Lease | MAXI DRUG, INC. | 10367 | 1387 NEW HAVEN AVE., MILFORD, CT, 06460 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 73 | WOODSIDE PLAZA PARTNERS, LP | C/O DEANZA PROPERTIES, LOS ALTOS, CA 94022-0000 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5892 | 340 WOODSIDE PLAZA, REDWOOD CITY, CA, 94061 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 74 | XINSHIJIE INVESTMENT LLC | 17762 OLD WINERY WAY, POWAY, CA 92064 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5631 | 1331 SOUTH MISSION ROAD, FALLBROOK, CA, 92028 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 75 | YUET-MING CHU & MIRIAM L CHU | C/O YOLANDA SCHEFFOLD, MOUNTAIN VIEW, CA 94043 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 5952 | 1991 MOUNTAIN BOULEVARD, OAKLAND, CA, 94611 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |

# EXHIBIT C

United States Bankruptcy Court for the District of New Jersey

| Fill in this information to identify the case (Select only one Debtor per claim form): |
|---|

**Debtor:** Rite Aid of Pennsylvania, LLC

**Case Number:** 25-14830

Modified Official Form 410

# Proof of Claim

4/25

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1:   Identify the Claim

| | | |
|---|---|---|
| 1. **Who is the current creditor?** | SADG-1 Limited Partnership | |
| | Name of the current creditor (the person or entity to be paid for this claim) | |
| | Other names the creditor used with the debtor | |
| 2. **Has this claim been acquired from someone else?** | ☑ No ☐ Yes. From whom? | |

| 3. **Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|
| | Address1:   Stark & Stark, PC  Attn: Thomas Onder, Esq. | Address1: |
| | Address2:   P.O. Box 5315 | Address2: |
| | Address3: | Address3: |
| | Address4: | Address4: |
| | City:   Princeton | City: |
| | State:   NJ | State: |
| | Postal Code:   08543 | Postal Code: |
| | Country: | Country: |
| | Contact phone 609-219-7458 | Contact phone |
| | Contact email tonder@stark-stark.com | Contact email |
| | **Uniform Claim Identifier (if you use one)** | |

| 4. **Does this claim amend one already filed?** | ☑ No ☐ Yes.  Claim number on court claims registry (if known)_____   Filed on ___ / ___ / ___ MM / DD / YYYY |
|---|---|

| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No ☐ Yes. Who made the earlier filing? _____ |
|---|---|

**Proof of Claim**                                                                                           page 1

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ 13,884.38 . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Administrative Claim

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**: $ _____

**Amount of the claim that is secured:** $ _____

**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes. **Amount necessary to cure any default as of the date of the petition.** $ 15,833.33

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**Proof of Claim**                                                                 page 2

| | | Amount entitled to priority |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
| | ☑ Yes. *Check one:* | |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☑ Other. Specify subsection of 11 U.S.C. § 507(a)( 2 ) that applies. | $ 13,884.38 |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No | |
| | ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Thomas S. Onder*   08/21/2025
_____   _____
Electronic Signature         Date

**Name of the person who is completing and signing this claim**

Name   Thomas S. Onder
_____
First name        Middle name        Last name

Title/Company   Shareholder / Stark & Stark, PC
_____
Identify the corporate servicer as the company if the authorized agent is a servicer.

P.O. Box 5315

Address
_____
Number      Street

Princeton           NJ           08543
_____
City              State        ZIP Code    Country

Contact phone   609-219-7458        Email   tonder@stark-stark.com

**Additional Noticing Addresses (if provided):**

**Additional Address 1**
Name:
Address1:

Address2:

Address3:

Address4:

City:
State:
Postal Code:
Country:


Contact Phone:
Contact Email:

_____

**Additional Address 2**
Name:
Address1:
Address2:

Address3:
Address4:
City:
State:
 Postal Code:

 Country:


Contact Phone:
Contact Email:

**Additional Supporting Documentation Provided**

☑ Yes
☐ No
--------------------------------------------------------------------------------------------------------

 Attachment Filename:

SADG-1 Sch A opt.pdf

KROLL

**KROLL**

Electronic Proof of Claim Confirmation:  3870-1-CDRZH-868119414

Claim Electronically Submitted on (UTC) :  2025-08-21T15:10:21.948Z

Submitted by:  SADG-1 Limited Partnership
tonder@stark-stark.com

**KROLL**

## SCHEDULE A

Creditor, SADG-1 Limited Partnership files the following claims for its lease at 102 North Main Street, Pittston, PA 18640

1.  **Pre-Petition - $15,833.33** for rent prior to May 5, 2025;

2.  **Administrative - $13,884.38**; and

3.  **Rejection  - $190,000.00**.

