UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-1(B)**

**REED SMITH LLP**

Aaron M. Bender, Esquire (15642004)
506 Carnegie Center, Suite 300
Princeton, New Jersey 08543
Telephone:  (609) 987-0050
Fax:  (609) 951-0824
Email:  abender@reedsmith.com

and

Jared S. Roach (*pro hac vice forthcoming*)
Emily C. Costantinou (*pro hac vice forthcoming*)
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone:  (412) 288-3131
Fax:  (412) 288-3063
Email:  jroach@reedsmith.com
            ecostantinou@reedsmith.com

*Counsel for The Buncher Company*

| | |
|---|---|
| In re: | Chapter 11 |
| LAKEHURST AND BROADWAY CORPORATION.[1] | Case Number: 25-14831-MBK |
|  | (Jointly Administered) |
| Debtor. | Hon. Michael B. Kaplan |

TO THE HONORABLE MICHAEL B. KAPLAN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

**THE BUNCHER COMPANY'S RESPONSE TO THE LIQUIDATING**

---

[1] On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order on Final Decree"). The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, *Lakehurst and Broadway Corporation*, Case No. 25-14831 (MBK). Except as otherwise provided herein, references to the "Docket" herein shall refer to the docket in the formerly jointly administered cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK).

**TRUSTEE'S FOURTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM**

AND NOW comes The Buncher Company ("Buncher") by and through its undersigned counsel, and hereby files this Response (the "Response"): (i) in opposition to the *LIQUIDATING TRUSTEE'S FOURTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM PURSUANT TO SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2* (the "Fourth Omnibus Objection") [Doc. No. 411] filed by Eric Kaup, the RAD Liquidating Trustee (the "Liquidating Trustee"), on behalf of the RAD Liquidating Trust (the "Liquidating Trust"); and (ii) in further support of Buncher's proof of claim, filed at Claim Number 2485 (the "Claim")[2], and of Buncher's entitlement to an administrative expense claim pursuant to 11 U.S.C. §§ 105(a), 365(d)(3), 503(b)(1), and 507(a)(2). In support of this Response, Buncher respectfully states the following:

### PRELIMINARY STATEMENT

1. Buncher is successor-in-interest to J.S. Bethel Park, L.P., the "Original Landlord" under that certain *Lease* dated January 31, 2017 (together with all riders, exhibits, and amendments, the "Lease"), with debtor Rite Aid of Pennsylvania, LLC, as "Tenant", which was assigned by Original Landlord to Buncher, pursuant to that certain *Assignment and Assumption of Tenant Lease and Guaranty*, dated August 19, 2021 (the "Assignment"). True and correct copies of the Lease and Assignment are attached to the Claim as Exhibit A and Exhibit B, respectively, and incorporated herein. The Premises were operated by Tenant as a retail pharmacy and convenience store, known as Rite Aid Store No. 6733.

---

[2] Capitalized terms used but not defined in this Response have the meanings given in the Claim. For the avoidance of doubt, the Fourth Omnibus Objection and this Response address only the portion of Buncher's Claim that relates to a claim for administrative priority. The Liquidating Trustee has raised no objection to—and this Response does not address—Buncher's remaining claim for (i) Prepetition Damages, and/or Rejection Damages (as those terms are defined and discussed in the Claim. Buncher also filed a claim against debtor New Rite Aid, LLC, filed at claim number 2484, which is not the subject of the Fourth Omnibus Objection or this Response.

2.      Pursuant to that certain *Guaranty*, dated January 31, 2017 (the "Guaranty"), Rite Aid Corporation (the "Guarantor") unconditionally guaranteed the obligations of Tenant under the Lease.  A true and correct copy of the Guaranty is attached to the Claim as Exhibit C, and incorporated herein.

3.      As more fully set forth in the Claim, Buncher and Tenant entered into that certain *Amendment to Lease* dated on November 1, 2023 (the "2023 Amendment"), to modify certain terms and conditions of the Lease in the wake of the Tenant's 2023 bankruptcy case (as discussed herein and more fully in the Claim).  A true and correct copy of the Amendment is attached to the Claim as Exhibit F, and incorporated herein.

4.      As more fully set forth in the Claim, Tenant has failed to make post-petition payments to Buncher under the Lease Documents in the aggregate amount of at least $138,257.92, including for taxes owed to the local taxing authorities).  Buncher is therefore entitled to an administrative expense claim of at least $138,257.92, pursuant to 11 U.S.C. §§ 503(b) and 507(b), as more fully detailed herein.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the Response pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The legal predicates for the relief requested herein are sections 365(d)(3), 503(b) and 507(a)(2) of the Bankruptcy Code

## BACKGROUND

7.      On October 15, 2023, the Tenant, Guarantor, and certain of their affiliates each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code").  Those chapter 11 bankruptcy cases (the "2023 Cases")

were administered in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") under the bankruptcy case styled *In re Rite Aid Corporation*, Case No. 23-18993 (MBK).

