**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*



**Order Filed on July 6, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

In re:

LAKEHURST AND BROADWAY CORPORATION,

Debtor.[1]

Chapter 11

Case No. 25-14831 (MBK)

### ORDER SUSTAINING LIQUIDATING TRUSTEE'S
### FOURTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM
### PURSUANT TO SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY
### CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2

The relief set forth on the following pages, numbered two (2) through five (5) is

**ORDERED**.

**DATED: July 6, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)

| | |
|---|---|
| Debtor: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | ORDER SUSTAINING LIQUIDATING TRUSTEE'S FOURTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM PURSUANT TO SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2 |

Upon consideration of the *Liquidating Trustee's Fourth Omnibus Objection to Certain Proofs of Claim Pursuant to Sections 502(b) and 503(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1 and 3007-2* (the "Objection")[1]; and upon consideration of the Kaup Declaration; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and it appearing that no other or further notice of the Objection need be provided; and upon the hearing held by the Court to consider the relief requested in the Objection (the "Hearing"), if any; and all responses, if any, to the Objection having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Wind-Down Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the record of the Hearing, if any, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

(Page 3)

| | |
|---|---|
| Debtor: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | ORDER SUSTAINING LIQUIDATING TRUSTEE'S FOURTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM PURSUANT TO SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2 |

1. The Objection is sustained as set forth herein.

2. Each of the No Liability Claims or No Documentation Claims identified on **Schedule 1** or **Schedule 3** attached to this Order is hereby disallowed and expunged to the extent such claim asserts an administrative or priority claim, except that the portion of any such claim, if any, set forth in the column of **Schedule 1** or **Schedule 3** titled "Remaining Claim" shall remain on the Claims Register in the amount set forth therein. Any such Remaining Claim or any general unsecured portion of a No Liability Claim or No Documentation Claim will remain on the Claims Register and is neither allowed nor disallowed at this time, subject to the Liquidating Trustee and Wind-Down Debtors' rights to file additional substantive and non-substantive objections to any such No Liability Claim or No Documentation Claim, and any other proofs of claim that have been or may be filed against the Debtors, which are expressly preserved. Nothing herein shall constitute, nor shall it be deemed to constitute, the allowance of any of the No Liability Claims or No Documentation Claims.

3. Each of the Reclassified Claims identified on **Schedule 2** attached to this Order is hereby reclassified as a general unsecured claim to the extent such claim asserts an administrative or priority claim, except that the portion of any such claim, if any, set forth in the column of **Schedule 2** titled "Remaining Claim" shall remain on the Claims Register in the amount set forth therein. Any such Remaining Claim or any general unsecured portion of a Reclassified Claim will remain on the Claims Register and is neither allowed nor disallowed at this time, subject to the Liquidating Trustee and Wind-Down Debtors' rights to file additional substantive and non-

(Page 4)
Debtor:            LAKEHURST AND BROADWAY CORPORATION
Case No.           25-14831 (MBK)
Caption of Order:  ORDER  SUSTAINING  LIQUIDATING  TRUSTEE'S  FOURTH
                   OMNIBUS  OBJECTION  TO  CERTAIN  PROOFS  OF  CLAIM
                   PURSUANT  TO  SECTIONS  502(B)  AND  503(B)  OF  THE
                   BANKRUPTCY  CODE,  BANKRUPTCY  RULE  3007,  AND  LOCAL
                   RULES 3007-1 AND 3007-2

substantive objections to any Reclassified Claim and any other proofs of claim that have been or

may be filed against the Debtors, which are expressly preserved.  Nothing herein shall constitute,

nor shall it be deemed to constitute, the allowance of any of the Reclassified Claims.

4.      Upon the payment of any Remaining Claim identified on the Schedules annexed

hereto, the Claim shall be deemed satisfied, in full, and may be marked accordingly on the Claims

Register.  For the avoidance of doubt, this Order does not direct or require the Liquidating Trustee

to pay any such Remaining Claim.

5.      Kroll Restructuring Administration LLC, the Court-appointed claims and noticing

agent in the Chapter 11 Cases, is hereby authorized and directed to make such revisions to the

official claims register as are necessary to reflect the relief granted in this Order.

