| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| In re:<br><br>LAKEHURST AND BROADWAY CORPORATION<br><br><div align=center>Wind-Down Debtor.[1]</div> | Chapter 11<br><br>Case No. 25-14831 (MBK) |

**Order Filed on July 7, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

**STIPULATION AND ORDER BETWEEN THE RAD LIQUIDATING TRUST, KROLL SETTLEMENT ADMINISTRATION LLC, AND DIANE YOUNG AND LANAE JOHNSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED REGARDING THE TURNOVER OF <u>CHAT DATA</u>**

The relief set forth on the following pages, numbered paragraphs one (1) through fourteen (14) is **ORDERED.**

**DATED: July 7, 2026**

_Michael B. Kaplan_
Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]     On December 30, 2025, the Bankruptcy Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), <u>Docket No. 3695</u>] (the "<u>Order</u>").  The Bankruptcy Court has entered a text order on the affiliated dockets listed in the Order requiring that all remaining matters be filed under the above captioned case, Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK).

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **BURSOR & FISHER, P.A.** |
| Michael D. Sirota | Max S. Roberts (State Bar No. 363482) |
| Warren A. Usatine | 1330 Avenue of the Americas, 32nd Floor |
| Felice R. Yudkin | New York, NY 10019 |
| Seth Van Aalten (admitted *pro hac vice*) | Telephone: (646) 837-7150 |
| Court Plaza North, 25 Main Street | Facsimile: (212) 989-9163 |
| Hackensack, New Jersey 07601 | E-mail: mroberts@bursor.com |
| Telephone: (201) 489-3000 | |
| E-mail: msirota@coleschotz.com | *Counsel to Plaintiffs Diane Young and Lanae Johnson,* |
|     wusatine@coleschotz.com | *individually and on behalf of all others similarly* |
|     fyudkin@coleschotz.com | *situated* |
|     svanaalten@coleschotz.com | |
| | **KROLL SETTLEMENT ADMINISTRATION LLC** |
| **-and-** | 2000 Market Street, Suite 950 |
| | Philadelphia, PA, 19103 |
| **MORGAN, LEWIS & BOCKIUS LLP** | |
| John C. Goodchild, III | |
| Matthew C. Ziegler (admitted *pro hac vice*) | |
| Sophia C. Aguilar | |
| 2222 Market St. | |
| Philadelphia, Pennsylvania 19103 | |
| Telephone: (215) 963-5000 | |
| john.goodchild@morganlewis.com | |
| matthew.ziegler@morganlewis.com | |
| sophia.aguilar@morganlewis.com | |
| | |
| **-and-** | |
| | |
| Celine M. DeSantis (admitted *pro hac vice*) | |
| One Federal Street | |
| Boston, Massachusetts 02110 | |
| Telephone: (617) 341-7700 | |
| celine.desantis@morganlewis.com | |
| | |
| *Counsel to the RAD Liquidating Trust* | |

2

(Page | 3)
Debtor:              LAKEHURST AND BROADWAY CORPORATION
Case No:             25-14831 (MBK)
Caption of Order:    STIPULATION AND ORDER BETWEEN THE RAD LIQUIDATING
                     TRUST, KROLL SETTLEMENT ADMINISTRATION LLC, AND
                     DIANE YOUNG AND LANAE JOHNSON, INDIVIDUALLY AND ON
                     BEHALF OF ALL OTHERS SIMILARLY SITUATED REGARDING
                     THE TURNOVER OF CHAT DATA

---

This stipulation and order (the "Stipulation") is entered into by and among (i) the RAD Liquidating Trust (the "Trust"), through undersigned counsel, (ii) Kroll Settlement Administration LLC ("Kroll"), and (iii) Diane Young and Lanae Johnson, individually and on behalf of all others similarly situated (the "Plaintiffs" and collectively with the Trust and Kroll the "Parties" and each a "Party"), through undersigned counsel.  The Parties hereby stipulate and agree as follows:

## RECITALS

**WHEREAS,** Plaintiffs are plaintiffs in the lawsuit styled *Diane Young and Lanae Johnson, individually and on behalf of all others similarly situated v. Salesforce Inc.*, Case No. 4:22-cv-09067-JST, pending in the United States District Court for the Northern District of California (the "Salesforce Litigation").

**WHEREAS,** on June 3, 2026 Plaintiffs issued a narrowed, amended subpoena to the Trust seeking certain data regarding Pennsylvania residents in connection with the Salesforce Litigation.

**WHEREAS,** the Trust has agreed to respond to the subpoena by producing the minimum necessary responsive information in an excel datasheet containing the following categories of information (the "Data") as Plaintiffs contend is relevant to the Salesforce Litigation:

- Chat Transcript Name
- Body
  - Transcript of the chat, which may include health information or other identifiers if inputted by the user
- Chat Visitor: Chat Visitor Name
- Account Name: Account Name
  - Includes customer name
- Chat Transcript ID
- Case: Case Number

3

(Page | 4)
Debtor:              LAKEHURST AND BROADWAY CORPORATION
Case No:             25-14831 (MBK)
Caption of Order:    STIPULATION AND ORDER BETWEEN THE RAD LIQUIDATING
                     TRUST, KROLL SETTLEMENT ADMINISTRATION LLC, AND
                     DIANE YOUNG AND LANAE JOHNSON, INDIVIDUALLY AND ON
                     BEHALF OF ALL OTHERS SIMILARLY SITUATED REGARDING
                     THE TURNOVER OF CHAT DATA

---

- Visitor IP Address
- Ended By
- Primary Skill: Name
- Chat Duration
- Browser
- Wait Time
- Abandoned After
- Start Time
- End Time
- IP Formatted
- Search PA List
- State
- Case Created
- Customer Name
- Customer Email
- Customer Phone
- Chat Body Empty

**WHEREAS,** the disclosure and discovery activity in the Salesforce Litigation involves the production of Protected Health Information, as that term is defined in 45 C.F.R. § 160.103 ("PHI") for which special protection from public disclosure and from use for any purpose other than prosecuting the Salesforce Litigation is warranted. Accordingly, the parties wish to enter into the following Stipulation regarding the turnover of the Data.

**NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED, BY AND AMONGST THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      This Stipulation shall have no force or effect unless and until approved by this Court, and the Trust shall not provide the Data to Kroll until such time.

2.      The foregoing Recitals are hereby incorporated by reference into this Stipulation.

4

(Page | 5)

| | |
|---|---|
| Debtor: | LAKEHURST AND BROADWAY CORPORATION |
| Case No: | 25-14831 (MBK) |
| Caption of Order: | STIPULATION AND ORDER BETWEEN THE RAD LIQUIDATING TRUST, KROLL SETTLEMENT ADMINISTRATION LLC, AND DIANE YOUNG AND LANAE JOHNSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED REGARDING THE TURNOVER OF CHAT DATA |

3. Effective as of the date this Stipulation is approved by this Court, the Parties agree to the following (the "Stipulation Terms"):

a. The Trust will provide the Data to Plaintiffs' vendor of choice, Kroll Settlement Administration LLC ("Kroll") subject to the conditions herein.

b. As a condition to the Trust providing the Data to Kroll, Plaintiffs shall enter into a revised stipulated protective order in Salesforce Litigation, the form of which shall be substantially similar to the form attached as **Exhibit A**, or otherwise acceptable to the Trust.

c. Prior to receiving the Data, Plaintiffs shall confirm that they have entered into a contract with Kroll, obligating Kroll to maintain the Data privately and securely, consistent with the privacy and security standards in HIPAA typically applicable to a Business Associate as defined in 45 C.F.R. 160.103, including but not limited to encryption of data at rest, role-based access restrictions, and physical security. The Trust shall have the right to reasonably verify the data privacy and security practices in place for maintenance of the Data, to the Trust's reasonable satisfaction.

d. The Trust shall mark the Data as "CONFIDENTIAL – PROTECTED HEALTH INFORMATION" and Plaintiffs shall treat it as "CONFIDENTIAL – PROTECTED HEALTH INFORMATION" for the purposes of Civil Local Rule 79-5 of the Northern District of California. The foregoing shall be without prejudice to any party's claims and defenses in the Salesforce Litigation, including, without limitation, any party's position as to whether the Data constitutes PHI.

e. Kroll shall securely store and maintain the Data. Kroll shall not review the Data, permit any review of the Data, generate any summary or analysis of the Data, or provide the Data or any information derived from, contained in, or constituting a subset of the Data to the parties in the Salesforce Litigation until such time as ordered in the Salesforce Litigation. Such order must specifically identify the categories of information from the Data to be disclosed.

(Page | 6)
Debtor:              LAKEHURST AND BROADWAY CORPORATION
Case No:             25-14831 (MBK)
Caption of Order:    STIPULATION AND ORDER BETWEEN THE RAD LIQUIDATING
                     TRUST, KROLL SETTLEMENT ADMINISTRATION LLC, AND
                     DIANE YOUNG AND LANAE JOHNSON, INDIVIDUALLY AND ON
                     BEHALF OF ALL OTHERS SIMILARLY SITUATED REGARDING
                     THE TURNOVER OF CHAT DATA

---

f.   Kroll will agree to abide by all court orders issued in the Salesforce Litigation pertaining to the turnover or withholding of the Data, including any and all provisions relating to PHI.

4.     The Parties agree that the Trust is authorized, to the extent permitted under the *Order Approving the Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Case No. 25-14861, Docket No. 3445] (together with its attachments, the "Confirmation Order "), to take all actions necessary to effectuate the relief provided for in this Stipulation.

5.     Neither this Stipulation nor any actions taken pursuant hereto shall constitute evidence admissible against the Parties in any action or proceeding other than one to enforce the terms of this Stipulation.

6.     Except as expressly set forth herein, nothing contained herein is intended to be or shall be deemed as or construed to be, a waiver of, nor in any way affect, any of the Parties' respective rights, claims, defenses, or other interests arising out of or related to the Confirmation Order and its related documents (including the Data Retention Plan [Case No. 25-14861, Docket No. 3218]),  any additional agreements between the Parties, any matters related thereto pending in the Bankruptcy Court or Salesforce Litigation court, or any other matters to which the Parties have or may have in the future a claim or interest.

(Page | 7)

Debtor:              LAKEHURST AND BROADWAY CORPORATION
Case No:             25-14831 (MBK)
Caption of Order:    STIPULATION AND ORDER BETWEEN THE RAD LIQUIDATING
                     TRUST, KROLL SETTLEMENT ADMINISTRATION LLC, AND
                     DIANE YOUNG AND LANAE JOHNSON, INDIVIDUALLY AND ON
                     BEHALF OF ALL OTHERS SIMILARLY SITUATED REGARDING
                     THE TURNOVER OF CHAT DATA

7.     This Stipulation shall constitute the entire agreement and understanding of the Parties related to the subject matter herein and supersedes all prior agreements and understandings between the Parties.

8.     Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

9.     This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

10.    This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of this Court.

11.    This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

12.    This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

13.    Any dissolution, termination, or wind-down of the Trust shall not affect Kroll's authority or obligations under this Stipulation or any order of the Salesforce Litigation

7

(Page | 8)
Debtor:            LAKEHURST AND BROADWAY CORPORATION
Case No:           25-14831 (MBK)
Caption of Order:  STIPULATION AND ORDER BETWEEN THE RAD LIQUIDATING
                   TRUST, KROLL SETTLEMENT ADMINISTRATION LLC, AND
                   DIANE YOUNG AND LANAE JOHNSON, INDIVIDUALLY AND ON
                   BEHALF OF ALL OTHERS SIMILARLY SITUATED REGARDING
                   THE TURNOVER OF CHAT DATA

---

court governing use, disclosure, retention, return, or destruction of the Data.  For the avoidance of

doubt, any dissolution, termination, or wind-down of the Trust shall not impair Kroll's authority

to comply with applicable court orders.

14.    The Trust shall not be required to provide further consent for Kroll to

comply with any order of the Salesforce Litigation court authorizing use of the Data for any

purpose consistent with this Stipulation.

8

(Page | 9)

| | |
|---|---|
| Debtor: | LAKEHURST AND BROADWAY CORPORATION |
| Case No: | 25-14831 (MBK) |
| Caption of Order: | STIPULATION AND ORDER BETWEEN THE RAD LIQUIDATING TRUST, KROLL SETTLEMENT ADMINISTRATION LLC, AND DIANE YOUNG AND LANAE JOHNSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED REGARDING THE TURNOVER OF CHAT DATA |

**FOR THE TRUST**

By: /s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Seth Van Aalten (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
E-mail: msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com
            svanaalten@coleschotz.com

-and-

**MORGAN, LEWIS & BOCKIUS LLP**
John C. Goodchild, III
Matthew C. Ziegler (admitted *pro hac vice*)
Sophia C. Aguilar
2222 Market St.
Philadelphia, Pennsylvania 19103
Telephone: (215) 963-5000
john.goodchild@morganlewis.com
matthew.ziegler@morganlewis.com
sophia.aguilar@morganlewis.com

-and-

Celine M. DeSantis (admitted *pro hac vice*)
One Federal Street
Boston, Massachusetts 02110
Telephone: (617) 341-7700
celine.desantis@morganlewis.com

*Counsel to the RAD Liquidating Trust*

**FOR PLAINTIFFS**

By: /s/ *[signature]*

**BURSOR & FISHER, P.A.**
Max S. Roberts (State Bar No. 363482)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: mroberts@bursor.com

*Counsel to Plaintiffs Diane Young and Lanae Johnson, individually and on behalf of all others similarly situated*

**FOR KROLL**

By: /s/ *Randall P Burkholder*

**Name**: Randall Burkholder
**Title**: President

9

# EXHIBIT A

Tiffany Cheung (CA SBN 211497)
TCheung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:    415.268.7000
Facsimile:    415.268.7522

Katie Viggiani (*pro hac vice*)
KViggiani@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Telephone:    212.468.8000
Facsimile:    212.468.7900

Erik Manukyan (CA SBN 340307)
EManukyan@mofo.com
Sydney D. Gaskins (CA SBN 358965)
SGaskins@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone:    213.892.5200
Facsimile:    213.892.5454

Attorneys for Defendant
SALESFORCE, INC.

L. Timothy Fisher (CA SBN 191626)
ltfisher@bursor.com
Daniel S. Guerra (CA SBN 267559)
dguerra@bursor.com
BURSOR & FISHER, P.A.
1990 North California Boulevard, 9th Floor
Walnut Creek, CA 94596
Telephone:    925.300.4455
Facsimile:    925.407.2700

Joseph I. Marchese (*pro hac vice*)
jmarchese@bursor.com
Max S. Roberts (CA SBN 363482)
mroberts@bursor.com
Ira Rosenberg (Pro Hac Vice)
irosenberg@bursor.com
Caroline C. Donovan (Pro Hac Vice)
cdonovan@bursor.com
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone:    646.837.7408
Facsimile:    212.989.9163

Attorneys for Plaintiffs
DIANE YOUNG and LANAE JOHNSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE YOUNG AND LANAE JOHNSON, ,<br><br>        Plaintiffs,<br><br>    v.<br><br>SALESFORCE, INC.,<br><br>        Defendant. | Case No. 4:22-CV-09067-JST<br><br>**[PROPOSED] FIRST AMENDED JOINT STIPULATED PROTECTIVE ORDER**<br><br>Dept:        Courtroom 6<br>Judge:      Hon. Jon S. Tigar<br><br>Trial Date: Not Yet Set<br>Date Action Filed: December 21, 2022 |

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3.      "CONFIDENTIAL – PROTECTED HEALTH INFORMATION" or Items: information or items designated as such by a Producing Party that the Producing Party believes in good faith may contain information that could qualify as Protected Health Information, as that term is defined in 45 C.F.R. § 160.103, or other health-related information warranting heightened confidentiality protections. Designation under this Order shall not constitute an admission, concession, or determination that the designated material constitutes Protected Health Information under 45 C.F.R. § 160.103 or any other federal or state law.

2.4      Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

[PROPOSED] FIRST AMENDED JOINT
STIPULATED PROTECTIVE ORDER

1

CASE NO. 4:22-CV-09067-JST

2.5    Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.6    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – PROTECTED HEALTH INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.7    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party, (3) has not been employed by a Party's competitor in the last five years, and (4) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.9    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.11    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13   Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.14   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.15   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.16   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "CONFIDENTIAL – PROTECTED HEALTH INFORMATION," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.18   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the

[PROPOSED] FIRST AMENDED JOINT STIPULATED PROTECTIVE ORDER

3

CASE NO. 4:22-CV-09067-JST

public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited (except as pertains to the designation of "CONFIDENTIAL – PROTECTED HEALTH INFORMATION"). Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is

withdrawing the mistaken designation.

     5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

     Designation in conformity with this Order requires:

     (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL – PROTECTED HEALTH INFORMATION" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

     A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL – PROTECTED HEALTH INFORMATION") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL – PROTECTED HEALTH INFORMATION." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality

designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. If, however, 5 or more challenges are made by the Challenging Party, the burden of moving will shift to the Challenging Party, while the burden of persuasion remains with the Designating Party. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's

designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably

necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" and "CONFIDENTIAL – PROTECTED HEALTH INFORMATION" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL – PROTECTED HEALTH INFORMATION" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL – PROTECTED HEALTH INFORMATION" Information or Items to Designated House Counsel or Experts.

(a)(1) [Omitted]

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL – PROTECTED HEALTH INFORMATION" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.5 "CONFIDENTIAL – PROTECTED HEALTH INFORMATION" Procedures. Materials designated "CONFIDENTIAL – PROTECTED HEALTH INFORMATION" may be used solely for purposes of this litigation and shall not be disclosed except as permitted by this Order. Any party seeking to file such material shall comply with Civil Local Rule 79-5.

8.     [OMITTED]

9.     SOURCE CODE

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any

[PROPOSED] FIRST AMENDED JOINT STIPULATED PROTECTIVE ORDER

13

CASE NO. 4:22-CV-09067-JST

of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(f) The Receiving Party shall provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL – PROTECTED HEALTH INFORMATION" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL – PROTECTED HEALTH INFORMATION" before a determination by the court from which the subpoena or

[PROPOSED] FIRST AMENDED JOINT STIPULATED PROTECTIVE ORDER

14

CASE NO. 4:22-CV-09067-JST

order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL – PROTECTED HEALTH INFORMATION." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the

[PROPOSED] FIRST AMENDED JOINT
STIPULATED PROTECTIVE ORDER

15

CASE NO. 4:22-CV-09067-JST

burden and expense of seeking protection in this court of its Protected Material.

12. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14. <u>MISCELLANEOUS</u>

14.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    [Omitted.]

14.4    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

15.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected

Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  June 23, 2026             Respectfully Submitted,

*/s/ Daniel S. Guerra*
Daniel S. Guerra (CA SBN 267559)
dguerra@bursor.com
L. Timothy Fisher (CA SBN 191626)
ltfisher@bursor.com
BURSOR & FISHER, P.A.
1990 North California Boulevard, 9th Floor
Walnut Creek, CA 94596
Telephone:  925.300.4455
Facsimile:  925.407.2700

Joseph I. Marchese (*pro hac vice*)
jmarchese@bursor.com
Max S. Roberts (CA SBN 363482)
mroberts@bursor.com
Ira Rosenberg (Pro Hac Vice)
irosenberg@bursor.com
Caroline C. Donovan (Pro Hac Vice)
cdonovan@bursor.com
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone:  646.837.7408
Facsimile:  212.989.9163

**Attorneys for Plaintiffs and the Class**

Dated:  June 23, 2026

*/s/ Tiffany Cheung*
Tiffany Cheung (SBN 211497)
TCheung@mofo.com

MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: 415.268.7000
Facsimile: 415.268.7522

Erik Manukyan (CA SBN 340307)
EManukyan@mofo.com
Sydney D. Gaskins (CA SBN 358965)
SGaskins@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone:    213.892.5200
Facsimile:    213.892.5454

Katie Viggiani (*pro hac vice*)
KViggiani@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Telephone:    212.468.8000
Facsimile:    212.468.7900

**_Attorneys for Salesforce, Inc._**

PURSUANT TO STIPULATION AND GOOD CAUSE APPEARING, IT IS SO ORDERED.

Dated:  June 25, 2026

Hon. Jon S. Tigar
United State District Judge

[PROPOSED] FIRST AMENDED JOINT
STIPULATED PROTECTIVE ORDER

19

CASE No. 4:22-CV-09067-JST

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [insert date] in the case of *Johnson, et al. v. Salesforce, Inc.*, No. 4:22-CV-09067-JST (N.D. Cal.).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____