**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

Order Filed on July 8, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

LAKEHURST AND BROADWAY
CORPORATION,

Debtor.[1]

Chapter 11

Case No. 25-14831 (MBK)

Related to Docket No. 388

**CONSENT ORDER BETWEEN THE WIND-DOWN DEBTORS AND HVP2 LLC**
**RESOLVING HVP2 LLC MOTION FOR PAYMENT OF COMMON AREA CHARGES**

The relief set forth on the following pages, numbered two (2) through eight (8), is

**ORDERED**.

DATED: July 8, 2026

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page | 2)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE WIND-DOWN DEBTORS AND HVP2 LLC RESOLVING HVP2 LLC MOTION FOR PAYMENT OF COMMON AREA CHARGES |

This consent order (the "Consent Order") is made by and between HVP2 LLC (the "Landlord") and Lakehurst and Broadway Corporation (together with New Rite Aid, LLC and other affiliated Wind-Down Debtors (as defined in the Plan, defined below), the "Debtors," and together with the Landlord, the "Parties"), by and through their respective counsel of record, with regard to the following facts:

WHEREAS, on May 5, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") commencing these chapter 11 cases (the "Bankruptcy Cases"); and

WHEREAS, as of the Petition Date, Landlord, TROY SRALP, LLC a.k.a. Upstate Property as "SC Owner," and Debtor Eckerd Corporation were parties to that certain nonresidential real property lease agreement dated April 24, 2017 (together with all amendments, modifications and extensions thereto, the "Lease") for commercial space located at 83 Vandenburgh Ave., Troy, NY (Store No. 10687); and

WHEREAS, on June 9, 2025, the Court entered that certain *Final Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 776] (the "Final Rejection Procedures Order"); and

WHEREAS, on July 25, 2025, in accordance with the Final Rejection Procedures Order, the Debtors filed that certain *Sixteenth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 1573], requesting authorization to reject, among other non-residential real property leases, the Lease, as of July 31, 2025 (the "Rejection Date"); and

(Page | 3)
Debtors:          LAKEHURST AND BROADWAY CORPORATION
Case No.          25-14831 (MBK)
Caption of Order: CONSENT ORDER BETWEEN THE WIND-DOWN DEBTORS AND
                  HVP2 LLC RESOLVING HVP2 LLC MOTION FOR PAYMENT OF
                  COMMON AREA CHARGES

**WHEREAS**, on December 12, 2025, the Court entered that certain *Supplemental Sixteenth Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, if Any* [Docket No. 3525], authorizing the rejection of the Lease as of the Rejection Date; and

**WHEREAS**, on November 11, 2025, the Debtors filed their *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* [Docket No. 3215] (as modified, amended, and including all supplements, and confirmed, the "Plan"); and

**WHEREAS**, on November 26, 2025, the Court entered *the Order Approving the Disclosure Statement and Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3445], and on December 15, 2025 entered the *Supplemental Order to Order Approving the Disclosure Statement and Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3536] confirming the Plan and approving the Disclosure Statement [Docket No. 3216]; and

**WHEREAS**, on November 13, 2025 and November 14, 2025, the Landlord filed Notices of Appeal [Docket Nos. 3231 and 3240] of certain orders of the Court, which appeals have been docketed and are pending before the United States District Court for the District of New Jersey, Case No. 25-cv-17579-RK (the "Appeals"); and

**WHEREAS**, on May 4, 2026, the Landlord filed that *HVP2 LLC Motion for Payment of Common Area Charges* [Docket No. 388] (the "Motion"), seeking payment of post-petition

(Page | 4)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE WIND-DOWN DEBTORS AND HVP2 LLC RESOLVING HVP2 LLC MOTION FOR PAYMENT OF COMMON AREA CHARGES |

amounts alleged to be due for periods prior to the Rejection Date, including on account of "Common Area Maintenance" ("CAM"); and

WHEREAS, under the Lease, the Debtors' CAM obligations were limited to the "reasonable costs and expenses incurred by Landlord . . . in order to maintain and insure the paved areas of the Common Areas . . . of the Shopping Center and to maintain the landscaped areas of the Common Areas of the Shopping Center," and excluded "(i) costs of a capital nature, including, without limitation, capital improvements, capital repairs, capital equipment and capital tools, (ii) management or administrative fees, … [and] (iv) Landlord's general corporate overhead and general and administrative expenses"; and

WHEREAS, many of the expenses asserted as CAM in the Motion do not constitute CAM expenses as defined in the Lease, and some of the expenses asserted as CAM in the Motion are in fact specifically excluded by definition set forth in the Lease; and

WHEREAS, the Motion requested $128,848.90 for "Maintenance and Repair" obligations, but a good portion of these asserted obligations constitute "costs of a capital nature, including, without limitation, capital improvements, capital repairs, capital equipment and capital tools" which would be specifically excluded as CAM charges under the Lease; and

WHEREAS, the motion requested $19,327.24 for an "Admin fee," but the definition of CAM under the Lease specifically excludes "management or administrative fees" and "general corporate overhead and general and administrative expenses"; and

WHEREAS, the motion requested $147,341 in connection with an insurance bill to Erie Insurance of $6,081 for business catastrophe liability insurance, which does not constitute CAM

(Page | 5)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE WIND-DOWN DEBTORS AND HVP2 LLC RESOLVING HVP2 LLC MOTION FOR PAYMENT OF COMMON AREA CHARGES |

under the Lease because the Lease limits CAM to amounts incurred to "insure the paved areas of the Common Areas of the Shopping Center"; and

**WHEREAS**, the Motion includes invoices relating to "maintain[ing] the landscaped areas of the Common Areas" and invoices for "Sweeping/Portering" "in order to maintain … the paved areas of the Common Areas," including (i) three invoices each in the amount of $2,689.20, which when prorated on a post-petition basis, totals $7,633.86, and (ii) two invoices in the amounts of $4,514.40 and $4,719.60, which when adjusted to reflect only post-petition charges, total $8,664.00; and

**WHEREAS**, in order to be enforceable against the debtor, Upstate Property aka SC Owner was required to "submit to Tenant a copy of the applicable bills and invoices for CAM along with a computation of the CAM Sum for the CAM covered by such bills and invoices" which triggered the obligation of the debtor to pay "30 days after Landlord informs Tenant in writing of its proportionate share of CAM"; and

**WHEREAS**, Upstate Property aka SC Owner failed to timely send the bills or the computation to the debtor during the post-petition, pre-rejection period; and

**WHEREAS**, under the billing date approach, "an obligation arises under a lease for the purposes of § 365(d)(3) when the legally enforceable duty to perform arises under that lease". *Centerpoint Properties v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 268 F.3d 205, 211 (3d Cir. 2001), and in order to determine when a legal obligation arises, the Court must "look to the terms of the lease to determine both the nature of the 'obligation' and when it 'arises,'" *id.* at 209, and while the Bankruptcy Code does not define "obligation", the Third

(Page | 6)

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE WIND-DOWN DEBTORS AND HVP2 LLC RESOLVING HVP2 LLC MOTION FOR PAYMENT OF COMMON AREA CHARGES |

Circuit has held that "the most straightforward understanding of an obligation is something that one is legally required to perform under the terms of the lease and that such an obligation arises when one becomes legally obligated to perform," *id*; and

**WHEREAS**, the Debtors and the Landlord wish to resolve issues relating to the Motion, pursuant to the terms hereof; including, through and by way of the agreed upon allowance and payment of administrative expenses as set forth in this Consent Order.

**NOW, THEREFORE**, for good and valuable consideration the parties hereto acknowledge receiving, it is hereby agreed and ordered as follows:

1.      The Landlord shall have an allowed post-petition administrative expense claim pursuant to sections 365(d)(3) and 503(b)(1)(A) of the Bankruptcy Code in the amount of $10,000.00 (the "Allowed Post-Petition Administrative Expense Claim"). Within seven (7) business days following the entry of this Consent Order, the Wind-Down Debtors or the Liquidating Trustee (as defined in the Plan) shall pay to the Landlord the Allowed Post-Petition Administrative Expense Claim, which payment shall be in full and final satisfaction of any and all post-petition administrative expenses or claims of the Landlord relating to CAM, pursuant to sections 365(d)(3), 503(b) or 507 of the Bankruptcy Code or otherwise asserted in the Motion, and in full and final satisfaction of the Landlord's requested attorneys' fees sought pursuant to the Motion. Payment on account of the Landlord's attorneys' fees is not, nor shall it be, a determination or admission by the Debtors that such attorneys' fees are due and payable in accordance with the terms of the Lease.

(Page | 7)

Debtors:            LAKEHURST AND BROADWAY CORPORATION
Case No.            25-14831 (MBK)
Caption of Order:   CONSENT ORDER BETWEEN THE WIND-DOWN DEBTORS AND
                    HVP2 LLC RESOLVING HVP2 LLC MOTION FOR PAYMENT OF
                    COMMON AREA CHARGES

2.       Except with respect to CAM and the attorneys' fees sought in the Motion, nothing herein is intended to (i) resolve the Landlord's claims set forth in the Appeals or (ii) prejudice the Landlord's right to assert that the amounts for CAM or attorneys' fees sought in the Motion that are in excess of the Allowed Post-Petition Administrative Expense Claim should be allowed as a General Unsecured Claim (as defined in the Plan).

3.       The Debtors, the Liquidating Trust (as defined in the Plan) and the Landlord are authorized to take all actions necessary to effectuate the relief granted in this Consent Order without further order from this Court.

4.       This Consent Order is effective immediately upon entry and is not subject to any stay under the United States Bankruptcy Code, the Federal Rule of Bankruptcy Procedure, or applicable nonbankruptcy law.

5.       This Consent Order may be executed and delivered in any number of original or facsimile or electronic counterparts, each of which shall be deemed an original.

6.       The Bankruptcy Court will retain jurisdiction to resolve any and all disputes relating to this Consent Order.

*[Remainder of Page Intentionally Left Blank]*

(Page | 8)

Debtors:            LAKEHURST AND BROADWAY CORPORATION
Case No.            25-14831 (MBK)
Caption of Order:   CONSENT ORDER BETWEEN THE WIND-DOWN DEBTORS AND
                    HVP2 LLC RESOLVING HVP2 LLC MOTION FOR PAYMENT OF
                    COMMON AREA CHARGES

The undersigned hereby consent to the form and entry of this Consent Order:

Dated: July 7, 2026

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D.  Sirota, Esq.
Warren A.  Usatine, Esq.
David M. Bass, Esq.
Felice R.  Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and
the Wind-Down Debtors*

/s/ Shmuel Klein

**LAW OFFICE OF SHMUEL KLEIN PA**
113 Cedarhill Ave
Mahwah, NJ 07430
845-425-2510
shmuel.klein@verizon.net

*Counsel for HVP2 LLC*