# EXHIBIT G

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re: | Case No. 25-14861 (MBK) |
| A NEW RITE AID, LLC, ET AL.,[1] | Chapter 11 |
| | Hon. Michael B. Kaplan |

**DECLARATION OF ARYEH MARKOVIC IN SUPPORT OF
MOTION TO VACATE ORDER APPROVING THE ASSUMPTION
AND ASSIGNMENT OF UNEXPIRED LEASE TO MURRAY AVE MARKET, LLC
PURSUANT TO FED. R. CIV. P. 60(b)(3) AND FED. R. BANKR. P. 9024**

I, Aryeh Markovic, make this declaration pursuant to 28 U.S.C. § 1746.

1.    I am the Vice President of Murray Avenue Kosher, Inc. ("**MAKI**") and am authorized to make this declaration (the "**Declaration**") on behalf of MAKI. I submit this Declaration in connection with 29 Katz Crew, LP's *Motion to Vacate Order Approving the Assumption and Assignment of Unexpired Lease to Murray Ave Market, LLC Pursuant to Fed. R. Civ. P. 60(b) and Fed. R. Bankr. P. 9024* (the "**Motion**").[2]

2.    Unless otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge, my communications with the other principals of MAKI, my communications with Yitzchok Glassner ("**Glassner**"), or my review of relevant documents. If I were called to testify, I would testify competently to the facts set for the below.

---

[1] The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent. https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

3.     MAKI is a family-owned neighborhood kosher grocery store that has been in operation in the Squirrel Hill neighborhood of Pittsburgh since the 1950's. My family has had an ownership interest in the store since the 1990's.

4.     The principals of MAKI are my parents, Saul and Beth, and me (the "**Markovics**").

5.     In June 2025, Glassner approached the Markovics with an offer to purchase MAKI's grocery store.

6.     On July 11, 2025, MAKI and Glassner executed a non-disclosure agreement (the "**NDA**") for the exchange of confidential information while the parties explored the potential business opportunity.  A copy of the NDA is attached hereto as **Exhibit A** and incorporated herein.

7.     Over the course of several weeks, the Markovics and Glassner negotiated a potential acquisition of the grocery store, but no final deal was ever reached.

8.     As part of the negotiations and due diligence, the Markovics provided to Glassner MAKI tax returns and a MAKI profit and loss statement (the "**P&L Statement**"); however, at no time was permission requested or granted to disclose either the tax returns or the P&L Statement to third parties or to submit those documents to the Court.

9.     At the time of this Declaration, there is no agreement for Glassner or his company, Murray Ave Market, LLC ("**Market**"), to acquire the assets of, or to merge with, MAKI, and there was no agreement to that effect at the time Glassner submitted to the Bankruptcy Court his Declarations in support of Market's assumption and assignment of the Lease.

10.    Conversations between the Markovics and Glassners regarding the acquisition of MAKI terminated in October 2025.

11.    Glassner's August 28, 2025 Declaration includes false statements regarding Market's alleged acquisition of MAKI's existing kosher grocery store.  Glassner improperly relied on MAKI's tax returns (in violation of his NDA with MAKI) to purportedly demonstrate Market's ability to satisfy its obligations under the Murray Avenue Lease. *See* Glassner Decl. at ¶¶ 9-10.

12.    The "Market Business Plan" attached as Exhibit A to the Glassner Declaration includes multiple misrepresentations.  In it, although Market *never* reached a final agreement to acquire MAKI's existing kosher grocery store, Glassner falsely represented to the Court that:

- "We propose relocating a full-service kosher neighborhood market ..." ;

- Market's proposed new store "is not a start-up" but instead "represents a strategic partnership between the existing kosher market ... and a group of new investors ...";

- Market's proposed store will succeed because of the "proven legacy" and "financial stability" of the existing kosher store; and

- The "legacy operators and new investors are united," which would lead to "seamless continuity" and a "shared commitment" to the success of Market's proposed new store.

13.    Glassner's Supplemental Declaration dated September 5, 2025 also includes material and significant misrepresentations.  In it, Glassner states that "Market is acquiring" MAKI.  Market never reached a final agreement to acquire MAKI.  Glassner also asserts in the Supplemental Declaration that MAKI "will be merged into Market."  There is no agreement to merge MAKI into Market, and there never was any such agreement, at the time of the Supplemental Declaration or otherwise.

DM3\22200665.1

14.    MAKI provided 2025 MAKI financial information to Glassner pursuant to the parties' NDA. Without authorization to do so, and in violation of the NDA, Glassner attached MAKI's P&L Statement to his Supplemental Declaration to support his assertion that *Market* had the financial wherewithal to assume the lease due to *MAKI's* financial performance.

15.    Glassner's statements were false when made, and they are false today. Glassner and Market never reached an agreement with the Markovics to acquire MAKI, its assets, or its operations.

16.    To the contrary, Saul Markovic specifically stated to Glassner: "you guys [Market] are Murray's – we are Murray Avenue Kosher. We are not together in this effort." Glassner claimed that Market was able to "prevail" in the bankruptcy proceeds (and assume the Lease) "without your [MAKI] involvement" even though Market prevailed in obtaining an assignment of the Lease based in significant and dispositive part on Glassner's representations to the Court that MAKI and its "legacy operators" *were involved* in the new proposed market.

17.    MAKI's existing kosher grocery store remains in operation today and intends to remain in operation for the foreseeable future.

18.    To the extent that Glassner and Market were able to assume the existing lease at 1700 Murray Ave. based on assertions that Glassner and his partners were relocating an existing neighborhood grocery and that the "legacy operators" of the existing store are united with Glassner and his group, Glassner and Market obtained the Lease under false pretenses.

19.    Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

DM3\22200665.1

Dated: December _26_, 2025                By: _____

                                                       Aryeh Markovic
                                                        Vice President
                                                        Murray Avenue Kosher, Inc.

DM3\22200665.1