**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

**STARK & STARK, PC**
Thomas S. Onder, Esq.
100 American Metro Blvd.
Hamilton, NJ 08619
Telephone (609) 219-7458
tonder@stark-stark.com
*Counsel to Creditor- RAP Hamlin LP*

| | |
|---|---|
| In re: | Case No. 25-14831 (MBK) |
| LAKEHURST AND BROADWAY CORPORATION, | Chapter 11 |
| | (Jointly Administered) |
| Debtor[1]. | Ref: 461 |
| | Hearing Date: August 4, 2026 at 10:00 am. |

### CREDITOR, RAP HAMLIN LP'S RESPONSE TO OBJECTION TO ITS ADMINISTRATIVE EXPENSE CLAIM

RAP Hamlin LP (the "Claimant"), by and through its counsel, Stark & Stark, P.C., files this response to the Debtor's motion (the "Motion") objecting to Claimant's filed administrative expense claim no. 1598 in the amount of **$10,999.63**, plus additional attorneys' fees and costs (the "Administrative Expense Claim") [Docket No. 461]. Claimant respectfully requests that this Court allow its Administrative Expense Claim in the amount of **$1,843.37** and compel the Debtor to make payment immediately.

---

[1] On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order on Final Decree"). The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK). Except as otherwise provided herein, references to the "Docket" in shall refer to the docket in the formerly jointly administered cases captioned In re New Rite Aid, LLC, Case No. 25-14861 (MBK).



## BACKGROUND

1.    On or about May 5, 2025, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

2.    On March 1, 2007, one of Debtors' entities, Rite Aid of Pennsylvania, LLC entered into a lease (the "Lease") for premises located at 639 Hamlin Highway, Lake Ariel, Pennsylvania 18427 (the "Premises").

3.    The Premises were part of a "shopping center" as that term is referred to in Bankruptcy Code §365(b)(3).  As such, Landlords are entitled to the protections of that section for the Premises.

4.    Prior to this case, on or about October 15, 2023, Debtor filed its first Chapter 11 bankruptcy petition, known as docket # 23-18993.

5.    On or about November 1, 2023, Debtor and Claimant entered into an amendment to the Lease (the "Amendment"), which among other things revised the term.  See a true and correct copy of the Amendment as the last six pages of the filed claim in Exhibit "B", below. Hereinafter, the Lease and Amendment shall be collectively referred to as the "Lease".

6.    Debtor rejected the Lease in the matter at bar as of July 31, 2025.   See a true and correct copy of the 17th Notice of Rejection, see page 23 of 27 [Docket # 1574] as Exhibit "A".

7.    Claimant filed its claims on or about August 21, 2025, including its Administrative Expense Claim. See a true and correct copy of the Administrative Expense Claim as Exhibit "A".



2

4932-6089-7729, v. 2

8.   After further review, Claimant's tax bills for 2025 were **$7,645.83**. Of this amount, **$1,843.37** should be allowed as an administrative expense claim for the 88 days of post-petition, pre-rejection obligations under the Lease from May 5 to July 31, 2025. See a true and correct copy of the unpaid tax bills for 2025 as Exhibit "C".

9.   Claimant's Administrative Expense Claim should be allowed in the amount of **$1,843.37** and paid immediately under the Bankruptcy Code.

## REPLY TO OBJECTIONS

10. Section 502 of the Bankruptcy Code sets forth procedures to govern the allowance or disallowance of a "claim or interest" in a bankruptcy case.

11. Section 502(a) provides that a claim or interest, proof of which is filed with the court, "is deemed allowed," unless a party in interest objects.

12. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Thus, any party objecting to the claim has the burden of introducing sufficient evidence to rebut the presumption of validity. *See generally* Collier on Bankruptcy ¶ 3001.09[2] (16th ed. 2025).

13. Here, Claimant asserts that it is still owed amounts from the Petition Date of May 5, 2025 through the Rejection Date of July 31, 2025, as Debtor incurred unpaid tax obligations in the amount of **$1,843.37**.

14.     Landlord requests that the Court allow its Administrative Expense Claim in the amount of **$1,843.37** and direct the Debtor to pay the same immediately.



4932-6089-7729, v. 2

## RESERVATION OF RIGHTS

15.    To the extent consistent with the reply expressed herein, Landlord reserves all rights to make further and/or future objections.

Respectfully submitted,

**STARK & STARK, P.C.**

By: */s/ Thomas S. Onder*
Thomas S. Onder, Esq.
100 American Metro Blvd.
Hamilton, NJ08619
Telephone (Direct): 609-219-7458
Telephone (Main): 609-896-9060
Facsimile: 609-895-7395
Email: tonder@stark-stark.com

Dated: July 28, 2026



4

4932-6089-7729, v. 2

# EXHIBIT A

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (admitted *pro hac vice*)
Alice Belisle Eaton (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Sean A. Mitchell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
arosenberg@paulweiss.com
aeaton@paulweiss.com
chopkins@paulweiss.com
smitchell@paulweiss.com

*Co-Counsel to the Debtors and Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NEW RITE AID, LLC, *et al.*, | Case No. 25-14861 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**SEVENTEENTH NOTICE OF REJECTION OF
CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON <u>SCHEDULE 1</u> ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY**

---

[1]  The last four digits of Debtor New Rite Aid, LLC's tax identification number are 1843. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid2025. The location of Debtor New Rite Aid, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 200 Newberry Commons, Etters, Pennsylvania 17319.

| # | Non-Debtor Counterparty | Counterparty Address | Contract Description | Debtor Party | Store # | Location Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|---|---|
| 69 | RAP EAST MARKET YORK, LLC | C/O KLINE SCOTT VISCO, FREDERICK, MD 21701-0000 | Unexpired Store Lease | THRIFT DRUG, INC. | 11033 | 3300 EAST MARKET STREET, YORK, PA, 17402 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 70 | RAP HAMLIN LP | C/O SADG-2, INC., DICKSON CITY, PA 18519-0000 | Unexpired Store Lease | RITE AID OF PENNSYLVANIA, INC. | 2248 | 639 HAMLIN HIGHWAY, LAKE ARIEL, PA, 18436 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 71 | RAP SMYRNA LLC | 117 WEST PATRICK ST. SUITE 200, FREDERICK, MD 21701 | Unexpired Store Lease | RITE AID OF DELAWARE, INC. | 7891 | 200 PHARMACY DRIVE, SMYRNA, DE, 19977 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 72 | RARED JAFFREY LLC | C/O STEPHEN DUBORD, VERO BEACH, FL 32964-3528 | Unexpired Store Lease | RITE AID OF NEW HAMPSHIRE, INC. | 1653 | 14 PETERBOROUGH STREET, JAFFREY, NH, 03452 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 73 | RCS DEVELOPMENT COMPANY | 714 MILLS DRIVE, STE 7, NORTH HUNTINGDON, PA 15642 | Unexpired Store Lease | THRIFT DRUG, INC. | 10973 | 120 COUNTRY SIDE PLAZA, MOUNT PLEASANT, PA, 15666 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 74 | REALMARQ DEVELOPMENT, LLC | P.O. BOX 8263, RADNOR, PA 19087-0000 | Unexpired Store Lease | RITE AID OF NEW JERSEY, INC. | 1917 | 236 SOUTH DELSEA DRIVE, CLAYTON, NJ, 08312 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 75 | REALTY INCOME CORP | 11995 EL CAMINO REAL, SAN DIEGO, CA 92130 | Unexpired Store Lease | THRIFTY PAYLESS, INC. | 6549 | 11200 OLIVE DRIVE, BAKERSFIELD, CA, 93312 | 7/31/2025 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |

# EXHIBIT B

**United States Bankruptcy Court for the District of New Jersey**

---

**Fill in this information to identify the case (Select only one Debtor per claim form):**

**Debtor:** Rite Aid of Pennsylvania, LLC

**Case Number:** 25-14830

---

Modified Official Form 410

# Proof of Claim

4/25

Read the instructions before filling out this form. **This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

---

| **Part 1:** | **Identify the Claim** |
| --- | --- |

| 1. **Who is the current creditor?** | RAP Hamlin, LP |
| --- | --- |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |

| 2. **Has this claim been acquired from someone else?** | ☑ No |
| --- | --- |
| | ☐ Yes. From whom? |

| 3. **Where should notices and payments to the creditor be sent?** <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| --- | --- | --- |
| | Address1:  Stark & Stark, PC  Attn: Thomas Onder, Esq. | Address1: |
| | Address2:  P.O. Box 5315 | Address2: |
| | Address3: | Address3: |
| | Address4: | Address4: |
| | City:  Princeton | City: |
| | State:  NJ | State: |
| | Postal Code:  08543 | Postal Code: |
| | Country: | Country: |
| | Contact phone  609-219-7458 | Contact phone |
| | Contact email  tonder@stark-stark.com | Contact email |
| | **Uniform Claim Identifier (if you use one)** | |

| 4. **Does this claim amend one already filed?** | ☑ No <br> ☐ Yes.   Claim number on court claims registry (if known)_____   Filed on ___ / ___ / ___ <br> MM / DD / YYYY |
| --- | --- |

| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No <br> ☐ Yes. Who made the earlier filing? |
| --- | --- |

**Proof of Claim**                                                                                                  page 1

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

**7. How much is the claim?**

$ _10,999.63_____ . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Administrative Claim

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**: $ _____

**Amount of the claim that is secured:** $ _____

**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _40,175.00_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**Proof of Claim**                                                                        page 2

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No ☑ Yes. *Check one:* | **Amount entitled to priority** |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☑ Other. Specify subsection of 11 U.S.C. § 507(a)( 2 ) that applies. | $ 10,999.63 |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Thomas S. Onder*   08/21/2025

_____        _____
Electronic Signature              Date

**Name of the person who is completing and signing this claim**

Name          Thomas S. Onder
              First name          Middle name          Last name

Title/Company   Shareholder / Stark & Stark, PC

              Identify the corporate servicer as the company if the authorized agent is a servicer.
              P.O. Box 5315

Address
              Number     Street
              Princeton          NJ          08543
              City          State          ZIP Code     Country

Contact phone   609-219-7458          Email   tonder@stark-stark.com

**Additional Noticing Addresses (if provided):**

**Additional Address 1**
Name:
Address1:

Address2:

Address3:

Address4:

City:
State:
Postal Code:
Country:


Contact Phone:
Contact Email:


**Additional Address 2**
Name:
Address1:
Address2:

Address3:
Address4:
City:
State:
 Postal Code:

 Country:


Contact Phone:
Contact Email:

**Additional Supporting Documentation Provided**

☑ Yes
☐ No
-------------------------------------------------------------------------------------------------------

 Attachment Filename:

RAP Hamlin Sch A opt.pdf

KROLL

Electronic Proof of Claim Confirmation:  3870-1-JTYEX-044097632

Claim Electronically Submitted on (UTC) :  2025-08-21T15:30:16.719Z

Submitted by:  RAP Hamlin, LP
tonder@stark-stark.com

**KROLL**

## SCHEDULE A

Creditor, RAP Hamlin, LP files the following claims for its lease at 639 Hamlin Highway, Lake Ariel, PA 18427.

1. **Pre-Petition - $40,175.00** for rent prior to May 5, 2025;

2. **Administrative - $10,999.63**; and

3. **Rejection  - $482,100.00**.

RAP Hamlin, LP reserves its right to supplement, modify, amend these claims with additional documentation and/or assert additional claims.

4934-4577-5969, v. 3

## AMENDMENT TO LEASE

THIS AMENDMENT TO LEASE (this "*Amendment*") is made effective November 1, 2023 (the "*Effective Date*") by and between RAP HAMLIN LP, a Pennsylvania limited partnership ("*Landlord*"), and RITE AID OF PENNSYLVANIA, LLC, a Pennsylvania limited liability company ("*Tenant*," and together with the Landlord, the "*Parties*" and each, a "*Party*").

### RECITALS

WHEREAS, Landlord and Tenant are parties to that certain lease agreement dated March 1, 2007 (as amended from time to time thereafter, the "*Lease*"), with respect to that certain premises located at 639 Hamlin Highway Lake Ariel, Pennsylvania 18427-0000, which premises is defined and more particularly described in the Lease (the "*Premises*");

WHEREAS, on October 15, 2023, Tenant and certain of its debtor affiliates (collectively, the "*Debtors*") commenced a case (the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "*Bankruptcy Code*") which is now pending in the United States Bankruptcy Court for the District of New Jersey (the "*Bankruptcy Court*"). The Chapter 11 Cases are being jointly administered under Case Number 23-18993; and

WHEREAS, Landlord and Tenant desire to modify certain terms and conditions of the Lease, effective as of the Restructuring Effective Date (as hereinafter defined), as amended by this Amendment.

NOW, THEREFORE, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and confessed, Landlord and Tenant hereby agree as follows:

### AGREEMENT

1.      Capitalized Terms. Capitalized terms used and not otherwise defined herein shall have the respective meaning assigned to such terms in the Lease.

2.      Recitals Correct. The parties acknowledge and agree that the recitals stated above are true and correct, are being relied upon by the parties in entering into this Agreement, and each and every one of the above recitals is incorporated herein as if fully set forth at length.

3.      Effective Date. This Amendment, and each of its amendments, modifications, and waivers with respect to the Lease as set forth herein, shall be effective on the date that the Lease is assumed or assigned in the Chapter 11 Cases, whether pursuant to (a) procedures approved by the Bankruptcy Court or (b) entry of an order by the Bankruptcy Court approving the assumption or assignment of the Lease, including pursuant to or in connection with a sale of Tenant's assets pursuant to Section 363 of the Bankruptcy Code, confirmation of Tenant's chapter 11 plan of reorganization in the Chapter 11 Cases, or a stand-alone motion for assumption or assignment of the Lease (in each case, the "*Restructuring Effective Date*"); *provided, however,* that Tenant shall obtain the benefit of this Amendment, except as otherwise provided herein, and this Amendment shall be binding on Landlord, beginning on the Effective Date hereof. In the event the Restructuring Effective Date does not occur, or the Lease is rejected in accordance with the Bankruptcy Code, this Amendment shall be null and void in all respects, and nothing in this Amendment shall give rise to any claim, causes of action, or damages (compensatory or consequential) against either Party. Nothing contained in this Amendment is intended to be or shall be construed as or deemed an assumption or an assignment of the Lease, as amended hereby, or any contract or document related thereto under section 365 of the Bankruptcy Code. Prior to the Restructuring Effective Date, Tenant expressly

1

reserves its right, in its sole and absolute discretion, to assume, reject, or assign the Lease pursuant to section 365 of the Bankruptcy Code.

4.      Lease Modification.

(a)     Rent.    Landlord and Tenant hereby agree that, from and after the Effective Date and through the remainder of the Current Base Term that expires November 18, 2029, Tenant shall only be obligated to pay rent (exclusive of any percentage rent, common area maintenance charges, taxes, and insurance premiums and all other additional rent payable directly to the Landlord) in the amount of $482,100.00 per annum ("**Base Rent**"), payable on the first (1st) day of each month in equal installments of $40,175.00. Nothing set forth in this Amendment shall modify Tenant's obligation to pay Additional Rent as set forth in the Lease. In the event that, upon the Restructuring Effective Date, Tenant has paid rent in excess of the amount herein specified for the period specified above, then Tenant shall be entitled to offset such excess amounts against the next installment(s) of Base Rent coming due under the Lease until such time as such excess amounts have been recouped in full by Tenant.

(b)     Landlord Waiver of Claims.    Landlord hereby waives, releases, and discharges Tenant and all of its affiliated companies, the Debtors (as defined in the Chapter 11 Cases), and their bankruptcy estates, and their respective successors and assigns, of any and all claims, damages, obligations, liabilities, actions, and causes of action of every kind and nature whatsoever it may have for any cure payments or other amounts due and owing under the Lease, or that otherwise arose under or in connection with the Lease, through and including the date hereof, including but not limited to claims for so-called "stub rent," (whether or not asserted as administrative priority claims pursuant to Section 503(b) of the Bankruptcy Code) whether known or unknown, liquidated or unliquidated, fixed or contingent, matured or unmatured, now existing or hereafter arising, including any claims and causes of action for damages, payments, or amounts owing or that may become owing pursuant to section 365(b) of the Bankruptcy Code. Notwithstanding the above language in this paragraph, this waiver shall not release any claims related to any personal injury and/or environmental claims.

(c)     Tenant Waiver of Claims.    Tenant hereby waives, releases, and discharges Landlord and all of its affiliated companies and their successors and assigns, from any and all claims, damages, obligations, liabilities, actions and causes of action of every kind and nature whatsoever it may have or that arose under in or in connection with the Lease, arising prior to the Effective Date, whether known or unknown, liquidated or unliquidated, fixed or contingent, matured or unmatured.

(d)     Attorneys' Fees.    Landlord further acknowledges and agrees that, notwithstanding anything to the contrary in the Lease, Landlord shall not be entitled to receive from Tenant or its affiliates (or charge as rent due from Tenant or its affiliates) any attorneys' fees incurred by Landlord in connection with this Amendment. For the sake of clarity, this provision applies only to this Amendment, and Article 21 and Article 32 of the Lease shall otherwise continue to govern the payment of attorneys' fees in connection with the Lease, including any subsequent bankruptcy case, pursuant to Bankruptcy Code 365.

5.      No Default and Waiver of Charges.    Landlord acknowledges and affirms that as of the Effective Date, Tenant is not in default under any of the terms, conditions, or provisions of the Lease, and that there exist no events or circumstances which, with the passage of time or the giving of notice or both, constitutes a default under the Lease (including, without limitation, any failure of Tenant to meet its obligations to continuously operate in the Premises). Landlord further acknowledges and agrees that as of the Effective Date, Landlord has no knowledge of any offsets, claims, or defenses against Tenant with respect to any obligation or duty of Tenant arising pursuant to the Lease. To the extent that any notices of default or non-payment have been delivered to Tenant, all such notices are hereby waived and of no further

2

force or effect. No default interest, late fees, charges, surcharges, or other fees shall be due, and all such interest, late fees, charges, surcharges, or other fees are waived and shall not apply.

6.    Authority. Each Party represents and warrants that it has the authority and power to enter into this Amendment and that this Amendment constitutes a legal, valid and binding obligation of that Party.

7.    Notices.

(a)    Notwithstanding anything to the contrary contained in the Lease, any notices required or permitted to be sent to Tenant under the Lease shall be sent by nationally recognized overnight courier or United States certified mail, return receipt requested, addressed as follows:

If by Certified Mail:
RITE AID OF PENNSYLVANIA, LLC
P.O. Box 3165
Harrisburg PA 17105
Attn: Legal Department

If by Overnight Courier:
RITE AID OF PENNSYLVANIA, LLC
200 Newberry Commons
Etters PA 17319
Attn: Legal Department

(b)    Notwithstanding anything to the contrary contained in the Lease any notices required or permitted to be sent to Landlord under the Lease shall be sent by nationally recognized overnight courier or United States certified mail, return receipt requested, addressed as follows and with copies sent at the same time by email to the email addresses set forth below:

| | |
|---|---|
| Name: | RAP HAMLIN LP |
| Address: | 100 Colliery Road |
| | Dickson City, PA |
| Email: | mark@scandaleassociated.com |
| Telephone: | 570-383-0259 |

With a copy to:

If by Overnight Courier
Thomas S. Onder
Stark & Stark – Attorneys At Law
100 American Metro Blvd.
Hamilton, NJ 08619
Telephone: (609) 219-7458

And

Eileen A. Reilly, Esquire
BURKE VULLO REILLY ROBERTS
1460 Wyoming Avenue

3

Forty Fort, PA 18704
Telephone (570) 288-6441
Fax (570) 288-4598

If by Certified Mail:
Thomas S. Onder, Esq.
Stark & Stark – Attorneys at Law
PO Box 5315
Princeton, NJ 08543

AND

Eileen A. Reilly, Esquire
BURKE VULLO REILLY ROBERTS
1460 Wyoming Avenue
Forty Fort, PA 18704

All notices sent by nationally recognized courier shall be effective the following business day, all notices sent by certified mail, return receipt requested shall be effective five calendar days after the date mailed, if mailed from a post office with proof of mailing, or, if not so mailed upon receipt.

    8.      Miscellaneous.

        (a)     Landlord and Tenant each hereby represents that it has dealt with no party or broker in connection with this Amendment [except for A&G Real Estate Partners ("*Tenant's Broker*") and REF Advisory INC ("*Landlord's Advisor*"). Landlord shall be solely responsible for the fee of Landlord's Advisor. Any and all fees that may be due to Tenant's Broker shall be paid by Tenant pursuant to a separate agreement]. Insofar as each Party knows, no other broker negotiated this Amendment or is entitled to any commission in connection therewith. Landlord and Tenant each agrees to indemnify, defend and hold the other harmless from and against any and all claims, loss, cost and damages (including reasonable attorney fees and court costs) suffered or incurred by the representing Party as a result of a breach of this representation.

        (b)     This Amendment may be executed in counterparts, each of which shall constitute an original, and which together shall constitute one and the same agreement. This Amendment may be executed or delivered by electronic or facsimile means, and copies of executed signature pages stored electronically in portable document format (.pdf) shall be binding as originals. Neither Party shall record this Amendment without the express prior written consent of the other Party.

        (c)     Subject to the other terms of this Amendment, each of Landlord and Tenant agree to execute and deliver such other instruments and perform such other acts, in addition to the matters herein specified, as may be reasonably necessary, from time to time, to effectuate the modifications, waivers and amendments contemplated by this Amendment.

        (d)     This Amendment, and all covenants contained herein, shall be binding and inure to the benefit of the Parties and their respective successors, assigns, heirs, executors, administrators, and representatives.

        (e)     The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect.

       (f)     Except as modified as set forth in this Amendment, all of the terms and provisions of the Lease remain unchanged and in full force and effect and Landlord and Tenant hereby ratify and confirm same.   Landlord and Tenant acknowledge and agree that the Lease, as modified by this Amendment, sets forth the entire agreement between Landlord and Tenant and there are no other agreements, understandings, undertakings, representations, or warranties among the Parties with respect to the subject matter hereof except as set forth herein.  In case of any conflict between the terms and provisions of the Lease and the terms and provisions of this Amendment, the terms and provisions of this Amendment shall control.

       (g)     Rite Aid Corporation, the Lease Guarantor, shall affirm its corporate guaranty of the subject lease and including this Lease Amendment.

*[signature pages follow]*

Rite Aid Store No. 2248

IN WITNESS WHEREOF, the Parties hereto have executed this Amendment effective as of the Effective Date.

**LANDLORD:**

RAP HAMLIN LP,
A Pennsylvannia limited partnership

By: SADG-2, Inc.,
Its Corporate General Partner

By: _Diane Scandale_

Name: Diane Scandale
Title: President

**TENANT:**

RITE AID OF PENNSYLVANIA, LLC

By: _Lisa M. Winnick_ (DocuSigned by, 064A956E328F4BF...)

Name: Lisa M. Winnick
Title: Vice President

**GUARANTOR:**

RITE AID CORPORATION

By: _Lisa M. Winnick_ (DocuSigned by, 064A956E328F4BF...)

Name:
Title:

6

# EXHIBIT C

**BILL # 3543**



**Payable To:**
LAURA ROOS, TAX COLLECTOR
PO BOX 818
HAMLIN PA 18427

Phone (570)445-9738

**Office Hours:**
OFFICE HOURS 9AM-NOON IN MAY
6,7,13,14,19,23,28,29,30&31 OR
BY APPOINTMENT.OFFICE LOCATED
56 CEMETERY RD,MOSCOW,PA 18444

Control # 038120    Tax Map 22-0-0014-0044

#1143

Acreage 1.4801 + or -

| TAXES | TAX RATE | FACE AMOUNT |
|---|---|---|
| County Tax | 3.2230 ML | $6,503.37 |
| Debt Tax | .2600 ML | $524.63 |
| Township Tax | .3300 ML | $665.87 |
| St. Light | | $108.00 |
| *** TOTAL TAX DUE *** | | $7,801.87 |

| PAYMENT SCHEDULE | | | | | NOTICE DATE: 04/01/2025 |
|---|---|---|---|---|---|
| **Before** | 05/31/2025 | @ | 2.00% | Discount | $7,645.83 |
| Between | 06/01/2025 | | And | 07/31/2025 | $7,801.87 |
| Beginning | 08/01/2025 | @ | 5.00% | Penalty | $8,191.96 |

Assessed Value

Land - 300,000
Impr - 1,717,800
Total - 2,017,800

RETAIL TRADE-PHARMACY

Pay Tax Collector before 12/31/2025

If handicapped call for an appointment.

Unpaid taxes returned to Tax Claim and charges added. If taxes escrowed, forward bill to mortgage holder for payment.

**PAID**

APR 21 2025

No mobile home may be removed without first obtaining a permit from the tax collector

Taxes are due and payable and payment is requested from:

RAP HAMLIN LP
100 COLLIERY RD
DICKSON CITY PA 18519 1657

$ 7645.83

Laura Roos
Salem Twp Tax Collector

Amount Paid          Date          Tax Collector

**TAXPAYER COPY**

Return both copies with a self addressed stamped envelope for receipt