**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| LAKEHURST AND BROADWAY CORPORATION, | Case No. 25-14831 (MBK) |
| Debtor.[1] | |

**LIQUIDATING TRUSTEE'S SIXTH**
**OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM**
**PURSUANT TO SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY**
**CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2**

TO THE HONORABLE JUDGE MICHAEL B. KAPLAN UNITED STATES

BANKRUPTCY JUDGE FOR THE DISTRICT OF NEW JERSEY:

Eric Kaup, the RAD Liquidating Trustee (the "Liquidating Trustee"), on behalf of the RAD

Liquidating Trust (the "Liquidating Trust") and the above-captioned debtor and the other Wind-

---

[1] On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order on Final Decree"). The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, *Lakehurst and Broadway Corporation*, Case No. 25-14831 (MBK). Except as otherwise provided herein, references to the "Docket" herein shall refer to the docket in the formerly jointly administered cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK).

Down Debtors (collectively, the "Wind-Down Debtors", and prior to the Effective Date, the "Debtors")[2] in the above-referenced chapter 11 cases (the "Chapter 11 Cases"), respectfully states as follows in support of this omnibus claims objection (this "Objection").

### Relief Requested

1.       The Liquidating Trustee respectfully requests entry of an order substantially in the form attached hereto as **Exhibit A** (the "Order"), (i) disallowing and expunging, as applicable, each proof of claim identified on Schedule 1 to the Order to the extent set forth therein (collectively, the "No Liability Claims") because the Wind-Down Debtors are not liable for all or a portion of such claim for which an administrative or priority claim is asserted; (ii) reclassifying each proof of claim identified on Schedule 2 to the Order to the extent set forth therein (collectively, the "Reclassified Claims") because each such claim is improperly classified as an administrative or priority claim; (iii) disallowing and expunging, as applicable, each proof of claim identified on Schedule 3 to the Order to the extent set forth therein (collectively, the "No Supporting Documentation Claims") because each such claim, or a portion of such claim, fails to sufficiently specify the basis for the claim or provide sufficient documentation in support of such claim; and (iv) expunging each proof of claim identified on Schedule 4 to the Order to the extent set forth therein (collectively, the "Duplicative Claims") because each such claim has been superseded by a subsequently filed claim or asserts liability arising from the same underlying obligation as another filed claim.  As such, each of the Claims listed on Schedules 1, 2, 3, and 4 to

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and its Debtor Affiliates (Technical Modifications)* [Docket No. 3445, Ex. A] (the "Plan") or the Claims Objection Procedures Order (defined herein), as applicable.

2

the Order (collectively, the "Schedules") should be disallowed, expunged, reclassified, and/or reduced, as applicable.

2.    In support of this Objection, the Liquidating Trustee submits the *Declaration of Eric Kaup in Support of the Liquidating Trustee's Sixth Omnibus Objection to Certain Proofs of Claim Pursuant to Sections 502(b) and 503(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1 and 3007-2* (the "Kaup Declaration"), attached hereto as **Exhibit B**.

### Jurisdiction

3.    The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered September 18, 2012 (Simandle, C.J.) and amended on June 6, 2025 (Bumb, C.J.).  The Liquidating Trustee confirms his consent, on behalf of the Liquidating Trust and the Wind-Down Debtors, to the Court entering a final order in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.    The statutory bases for the relief sought herein are sections 502(b) and 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  This Objection complies in all respects with rules 3007-1 and 3007-2 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

3

**Background**

6.       On May 5, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.  From the Petition Date through the Effective Date (defined below) of the Plan, the Debtors remained in possession of their assets and continued to operate and manage their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.       On November 26, 2025, the Court entered its *Order Approving the Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3445], and on December 15, 2025, entered its *Supplemental Order to Order Approving The Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3536].

8.       The Plan became effective on December 31, 2025 (the "Effective Date").  *See Notice of (A) Entry of the Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC (Technical Modifications) and Its Debtor Affiliates and (II) Occurrence of the Effective Date* [Docket No. 3699] (the "Effective Date Notice").  On the Effective Date, the Trust was established pursuant to the terms of the Plan and the terms of that certain Liquidating Trust Agreement (the "Trust Agreement" and, together with the Plan and Confirmation Order, the "Plan Documents"), under which the Liquidating Trustee became the sole representative of the Wind-Down Debtors and assumed responsibility for, inter alia, resolving claims, performing claims reconciliation, and objecting to claims. *See* Plan, Art. IX.A. *and* Trust Agreement, Art. II.

4

9.      The Plan established the Claims Bar Date which expired on January 30, 2026. *See* Plan, Art.1A.32. (requiring that Administrative Claims, Other Priority Claims, Priority Tax Claims, Other Secured Claims, and Settled Priority Claims be filed on or before the date that is thirty (30) days after the Effective Date).

### Claims Reconciliation Process

10.     Pursuant to the Plan, the Liquidating Trustee is empowered to, among other things, control and effectuate the claims reconciliation process, including by objecting to, seeking to reclassify, and reconciling or settling claims.  Since the Effective Date, the Liquidating Trustee has been working diligently on multiple open issues relating to the consummation of the Plan, including analyzing and reconciling Claims filed against the Wind-Down Debtors' estates.

11.     As of the date hereof, over 600 Administrative and Priority Claims have been filed against the Wind-Down Debtors and are included on the claims register (the "Claims Register") maintained by the Court-approved claims and noticing agent Kroll Restructuring Administration LLC ("Kroll").  The Wind-Down Debtors, prior to the Effective Date, and the Liquidating Trustee (on behalf of the Wind-Down Debtors) following the Effective Date, together with their advisors, have commenced the Claims reconciliation process, including reviewing, analyzing and reconciling claims to ensure that the Claims Register is accurate so the Liquidating Trustee may make distributions in accordance with the Plan.

12.     In connection with that process, on February 17, 2026, the Liquidating Trustee filed the *Liquidating Trustee's Motion for Entry of an Order (A) Approving (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice and (B) Waiving Bankruptcy Rule 3007(e)* [Case No. 25-14831, Docket No. 251] (the "Claims Objection Procedures Motion") and on March 11, 2026,

5

the Court entered the *Order Granting Liquidating Trustee's Motion for Entry of an Order (A) Approving (I) Omnibus Claims Objection Procedures and Form of Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form of Notice and (B) Waiving Bankruptcy Rule 3007(e)* [Case No. 25-14831, Docket No. 312] (the "Claims Objection Procedures Order").[3]

13.     Pursuant to the Claims Objection Procedures Order, the Liquidating Trustee is authorized  to object to multiple Proofs of Claim in an omnibus format, on the grounds set forth in Bankruptcy Rule 3007(d) as well as on the additional grounds set forth in the Claims Objection Procedures Motion.  Accordingly, in accordance with Rule 3007(d) and the Claims Objection Procedures Order, the Liquidating Trustee files this Objection.

## Relief Requested

14.     By this Objection, the Liquidating Trustee objects to the Claims set forth on the Schedules pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and the Claims Objection Procedures Order.  The Liquidating Trustee respectfully requests entry of the Proposed Order disallowing, expunging, reclassifying, and/or reducing each of these Claims as set forth on the Schedules.

## Objection

**I.     Legal Standard of Administrative Claims**.

15.     While section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects" *see* 11 U.S.C. § 502(a), and rule 3001(f) of the Federal Rules of Bankruptcy Procedure

---

[3]     In addition, on May 23, 2025, the Court entered the *Chapter 11 Complex Case Management Order* [Docket No. 502], implementing the *Chapter 11 Complex Case Procedures* (the "Complex Case Procedures") attached thereto, which provide for certain omnibus claims objection procedures.  *See* Complex Case Procedures, Section VIII.

provides that "[a] proof of claim signed and filed in accordance with these rules is prima facie

evidence of the claim's validity and amount," *see* Fed. R. Bankr. P. 3001(f),[4] requests for

administrative expense payment are *not* given the same evidentiary weight as proofs of claim. *See*

*In re PT-1 Commc'ns, Inc.*, 386 B.R. 402, 406-07 (Bankr. E.D.N.Y. 2007) (citing Fed. R. Bankr.P.

3001(f); *In re Silvus*, 329 B.R. 193, 205 (Bankr. E.D. Va. 2005); *In re Morgan*, 48 B.R. 148, 149

(Bankr. D. Md. 1985); 4 *Collier on Bankruptcy* ¶ 503.02[2] (Alan N. Resnick & Henry J. Sommer

eds. 15th ed. rev.) ("The 'notice and hearing' requirement for allowance of administrative expenses

is in contrast to the 'deemed' allowance provision of section 502(a) respecting proofs of

claim. The phrase 'after notice and a hearing'… contemplates at least some form of court approval

before allowance of any administrative payment from the estate….")); *see also In re Cardinal*

*Indus., Inc.*, 151 B.R. 833, 836 (Bankr. S.D. Ohio 1992) (a request or motion under § 503(a) does

not constitute prima facie evidence of the validity or amount of an administrative claim, and does

---

[2]    The burden of proof for determining the validity of claims rests on different parties at different stages of the
claims objection process. As explained by the United States Court of Appeals for the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A.
> § 502(a) rests on different parties at different times. Initially, the claimant must
> allege facts sufficient to support the claim. If the averments in his filed claim
> meet this standard of sufficiency, it is 'prima facie' valid [citations omitted]. In
> other words, a claim that alleges facts sufficient to support legal liability to the
> claimant satisfies the claimants' initial obligation to go forward. The burden of
> going forward then shifts to the objector to produce evidence sufficient to negate
> the prima facie validity of the filed claim. . . . In practice, the objector must
> produce evidence which, if believed, would refute at least one of the allegations
> that is essential to the claim's legal sufficiency. If the objector produces sufficient
> evidence to negate one or more of the sworn facts in the proof of claim, the burden
> reverts to the claimant to prove the validity of the claim by a preponderance of the
> evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citation omitted). Once the prima facie validity of a
claim is rebutted, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance
of the evidence. *Id.* at 173. The burden of persuasion is always on the claimant. *Id.* at 174. A claim, however, should
not be allowed if that claim is unenforceable against a debtor and property of a debtor, under any agreement or
applicable law. *See* 11 U.S.C. § 502(b)(1). If an objection is made to the proof of claim, the claimant has the ultimate
burden of persuasion as to the validity and amount of the claim. *See Allegheny Int'l*, 954 F.2d at 172.

not shift the burden to the opposing party to produce evidence to overcome that presumption and, therefore, the administrative claimant has the burden of showing that they are entitled to administrative priority status by a preponderance of the evidence).

16.     Instead, a party moving for administrative expense priority treatment bears a heavy burden to establish entitlement to priority treatment. *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.,* 547 U.S. 651, 667 (2006) ("To give priority to a claimant not clearly entitled thereto is not only inconsistent with the policy of equality of distribution; it dilutes the value of the priority for those creditors Congress intended to prefer.") (citation omitted); *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 181 F.3d 527, 533 (3d Cir. 1999) ("A party seeking payment of costs and fess as an administrative expense must . . . carry the heavy burden of demonstrating that the costs and fees for which it seeks payment provided an actual benefit to the estate and that such costs and expenses were necessary to preserve the value of the estate assets.") (citation omitted); *PT-1 Commc'ns*, 386 B.R. at 406 ("Since 'grants of administrative expense priority cut against the general goal in bankruptcy law to distribute limited debtor assets equally among similarly situated creditors, … the party seeking administrative expense status bears the burden of establishing its entitlement to that status.'") (quoting *In re Adelphia Bus. Solutions, Inc.*, 296 B.R. 656, 662 (Bankr. S.D.N.Y. 2003)); *In re Bernard Techs., Inc.*, 342 B.R. 174, 177 (Bankr. D. Del. 2006) ("In order to hold administrative expenses to a minimum and to maximize the value of the bankruptcy estate, section 503(b) is narrowly construed.") (*citing Burlington N. R.R. Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.)*, 853 F.2d 700, 706 (9th Cir.1988)); *Woburn Assocs. v. Kahn (In re Hemingway Transp., Inc.)*, 954 F.2d 1, 4-5 (1st Cir. 1992) ("The traditional presumption favoring ratable distribution among all holders of unsecured claims counsels strict construction of the Bankruptcy Code provisions governing requests for priority

8

payment of administrative expenses.") (*citing S. Ry. Co. v. Johnson Bronze Co.*, 758 F.2d 137 (3d

Cir. 1985)).

17.     To meet its burden, a party moving for payment of an administrative priority claim

generally must demonstrate that the claim (i) arises from a post-petition transaction between the

party claiming the administrative priority and debtor in possession, and (ii) conferred benefit upon

the bankruptcy estate. *See In re Energy Future Holdings Corp.*, 990 F.3d 728, 741 (3d Cir. 2021)

(*citing In re Women First Healthcare, Inc.*, 332 B.R. 115, 121 (Bankr. D. Del. 2005)).

18.     Bankruptcy Rule 3007 provides certain grounds upon which "objections to more

than one claim may be joined in an omnibus objection", including claims that "have been satisfied

or released during the case in accordance with the Code, applicable rules, or a court order" or

"were presented in a form that does not comply with applicable rules and the objection states that

the objector is therefore unable to determine a claim's validity."   *See* Bankruptcy Rule

3007(d)(2)(E) and (F).   Local Rule 3007-2 expands on those claims for which an omnibus

objection may be filed, including that "[a]n omnibus objection to claims may be filed to reduce

the amount of a claim or to modify a claim's priority status."   D.N.J. LBR 3007-2.   The Claims

Objection Procedures Order also provides that the Liquidating Trustee may object to claims on the

grounds that such claims "the Claims fail to specify the asserted claim amount (or only list the

claim amount as 'unliquidated')", "fail to sufficiently specify the basis for the Claim or provide

sufficient supporting documentation in support of such Claim", "seek recovery of amounts for

which the Debtors are not liable", or "are classified incorrectly or improperly." *See* Claims

Objection Procedures, ¶ 1.b., c., d. and e; *see also, Complex Case Procedures*, Section VIII.  In

order to ensure due process, pursuant to Local Rule 3007-2 and the Claims Objection Procedures

Order, the *Notice of Objection to Your Claim*, the form of which was attached to the Claims Objection Procedures Motion, must be filed and served on the relevant individual Claimants.

**II.      No Liability Claims**

19.      For the reasons set forth in this Objection, Schedule 1, and the Kaup Declaration, the Liquidating Trustee submits that each of the No Liability Claims asserts a claim for which the amount asserted is unliquidated.  As indicated on Schedule 1 to the Order, the portion of such claim for which an administrative expense or priority claim is asserted should be disallowed and expunged to the extent set forth therein, with any remaining general unsecured claim, if any, to be treated in accordance with the Plan.

20.      Based on the Liquidating Trustee's careful review of the Wind-Down Debtors' books and records, the Schedules, and the No Liability Claims, including supporting documentation provided by the Claimant, if any, the Liquidating Trustee has determined that the Wind-Down Debtors do not owe an administrative expense or priority claim liability with respect to the No Liability Claims.  Unless the No Liability Claims are disallowed and expunged as requested and to the extent requested herein, the Claims Register will reflect Claims which the Debtors have no liability for, in contravention of the provisions and policies of the Bankruptcy Code and the Plan, and to the direct detriment of the Wind-Down Debtors and their estates and other creditors.

21.      Accordingly, for all the foregoing reasons, the No Liability Claims identified on Schedule 1 should be disallowed and expunged as requested and as set forth therein, and the Liquidating Trustee submits that the Court should enter the Order disallowing and expunging the No Liability Claims identified on Schedule 1 to the Order to the extent such claim asserts an administrative expense or priority claim for which the Wind-Down Debtors have no obligation to

10

pay, and authorizing the Liquidating Trustee and/or Kroll to update the Claims Register accordingly.

### III.   Reclassified Claims

22.   For the reasons set forth in this Objection, Schedule 2, and the Kaup Declaration, the Liquidating Trustee submits that each of the Reclassified Claims asserts an administrative or priority claim against the Wind-Down Debtors which is not entitled to administrative or priority status.  As indicated on Schedule 2 to the Order, the administrative or priority portion of such claim should be reclassified as a general unsecured claim to the extent set forth therein, including with respect to any unliquidated amounts included thereon.

23.   Based on the Liquidating Trustee's review of the Reclassified Claims, the Reclassified Claims should be modified where appropriate under section 502(b)(1) of the Bankruptcy Code and Bankruptcy Rule 3007 to reflect the reclassification set forth on Schedule 2.  Unless the Reclassified Claims are reclassified and modified as requested and to the extent requested herein, the relevant claimants may receive a better recovery than other similarly situated creditors, even though such recovery is not warranted, resulting in inappropriate distributions and impairing the administration of the claims process.

24.   Accordingly, the Liquidating Trustee requests that the Court enter the Order reclassifying the Reclassified Claims identified on Schedule 2 to the Order to the extent set forth therein, and authorizing the Liquidating Trustee and/or Kroll to update the Claims Register accordingly.

### IV.   No Supporting Documentation Claims

25.   For the reasons set forth in this Objection, Schedule 3, and the Kaup Declaration, the Liquidating Trustee submits that each of the No Supporting Documentation Claims asserts a

claim against the Debtors which is not supported by the asserted proof of claim, the supporting

documentation attached thereto, if any, and/or under the Bankruptcy Code or the confirmed Plan.

26.     Each of the No Supporting Documentation Claims asserts an administrative or

priority claim which lacks sufficient supporting documentation for the Liquidating Trustee to

determine the validity or priority of such claim.  Pursuant to the Claims Objection Procedures

Order, the Liquidating Trustee, through current or former employees of the Wind-Down Debtors

who have been retained by the Liquidating Trustee, has sent each of the underlying Claimants a

request for additional documentation to support the priority asserted in their claims.  *See* Claims

Objection Procedures Order, Ex. 1, ¶ 1.c.  To date, the Claimants who filed the No Supporting

Documentation Claims have not provided additional documentation sufficient to support the

priority asserted in their claims.  As indicated on Schedule 3 to the Order, the administrative or

priority portion of such claims should be disallowed and expunged to the extent set forth therein.

If the No Supporting Documentation Claims are not disallowed and expunged as requested and to

the extent requested herein, the relevant claimants may receive a better recovery than other

similarly situated creditors, even though such recovery is not warranted.  The relief requested in

this Objection is necessary to prevent any inappropriate distribution of estate funds and to facilitate

the administration of the claims process.

27.     Accordingly, the Liquidating Trustee seeks entry of the Order disallowing and

expunging the No Supporting Documentation Claims identified on Schedule 3 to the Order to the

extent set forth therein, and authorizing the Liquidating Trustee and/or Kroll to update the Claims

Register accordingly.

**V.       Duplicative Claims**

28.       For the reasons set forth in this Objection, Schedule 4, and the Kaup Declaration, the Liquidating Trustee submits that each of the Duplicative Claims asserts an administrative or priority claim against the Wind-Down Debtors which has been superseded by a subsequently filed claim or which asserts liability arising from the same underlying obligation as another filed claim. As indicated on Schedule 4 to the Order, each such claim should be disallowed and expunged in its entirety

29.       Based on the Liquidating Trustee's review of the Duplicative Claims, the Duplicative Claims should be disallowed and expunged where appropriate under section 502(b)(1) of the Bankruptcy Code and Bankruptcy Rule 3007.  Unless the Duplicative Claims are disallowed and expunged as requested and to the extent requested herein, the relevant claimants may receive a better recovery than other similarly situated creditors, even though such recovery is not warranted, resulting in inappropriate distributions and impairing the administration of the claims process.

30.       Accordingly, the Liquidating Trustee requests that the Court enter the Order disallowed and expunging, as applicable, the Duplicative Claims identified on Schedule 4 to the Order to the extent set forth therein, and authorizing the Liquidating Trustee and/or Kroll to update the Claims Register accordingly.

**Separate Contested Matters**

31.       To the extent that a response is filed regarding any claim identified in this Objection and the Liquidating Trustee is unable to resolve the response, the objection by the Liquidating Trustee to each such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Liquidating Trustee respectfully requests that any

order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each such claim.

## Reservation of Rights

32.    The Liquidating Trustee hereby reserves his right to amend, modify, and supplement this Objection, prior to the hearing before the Court on this Objection, if any; *provided*, *however*, that nothing in this Objection shall affect the Liquidating Trustee's right to object to the claims subject to this Objection or any other proof of claim at a future date on a basis other than as set forth in this Objection as permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Rules or in the Order.

33.    Notwithstanding anything to the contrary herein, nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection is intended or should be construed as (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Wind-Down Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Wind-Down Debtors', Liquidating Trustee's, or any other party in interest's rights to dispute any claim (or portion thereof), including but limited to those claims identified on Schedule 1, Schedule 2, Schedule 3, or Schedule 4 on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Objection or the Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Liquidating Trustee as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Wind-Down Debtors' estates; (g) a waiver or limitation of the Liquidating Trustee's, the

14

Wind-Down Debtors', or any other party in interest's, claims, causes of action, or other rights, including setoff or recoupment, under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Liquidating Trustee or Wind-Down Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Objection are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (j) otherwise affecting the Liquidating Trustee's or Wind-Down Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

### Statement of Compliance with Local Rules

34.     Counsel for the Liquidating Trustee has reviewed the requirements of Local Rule 3007-1 and certifies that this Objection substantially complies with such Local Rule, as modified by the Claims Objection Procedures Order, as applicable.  To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1 and/or the Claims Objection Procedures Order, as applicable, the Liquidating Trustee believes such deviations are not material and respectfully requests that any such requirement be waived.  The Liquidating Trustee, in compliance with Local Rule 3007-2, will serve a *Notice of Objection to Your Claim* in response to the Claimants' proofs of claim upon the Claimants listed in the Schedules.

### Notice

35.     The Liquidating Trustee will provide notice of this Objection to the parties listed on the Schedules.  In light of the nature of the relief requested, the Liquidating Trustee submits that no other or further notice need be given.

## Conclusion

**WHEREFORE**, the Liquidating Trustee respectfully requests entry of the Order granting

the relief requested herein and such other and further relief as the Court may deem just and

appropriate.


[*Remainder of Page Intentionally Left Blank.*]

Dated:  August 14, 2026

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the RAD Liquidating Trust
and the Wind-Down Debtor*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

In re:

LAKEHURST AND BROADWAY CORPORATION,

Debtor.[1]

Chapter 11

Case No. 25-14831 (MBK)

**ORDER SUSTAINING LIQUIDATING TRUSTEE'S**
**SIXTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM**
**PURSUANT TO SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY**
**CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2**

The relief set forth on the following pages, numbered two (2) through five (5) is

**ORDERED**.

---

[1]    On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order on Final Decree"). The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, *Lakehurst and Broadway Corporation*, Case No. 25-14831 (MBK).

(Page 2)

| | |
|---|---|
| Debtor: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | ORDER SUSTAINING LIQUIDATING TRUSTEE'S SIXTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM PURSUANT TO SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2 |

Upon consideration of the *Liquidating Trustee's Sixth Omnibus Objection to Certain Proofs of Claim Pursuant to Sections 502(b) and 503(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1 and 3007-2* (the "Objection")[1]; and upon consideration of the Kaup Declaration; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice of the Objection need be provided; and upon the hearing held by the Court to consider the relief requested in the Objection (the "Hearing"), if any; and all responses, if any, to the Objection having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Wind-Down Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the record of the Hearing, if any, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Objection is sustained as set forth herein.

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

(Page 3)
Debtor:                LAKEHURST AND BROADWAY CORPORATION
Case No.            25-14831 (MBK)
Caption of Order:  ORDER SUSTAINING LIQUIDATING TRUSTEE'S SIXTH OMNIBUS
OBJECTION TO CERTAIN PROOFS OF CLAIM PURSUANT TO
SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2

2.        Each of the No Liability Claims and No Documentation Claims identified on

**Schedule 1** and **Schedule 3** attached to this Order is hereby disallowed and expunged to the extent

such claim asserts an administrative or priority claim.  Any general unsecured portion of a No

Liability Claim or No Documentation Claim will remain on the Claims Register and is neither

allowed nor disallowed at this time, subject to the Liquidating Trustee and Wind-Down Debtors'

rights to file additional substantive and non-substantive objections to any such No Liability Claim

or No Documentation Claim, and any other proofs of claim that have been or may be filed against

the Debtors, which are expressly preserved.  Nothing herein shall constitute, nor shall it be deemed

to constitute, the allowance of any of the No Liability Claims or No Documentation Claims.

3.        Each of the Reclassified Claims identified on **Schedule 2** attached to this Order is

hereby reclassified as a general unsecured claim to the extent such claim asserts an administrative

or priority claim. Following such reclassification, any general unsecured claim will remain on the

Claims Register and is neither allowed nor disallowed at this time, subject to the Liquidating

Trustee and Wind-Down Debtors' rights to file additional substantive and non-substantive

objections to any Reclassified Claim and any other proofs of claim that have been or may be filed

against the Debtors, which are expressly preserved.  Nothing herein shall constitute, nor shall it be

deemed to constitute, the allowance of any of the Reclassified Claims.

4.        Each of the Duplicative Claims identified on **Schedule 4** attached to this Order is

hereby disallowed and expunged in its entirety. The claims listed in the column titled "Surviving

Claim" identified on **Schedule 4** shall remain on the Claims Register and are neither allowed nor

disallowed at this time, subject to the Liquidating Trustee and Wind-Down Debtors' rights to file

(Page 4)
Debtor:          LAKEHURST AND BROADWAY CORPORATION
Case No.         25-14831 (MBK)
Caption of Order: ORDER SUSTAINING LIQUIDATING TRUSTEE'S SIXTH OMNIBUS
                 OBJECTION TO CERTAIN PROOFS OF CLAIM PURSUANT TO
                 SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY CODE,
                 BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2

additional substantive and non-substantive objections to any Duplicative Claim and any other

proofs of claim that have been or may be filed against the Debtors, which are expressly preserved.

Nothing herein shall constitute, nor shall it be deemed to constitute, the allowance of any of the

Duplicative Claims.

5.      Upon the payment of any Surviving Claim identified on the Schedules annexed

hereto, the Claim shall be deemed satisfied, in full, and may be marked accordingly on the Claims

Register.  For the avoidance of doubt, this Order does not direct or require the Liquidating Trustee

to pay any such Surviving.

6.      Kroll Restructuring Administration LLC, the Court-appointed claims and noticing

agent in the Chapter 11 Cases, is hereby authorized and directed to make such revisions to the

official claims register as are necessary to reflect the relief granted in this Order.

7.      Notwithstanding the relief granted in this Order and any actions taken pursuant to

such relief, nothing in this Order shall be deemed:  (a) an implication or admission as to the amount

of, basis for, or validity of any particular claim against the Wind-Down Debtors under the

Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Wind-Down

Debtors', Liquidating Trustee's, or any other party in interest's rights to dispute any claim (or

portion thereof), including but limited to those claims identified on **Schedule 1**, **Schedule 2**,

**Schedule 3**, or **Schedule 4** on any grounds; (c) a promise or requirement to pay any particular

claim; (d) an implication, admission, or finding that any particular claim is an administrative

expense claim, other priority claim or otherwise of a type specified or defined in the Objection or

this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or

(Page 5)

Debtor: LAKEHURST AND BROADWAY CORPORATION

Case No. 25-14831 (MBK)

Caption of Order: ORDER SUSTAINING LIQUIDATING TRUSTEE'S SIXTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM PURSUANT TO SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2

lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Liquidating Trustee as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Wind-Down Debtors' estates; (g) a waiver or limitation of the Liquidating Trustee's, the Wind-Down Debtors', or any other party in interest's, claims, causes of action, or other rights, including setoff or recoupment, under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Liquidating Trustee or Wind-Down Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Objection are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (j) otherwise affecting the Liquidating Trustee's or Wind-Down Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

8.      Notice of the Objection as provided therein shall be deemed good and sufficient notice of such Objection and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

9.      The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Schedule 1**

**No Liability Claims**

| Claim Number | Creditor | Debtor | Date Filed | Asserted Admin/Priority Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 273 | Beckwith, Karina | New Rite Aid, LLC | 5/27/2025 | $17,150.00 | This claim asserts amounts for which the Debtors are not liable | Section II ¶¶19–21 |
| 2230 | First Citizens Bank & Trust Company | New Rite Aid, LLC | 11/5/2025 | $24,879.14 | This claim asserts amounts for which the Debtors are not liable | Section II ¶¶19–21 |
| 2232 | First Citizens Bank & Trust Company | New Rite Aid, LLC | 11/5/2025 | $2,738.22 | This claim asserts amounts for which the Debtors are not liable | Section II ¶¶19–21 |
| 607 | Hollern, Dustin | Rite Aid of Pennsylvania, LLC | 6/14/2025 | $7,298.76 | This claim asserts amounts for which the Debtors are not liable | Section II ¶¶19–21 |
| 2243 | Khan, Mohsin | Thrifty PayLess, Inc. | 11/12/2025 | $25,550.00 | This claim asserts amounts for which the Debtors are not liable | Section II ¶¶19–21 |
| 264 | Mucciolo, Michael | New Rite Aid, LLC | 5/21/2025 | $6,960.74 | This claim asserts amounts for which the Debtors are not liable | Section II ¶¶19–21 |
| 209 | Mucciolo, Sarah | New Rite Aid, LLC | 5/21/2025 | $9,252.07 | This claim asserts amounts for which the Debtors are not liable | Section II ¶¶19–21 |
| 159 | Ortiz, Sara | Rite Aid of Pennsylvania, LLC | 5/22/2025 | $989.26 | This claim asserts amounts for which the Debtors are not liable | Section II ¶¶19–21 |
| 247 | Pierce County Finance Department | The Bartell Drug Company | 5/28/2025 | $1,086.82 | This Claim asserts amounts which have not yet come due | Section II ¶¶19–21 |
| 2112 | Salameh, Ayman | New Rite Aid, LLC | 10/19/2025 | $12,303.83 | This claim asserts amounts for which the Debtors are not liable | Section II ¶¶19–21 |
| 2342 | Wengert, Brenda Lee | Rite Aid of Pennsylvania, LLC | 12/28/2025 | $3,741.60 | This claim asserts amounts for which the Debtors are not liable | Section II ¶¶19–21 |

## Schedule 2

### Reclassified Claims

| Claim Number | Creditor | Debtor | Date Filed | Asserted Admin/Priority Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 103 | 5210-11 93rd St. , LLC C/O Mr Giammarco | New Rite Aid, LLC | 5/20/2025 | $17,429.74 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 1618 | Assa Abloy Entrance Systems US Inc. | New Rite Aid, LLC | 8/22/2025 | $11,792.06 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 2434 | City of Dover, NH | New Rite Aid, LLC | 1/13/2026 | $1,279.92 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 1204 | Colman, Emanuel | Rite Aid of Pennsylvania, LLC | 7/28/2025 | $12,000.00 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 2591 | Javanmard, Sima | Thrifty PayLess, Inc. | 5/11/2026 | $570,000.00 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 2286 | Mayor and City Council of Baltimore | New Rite Aid, LLC | 11/26/2025 | $1,046.09 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 1170 | Modern Electric Water Company | New Rite Aid, LLC | 7/31/2025 | $5,275.60 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 1663 | Municipality of Bethel Park | New Rite Aid, LLC | 8/27/2025 | $587.01 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Admin/Priority Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1535 | National Fuel Gas Distribution Corporation | Rite Aid of New York, Inc. | 8/20/2025 | $1,898.37 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 1544 | National Fuel Gas Distribution Corporation | Eckerd Corporation | 8/20/2025 | $916.53 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 1596 | National Fuel Gas Distribution Corporation | Eckerd Corporation | 8/20/2025 | $1,955.73 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 1597 | National Fuel Gas Distribution Corporation | Rite Aid Drug Palace, Inc. | 8/20/2025 | $154.83 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 1601 | National Fuel Gas Distribution Corporation | Rite Aid of Pennsylvania, LLC | 8/20/2025 | $557.74 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 1608 | National Fuel Gas Distribution Corporation | The Lane Drug Company | 8/20/2025 | $329.59 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 208 | Summit Properties and Development Co., LLC | New Rite Aid, LLC | 5/27/2025 | $43,352.05 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 212 | Summit Properties and Development Co., LLC | New Rite Aid, LLC | 5/27/2025 | $118,071.23 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 1654 | Township of Mount Lebanon | New Rite Aid, LLC | 8/27/2025 | $1,413.42 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 1612 | Water Revenue Bureau | New Rite Aid, LLC | 8/22/2025 | $6,191.05 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Admin/Priority Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 2487 | Water Revenue Bureau | New Rite Aid, LLC | 1/30/2026 | $8,354.13 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 897 | Willdan Energy Solutions | New Rite Aid, LLC | 6/10/2025 | $1,065,668.04 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |

## Schedule 3

### No Supporting Documentation Claims

| Claim Number | Creditor | Debtor | Date Filed | Asserted Admin/Priority Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 646 | 526 East Bidwell, LLC | New Rite Aid, LLC | 6/17/2025 | $115,416.14 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 182 | Adusumalli, Sreenivas | New Rite Aid, LLC | 5/20/2025 | $12,280.78 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 821 | Branciforte Apartments LLC | New Rite Aid, LLC | 7/2/2025 | $73,023.78 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 58 | Brandywine Village Associates LLP | Rite Aid of Pennsylvania, LLC | 5/19/2025 | $6,410.84 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 1717 | Bridge, Dawn | New Rite Aid, LLC | 9/1/2025 | $520.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2069 | BTS (Wyomissing) L.P. | Thrift Drug, Inc. | 10/8/2025 | $77,461.97 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 1762 | Carroll Independent Fuel LLC | Rite Aid Hdqtrs. Corp. | 9/8/2025 | $25,333.66 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2598 | Chairs, Cordney Deon | New Rite Aid, LLC | 5/18/2026 | $125,000.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 375 | Dataquest, Inc. | New Rite Aid, LLC | 6/2/2025 | $17,150.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2041 | DGMM, LP | Eckerd Corporation | 10/3/2025 | $37,650.42 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Admin/Priority Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 2474 | Digi SmartSense, LLC | Rite Aid Hdqtrs. Corp. | 1/30/2026 | $323,520.75 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 468 | Diliara, Diliara | Rite Aid of New Jersey, Inc. | 5/22/2025 | $500.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2240 | Dorsey, Brittany Maryann | Rite Aid of Pennsylvania, LLC | 11/6/2025 | $20,000.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2101 | Elbe Associates, LLC | Thrifty PayLess, Inc. | 10/17/2025 | $29,362.02 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 1373 | Grant Acquisitions LP | Rite Aid Corporation | 8/8/2025 | $5,621.96 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2597 | Hackett, Shemcho Lashawn | Thrifty PayLess, Inc. | 5/18/2026 | $43,000.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2584 | Howard, April | Rite Aid Corporation | 4/14/2026 | $7,762.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2268 | HVP2 LLC | Eckerd Corporation | 11/24/2025 | $505,845.65 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 15 | Jogue, Inc. | Thrifty Corporation | 5/14/2025 | $16,961.63 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 423 | Kernyee Property LLC | New Rite Aid, LLC | 6/6/2025 | $29,944.17 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2235 | Newmark LLC | Maxi Drug North, Inc. | 11/6/2025 | $7,509.67 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2236 | Newmark LLC | Maxi Drug North, Inc. | 11/6/2025 | $19,501.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Admin/Priority Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 818 | North City Water District | New Rite Aid, LLC | 7/2/2025 | $1,342.38 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2547 | NYC Office of Administrative Trials and Hearings | New Rite Aid, LLC | 2/23/2026 | $269,178.67 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2548 | NYC Office of Administrative Trials and Hearings | JCG Holdings (USA), Inc. | 2/23/2026 | $15,752.11 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2599 | Phillips Jr, Billy Ray | Ex Benefits, LLC | 5/19/2026 | $75,000.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 1286 | Realty Income Pennsylvania Properties Trust | Rite Aid of Pennsylvania, LLC | 8/7/2025 | $1,013.33 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2031 | Realty Income Pennsylvania Properties Trust | Rite Aid of Pennsylvania, LLC | 10/2/2025 | $11,759.43 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2025 | Realty Income Properties 16, LLC | Thrifty PayLess, Inc. | 10/2/2025 | $14,921.86 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2030 | Realty Income Properties 9, LLC | Eckerd Corporation | 10/2/2025 | $11,043.99 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 1061 | Regent International LLC | New Rite Aid, LLC | 7/22/2025 | $7,962.01 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 1090 | Richard Thorner, Trustee of the Lucille E. Davision Trust of 2000 | Maxi Drug North, Inc. | 7/24/2025 | $46,356.39 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 1299 | Rowland Ranch Properties, LLC | Thrifty PayLess, Inc. | 8/7/2025 | $67,822.58 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 944 | Southern Glazer's Wine Distributors of Oregon, LLC | Thrifty PayLess, Inc. | 7/7/2025 | $1,435.23 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Admin/Priority Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1300 | Southside Real Estate, LP | Rite Aid of Pennsylvania, LLC | 8/7/2025 | $161.44 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2596 | Thomas, Libby Olga | Rite Aid Payroll Management, Inc. | 5/18/2026 | $50,000.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 404 | Volshteyn, Boris | New Rite Aid, LLC | 6/3/2025 | $14,358.71 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 1268 | Westcore Bravo Lancaster, LLC | Thrifty PayLess, Inc. | 8/7/2025 | $316,523.69 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 485 | Wetterhus, Bret | New Rite Aid, LLC | 6/9/2025 | $31,448.06 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 490 | Wetterhus, Bret | New Rite Aid, LLC | 6/9/2025 | $26,856.80 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 493 | Wetterhus, Bret | New Rite Aid, LLC | 6/9/2025 | $1,397.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 494 | Wetterhus, Bret | New Rite Aid, LLC | 6/9/2025 | $23,669.77 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2378 | Zolkover, Harianne | New Rite Aid, LLC | 1/5/2026 | $170,000.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |

**Schedule 4**

**Duplicative Claims**

| Claim Number | Creditor | Debtor | Date Filed | Asserted Admin/Priority Claim Amount | Surviving Claim | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|---|
| 1330 | 601 Chelsea Owner, LLC | Rite Aid of Maryland, Inc. | 8/8/2025 | $384,947.51 | 1611 | This claim has been superseded | Section V ¶¶28–30 |
| 996 | 93 NYRPT, LLC | New Rite Aid, LLC | 7/15/2025 | $33,768.21 | 1925 | This claim has been superseded | Section V ¶¶28–30 |
| 2463 | Famtan LLC | Rite Aid Corporation | 1/22/2026 | $40,158.88 | 2464 | This claim has been superseded | Section V ¶¶28–30 |
| 2517 | FOOTHILL CENTER PARTNERS LLC | Thrifty PayLess, Inc. | 1/28/2026 | $190,294.27 | 2460 | This claim has been superseded | Section V ¶¶28–30 |
| 1700 | Foothill Center Partners, LLC | Thrifty PayLess, Inc. | 8/26/2025 | $180,459.67 | 1854 | This claim has been superseded | Section V ¶¶28–30 |
| 295 | New Wappingers Centerpoint, LLC | Eckerd Corporation | 5/29/2025 | $18,442.87 | 925 | This claim has been superseded | Section V ¶¶28–30 |
| 730 | Richfield Associates, LP | New Rite Aid, LLC | 6/24/2025 | $67,583.29 | 1253 | This claim has been superseded | Section V ¶¶28–30 |
| 2556 | Robins Carlsbad, LLC | New Rite Aid, LLC | 3/11/2026 | $31,494.57 | 1939 | This claim has been superseded | Section V ¶¶28–30 |
| 1169 | Rowland Ranch Properties, LLC | Thrifty PayLess, Inc. | 7/31/2025 | $150,549.35 | 1299 | This claim has been superseded | Section V ¶¶28–30 |
| 2504 | SKBB Investments, a California Limited Partnership | Thrifty PayLess, Inc | 1/30/2026 | $95,905.82 | 2511 | This claim has been superseded | Section V ¶¶28–30 |
| 2484 | The Buncher Company | New Rite Aid, LLC | 1/30/2026 | $122,776.03 | 2485 | This claim has been superseded | Section V ¶¶28–30 |
| 2594 | Thomas, Libby Olga | The Bartell Drug Company | 5/18/2026 | $50,000.00 | 2596 | This claim has been superseded | Section V ¶¶28–30 |
| 2595 | Thomas, Libby Olga | Rite Aid Payroll Management, Inc. | 5/18/2026 | $50,000.00 | 2596 | This claim has been superseded | Section V ¶¶28–30 |
| 740 | University Plaza Associates, L.L.C. | Eckerd Corporation | 6/27/2025 | $95,666.17 | 1694 | This claim has been superseded | Section V ¶¶28–30 |
| 1145 | Yoko C. Gates Trust | Thrifty PayLess, Inc. | 7/30/2025 | $45,866.14 | 1153 | This claim has been superseded | Section V ¶¶28–30 |

**Exhibit B**

**Kaup Declaration**

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel to the RAD Liquidating Trust
and the Wind-Down Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| LAKEHURST AND BROADWAY CORPORATION, | Case No. 25-14831 (MBK) |
| Wind-Down Debtor.[1] | |

**DECLARATION OF ERIC KAUP IN**
**SUPPORT OF LIQUIDATING TRUSTEE'S SIXTH**
**OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM**
**PURSUANT TO SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY**
**CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2**

I, Eric Kaup, pursuant to section 1746 of title 28 of the United States Code, hereby declare

that the following is true and correct to the best of my knowledge, information and belief:

---

[1] On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Final Decree Order"). The Court has entered a text order on the affiliated dockets listed in the Final Decree Order requiring that all remaining matters be filed under the above captioned case, Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK). Except as otherwise provided herein, references to the "Docket" herein shall refer to the docket in the formerly jointly administered cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK).

1.      I am the Liquidating Trustee appointed in the above-captioned chapter 11 cases.  I am a Chief Commercial Officer, Head of Hilco Global Originations & Transactions, and Special Counsel at Hilco Global.

2.      I submit this declaration (the "Declaration") in support of the *Liquidating Trustee's Sixth Omnibus Objection to Certain Proofs of Claim Pursuant to Sections 502(b) and 503(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1 and 3007-2* (the "Objection"),[2] filed contemporaneously herewith.  I am over the age of 18, competent to testify and authorized to submit the Declaration as the Liquidating Trustee.

3.      Every matter set forth herein is based on either (a) my personal knowledge; (b) my review, or the review of work performed by current or former employees of the Wind-Down Debtors who have been retained by the Liquidating Trustee whom I oversee in a managerial capacity; (c) relevant documents; or (d) my understanding based on information obtained from the Debtors' records.

4.      I have read and reviewed the Objection, including the information set forth on **Schedules 1**, **2**, **3**, and **4** to the Proposed Order, and I am familiar with the information contained in those documents.

5.      To the best of my knowledge, information and belief, the information that is contained in the Objection is true and correct.

6.      I, and/or one or more individuals working for the Liquidating Trustee, have reviewed the proofs of claim listed on **Schedule 1**, **Schedule 2**, **Schedule 3,** and **Schedule 4** to the Proposed Order, together with any supporting documentation attached thereto, and made reasonable efforts to review the No Liability Claims, the Reclassified Claims, the No Supporting

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the Objection.

2

Documentation Claims, and the Duplicative Claims.  I have determined that (i) each of the No

Liability Claims, No Supporting Documentation Claims and Duplicative Claims should be

disallowed and/or expunged for the reasons and in the manner set forth in the Objection, and as

provided for in the Proposed Order, and (ii) each of the Reclassified Claims should be reclassified

as an unsecured claim for the reasons and in the manner set forth in the Objection, and as provided

for in the Proposed Order.

7.      I have complied with the procedures set forth in the *Liquidating Trustee's Motion*

*for Entry of an Order (A) Approving (I) Omnibus Claims Objection Procedures and Form of*

*Notice, (II) Omnibus Substantive Claims Objections, and (III) Satisfaction Procedures and Form*

*of Notice and (B) Waiving Bankruptcy Rule 3007(e)* [Case No. 25-14831, Docket No. 251].

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information and belief.

August 14, 2026

/s/ Eric Kaup
_____
Eric Kaup, Solely in his Capacity
as Liquidating Trustee in the
Chapter 11 Cases of
Lakehurst and Broadway
Corporation, *et al*.