**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| LAKEHURST AND BROADWAY CORPORATION, | Case No. 25-14831 (MBK) |
| Debtor.[1] | **Hearing Date and Time:** **September 15, 2026, at 11:00 a.m. (ET)** |
| | Judge Michael B. Kaplan |

**NOTICE OF OBJECTION TO YOUR CLAIM**

**YOU SHOULD LOCATE YOUR REFERENCE NUMBER OR CLAIM NUMBER AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO. PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THE OBJECTION. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**IF YOU HAVE QUESTIONS OR WISH TO RESPOND TO THIS NOTICE, PLEASE CONTACT THE LIQUIDATING TRUSTEE'S COUNSEL:**

**DAVID M. BASS, ESQ.**
**(646) 563-8932**
**DBASS@COLESCHOTZ.COM**

| | |
|---|---|
| **ANDREAS D. MILLIARESSIS, ESQ.** | **BENJAMIN M. FISCHER, ESQ.** |
| **(201) 525-6257** | **(201) 561-7034** |
| **AMILLIARESSIS@COLESCHOTZ.COM** | **BFISCHER@COLESCHOTZ.COM** |

---

[1] On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order on Final Decree"). The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, *Lakehurst and Broadway Corporation*, Case No. 25-14831 (MBK). Except as otherwise provided herein, references to the "Docket" herein shall refer to the docket in the formerly jointly administered cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK)

**PLEASE TAKE NOTICE** that Eric Kaup, the RAD Liquidating Trustee (the "Liquidating Trustee"), on behalf of on behalf of the RAD Liquidating Trust and the above-captioned debtor and the other Wind-Down Debtors (collectively, the "Wind-Down Debtors" and prior to the Effective Date, the "Debtors"), is objecting to your Claim(s)[2] pursuant to the attached objection (the "Objection").

### Important Information Regarding the Objection

Grounds for the Objection.  Pursuant to the Objection, the Liquidating Trustee is seeking to disallow, expunge, reclassify, and/or reduce your Claim(s) listed in **Schedules 1, 2, 3, and 4** at the end of this notice, to the extent such Claim asserts an Administrative Expense Claim or an Other Priority Claim, on the grounds set forth in the Objection.  The Claim(s) subject to the Objection may also be found on the schedules attached to the Objection, a copy of which has been provided with this notice.

Objection Procedures.  On March 11, 2026, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order [Case No. 25-14831, Docket No. 312] (the "Order") approving procedures for filing and resolving objections to Claims asserted against the Debtors in the Chapter 11 Cases (the "Objection Procedures").  *Please review the Objection Procedures carefully to ensure your response to the Objection, if any, is filed and served timely and correctly.  You may obtain a copy of the Order as set forth in the Additional Information section below.*

### Resolving the Objection(s) to Your Claim(s)

Resolving Objections.  Certain of the Liquidating Trustee's advisors will be available to discuss and resolve consensually the Objection to your Claim(s) without the need for filing a formal response or attending a hearing.  Please contact David M. Bass, Andreas D. Milliaressis, and Benjamin M. Fischer at Cole Schotz P.C., the Liquidating Trustee's counsel, via (a) e-mail, at dbass@coleschotz.com, amilliaressis@coleschotz.com, and bfischer@coleschotz.com, respectively, or (b) telephone at (646) 563-8932, (201) 525-6257, or (201) 561-7034, respectively, within ten (10) calendar days after the date of this notice or such other date as the Liquidating Trustee may agree in writing.  Please have your Proof(s) of Claim and any related material available for any such discussions.

1.      Parties Required to File a Response.  If you are not able to resolve the Objection filed with respect to your Claim(s) as set forth above consensually, you must file a response (each, a "Response") with the Court in accordance with the following procedures:

2.      Response Contents.  Each Response must contain the following (at a minimum):

   a.      a caption stating the name of the Court, the name of the Debtor, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection Procedures.

b.  a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c.  a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim (if applicable), upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to the Liquidating Trustee all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.  the following contact information for the responding party:

   i.  the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Liquidating Trustee should serve a reply to the Response, if any; or

   ii.  the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

3.  Filing and Serving the Response. A Response will be deemed timely only if it is filed with the Court and served on all of the following parties (the "Notice Parties") so as to be actually received **by or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing (defined below) on the Objection(s) and Response(s)** (the "Response Deadline"), unless the Liquidating Trustee consent to an extension in writing:

1.  Liquidating Trustee's Counsel. Cole Schotz, P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: David M. Bass, Esq. (dbass@coleschotz.com), Andreas D. Milliaressis, Esq. (amilliaressis@coleschotz.com), and Benjamin M. Fischer, Esq. (bfischer@coleschotz.com); and

2.  U.S. Trustee. Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie, Esq. (Lauren.Bielskie@usdoj.gov).

4.  Failure to Respond. A Response that is not filed and served on or before the Response Deadline or such other date as agreed with the Liquidating Trustee, in accordance with the procedures set forth herein, may not be considered at the Hearing before the Court. **Absent reaching an agreement with the Liquidating Trustee resolving the Omnibus Objection to a Claim, failure to both file and serve a Response timely as set forth herein may result in the**

**Court granting the Omnibus Objection without further notice or hearing.** Affected creditors will be served with such order once it has been entered.

## Hearing on the Objection

5.        Date, Time and Location.  A hearing (the "Hearing") on the Objection will be held on September 15, 2026, at 11:00 a.m., prevailing Eastern Time, before the Honorable Michael B. Kaplan, United States Bankruptcy Judge for the District of New Jersey.  The Hearing may be conducted virtually using Zoom for Government.  To the extent parties wish to present their argument at the hearing conducted using Zoom for Government, a request for "Presenter Status" must be submitted to the Court at least one (1) business day prior to the hearing by emailing Chambers (chambers_of_mbk@njb.uscourts.gov) and providing the following information: (a) name of Presenter, (b) email address of Presenter, (c) Presenter's affiliation with the case and/or (d) what party or interest the Presenter represents.  If the request is approved, the Presenter will receive appropriate Zoom credentials and further instructions via email.  The hearing may be adjourned to a subsequent date in these cases in the Court's or Liquidating Trustee's discretion. You must attend the Hearing if you disagree with the Objection and have filed a Response that remains unresolved prior to the Hearing.  If such Claims cannot be resolved and a hearing is determined to be necessary, the Liquidating Trustee shall file with the Court and serve on the affected claimants a notice of the hearing to the extent the Liquidating Trustee did not file a notice of hearing previously.

6.        Discovery.  If the Liquidating Trustee determines that discovery is necessary in advance of a hearing on an Omnibus Objection, the Liquidating Trustee will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice.

## Additional Information

7.        Copies of these procedures, the Order, the Motion, or any other pleadings filed in the       Chapter       11       Cases       are       available       for       free       online       at https://restructuring.ra.kroll.com/RiteAid2025.  Copies of these documents may also be obtained upon written request to Kroll Restructuring Administration by online inquiry via https://restructuring.ra.kroll.com/RiteAid2025.  You may also obtain copies of any of the documents filed in the Chapter 11 Cases for a fee via PACER at www.njb.uscourts.gov.

## Reservation of Rights

8.        NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE LIQUIDATING TRUSTEE TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

Dated: August 14, 2026

*/s/ Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            dbass@coleschotz.com
            fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*