**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| LAKEHURST AND BROADWAY CORPORATION, | Case No. 25-14831 (MBK) |
| Debtor.[1] | **Hearing Date and Time:** **September 15, 2026, at 11:00 a.m. (ET)** |
| | Judge Michael B. Kaplan |

**THIRD NOTICE OF SATISFACTION OF CLAIMS**

**YOU SHOULD LOCATE YOUR REFERENCE NUMBER OR CLAIM NUMBER AND YOUR CLAIM(S) ON THE SCHEDULE ATTACHED HERETO. PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE EXPUNGED FROM THE CLAIMS REGISTER AND YOU SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO THE CLAIM FOR PURPOSES OF DISTRIBUTION AS A RESULT OF THE NOTICE OF SATISFACTION. THEREFORE, PLEASE READ THIS NOTICE VERY CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**IF YOU HAVE QUESTIONS OR WISH TO RESPOND TO THIS NOTICE, PLEASE CONTACT THE LIQUIDATING TRUSTEE'S COUNSEL:**

**DAVID M. BASS, ESQ.**
**(646) 563-8932**
**DBASS@COLESCHOTZ.COM**

| | |
|---|---|
| **ANDREAS D. MILLIARESSIS, ESQ.** | **BENJAMIN M. FISCHER, ESQ.** |
| **(201) 525-6257** | **(201) 561-7034** |
| **AMILLIARESSIS@COLESCHOTZ.COM** | **BFISCHER@COLESCHOTZ.COM** |

---

[1]     On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order on Final Decree"). The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK). Except as otherwise provided herein, references to the "Docket" herein shall refer to the docket in the formerly jointly administered cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK).

**PLEASE TAKE NOTICE** that Eric Kaup, the RAD Liquidating Trustee (the "Liquidating Trustee"), on behalf of on behalf of the RAD Liquidating Trust and the above-captioned debtor and the other Wind-Down Debtors (collectively, the "Wind-Down Debtors" and prior to the Effective Date, the "Debtors") has identified you as holding certain Claim(s)[2] against the Debtors listed in the table at the end of this notice, for which the administrative or priority portion has been satisfied in full according to the Debtors' books and records.

### Important Information Regarding the Notice of Satisfaction

Grounds for the Notice of Satisfaction.  The Liquidating Trustee is seeking to expunge the administrative and/or priority portion of your Claim(s) listed in the table at the end of this notice on the grounds that the administrative and/or priority portion of such Claim(s) have been satisfied in full according to the Debtors' books and records.

Satisfaction Procedures.  On March 11, 2026, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order [Case No. 25-14831, Docket No. 312] (the "Order") approving procedures for serving Notices of Satisfaction of Claims asserted against the Debtors in the Chapter 11 Cases (the "Satisfaction Procedures"), which are attached to the Order at Exhibit 3.  ***Please review the Satisfaction Procedures carefully to ensure your response, if any, is filed and served timely and correctly.  You may obtain a copy of the Order as set forth in the Additional Information section below.***

### Resolving the Notice of Satisfaction Regarding Your Claim(s)

1.      Resolving Notices of Satisfaction.  Certain of the Liquidating Trustee's advisors will be available to discuss and resolve consensually the Notice of Satisfaction with respect to your Claim(s) without the need for filing a formal response or attending a hearing.  Please contact David M. Bass, Andreas D. Milliaressis, and Benjamin M. Fischer at Cole Schotz P.C., the Liquidating Trustee's counsel, via (a) e-mail at dbass@coleschotz.com, amilliaressis@coleschotz.com and bfischer@coleschotz.com, respectively, or (b) telephone at (646) 563-8932, (201) 525-6257 or (201) 561-7034, respectively, within ten (10) calendar days after the date of this notice or such other date as the Liquidating Trustee may agree in writing.  Please have your Proof(s) of Claim and any related material available for any such discussions.

2.      Response Contents.  Each Response to a Notice of Satisfaction must contain the following (at a minimum):

   a.      a caption stating the name of the Court, the name of the Debtor, the case number, the Notice of Satisfaction to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

   b.      a concise statement setting forth the reasons why the Court should not enter the order with respect to the Notice of Satisfaction regarding such Claim,

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order and related Satisfaction Procedures.

including the specific factual and legal bases upon which the claimant will rely in opposing the Notice of Satisfaction;

c.  a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim (if applicable), upon which the claimant will rely in opposing the Notice of Satisfaction; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however*, that the claimant shall disclose to Liquidating Trustee all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.  the following contact information for the responding party:

i.  the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Liquidating Trustee should serve a reply to the Response, if any; or

ii.  the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Notice of Satisfaction on the claimant's behalf.

3.  Filing and Serving the Response.  A Response will be deemed timely only if it is filed with the Court and served on all of the following parties (the "Notice Parties") so as to be actually received **by or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing (defined below) on the Notice of Satisfaction** (the "Response Deadline"), unless the Liquidating Trustee consents to an extension in writing:

a.  Liquidating Trustee's Counsel.  Cole Schotz, P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: David M. Bass, Esq. (dbass@coleschotz.com), Andreas D. Milliaressis, Esq. (amilliaressis@coleschotz.com), and Benjamin M. Fischer, Esq. (bfischer@coleschotz.com); and

b.  U.S. Trustee.  Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey Sponder, Esq. (Jeffrey.M.Sponder@usdoj.gov) and Lauren Bielskie, Esq. (Lauren.Bielskie@usdoj.gov).

4.  Failure to Respond.  A Response that is not filed and served in accordance with the procedures set forth herein may not be considered at the Hearing before the Court.  **Absent reaching an agreement with the Liquidating Trustee resolving the Response to the Notice of Satisfaction, failure to file and serve a Response timely as set forth herein may result in the Liquidating Trustee causing the Claims and Noticing Agent to expunge such Claims from**

**the Claims Register without further notice or hearing, and such claimant shall not be treated as a creditor with respect to the Claim for purposes of distribution.**

## Hearing on the Response

5.  Date, Time and Location.  A hearing (the "Hearing") on this Notice of Satisfaction will be held on September 15, 2026, at 11:00 a.m., prevailing Eastern Time, before the Honorable Michael B. Kaplan, United States Bankruptcy Judge for the District of New Jersey.  The Hearing may be conducted virtually using Zoom for Government.  To the extent parties wish to present their argument at the hearing conducted using Zoom for Government, a request for "Presenter Status" must be submitted to the Court at least one (1) business day prior to the hearing by emailing Chambers (chambers_of_mbk@njb.uscourts.gov) and providing the following information: (a) name of Presenter, (b) email address of Presenter, (c) Presenter's affiliation with the case and/or (d) what party or interest the Presenter represents.  If the request is approved, the Presenter will receive appropriate Zoom credentials and further instructions via email.  The hearing may be adjourned to a subsequent date in these cases in the Court's or the Liquidating Trustee's discretion. You must attend the Hearing if you disagree with the Notice of Satisfaction and have filed a Response that remains unresolved prior to the Hearing.  If such Claims cannot be resolved and a hearing is determined to be necessary, the Liquidating Trustee shall file with the Court and serve on the affected claimants a notice of the hearing to the extent the Liquidating Trustee did not file a notice of hearing previously.

6.  Reply to a Response.  The Liquidating Trustee shall be permitted to file a reply to any Response no later than one (1) business day before the Hearing with respect to the relevant Notice of Satisfaction.

## Additional Information

7.  Copies of these procedures, the Order, the Motion, or any other pleadings filed in the Chapter 11 Cases are available for free online at https://restructuring.ra.kroll.com/RiteAid2025.  Copies of these documents may also be obtained upon written request to Kroll Restructuring Administration, the Claims and Noticing Agent by online inquiry via https://restructuring.ra.kroll.com/RiteAid2025.  You may also obtain copies of any of the documents filed in the Chapter 11 Cases for a fee via PACER at www.njb.uscourts.gov.

## Reservation of Rights

8.  NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE LIQUIDATING TRUSTEE TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

Dated: August 14, 2026

/s/ Michael D. Sirota
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            dbass@coleschotz.com
            fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down
Debtors*

| Claimant Name or Identifier | Claim Number | Asserted Claim Amount[1,2] |
|---|---|---|
| 5210-11 93rd St., LLC c/o Mr Giammarco | 2192 | $38,877.66 |
| 93 NYRPT, LLC | 1925 | $33,331.56 |
| 93 NYRPT, LLC | 1928 | $71,362.25 |
| Aztec Inn LP | 2148 | $29,055.82 |
| Beckwith, Karina | 84 | $20,593.02 |
| Beckwith, Karina | 225 | $3,443.02 |
| Buffalo-Main Street, LLC | 2190 | $18,578.59 |
| Bui, Jenny | 29 | $36,318.08 |
| Cahill, Shawn | 959 | $17,150.00 |
| Cameron Apartments GP | 1108 | $19,253.27 |
| Charles J. Huenergardt, Trustee of the CJH Revocable Trust, and Carleen Defranco, Trustee, Defranco Family Trust Dated March 12, 2007 | 1590 | $30,120.97 |
| City of Sebastopol | 946 | $2,283.33 |
| Desai, Sonal | 8 | $17,150.00 |
| Edussuriya, Niroshana | 13 | $17,150.00 |
| First Tracks Real Estate, LLC | 2003 | $259,395.28 |
| Fralix, Karen Marie | 387 | $8,265.63 |
| Huntingdon Pike Company | 2265 | $240.53 |
| J F Investments | 755 | $43,904.00 |
| J. R. Simplot Company | 1641 | $11,727.90 |
| Kim, Lauren | 34 | $17,150.00 |
| Lind, Tesha | 608 | $25,421.59 |

---

[1]   This column identifies only the amount of each claim which asserts an administrative and/or priority claim. The satisfaction of claims relates only to the administrative and/or priority portions of the claim. Any remaining portion of the Claim, not otherwise satisfied, shall be treated as a General Unsecured Claim entitled to the treatment of such under the Plan.

[2]   Each claim listed herein has been marked as satisfied on the basis that the affected claimholder has either (a) been paid in full, in the amount of their asserted administrative and/or priority claim, or (b) received a one-time settlement payment in full satisfaction of the claim in accordance with the *Order (I) Authorizing the Administrative Claims Procedures and (II) Granting Related Relief* [Docket No. 1883], as applicable.

| Claimant Name or Identifier | Claim Number | Asserted Claim Amount[1,2] |
|---|---|---|
| Mar-Mart Realty Co. Inc. | 1264 | $22,093.91 |
| New Wappingers Centerpoint, LLC | 925 | $19,152.21 |
| Pearson, Deborah | 848 | $9,800.00 |
| Poore, Richard Gregory | 25 | $17,150.00 |
| R.A. Bentleyville, LLC | 1147 | $11,231.78 |
| Realty Income Pennsylvania Properties Trust | 1302 | $1,028.13 |
| Saab, Mayssoun | 47 | $17,150.00 |
| Shahdaryan, Jilbert | 226 | $31,385.40 |
| SKBB Investments, a California LP | 2511 | $153,427.54 |
| Srouji, Yousef Al | 11 | $17,150.00 |
| Star Capital Partners, LLC | 2002 | $25,171.09 |
| Swift, Sara | 1745 | $8,162.00 |
| Taylor, Douglas C | 957 | $55,123.00 |
| Therapeutic Research Center, LLC | 2280 | $136,476.18 |
| TMT Bear Creek Shopping Center, Inc. | 2256 | $6,173.89 |
| West Mifflin Sanitary Sewer & Stormwater Authority | 1029 | $797.48 |
| West Mifflin Sanitary Sewer & Stormwater Authority | 1036 | $551.70 |
| White, Richard M. | 832 | $52,807.26 |
| Yarlagadda, Aparna | 337 | $37,236.80 |
| YNRH LLC, BWGW LLC, and Landau LI LLC | 1082 | $16,678.67 |