**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**McDOWELL LAW, PC**
Paul Pflumm, Esq.
46 West Main Street
Maple Shade, New Jersey 08052
(856) 482-5544
ppflumm@mcdowelllegal.com

**ADELMAN & GETTLEMAN, LTD.**
Howard L. Adelman, Esq. (admitted *pro hac vice*)
53 West Jackson Boulevard, Suite 1050
Chicago, Illinois 60604
(312) 435-1050
hla@ag-ltd.com

*Co-Counsel for Southern California United Food and Commercial Workers Unions and Drug Employers Pension Fund*

**Order Filed on August 20, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

In re:

LAKEHURST AND BROADWAY CORPORATION,

Debtor.[1]

Chapter 11

Case No. 25-14831 (MBK)

Related to Docket Nos. 214 and 460

**CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND SOUTHERN CALIFORNIA UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND DRUG EMPLOYERS PENSION FUND REGARDING AMENDED REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE**

The relief set forth on the following pages, numbered two (2) through six (6), is

**ORDERED**.

**DATED: August 20, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

This Consent Order is made by and between Eric Kaup, the RAD Liquidating Trustee (the "Liquidating Trustee"), on behalf of the RAD Liquidating Trust (as defined in the Plan, defined below) and the above-captioned debtor and the other Wind-Down Debtors (as defined in the Plan, the "Wind-Down Debtors") in the above-referenced chapter 11 cases (the "Chapter 11 Cases") and Southern California United Food and Commercial Workers Unions and Drug Employers Pension Fund (the "Pension Fund" and together with the Liquidating Trustee, the "Parties"), by and through their respective counsel of record, with regard to the following facts:

**WHEREAS**, New Rite Aid LLC and each of its affiliated debtors (collectively, the "Debtors"), including Thrifty PayLess, Inc., filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on May 5, 2025 (the "Petition Date"), commencing the Chapter 11 Cases; and

**WHEREAS**, as of the Petition Date, Debtor Thrifty PayLess, Inc. d/b/a Rite Aid and United Food and Commercial Workers International Union, Locals 135, 324, 770, 1167, 1428, 1442, and 8 GS, were parties to collective bargaining agreements (the "CBAs") under which such Debtor had an obligation to contribute to the Pension Fund; and

**WHEREAS**, on November 11, 2025, the Debtors filed their *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* [Doc. No. 3215] (as modified, amended, and including all supplements, the "Plan"); and

**WHEREAS**, on November 26, 2025, over the objection of the Pension Fund, the Court entered *the Order Approving the Disclosure Statement and Confirming the Debtors' Second*

*Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Doc. No. 3445], and on December 15, 2025 entered the *Supplemental Order to Order Approving the Disclosure Statement and Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Doc. No. 3536] confirming the Plan and approving the Disclosure Statement [Doc. No. 3216] (collectively, the "Confirmation Orders"); and

**WHEREAS**, the Pension Fund has filed a claim against the Debtors in an amount the Pension Fund asserts is the amount equal to the Debtors' withdrawal liability (the "Asserted Withdrawal Liability," and the claim associated therewith, the "Asserted Withdrawal Liability Claim") [Claim No. 2609], which Asserted Withdrawal Liability Claim is maintained on the register of claims maintained by the Court-appointed claims and noticing agent, Kroll Restructuring Administration LLC; and

**WHEREAS**, the Pension Fund has asserted that a portion of the Asserted Withdrawal Liability is attributable to work performed postpetition by employees covered by the CBAs and entitled to administrative priority (the "Asserted Administrative Withdrawal Liability Claim"); and

**WHEREAS**, the Pension Fund timely filed a request for payment of administrative expense for the Asserted Administrative Withdrawal Liability Claim totaling $1,162,068.00 [Case No. 25-14831, Doc. No. 214] and later filed an amended request for payment of administrative expense for the Asserted Administrative Withdrawal Liability Claim totaling $915,188.00 [Case

No. 25-14831, Doc. No. 460], which amount the Liquidating Trustee and the Wind-Down Debtors dispute; and

**WHEREAS**, the Parties wish to resolve the issues relating to the Asserted Administrative Withdrawal Liability Claim pursuant to the terms hereof.

NOW, THEREFORE, IT IS HEREBY AGREED AND ORDERED AS FOLLOWS:

1. The Pension Fund shall have an allowed administrative expense pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code for the portion of the Asserted Withdrawal Liability which is attributable to postpetition work performed by Pension Fund members in the amount of $300,000.00 (the "Allowed Administrative Withdrawal Liability Claim").

2. Within seven (7) business days following the entry of this Consent Order, the Liquidating Trustee or Wind-Down Debtors shall pay to the Pension Fund the Allowed Administrative Withdrawal Liability Claim, which payment shall be in full and final satisfaction of any and all administrative expenses or claims of the Pension Fund pursuant to sections 503(b) and 507 of the Bankruptcy Code or otherwise, including, but not limited to, the Asserted Administrative Withdrawal Liability Claim.

3. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Consent Order without further order from this Court.

4. This Consent Order shall not impact nor serve to reduce or expunge the general unsecured portion of the Asserted Withdrawal Liability Claim, which shall be subject in all respects to and treated in accordance with the Confirmation Orders and Plan.

5. This Consent Order is effective immediately upon entry and is not subject to any stay under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or applicable nonbankruptcy law.

6. This Consent Order may be executed and delivered in any number of original or facsimile or electronic counterparts, each of which shall be deemed an original.

7. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to this Consent Order, including the interpretation, enforcement and implementation of this Consent Order.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Debtors: | LAKEHURST AND BROADWAY CORPORATION |
| Case No. | 25-14831 (MBK) |
| Caption of Order: | CONSENT ORDER BETWEEN THE LIQUIDATING TRUSTEE AND SOUTHERN CALIFORNIA UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND DRUG EMPLOYERS PENSION FUND REGARDING AMENDED REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE |

The undersigned hereby consent to the form and entry of this Consent Order:

Dated: August 18, 2026

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

*/s/ Howard L. Adelman*

**McDOWELL LAW, PC**
Paul Pflumm, Esq.
46 West Main Street
Maple Shade, New Jersey 08052
(856) 482-5544
ppflumm@mcdowelllegal.com

**ADELMAN & GETTLEMAN, LTD.**
Howard L. Adelman, Esq. (admitted *pro hac vice*)
53 West Jackson Boulevard, Suite 1050
Chicago, Illinois 60604
(312) 435-1050
hla@ag-ltd.com

*Co-Counsel for Southern California United Food and Commercial Workers Unions and Drug Employers Pension Fund*