**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

**Order Filed on August 21, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In re:<br><br>LAKEHURST AND BROADWAY CORPORATION,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 25-14831 (MBK)<br><br>Related to Docket No. 393 |

**CONSENT ORDER BETWEEN THE WIND-DOWN DEBTORS AND CERTAIN WARN CLAIMANTS RESOLVING MOTION TO PERMIT FILING OF LATE FILED CLAIMS**

The relief set forth on the following pages, numbered two (2) through five (5), is **ORDERED**.

**DATED: August 21, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

[1] On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order on Final Decree"). The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK). Unless otherwise set forth herein, references to the "Docket" in this Consent Order shall refer to the docket in the jointly administered cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK).

This Consent Order is made by and between Andre Scheepers, Gerald Stahl, Stephanie Downey, Lewis Hunter, Christina Zlinksy, Jennifer Motchnik, Anthony Coleman, and Erin Lopomo (collectively, the "WARN Claimants"), and Lakehurst and Broadway Corporation, together with New Rite Aid, LLC and other affiliated Wind-Down Debtors (as defined in the Plan, defined below, collectively, the "Debtors," and together with the Warn Claimants, the "Parties"), by and through their respective counsel of record, with regard to the following facts:

**WHEREAS**, each of the Debtors filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code on May 5, 2025 (the "Petition Date"), commencing these chapter 11 cases (the "Bankruptcy Cases"); and

**WHEREAS**, prior to the Petition Date, the WARN Claimants were employees of the Debtors at their New Jersey offices at 701 Delran Parkway, Delran, NJ 08075; and

**WHEREAS**, the WARN Claimants continued working for the Debtors after the Petition Date and were subsequently terminated; and

**WHEREAS**, on November 11, 2025, the Debtors filed their *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* [Docket No. 3215] (as modified, amended, and including all supplements, and confirmed, the "Plan"); and

**WHEREAS**, on November 26, 2025, the Court entered *the Order Approving the Disclosure Statement and Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3445], and on December 15, 2025 entered the *Supplemental Order to Order Approving the Disclosure Statement and Confirming the Debtors' Second Amended Joint Chapter 11 Plan of*

*Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3536] confirming the Plan and approving the Disclosure Statement [Docket No. 3216]; and

**WHEREAS**, on December 31, 2025, the Debtors filed the *Notice of (I) Entry of Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC (Technical Modifications) and Its Debtor Affiliates and (II) Occurrence of Effective Date* [Docket No. 3699], stating that the Effective Date of the Plan occurred on December 31, 2025 (the "Effective Date"); and

**WHEREAS**, pursuant to the Plan, the bar date for filing proofs of claim was thirty days after the Effective Date, or January 30, 2026 (the "Bar Date"); and

**WHEREAS**, the WARN Claimants filed proofs of claim and requests for payment of administrative expenses after the Bar Date, asserting claims against the Debtor arising under the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, N.J.S.A. 34:21-1 et seq. (the "Asserted WARN Claims"); and

**WHEREAS**, on April 21, 2026, the Liquidating Trustee filed the *Notice of Disallowance and Expungement of Late-Filed Claims* [Case No. 25-14831, Docket No. 374], disallowing and expunging the Asserted WARN Claims pursuant to the Plan; and

**WHEREAS**, on May 5, 2026, the Warn Claimants filed the *Motion To Permit Filing Of Late Filed Claims* [Case No. 25-14831, Docket No. 393] (the "Motion"), requesting that the Court deem the Asserted WARN Claims as timely filed; and

**WHEREAS,** the Debtors maintain that the Asserted WARN Claims are time-barred pursuant to the Plan; and

**WHEREAS**, the Parties wish to resolve issues relating to the Motion, pursuant to the terms hereof; including, through and by way of the agreed upon allowance and payment of administrative claims as set forth in this Consent Order.

NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION THE PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY AGREED AND ORDERED AS FOLLOWS:

1. The WARN Claimants, collectively, have an allowed administrative expense claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code in the aggregate amount of $115,000.00, which shall be shared among the WARN Claimants (the "Allowed Claim"). Within seven (7) business days following the entry of this Consent Order, the Wind-Down Debtors or the Liquidating Trustee (as defined in the Plan) shall pay to the WARN Claimants the Allowed Claim, which payment shall be in full and final satisfaction of any and all administrative expenses or claims, or any other claims or rights to payment from the Debtors, of the WARN Claimants, individually and otherwise, including, but not limited to, the Asserted WARN Claims.

2. For the avoidance of doubt, no further claims may be asserted by the WARN Claimants or their assigns against the Debtors, the Wind-Down Debtors, the Liquidating Trust and/or the Liquidating Trustee.

3. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Consent Order without further order from this Court.

4. This Consent Order is effective immediately upon entry and is not subject to any stay under the United States Bankruptcy Code, the Federal Rule of Bankruptcy Procedure, or applicable nonbankruptcy law.

5. This Consent Order may be executed and delivered in any number of original or facsimile or electronic counterparts, each of which shall be deemed an original.

6. The Bankruptcy Court will retain jurisdiction to resolve any and all disputes relating to this Consent Order.

The undersigned hereby consent to the form and entry of this Consent Order:

Dated: As of August 21, 2026

*/s/ Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

*/s/ Ryan P. McCarthy*
**GOODLEY MCCARTHY LLC**
Ryan P. McCarthy, Esq.
James E. Goodley, Esq.
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@gmlaborlaw.com
ryan@gmlaborlaw.com

*Attorneys for Warn Claimants*