**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>LAKEHURST AND BROADWAY pCORPORATION,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 25-14831 (MBK) |

**APPLICATION IN LIEU OF MOTION IN SUPPORT OF ENTRY OF STIPULATION AND AGREED ORDER BY AND AMONG THE DEBTORS, RAD SUB-TRUST A AND ROCHE DIAGNOSTICS CORPORATION**

TO THE HONORABLE MICHAEL B. KAPLAN,
UNITED STATES BANKRUPTCY JUDGE:

Eric Kaup, in his capacity as trustee for the RAD Liquidating Trust (the "Liquidating Trustee") and the above-captioned debtor and the other Wind-Down Debtors (collectively, the "Debtors"), by and through their undersigned counsel, respectfully state the following in

[1] On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order on Final Decree"). The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK). Except as otherwise provided herein, references to the "Docket" herein shall refer to the docket in the formerly jointly administered cases captioned *In re New Rite Aid, LLC,* Case No. 25-14861 (MBK).

support of this application (the "Application"), pursuant to D.N.J. LBR 9019-4(b), seeking the approval and entry of the proposed *Stipulation and Agreed Order By and Among the Debtors, RAD Sub-Trust A and Roche Diagnostics Corporation* (the "Proposed Stipulation"),[2] a copy of which is attached hereto as **Exhibit 1**:

1. On May 5, 2025 (the "2025 Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the Bankruptcy Court for the District of New Jersey (the "Court"). The Debtors' chapter 11 cases were formerly jointly administered under the lead case *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK) (the "Chapter 11 Cases"). *See* Docket No. 122.

2. On November 26, 2025, the Court entered the *Order Approving the Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3445] (the "2025 Confirmation Order"), *inter alia*, confirming the *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3445, Ex. A] (the "2025 Plan").

3. On December 30, 2025, the Court entered the Order on Final Decree, closing all of the cases listed therein except for the chapter 11 case of Debtor, Lakehurst and Broadway Corporation, and ordered that all remaining matters be filed on the docket of Lakehurst and Broadway Corporation [Docket No. 3695].

4. On December 31, 2025, the Effective Date (as defined in the 2025 Plan) occurred. *See Notice of (A) Entry of the Order Confirming the Second Amended Joint Chapter 11 Plan of*

---

2 Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Proposed Stipulation.

*Reorganization of New Rite Aid, LLC (Technical Modifications) and Its Debtor Affiliates and (II) Occurrence of the Effective Date* [Docket No. 3699]. In accordance with the Confirmation Order and 2025 Plan, upon the Effective Date the Liquidating Trustee was appointed.

5. Prior to the commencement of these Chapter 11 Cases, on October 15, 2023 (the "2023 Petition Date", together with the 2025 Petition Date, the "Petition Dates"), Rite Aid Corporation and certain of its subsidiaries filed cases under Chapter 11 of the Bankruptcy Code before this Court, which were jointly administered under the lead case, *In re Rite Aid Corp.*, Case No. 23-18993 (Bankr. D.N.J.) (the "2023 Cases"). The debtors in the 2023 Cases (the "2023 Debtors") are largely the same debtor entities in these Chapter 11 Cases.

6. On August 16, 2024, the Court in the 2023 Cases entered the *Order Approving the Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and its Debtor Affiliates (with Further Modifications)* [2023 Cases, Docket No. 4532] (the "2023 Confirmation Order"), confirming the 2023 Debtors' chapter 11 plan of reorganization [2023 Cases, Docket No. 4532, Ex. A] (the "2023 Plan").

7. On August 30, 2024, the Effective Date of the 2023 Rite Aid Plan occurred (the "2023 Effective Date") and the 2023 Debtors emerged from Chapter 11 [2023 Cases, Docket No. 4800].

8. On the 2023 Effective Date, various trusts were established for the benefit of Holders of Allowed General Unsecured Claims, including RAD Sub-Trust A of the Litigation Trust (as defined in the 2023 Rite Aid Plan). *See* 2023 Plan, Art. IV.E. Thomas A. Pitta was appointed as the trustee of RAD Sub-Trust A (the "RAD Sub-Trust A Trustee").

9. Prior to the Petition Dates, the Debtors and Roche Diagnostics Corporation ("Roche", and together with the Liquidating Trustee, the Debtors and the RAD Sub-Trust A

Trustee, the "Parties") entered into that certain Retail Purchase and Rebate Agreement dated May 13, 2013 (as amended and supplemented, the "Agreement"), as described in the Proposed Stipulation in greater detail, pursuant to which the Debtors purchased certain medical monitoring products from Roche.

10. Pursuant to the Agreement, transactions between the Debtors and Roche resulted in rebate amounts payable to the Debtors, subject to certain rebates, deductions, credits, returns and other set offs applied among the Debtors and Roche (the "Reconciliation Process").

11. As set forth in the Proposed Stipulation, the Parties have agreed that the Reconciliation Process and any and all claims or causes of action as between Roche and each of the RAD Sub-Trust A and the Debtors shall be resolved on the terms set forth therein.

12. This Application is submitted pursuant to D.N.J. LBR 9019-4(b) in lieu of a motion in support of the Liquidating Trustee's and Debtors' request that the Court enter the Proposed Stipulation, as presented. The Liquidating Trustee and Debtors submit that the Proposed Stipulation is in the best interest of Debtors' estates and creditors.

13. No previous application for the relief sought herein has been made to this or any other Court.

Dated: August 24, 2026

*/s/ Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

# **Exhibit 1**

**Proposed Stipulation**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

| | |
|---|---|
| In re:<br><br>LAKEHURST AND BROADWAY CORPORATION,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 25-14831 (MBK) |

**STIPULATION AND AGREED ORDER BY AND AMONG THE DEBTORS, RAD SUB-TRUST A AND ROCHE DIAGNOSTICS CORPORATION**

The relief set forth on the following pages, numbered two (2) through eight (8), is **ORDERED.**

---

1 On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order on Final Decree"). The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, *Lakehurst and Broadway Corporation*, Case No. 25-14831 (MBK). Except as otherwise provided herein, references to the "Docket" herein shall refer to the docket in the formerly jointly administered cases captioned *In re New Rite Aid, LLC,* Case No. 25-14861 (MBK)

This stipulation is made by and between Roche Diagnostics Corporation ("Roche"), Thomas A. Pitta in his capacity as Trustee of RAD Sub-Trust A (the "RAD Sub-Trust A Trustee") and Eric Kaup, as trustee for the RAD Liquidating Trust (the "Liquidating Trustee") of the above-captioned debtor and the other Wind-Down Debtors (collectively, the "Debtors", and together with Roche, the RAD Sub-Trust A Trustee and the Liquidating Trustee, the "Parties"), by and through their respective counsel, and hereby stipulate and agree as follows (this "Stipulation"):

WHEREAS, on May 5, 2025 (the "2025 Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the Bankruptcy Court for the District of New Jersey (the "Court") which were formerly jointly administered under the lead case *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK) (the "Chapter 11 Cases"), *See* Docket No. 122;

WHEREAS, on November 26, 2025, the Court entered the *Order Approving the Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3445] (the "2025 Confirmation Order"), *inter alia*, confirming the *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3445, Ex. A] (the "2025 Plan");

WHEREAS, on December 30, 2025, the Court entered the Order on Final Decree, closing all of the cases listed therein except for the chapter 11 case of Debtor, Lakehurst and Broadway Corporation, and ordered that all remaining matters be filed on the docket of Lakehurst and Broadway Corporation [Docket No. 3695];

WHEREAS, on December 31, 2025, the Effective Date (as defined in the 2025 Plan) occurred. *See Notice of (A) Entry of the Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC (Technical Modifications) and Its Debtor Affiliates and (II) Occurrence of the Effective Date* [Docket No. 3699];

WHEREAS, in accordance with the Confirmation Order and 2025 Plan, upon the Effective Date the Liquidating Trustee was appointed;

WHEREAS, prior to the commencement of these Chapter 11 Cases, on October 15, 2023 (the "2023 Petition Date", together with the 2025 Petition Date, the "Petition Dates"), Rite Aid Corporation and certain of its subsidiaries (the "2023 Debtors", which are largely the same debtor entities in these Chapter 11 Cases) filed cases under Chapter 11 of the Bankruptcy Code before this Court, which were jointly administered under the lead case, *In re Rite Aid Corp.*, Case No. 23-18993 (Bankr. D.N.J.) (the "2023 Cases");

WHEREAS, on August 16, 2024, the Court in the 2023 Cases entered the *Order Approving the Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and its Debtor Affiliates (with Further Modifications)* [2023 Cases, Docket No. 4532] (the "2023 Confirmation Order"), confirming the 2023 Debtors' chapter 11 plan of reorganization [2023 Cases, Docket No. 4532, Ex. A] (the "2023 Plan");

WHEREAS, on August 30, 2024, the Effective Date of the 2023 Rite Aid Plan occurred (the "2023 Effective Date") and the 2023 Debtors emerged from Chapter 11 [2023 Cases, Docket No. 4800];

WHEREAS, on the 2023 Effective Date, various trusts, were established for the benefit of Holders of Allowed General Unsecured Claims, including RAD Sub-Trust A of the Litigation Trust (as defined in the 2023 Rite Aid Plan). *See* 2023 Plan, Art. IV.E;

WHEREAS, Thomas A. Pitta was appointed as the trustee of RAD Sub-Trust A;

WHEREAS, RAD Sub-Trust A assumed sole authority and responsibility for the reconciliation of all Non-Tort General Unsecured Claims in the 2023 Cases pursuant to an agreement reached with the Debtors;

WHEREAS, Roche and the Debtors are parties to that certain Retail Purchase and Rebate Agreement dated May 13, 2013 (the "Agreement"), under which Roche agreed to sell certain medical monitoring products to the Debtors for resale through the Debtors' retail pharmacies;

WHEREAS, the Agreement provided for certain rebates, adjustments, deductions, credits, returns and other set offs and/or recoupment rights, including in connection with audit findings, unauthorized sourcing, or improper claims submissions (the "Reconciliation Process");

WHEREAS, Roche has agreed to pay the Debtors $1,386,600.15 (the "Settlement Amount"), in full and final resolution of the Reconciliation Process and any and all claims and/or causes of action between Roche and the Debtors;

WHEREAS, Roche has agreed to withdraw any and all claims against the 2023 Debtors asserted in the 2023 Cases resolving any and all claims and/or causes of actions between Roche and RAD Sub-Trust A;

WHEREAS, as set forth below, the Parties agree to mutual releases of all claims, causes of action, defenses, and rights under the Agreement, including, without limitation, any rights to payment, reimbursement, audit recoveries, offsets, setoff, or recoupment arising thereunder; and

WHEREAS, this Stipulation fully and finally resolves all disputes between the Parties relating to the Agreement, and upon approval and consummation, neither Party shall have any further rights or obligations to the other arising from the Agreement.

NOW, THEREFORE, for good and valuable consideration, it is hereby stipulated, agreed and ordered as follows:

1. The foregoing recitals are hereby incorporated by reference into this Stipulation.

2. The Stipulation is approved in all respects and shall be binding upon the Parties in accordance with its terms.

3. Within thirty (30) calendar days of entry of this Stipulation, Roche shall pay to the Liquidating Trustee the Settlement Amount in full and final resolution of the Reconciliation Process and any and all claims that Roche and the Debtors may have against each other. The payment shall be made via wire transfer according to wire instructions to be provided to Roche by the Liquidating Trustee.

4. Upon the entry of this Stipulation, any and all asserted or scheduled claims held by Roche in these Chapter 11 Cases and the 2023 Cases shall be deemed withdrawn.

5. For the avoidance of doubt, no further claims may be asserted by Roche or its assigns against the Debtors and/or the Reorganized Debtors and/or RAD Sub-Trust A.

6. Upon Roche’s timely payment of the Settlement Amount, and except as expressly set forth in this Stipulation, Roche and the Liquidating Trustee, on behalf of the Debtors, each on behalf of themselves and their Related Parties, hereby fully and irrevocably release, discharge, and acquit one another and their Related Parties from any and all claims, causes of action, misrepresentations, defenses, liabilities, and obligations, whether known or unknown, fixed or

contingent, matured or unmatured, liquidated or unliquidated, or asserted or unasserted, including those arising under, relating to, out of, or in connection with this Agreement and the Reconciliation Process, and all claims and causes of action, if any, arising under Chapter 5 of the Bankruptcy Code against Roche.

7. Upon the entry of this Stipulation, and except as expressly set forth in this Stipulation, Roche and RAD Sub-Trust A, each on behalf of themselves and their Related Parties, hereby fully and irrevocably release, discharge, and acquit one another and their Related Parties, from any and all claims, causes of action, misrepresentations, defenses, liabilities, and obligations, whether known or unknown, fixed or contingent, matured or unmatured, liquidated or unliquidated, or asserted or unasserted, arising under, relating to, out of, or in connection with this Agreement and the Reconciliation Process, and all claims and causes of action, if any, arising under Chapter 5 of the Bankruptcy Code against Roche.

8. Except as otherwise provided herein, nothing in this Stipulation shall be construed to release (i) any claim against any person or entity other than Roche, RAD Sub-Trust A, the Liquidating Trustee, the Debtors and each of their Related Parties expressly identified in Paragraphs 6 and 7, or (ii) any other claims, causes of action, rights, or assets vested in RAD Sub-Trust A.

9. As used herein, the term “Related Parties” means, with respect to any Party, such Party’s affiliates, successors, predecessors, subsidiaries, parents and assigns and each of their respective officers, directors, shareholders, partners, members, managers, agents, employees, representatives, and advisors.

10. Kroll Restructuring Administration is authorized and directed to update the Debtors' claims register maintained in these Chapter 11 Cases to reflect the relief granted in this Stipulation.

11. The foregoing releases shall not operate to waive or release (a) the rights of any Party to enforce the terms and conditions of this Stipulation, or (b) any claims or liabilities relating to any act or omission of a Party that constitutes actual fraud, willful misconduct, or gross negligence.

12. Upon consummation of the transactions contemplated by the Stipulation and this Order, neither Roche nor the Debtors shall have any further rights or obligations to each other arising from or relating to the Agreement, which shall be deemed fully resolved for all purposes.

13. Each person who executes this Stipulation, by or on behalf of each of the respective Parties, represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation and Agreed Order on behalf of such Party.

14. Except with respect to the enforcement of the terms of this Stipulation, nothing herein and no action taken by any of the Parties hereto shall be construed as an admission or concession with respect to the merits of any claims or causes of action.

15. This Stipulation and all of its provisions are binding on, and inure to the benefit of, the Parties hereto and their respective successors and assigns, including the Liquidating Trustee and any successor trustee.

16. The Bankruptcy Court shall retain jurisdiction to resolve any and all disputes related to this Stipulation.

**STIPULATED AND AGREED TO BY:**

**Dated August 24, 2026**

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel for Thomas A. Pitta, as Trustee of RAD Sub-Trust A*

*/s/ Robert L. LeHane*

**KELLEY DRYE & WARREN LLP**
Robert L. LeHane
Andres Barajas (admitted pro hac vice)
Connie Y. Choe
7 Giralda Farms, Suite 3400
Madison, NJ 07940
Tel: (973) 503-5900
Fax: (973) 503-5950
E-mail: rlehane@kelleydrye.com
abarajas@kelleydrye.com
cchoe@kelleydrye.com

*Counsel to Roche Diagnostics Corporation*

*/s/ Brian P. Morgan*

**FAEGRE DRINKER BIDDLE & REATH LLP**
Brian P. Morgan
1177 Avenue of the Americas, 43rd Floor
New York, New York 10036, USA
Telephone: (212) 248-3272
Facsimile: (212) 248-3141
E-mail: brian.morgan@faegredrinker.com