Order Filed on September 1, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

In re:

LAKEHURST AND BROADWAY CORPORATION,

Debtor.[1]

Chapter 11

Case No. 25-14831 (MBK)

**STIPULATION AND AGREED ORDER BY AND AMONG THE**
**LIQUIDATING TRUSTEE, THE WIND-DOWN DEBTORS, AND UNIVERSAL GROUP**

The relief set forth on the following pages, numbered two (2) through six (6), is **ORDER**

**DATED: September 1, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

This stipulation is made by and between Eric Kaup, as trustee for the RAD Liquidating Trust (the "Liquidating Trustee") of the above-captioned Wind-Down Debtors, the Wind-Down Debtors (the "Debtors"), and Universal Group Companies ("Universal Group", and together with the Liquidating Trustee, the Debtors, and Universal Group, the "Parties"), by and through their respective counsel, and hereby stipulate and agree as follows (this "Stipulation"):

**WHEREAS,** on May 5, 2025 (the "2025 Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the Bankruptcy Court for the District of New Jersey (the "Court"), formerly jointly administered under the lead case *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK) (the "Chapter 11 Cases"); and

**WHEREAS,** on June 11, 2025, the Court entered the *Final Order (I) Establishing Procedures for the Sale of Certain Leases and Fee Owned Properties, and (II) Granting Related Relief*, [Docket No. 804] (the "Sale Procedures Order") by which the Court approved procedures setting forth the process by which the Debtors were authorized to conduct an auction for the sale of certain unexpired leases of nonresidential real property in the Chapter 11 Cases; and

**WHEREAS,** on July 21, 2025, pursuant to the Sale Procedures Order, the Debtors conducted an auction with respect to certain leases, and on July 22, 2025, the Debtors filed the *Notice of Successful and Backup Bidders with Respect to the Auction of Certain of the Debtors' Leases* [Docket No. 1524] (the "Successful Bidder Notice"), which identified Universal Group Companies ("Universal Group") as a successful bidder with respect to the lease for the Debtors' Store No. 3871 (the "Lease"), located at 9300 Lakeside Boulevard, Owings Mills, Maryland (the "Premises"); and

**WHEREAS, o**n August 27, 2025, the Court entered an *Order Approving the Assumption and Assignment of Unexpired Lease to Universal Group Companies* [Docket No. 2176] (the "Assignment Order"); and

**WHEREAS**, in connection with the Assignment Order and the terms of the Assumption and Assignment Agreement approved thereby, Universal Group was required to pay the "Purchase Price" of $71,046.79 on August 28, 2025, which Universal Group failed to do; and

**WHEREAS,** on September 15, 2025, Universal Group ultimately provided the Debtors with a payment of $68,546.49, which represented the balance of the Purchase Price, having previously advanced $2,500.30 as a deposit (which itself was late and in amount less than the 10% deposit amount required by the Sale Procedures Order); and

**WHEREAS**, despite the Assignment Order and the obligations of the Assumption and Assignment Agreement approved thereby, Universal Group never took possession of the Premises and never paid any of the obligations under the Lease, including monthly rent, to the landlord, Turabdin Realty (the "Landlord"), exposing the Debtors' estate to several months of unpaid rent claims by the Landlord; and

**WHEREAS**, several months later, at the Landlord's request, on November 25, 2025, the Debtors filed the *Notice of Acceptance of New Successful Bidder with Respect to Store No. 3871* [Docket No. 3437] (the "Notice of New Successful Bidder"), pursuant to which the Debtors named the Landlord as the new successful bidder with respect to the Lease and entered into a Lease Termination Agreement with the Landlord; and

**WHEREAS**, Universal Group did not oppose the Notice of New Successful Bidder; and

**WHEREAS**, in accordance with the Notice of New Successful Bidder, and the *Order Pursuant to Sections 365 and 363 Approving the Lease Termination Agreement with Turabdin Realty* [Docket No. 3521], the Landlord paid the Debtors the net amount the Debtors' estate would have received, after the payment of the cure amount to the Landlord, if Universal Group had actually taken possession of the Premises, without taking into account legal fees the Debtors' estate incurred in light of Universal Group's failure to abide by the Assignment Order and the Assumption and Assignment Agreement; and

**WHEREAS**, the foregoing notwithstanding, the Liquidating Trustee has determined to return the amount received from Universal Group on account of the Purchase Price to Universal Group; and pursuant to the terms of this Stipulation, the Liquidating Trustee will return that amount to Universal Group, and Universal Group shall release the Debtors and the Liquidating Trustee and indemnify the Debtors' estates and the Liquidating Trustee from any claims related to the Lease; and

**NOW, THEREFORE**, for good and valuable consideration, it is hereby stipulated, agreed and ordered as follows:

1. The foregoing recitals are hereby incorporated by reference into this Stipulation.

2. The Stipulation is approved in all respects and shall be binding upon the Parties in accordance with its terms.

3. Within ten (10) business days of entry of this Stipulation, the Liquidating Trustee shall cause the amount received from Universal Group on account of the Purchase Price to be released to Universal Group, in full and final resolution of any and all claims that Universal Group may have against the Liquidating Trustee or the Debtors.

4. Upon the Liquidating Trustee's timely release of the amount received from Universal Group on account of the Purchase Price, and except as expressly set forth in this Stipulation, Universal Group, on behalf of itself and its affiliates, successors, predecessors, subsidiaries, parents and assigns, hereby fully and irrevocably release, discharge, and acquit the Liquidating Trustee, the Debtors, and their respective affiliates, successors, predecessors, subsidiaries, parents and assigns from any and all claims, causes of action, defenses, liabilities, and obligations, whether known or unknown, fixed or contingent, matured or unmatured, or asserted or unasserted, including, without limitation, those arising under, relating to, or in connection with the Lease, the Sale Procedures Order and the Debtors' entry into the Lease Termination Agreement with the Landlord. The foregoing shall not operate to waive or release (a) the rights of any Party to enforce the terms and conditions of this Stipulation, or (b) any claims or liabilities relating to any act or omission of a Party that constitutes actual fraud, willful misconduct, or gross negligence.

5. Universal Group shall indemnify, defend, and hold harmless the Liquidating Trustee, the Liquidating Trust, the Wind-Down Debtors, and each of their respective current and former officers, directors, members, managers, employees, professionals, advisors, agents, successors, and assigns (collectively, the "Indemnified Parties") from and against any and all claims, causes of action, demands, liabilities, losses, damages, judgments, penalties, costs, and expenses of every kind (including attorneys' fees and disbursements) that any of the Indemnified Parties may incur or become subject to, in each case arising out of or relating to Universal Group's bid for the Lease and/or the Debtors' entry into the Lease Termination Agreement with the Landlord, Universal Group's participation in the sale process, or any claim by the Landlord or any

successor landlord for the Debtors' Store No. 3871 in Owings Mills, MD under or relating to the Lease.

6. Each person who executes this Stipulation, by or on behalf of each of the respective Parties, represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

7. This Stipulation and all of its provisions are binding on, and inure to the benefit of, the Parties hereto and their respective successors and assigns, including the Liquidating Trustee and any successor trustee.

8. The Bankruptcy Court shall retain jurisdiction to resolve any and all disputes related to this Stipulation.

*[Remainder of Page Intentionally Left Blank]*

**STIPULATED AND AGREED TO BY:**

**Dated August 21, 2026**

*_/s/ Michael D. Sirota_*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

*_/s/ Brian G. Hannon_*
**Norgaard, O'Boyle & Hannon**
Brian G. Hannon, Esq.
184 Grand Avenue
Englewood NJ, 07631
Telephone: (201) 871-1333
Facsimile: (201) 871-3161
E-mail: bhannon@norgaardfirm.com

*Counsel to Universal Group Companies*