SADG-1 Limited Partnership reserves its right to supplement, modify, amend these claims with additional documentation and/or assert additional claims.

4923-6639-8049, v. 2

Rite Aid Store No. 1371

## AMENDMENT TO LEASE

**THIS AMENDMENT TO LEASE** (this "*Amendment*") is made effective November 1, 2023 (the "*Effective Date*") by and between SADG-1 Limited Partnership, a Pennsylvania limited partnership ("*Landlord*"), and RITE AID OF PENNSYLVANIA, LLC, a Pennsylvania limited liability company ("*Tenant*," and together with the Landlord, the "*Parties*" and each, a "*Party*").

## RECITALS

**WHEREAS**, Landlord and Tenant are parties to that certain lease agreement dated February 18, 1997 (as amended from time to time thereafter, the "*Lease*"), with respect to that certain premises located at 102 North Main Street Pittston, Pennsylvania 18640-2166, which premises is defined and more particularly described in the Lease (the "*Premises*");

**WHEREAS**, on October 15, 2023, Tenant and certain of its debtor affiliates (collectively, the "*Debtors*") commenced a case (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "*Bankruptcy Code*") which is now pending in the United States Bankruptcy Court for the District of New Jersey (the "*Bankruptcy Court*"). The Chapter 11 Cases are being jointly administered under Case Number 23-18993; and

**WHEREAS**, Landlord and Tenant desire to modify certain terms and conditions of the Lease, effective as of the Restructuring Effective Date (as hereinafter defined), as amended by this Amendment.

**NOW, THEREFORE**, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and confessed, Landlord and Tenant hereby agree as follows:

## AGREEMENT

1.      Capitalized Terms. Capitalized terms used and not otherwise defined herein shall have the respective meaning assigned to such terms in the Lease.

2.      Recitals Correct. The parties acknowledge and agree that the recitals stated above are true and correct, are being relied upon by the parties in entering into this Agreement, and each and every one of the above recitals is incorporated herein as if fully set forth at length.

3.      Effective Date. This Amendment, and each of its amendments, modifications, and waivers with respect to the Lease as set forth herein, shall be effective on the date that the Lease is assumed or assigned in the Chapter 11 Cases, whether pursuant to (a) procedures approved by the Bankruptcy Court or (b) entry of an order by the Bankruptcy Court approving the assumption or assignment of the Lease, including pursuant to or in connection with a sale of Tenant's assets pursuant to Section 363 of the Bankruptcy Code, confirmation of Tenant's chapter 11 plan of reorganization in the Chapter 11 Cases, or a stand-alone motion for assumption or assignment of the Lease (in each case, the "*Restructuring Effective Date*"); *provided, however*, that Tenant shall obtain the benefit of this Amendment, except as otherwise provided herein, and this Amendment shall be binding on Landlord, beginning on the Effective Date hereof. In the event the Restructuring Effective Date does not occur, or the Lease is rejected in accordance with the Bankruptcy Code, this Amendment shall be null and void in all respects, and nothing in this Amendment shall give rise to any claim, causes of action, or damages (compensatory or consequential) against either Party. Nothing contained in this Amendment is intended to be or shall be construed as or deemed an assumption or an assignment of the Lease, as amended hereby, or any contract or document related thereto under section 365 of the Bankruptcy Code. Prior to the Restructuring Effective Date, Tenant expressly

1

reserves its right, in its sole and absolute discretion, to assume, reject, or assign the Lease pursuant to section 365 of the Bankruptcy Code.

4.      Lease Modification.

(a)      Rent.   Landlord and Tenant hereby agree that, from and after the Effective Date and through the remainder of the Current Base Term that expires November 23, 2032, Tenant shall only be obligated to pay rent (exclusive of any percentage rent, common area maintenance charges, taxes, and insurance premiums and all other additional rent payable directly to the Landlord) in the amount of $190,000.00 per annum ("**Base Rent**"), payable on the first (1st) day of each month in equal installments of $15,833.33. Nothing set forth in this Amendment shall modify Tenant's obligation to pay Additional Rent as set forth in the Lease. In the event that, upon the Restructuring Effective Date, Tenant has paid rent in excess of the amount herein specified for the period specified above, then Tenant shall be entitled to offset such excess amounts against the next installment(s) of Base Rent coming due under the Lease until such time as such excess amounts have been recouped in full by Tenant.

(b)      Landlord Waiver of Claims.   Landlord hereby waives, releases, and discharges Tenant and all of its affiliated companies, the Debtors (as defined in the Chapter 11 Cases), and their bankruptcy estates, and their respective successors and assigns, from any and all claims, damages, obligations, liabilities, actions, and causes of action of every kind and nature whatsoever it may have for any cure payments or other amounts due and owing under the Lease, or that otherwise arose under or in connection with the Lease, through and including the date hereof, including but not limited to claims for so-called "stub rent," (whether or not asserted as administrative priority claims pursuant to Section 503(b) of the Bankruptcy Code) whether known or unknown, liquidated or unliquidated, fixed or contingent, matured or unmatured, now existing or hereafter arising, including any claims and causes of action for damages, payments, or amounts owing or that may become owing pursuant to section 365(b) of the Bankruptcy Code. Notwithstanding the above language in this paragraph, this waiver shall not release any claims related to any personal injury and/or environmental claims.

(c)      Tenant Waiver of Claims.   Tenant hereby waives, releases, and discharges Landlord and all of its affiliated companies and their successors and assigns, from any and all claims, damages, obligations, liabilities, actions and causes of action of every kind and nature whatsoever it may have or that arose under in or in connection with the Lease, arising prior to the Effective Date, whether known or unknown, liquidated or unliquidated, fixed or contingent, matured or unmatured.

(d)      Attorneys' Fees.   Landlord further acknowledges and agrees that, notwithstanding anything to the contrary in the Lease, Landlord shall not be entitled to receive from Tenant or its affiliates (or charge as rent due from Tenant or its affiliates) any attorneys' fees incurred by Landlord in connection with this Amendment. For the sake of clarity, this provision applies only to this Amendment, and Article 23 of the Lease shall otherwise continue to govern the payment of attorneys' fees in connection with the Lease, including any subsequent bankruptcy case, pursuant to Bankruptcy Code 365.

5.      No Default and Waiver of Charges.   Landlord acknowledges and affirms that as of the Effective Date, Tenant is not in default under any of the terms, conditions, or provisions of the Lease, and that there exist no events or circumstances which, with the passage of time or the giving of notice or both, constitutes a default under the Lease (including, without limitation, any failure of Tenant to meet its obligations to continuously operate in the Premises). Landlord further acknowledges and agrees that as of the Effective Date, Landlord has no knowledge of any offsets, claims, or defenses against Tenant with respect to any obligation or duty of Tenant arising pursuant to the Lease. To the extent that any notices of default or non-payment have been delivered to Tenant, all such notices are hereby waived and of no further

2

Rite Aid Store No. 1371

force or effect. No default interest, late fees, charges, surcharges, or other fees shall be due, and all such interest, late fees, charges, surcharges, or other fees are waived and shall not apply.

6.      Authority. Each Party represents and warrants that it has the authority and power to enter into this Amendment and that this Amendment constitutes a legal, valid and binding obligation of that Party.

7.      Notices.

(a)      Notwithstanding anything to the contrary contained in the Lease, any notices required or permitted to be sent to Tenant under the Lease shall be sent by nationally recognized overnight courier or United States certified mail, return receipt requested, addressed as follows:

If by Certified Mail:
RITE AID OF PENNSYLVANIA, LLC
P.O. Box 3165
Harrisburg PA 17105
Attn: Legal Department

If by Overnight Courier:
RITE AID OF PENNSYLVANIA, LLC
200 Newberry Commons
Etters PA 17319
Attn: Legal Department

(b)      Notwithstanding anything to the contrary contained in the Lease any notices required or permitted to be sent to Landlord under the Lease shall be sent by nationally recognized overnight courier or United States certified mail, return receipt requested, addressed as follows and with copies sent at the same time by email to the email addresses set forth below:

| | |
|---|---|
| Name: | SADG-1, Limited Partnership |
| Address: | 100 Colliery Road |
| | Dickinson City, PA 18519 |
| Email: | mark@scandaleassociated.com |
| | ladidiane@comcast.net |
| | gregscan@gmail.com |
| | tonder@stark-stark.com |
| | ereilly@bvrrlaw.com |
| Telephone: | 570-383-0259 |

With a copy to:
If by Overnight Courier
Thomas S. Onder
Stark & Stark- Attorneys At Law
100 American Metro Blvd.
Hamilton, NJ 08619
Telephone: (609) 219-7458

And

Eileen A. Reilly, Esquire

3

BURKE VULLO REILLY ROBERTS
1460 Wyoming Avenue
Forty Fort, PA 18704
Telephone (570) 288-6441
Fax (570) 288-4598
If by Certified Mail:
Thomas S. Onder, Esq.
Stark & Stark-Attorneys At Law
PO Box 5315
Princeton, NJ 08543

AND

Eileen A. Reilly, Esquire
BURKE VULLO REILLY ROBERTS
1460 Wyoming Avenue
Forty Fort, PA 18704

All notices sent by nationally recognized courier shall be effective the following business day, all notices sent by certified mail, return receipt requested shall be effective five calendar days after the date mailed, if mailed from a post office with proof of mailing, or, if not so mailed upon receipt.

8.    Miscellaneous.

(a)    Landlord and Tenant each hereby represents that it has dealt with no party or broker in connection with this Amendment [except for A&G Real Estate Partners ("*Tenant's Broker*") and REF Advisory INC ("*Landlord's Advisor*"). Landlord shall be solely responsible for the fee of Landlord's Advisor. Any and all fees that may be due to Tenant's Broker shall be paid by Tenant pursuant to a separate agreement]. Insofar as each Party knows, no other broker negotiated this Amendment or is entitled to any commission in connection therewith. Landlord and Tenant each agrees to indemnify, defend and hold the other harmless from and against any and all claims, loss, cost and damages (including reasonable attorney fees and court costs) suffered or incurred by the representing Party as a result of a breach of this representation.

(b)    This Amendment may be executed in counterparts, each of which shall constitute an original, and which together shall constitute one and the same agreement. This Amendment may be executed or delivered by electronic or facsimile means, and copies of executed signature pages stored electronically in portable document format (.pdf) shall be binding as originals. Neither Party shall record this Amendment without the express prior written consent of the other Party.

(c)    Subject to the other terms of this Amendment, each of Landlord and Tenant agree to execute and deliver such other instruments and perform such other acts, in addition to the matters herein specified, as may be reasonably necessary, from time to time, to effectuate the modifications, waivers and amendments contemplated by this Amendment.

(d)    This Amendment, and all covenants contained herein, shall be binding and inure to the benefit of the Parties and their respective successors, assigns, heirs, executors, administrators, and representatives.

4

Rite Aid Store No. 1371

(e)      The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect.

(f)      Except as modified as set forth in this Amendment, all of the terms and provisions of the Lease remain unchanged and in full force and effect and Landlord and Tenant hereby ratify and confirm same.   Landlord and Tenant acknowledge and agree that the Lease, as modified by this Amendment, sets forth the entire agreement between Landlord and Tenant and there are no other agreements, understandings, undertakings, representations, or warranties among the Parties with respect to the subject matter hereof except as set forth herein.  In case of any conflict between the terms and provisions of the Lease and the terms and provisions of this Amendment, the terms and provisions of this Amendment shall control.

(g)      Rite Aid Corporation, the Lease Guarantor, shall affirm its corporate guaranty of the subject lease and including this Lease Amendment.

*[signature pages follow]*

5

**IN WITNESS WHEREOF**, the Parties hereto have executed this Amendment effective as of the Effective Date.

**LANDLORD:**

SADG-1 LIMITED PARTNERS,
A Pennsylvannia limited partenrship

By: SADG-1, Inc.,
Its Corporate General Partner

By: _____
Name: John W. Pardue
Title: President

**TENANT:**

RITE AID OF PENNSYLVANIA, LLC

By: _____
Name:  Lisa M. Winnick
Title:  Vice President

**GUARANTOR:**

RITE AID CORPORATION

By: _____
Name:
Title:

6

# EXHIBIT D

**Pittston City Treasurer's Office**
35 Broad Street
Pittston, PA 18640

| Telephone | 570-654-1090 |
| Fax | 570-602-1451 |

2610*9**G50**0.728**3/4*********AUTOALL FOR AADC 180
SADG-1 LIMITED PARTNERSHIP
C/O THE DREHER GROUP
102 COLLIERY RD
DICKSON CITY PA 18519-1657

# 2025 MUNICIPAL REAL ESTATE TAX BILL
## PITTSTON CITY - WARD 7

| | |
|---|---|
| Bill Date: | 02/19/2025 |
| Control No: | 72725-2 |
| Tax Bill No: | 167 |
| Parcel Number: | 72-E11NE3-001-10B-000 |
| Approx. Property Loc. : | KENNEDY BLVD |
| Property Description: | 72-7-146-3-D2-4 |
| Assessment: | |
| Land= | 26,100 |
| Building= | 0 |
| Total= | 26,100 |

***No Partial Payments Accepted***
*Please bring bill with payment*

**Office Hours:**
MON-FRI 9:00AM TO 5:00PM *NO PHONE PMTS*

**Payment Information:**
ONLY CERTIFIED FUNDS AFTER DEC 15TH
PMTS MUST BE POSTMARKED BY DEC 31ST
LAST DAY TO PAY IS DECEMBER 31, 2025
NO PERSONAL CHECKS AFTER DECEMBER 15, 2025

---

## 2025 MUNICIPAL REAL ESTATE TAX BILL

| | |
|---|---|
| Control No: | 72725-2 |
| Tax Bill No: | 167 |
| Parcel Number: | 72-E11NE3-001-10B-000 |

**TAXPAYER COPY**

| Tax Description | Assessment | Rate | Discount (-$3.58) | Face | Penalty (+$17.88) |
|---|---|---|---|---|---|
| GENERAL PURPOSE | 26,100 | 6.85000 | $175.21 | $178.79 | $196.67 |

PAID
APR 11 2025
PITTSTON CITY
TREASURER'S OFFICE

| | | IF PAID BY 04/18/2025 | IF PAID BY 06/18/2025 | IF PAID AFTER 06/18/2025 |
|---|---|---|---|---|
| **Payment requested from:**<br>SADG-1 LIMITED PARTNERSHIP<br>C/O THE DREHER GROUP<br>102 COLLIERY RD<br>DICKSON CITY PA 18519-1657 | If paying after December 15th: Only money orders or certified checks will be accepted.<br><br>**PAY THIS AMOUNT ▶** | $175.21 | $178.79 | $196.67 |

CK 1061
DM

**Payable to: Pittston City Treasurer's Office**
35 Broad Street, Pittston, PA 18640

Liens Will Be Filed After: 12/31/2025

For a receipt, please return entire bill with payment
and self-addressed stamped envelope.

*Please fold on perforation BEFORE tearing*

**Pittston City Treasurer's Office**
**35 Broad Street**
**Pittston, PA 18640**

| Telephone | 570-654-1090 |
| Fax | 570-602-1451 |

2610*9**G50**0.728**1/4*********AUTOALL FOR AADC 180
SADG-1 LIMITED PARTNERSHIP
C/O THE DREHER GROUP
102 COLLIERY RD
DICKSON CITY PA 18519-1657

# 2025 MUNICIPAL REAL ESTATE TAX BILL
## PITTSTON CITY - WARD 7

| Bill Date: | 02/19/2025 |
| Control No: | 72725-2 |
| Tax Bill No: | 166 |
| Parcel Number: | 72-E11NE3-001-013-000 |
| Approx. Property Loc. : | 54 N MAIN ST |
| Property Description: | -56 N MAIN ST |
| | 72-7-127-10 |
| **Assessment:** | |
| Land= | 72,500 |
| Building= | 715,200 |
| Total= | 787,700 |

***No Partial Payments Accepted***
*Please bring bill with payment*

**Office Hours:**
MON-FRI 9:00AM TO 5:00PM *NO PHONE PMTS*

**Payment Information:**
ONLY CERTIFIED FUNDS AFTER DEC 15TH
PMTS MUST BE POSTMARKED BY DEC 31ST
LAST DAY TO PAY IS DECEMBER 31, 2025
NO PERSONAL CHECKS AFTER DECEMBER 15, 2025

---

## 2025 MUNICIPAL REAL ESTATE TAX BILL

| Control No: | 72725-2 |
| Tax Bill No: | 166 |
| Parcel Number: | 72-E11NE3-001-013-000 |

**TAXPAYER COPY**

| Tax Description | Assessment | Rate | Discount (-$107.92) | Face | Penalty (+$539.58) |
|---|---|---|---|---|---|
| GENERAL PURPOSE | 787,700 | 6.85000 | $5,287.83 | $5,395.75 | $5,935.33 |

PAID
APR 1 1 2025
PITTSTON CITY
TREASURER'S OFFICE

**Payment requested from:**
SADG-1 LIMITED PARTNERSHIP
C/O THE DREHER GROUP
102 COLLIERY RD
DICKSON CITY PA 18519-1657

**Payable to: Pittston City Treasurer's Office**
35 Broad Street, Pittston, PA 18640

If paying after December 15th: Only money orders or certified checks will be accepted.

**PAY THIS AMOUNT ▶**

CK 1061
DM

| IF PAID BY 04/18/2025 | IF PAID BY 06/18/2025 | IF PAID AFTER 06/18/2025 |
|---|---|---|
| $5,287.83 | $5,395.75 | $5,935.33 |

Liens Will Be Filed After: 12/31/2025
For a receipt, please return entire bill with payment and self-addressed stamped envelope.

*Please fold on perforation BEFORE tearing*

**LUZERNE COUNTY TREASURER'S OFFICE**
20 N PENNSYLVANIA AVE
WILKES BARRE PA 18701-3503

| | |
|---|---|
| Telephone | (570)830-5129 |
| Fax | (570)825-1893 |
| Email | TREASURER@LUZERNECOUNTY.ORG |

**2025 REAL ESTATE STATEMENT**
**PITTSTON CITY - WARD 7**

| | |
|---|---|
| Bill Date: | 02/19/2025 |
| Control No: | 72725-1 |
| Tax Bill No: | 167 |
| Parcel Number: | 72-E11NE3-001-10B-000 |
| Approx. Property Loc. : | KENNEDY BLVD |
| Property Description: | 72-7-146-3-D2-4 |
| Assessment: | |
| Land= | 26,100 |
| Building= | 0 |
| Total= | 26,100 |

***No Partial Payments Allowed***
*Please bring bill with payment*

120448*293**G50**0.728**3/4*********AUTOALL FOR AADC 180
SADG-1 LIMITED PARTNERSHIP
C/O THE DREHER GROUP
102 COLLIERY RD
DICKSON CITY PA 18519-1657

**Office Hours:**
MON THRU FRI 9AM-4:30PM.

**Payment Information:**
*NO PHONE PMTS*
PAY ONLINE @ WWW.LUZERNECOUNTY.ORG/938
ECHECK $0.20,DEBIT PMTS 1.79% OF TAX AMT
CREDIT CARD PAYMENTS 2.19% OF TAX AMT.

---

**2025 REAL ESTATE STATEMENT**

| | Control No: | 72725-1 |
|---|---|---|
| | Tax Bill No: | 167 |
| | Parcel Number: | 72-E11NE3-001-10B-000 |

**TAXPAYER COPY**

PAID
APR 17 2025
LUZERNE COUNTY TREASURER

| Tax Description | Assessment | Rate | Discount (-$3.32) | Face | Penalty (+$16.58) |
|---|---|---|---|---|---|
| COUNTY R/E | 26,100 | 6.35410 | $162.52 | $165.84 | $182.42 |

1/2    CK 1062

**Payment requested from:**
SADG-1 LIMITED PARTNERSHIP
C/O THE DREHER GROUP
102 COLLIERY RD
DICKSON CITY PA 18519-1657

If paying after December 15th: Only money orders or certified checks will be accepted.

**PAY THIS AMOUNT ▶**

| | IF PAID BY 04/18/2025 | IF PAID BY 06/18/2025 | IF PAID AFTER 06/18/2025 |
|---|---|---|---|
| | $162.52 | $165.84 | $182.42 |

Liens Will Be Filed After: 12/31/2025

**Payable to: LUZERNE COUNTY TREASURER'S OFFICE**
20 N PENNSYLVANIA AVE WILKES BARRE PA 18701-3503

For a receipt, please return all copies with payment and self-addressed stamped envelope.

*Please fold on perforation BEFORE tearing*

**LUZERNE COUNTY TREASURER'S OFFICE**
20 N PENNSYLVANIA AVE
WILKES BARRE PA 18701-3503

| | |
|---|---|
| Telephone | (570)830-5129 |
| Fax | (570)825-1893 |
| Email | TREASURER@LUZERNECOUNTY.ORG |

**2025 REAL ESTATE STATEMENT**
**PITTSTON CITY - WARD 7**

| | |
|---|---|
| Bill Date: | 02/19/2025 |
| Control No: | 72725-1 |
| Tax Bill No: | 166 |
| Parcel Number: | 72-E11NE3-001-013-000 |
| Approx. Property Loc. : | 54 N MAIN ST |
| Property Description: | -56 N MAIN ST 72-7-127-10 |
| Assessment: | |
| Land= | 72,500 |
| Building= | 715,200 |
| Total= | 787,700 |

***No Partial Payments Allowed***
*Please bring bill with payment*

120448*293**G50**0.728**1/4*********AUTOALL FOR AADC 180
SADG-1 LIMITED PARTNERSHIP
C/O THE DREHER GROUP
102 COLLIERY RD
DICKSON CITY PA 18519-1657

**Office Hours:**
MON THRU FRI 9AM-4:30PM.

**Payment Information:**
*NO PHONE PMTS*
PAY ONLINE @ WWW.LUZERNECOUNTY.ORG/938
ECHECK $0.20,DEBIT PMTS 1.79% OF TAX AMT
CREDIT CARD PAYMENTS 2.19% OF TAX AMT.

---

**2025 REAL ESTATE STATEMENT**

**TAXPAYER COPY**

| | |
|---|---|
| Control No: | 72725-1 |
| Tax Bill No: | 166 |
| Parcel Number: | 72-E11NE3-001-013-000 |

| Tax Description | Assessment | Rate | Discount (-$100.10) | Face | Penalty (+$500.51) |
|---|---|---|---|---|---|
| COUNTY R/E | 787,700 | 6.35410 | $4,905.02 | $5,005.12 | $5,505.63 |

PAID APR 17 2025 LUZERNE COUNTY TREASURER

2/2    CK 1062

**Payment requested from:**
SADG-1 LIMITED PARTNERSHIP
C/O THE DREHER GROUP
102 COLLIERY RD
DICKSON CITY PA 18519-1657

If paying after December 15th: Only money orders or certified checks will be accepted.

**PAY THIS AMOUNT ▶**

| IF PAID BY 04/18/2025 | IF PAID BY 06/18/2025 | IF PAID AFTER 06/18/2025 |
|---|---|---|
| $4,905.02 | $5,005.12 | $5,505.63 |

Liens Will Be Filed After: 12/31/2025

**Payable to:** LUZERNE COUNTY TREASURER'S OFFICE
20 N PENNSYLVANIA AVE WILKES BARRE PA 18701-3503

For a receipt, please return all copies with payment and self-addressed stamped envelope.

*Please fold on perforation BEFORE tearing*