8.   At the time of the 2023 Cases, Tenant was current on obligations under the Lease. To ensure the assumption of the Lease by Tenant and modify certain terms and conditions of the Lease in the wake of the 2023 Cases, Buncher and Tenant entered into the 2023 Amendment. *See* Exhibit F to Claim*, 2023 Amendment.

9.   On May 5, 2025 (the "Petition Date"), Tenant, Guarantor, and certain of their affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under the Bankruptcy Code. Those chapter 11 bankruptcy cases (the "Chapter 11 Cases") were administered in Bankruptcy Court under the bankruptcy case styled *In re New Rite Aid, LLC,* Case No. 25-14861 (MBK). The Debtors continued to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

10.   On July 25, 2025, the Debtors filed the *Eighteenth Notice Of Rejection Of Certain Executory Contracts And/Or Unexpired Leases* [Doc. No. 1575] (the "Rejection Notice") seeking in part to reject the Lease Documents effective as of the July 31, 2025 (the "Rejection Date").

11.   On August 19, 2025, the Bankruptcy Court entered an order regarding the Rejection Notice, approving the rejection of the Lease Documents, effective as of July 31, 2025 [Doc. No. 1943] (the "Rejection Order").

12.   Since the Petition Date, Tenant has failed to make payments for certain taxes and charges as required by the Lease Documents in the aggregate total amount of at least $138,257.92. *See* Claim, ¶ 18-95.

**OPPOSITION TO FOURTH OMNIBUS OBJECTION**

13.    By this Response, Buncher respectfully requests that this Court (i) DENY the Fourth Omnibus Objection as it relates to Buncher's Claim, and, (i) enter an order allowing Buncher's administrative expense claim against Tenant and Guarantor pursuant to sections 105(a), 365(d)(3), 503(b)(1), and 507(a)(2) of the Bankruptcy Code in the amount of at least $138,257.92.

**BASIS FOR RELIEF**

14.    Section 365(d)(3) of the Bankruptcy Code provides in relevant part as follows:

> The trustee shall timely perform all the obligations of the debtor… arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3).   Section 365(d)(3) requires a trustee or debtor-in-possession to timely perform the obligations of the debtor under any unexpired lease of nonresidential real property until assumption or rejection.   In the Third Circuit, such administrative expenses become "due" for the purposes of §365(d)(3) at the time of billing.  *In re Montgomery Ward Holding Corp*., 268 F.3d 205, 211 (3d Cir. 2001); *see also In re Pelican Pool & Ski Ctr., Inc*. 2009 WL 2244573, at *13 (D.N.J. July 27, 2009) (adopting *Montgomery Ward* and recognizing "billing date approach").

15.    Section 503(b)(1)(A) of the Bankruptcy Code provides, in relevant part, that a claimant is entitled to an administrative claim for "the actual, necessary costs and expenses of preserving the estate."  11 U.S.C. § 503(b)(1)(A).   Such "actual, necessary costs and expenses" are allowable as administrative expenses and entitled to payment priority.    11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2).   A claim under section 503(b)(1) may be established by evidence demonstrating that the expense and right to payment arose post-petition, and the expense directly and substantially benefitted the estate.  *Calpine Corp. v. O'Brien Env't Energy, Inc. (In re O'Brien Env't Energy, Inc.)*, 181 F.3d 527, 532-33 (3d Cir. 1999).

16.     A landlord's claim for unpaid post-petition rents is entitled to administrative priority.  *See, e.g., In re Valley Media, Inc.*, 290 B.R. 73, 76 (Bankr. D. Del. 2003) ("section 365(d)(3) authorizes administrative status for the unpaid rent for the [pre-rejection] period.  The granting of administrative priority for this period is consistent with the intent of section 365(d)(3) and necessary to carry out its objectives."); *see also, Goody's Family Clothing , Inc. v. Mountaineer Prop. Co. II, LLC*, 401 B.R. 656 (D. Del. 2009).

17.     For a commercial lessor's claim to get administrative expense treatment under Section 503(b)(1), "the debtor's occupancy of the leased premises must confer an actual and necessary benefit to the debtor in the operation of its business." *In re Goody's Fam. Clothing Inc.*, 610 F.3d at 818.  Here, tenant's occupancy of the leased premises conferred an actual benefit to the Debtors and the estates because Tenant was permitted to continue operating and generating valuable revenue.  As evidenced by Tenant's post-petition occupancy of the leased premises, Tenant was not prepared to decide how to treat the Lease prior to the Petition Date.  For the foregoing reasons, Buncher is entitled to an administrative priority claim.

**A.     <u>Buncher is Entitled an Administrative Expense Claim for Unpaid Rent Under the Lease Documents.</u>**

18.     In the Third Circuit, this administrative priority treatment of landlord claims is extended to include "stub" rent, which refers to "the amount due a landlord for the period of occupancy and use between the petition date and the first post-petition rent payment." *In re Goody's Fam. Clothing Inc.*, 610 F.3d at 815.   Section 365(d)(3) "does not supplant" Section 503(b) and landlords "are entitled to 'stub rent' as an administrative expense." *Id*.  A landlord may seek payment of the portion of rent falling in the post-petition period as an administrative expense, provided such claim otherwise meets the criteria set forth under section 503(b). *See, e.g., In re JLM Couture, Inc.*, 661 B.R. 862, 867 (Bankr. D. Del. 2024).

19.     Pursuant to the 2023 Amendment, Tenant was required to pay Base Rent and other charges under the Lease Documents on the first (1st) day of each month.  *See*, Exhibit F to Claim, 2023 Amendment, § 3(b).

20.     Tenant commenced its chapter 11 case on the Petition Date (May 5, 2025), without having paid May 2025 Base Rent and other charges.  *See* Claim, ¶¶ 18, 26.

**B.      Buncher is Entitled an Administrative Expense Claim for the Full Amount of Post-Petition, Pre-Rejection Taxes.**

21.     Additionally, Third Circuit case law dictates that Buncher is entitled to payment in full for the Tenant's tax obligations that were invoiced to Tenant during the post-petition, pre-rejection period.  "An obligation arises under a lease for the purposes of § 365(d)(3) when the legally enforceable duty to perform arises under that lease."  *In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 211 (3d. Cir. 2001); citing *In re R.H. Macy & Co.*, 152 B.R. 869, 873 (S.D.N.Y. 1993) ("As [the landlord] correctly notes,[the debtor] is not directly liable for the reassessed taxes, but only contractually obligated to pay such amounts to [the landlord.] Accordingly, the reassessed taxes represent an obligation of [the debtor] under the Lease that arose after the order for relief which must be timely performed in accordance with section 365(d)(3).").  For a triple-net lease—such as the Lease between Buncher and Tenant—a "*lease obligation* […] *for tax payments arose post-order and prior to rejection*[,] Under § 365(d)(3), [the tax] obligation ***must be fulfilled*** not in part, ***but in full***."  *Montgomery Ward*, 268 F.3d at 212 (emphasis added). Proration of such post-petition, pre-rejection taxes is not appropriate.

22.     Pursuant to the Lease, "Tenant shall pay all real estate taxes, assessments and other governmental charges and levies […] which may be levied or charged against the Leased Premises directly to the appropriate governmental entities and authorities as the case may be."  *See*, Exhibit A to Claim, Lease, § 6(a).  Furthermore, the Lease specifies that Tenant's obligation to pay real

estate taxes is considered "Rent" under the Lease and Buncher is entitled to remedies for Tenant's

nonpayment of such:

> All payments required to be made by Tenant under this Paragraph 6 shall constitute additional rent and, as such, shall be considered "rent" for all purposes under this Lease. Without limiting the generality of the foregoing, **Landlord shall have the same rights and remedies available under this Lease for the nonpayment of such amounts due under this Paragraph 6 as are available with respect to nonpayment of the rent due under Paragraph 5**.

*See*, Exhibit A to Claim*, Lease, § 6(d) (emphasis added).

23.     In the post-petition, pre-rejection period, Buncher sent Tenant two invoices for unpaid annual taxes for the Leased Premises in the aggregate amount of at least $109,333.13 (the "Taxes"): (i) the July 9, 2025 invoice for 25-26 School District Real Estate Taxes, in the amount of at least $96,825.28; and (ii) the July 9, 2025 invoice for Municipality Real Estate Taxes, in the amount of at least $12,507.85.  *See* Claim, ¶¶ 26, 31; Exhibit I to Claim.

24.     Tenant did not make any payment on account of the Taxes to the appropriate governmental authorities, as required by the Lease.  *See* Claim, ¶ .  To date, Tenant has made no payment to any entity—including Buncher—on account of the Taxes.

25.     Under Third Circuit law, Tenant's tax obligations to Buncher represent an obligation of Tenant under the Lease that arose at the time that Buncher billed Tenant. *See Montgomery Ward*, 268 F.3d 205.  Pursuant to the Lease Documents, Buncher is entitled to remedies for Tenant's nonpayment of the Taxes, as they are considered "additional rent."  As such, Buncher is entitled to an administrative expense claim for the entirety of the Taxes that were billed between the Petition Date and the Rejection Date.

**C.     The Amount of Buncher's Administrative Expense Claim.**

26.     Accordingly, Tenant remains delinquent to Buncher for post-petition rent under the Lease Documents in the amount of at least $138,257.92, which includes (i) the prorated "stub-rent"

for May 2025, and (ii) the Taxes, which are "additional rent."  In particular, Tenant has failed to pay the following post-petition, pre-rejection amounts:

| **"Stub Rent" May 5, 2025 through May 31, 2025** (*pro-rated*)] | |
| --- | --- |
| Base Rent ($26,398.17 *pro-rated* ) | $22,878.41 |
| **May 5, 2025 through May 31, 2025 Total** | **$22,878.41** |
| **June 2025** | |
| Finance Charge | $3,023.19 |
| **June 2025 Total** | **$3,023.19** |
| **July 2025** | |
| 07/18/25 Finance Charge | $3,023.19 |
| 07/09/25 25-26 School District Real Estate Taxes | $96,825.28 |
| 07/09/25 2025 Municipality Real Estate Taxes | $12,507.85 |
| **July 2025 Total** | **$112,356.32** |
| **TOTAL ADMINISTRATIVE EXPENSE AMOUNT DUE** | **$138,257.92** |

27.     Since the Petition Date, Tenant continued to occupy the Premises through the Rejection Date and utilize it as a retail pharmacy and convenience store, in turn, generating revenues for and creating a substantial benefit for Tenant's bankruptcy estate.  Any profit derived from sales occurring at the Premises has undoubtedly contributed positively to Tenant's restructuring efforts and going concern value.

28.     In contrast, Buncher is not receiving the benefit of its bargain under the Lease Documents, and has incurred significant damages as a result of Tenant's failure to pay its undisputed post-petition, pre-rejection debts to Buncher.  Accordingly, Buncher is entitled to an administrative expense claim in the amount of at least **$138,257.92**, which includes the entirety of taxes that were billed to the tenant during the post-petition, pre-rejection period in the amount at least $109,333.13.

## WAIVER OF MEMORANDUM OF LAW

29.      Buncher respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3), because the legal basis upon which Buncher relies is set forth in this Response and does not raise any novel issues of law.

## RESERVATION OF RIGHTS

30.      Buncher reserves the right to amend and/or supplement this Response and to assert any other administrative expenses or post-petition claims as the arise or become known.[3]

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, Buncher respectfully requests that this Court (i) DENY the Fourth Omnibus Objection as it relates to Buncher's Claim, and, (i) enter an order allowing Buncher's administrative expense claim against Tenant and Guarantor pursuant to sections 105(a), 365(d)(3), 503(b)(1), and 507(a)(2) of the Bankruptcy Code in the amount of at least $138,257.92.

Dated: June 23, 2026

Respectfully submitted,

**REED SMITH LLP**
A Delaware Limited Liability Partnership

*/s/ Aaron M. Bender*
Aaron M. Bender, Esquire (15642004)
506 Carnegie Center, Suite 300
Princeton, New Jersey 08543
Telephone:  (609) 987-0050
Fax:  (609) 951-0824
Email:  abender@reedsmith.com

and

---

[3] Administrative priority also extends to attorneys' fees which are recoverable under the subject lease, as well as to post-petition, pre-rejection interest, whether or not the subject lease explicitly provides for such interest. *See, e.g., In re Pelican Pool*, LEXIS 4623 at *36; *In re Montgomery Ward*, 268 F.3d at 211; *In re Ames Dep't Stores, Inc*., 306 B.R. 43, 81 (Bankr. S.D.N.Y. 2004) ("The payment of attorney fees is an obligation of the lease that must be satisfied under section 365(d)(3) when the lease at issue provides for such recovery as an obligation of the Debtor.") (emphasis omitted). Buncher reserves its right to seek an additional administrative claim for attorneys' fees, costs, interest, and other such sums as may be recoverable under the Lease Documents.

Jared S. Roach (*pro hac vice forthcoming*)
Emily C. Costantinou (*pro hac vice forthcoming*)
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone:  (412) 288-3131
Fax:  (412) 288-3063
Email:  jroach@reedsmith.com
      ecostantinou@reedsmith.com

*Attorneys for The Buncher Company*