6.      Notwithstanding the relief granted in this Order and any actions taken pursuant to

such relief, nothing in this Order shall be deemed:  (a) an implication or admission as to the amount

of, basis for, or validity of any particular claim against the Wind-Down Debtors under the

Bankruptcy  Code  or  other  applicable  non-bankruptcy  law;  (b) a  waiver  of  the  Wind-Down

Debtors', Liquidating Trustee's, or any other party in interest's rights to dispute any claim (or

portion thereof), including but limited to those claims identified on **Schedule 1**, **Schedule 2**, or

**Schedule 3** on any grounds; (c) a promise or requirement to pay any particular claim; (d) an

implication, admission, or finding that any particular claim is an administrative expense claim,

other priority claim or otherwise of a type specified or defined in the Objection or this Order; (e) a

request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to

(Page 5)
Debtor:          LAKEHURST AND BROADWAY CORPORATION
Case No.         25-14831 (MBK)
Caption of Order: ORDER SUSTAINING LIQUIDATING TRUSTEE'S FOURTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM PURSUANT TO SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2

---

section 365 of the Bankruptcy Code; (f) an admission by the Liquidating Trustee as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Wind-Down Debtors' estates; (g) a waiver or limitation of the Liquidating Trustee's, the Wind-Down Debtors', or any other party in interest's, claims, causes of action, or other rights, including setoff or recoupment, under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Liquidating Trustee or Wind-Down Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Objection are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (j) otherwise affecting the Liquidating Trustee's or Wind-Down Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

7.      Notice of the Objection as provided therein shall be deemed good and sufficient notice of such Objection and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

8.      The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Schedule 1**

**No Liability Claims**

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Remaining Claim | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|---|
| 1202 | 5116 2nd LLC | New Rite Aid, LLC | 8/1/2025 | $0.00 | $0.00 | This claim fails to specify the claim amount or specifies the claim only as unliquidated | Section II, ¶¶19–21 |
| 2437 | Brancher, Victoria Kaiulani | New Rite Aid, LLC | 1/16/2026 | $0.00 | $0.00 | This claim fails to specify the claim amount or specifies the claim only as unliquidated | Section II, ¶¶19–21 |
| 506 | Kern River Partners, LLC | Thrifty PayLess, Inc. | 6/9/2025 | $21,040.29 | $0.00 | This claim fails to specify the claim amount or specifies the claim only as unliquidated | Section II, ¶¶19–21 |
| 2122 | Riverside Improvements, LLC | Rite Aid of New York, Inc. | 10/17/2025 | $0.00 | $0.00 | This claim fails to specify the claim amount or specifies the claim only as unliquidated | Section II, ¶¶19–21 |

**Schedule 2**

**Reclassified Claims**

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Remaining Claim | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|---|
| 1046 | 5-7 Mill Road LLC | Maxi Drug North, Inc. | 7/22/2025 | $21,973.95 | $0.00 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |
| 2133 | Blue Jay Center LLC | Thrifty PayLess, Inc. | 10/16/2025 | $4,380.52 | $793.01 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |
| 292 | Center Plaza LP | Rite Aid of New York, Inc. | 5/29/2025 | $7,857.31 | $0.00 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |
| 2208 | D&A Investment Group LLC | New Rite Aid, LLC | 10/30/2025 | $78,466.00 | $0.00 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |
| 1752 | Delilah Realty Co. | Genovese Drug Stores, Inc. | 9/5/2025 | $23,976.51 | $766.73 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |
| 1633 | Edgemark Littleton LLC | Rite Aid of Pennsylvania, LLC | 8/28/2025 | $48,363.19 | $4,801.21 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |
| 2337 | FLAVORx Inc | New Rite Aid, LLC | 12/26/2025 | $11,588.15 | $0.00 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |
| 1115 | FP Duffy, Inc | New Rite Aid, LLC | 7/28/2025 | $6,850.00 | $0.00 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |
| 1069 | Keeline Family Trust | New Rite Aid, LLC | 7/22/2025 | $48,955.00 | $7,843.08 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |
| 1253 | Richfield Associates | New Rite Aid, LLC | 8/6/2025 | $44,292.71 | $13,430.87 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |
| 2093 | The Widewaters Group, INC. | Rite Aid Corporation | 10/17/2025 | $18,157.85 | $3,032.49 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III, ¶¶22–24 |

**Schedule 3**

**No Supporting Documentation Claims**

| Claim Number | Creditor | Debtor | Date Filed | Asserted Claim Amount | Remaining Claim | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|---|
| 1146 | Excela Health Ventures LLC | Rite Aid of Pennsylvania, LLC | 7/29/2025 | $12,750.40 | $0.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 1617 | Green Lake Phase II LLC | New Rite Aid, LLC | 8/22/2025 | $115,899.01 | $0.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 1424 | HPT (Kane) LP | Rite Aid of Pennsylvania, LLC | 8/8/2025 | $10,613.93 | $0.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 1414 | HPT (Spring Grove) LP | Rite Aid of Pennsylvania, LLC | 8/8/2025 | $15,412.64 | $0.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 1426 | HPT (Waynesburg) LP | Rite Aid of Pennsylvania, LLC | 8/8/2025 | $24,170.77 | $0.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 1820 | Metropolitan Management Corp | Rite Aid of Pennsylvania, LLC | 9/16/2025 | $7,401.43 | $3,401.43 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2207 | Pereira Investment | New Rite Aid, LLC | 10/30/2025 | $36,935.00 | $0.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 911 | RAD Connellsville LLC | Eckerd Corporation | 7/11/2025 | $21,419.75 | $0.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |