BSD

Law Office of Shmuel Klein PA
Attorney for HVP2 LLC
113 Cedarhill Ave
Mahwah, NJ 07430
845-425-2510
Attorney ID 00851987
email: shmuel.klein@verizon.net

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:
LAKEHURST AND BROADWAY CORPORATION,
Debtor.[1]

Chapter 11
Case No. 25-14831 (MBK)

TO: HONORABLE MICHAEL B. KAPLAN
United States Bankruptcy Judge

OPPOSITION TO MOTION OBJECTING TO CLAIM #2268 OF HVP2 LLC

I, Miriam Klein certifies actual knowledge of the foregoing statements and they are true:

1. This Certification is filed by HVP2 LLC, (hereinafter "HVP2") in opposition to the assignee Debtor's motion objecting to the claim of HVP2 in the amount of $505,845.65 filed on 11/24/2025 as claim # 2268.

2. I am familiar with and have examined the business records of the HVP2 LLC. Based on these business records, I have actual knowledge of those business records kept in the ordinary course of business.

3. The assignor Debtor occupied and ran its retail business when it entered into a 20 year lease with HVP2 LLC located at 83 Vandenburgh Ave., Troy, NY (Store 10687) (hereinafter "premises") beginning in 2018 and ending in the middle of 2025ce.

On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order on Final Decree"). The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, *Lakehurst and Broadway Corporation*, Case No. 25-14831 (MBK). Except as otherwise provided herein, references to the "Docket" herein shall refer to the docket in the formerly jointly administered cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK).

4. Thanks to substantial motion practice and successful efforts of my counsel, some of the amounts in the filed claim were paid. However, thanks to the objection, it became clear that the HVP2 claim must be amended. The claim has been recently amended to $ 1,026,874.52 (See Exhibit "A" annexed hereto). Both the original claim and the Amended claim met the requirements to "clearly state its basis or include adequate supporting documentation" Section IV ¶¶25–27. The documentation filed with the original claim included the lease which requires the former Debtor to pay monthly rent, taxes, maintenance, utilities, insurance, common area charges. The original claim also included a substantial number or actual bills, all of which "clearly state its basis or include adequate supporting documentation" Section IV ¶¶25–27 as the basis for the claim. Likewise, the amended claim includes the same lease and all the bills which also "clearly state its basis or include adequate supporting documentation" Section IV ¶¶25–27. The Debtor's motion should be denied substantively, and as moot as a result of the amended claim.

4. The amended claim does not include various administrative claims including the late July 2025 stub rent, paid three months late, in the amount of $24,896.82. It also does not include the stub rent portion of real estate tax received 06/03/26 in the amount of $10,000.00 and stub rent for Common Area Charges received Jul 29, 2026 in the amount of $10,000.00. Nevertheless, the amended claim under §502(b)(6) remains and must be paid. See Memorandum of Law filed herewith.

5. The amended claim is an unsecured claim based on the breached lease. If the Debtor wishes to object to the amended claim, the Debtor should file a separate motion. Alternatively, the Court should allow the amended claim.

WHEREFORE it is respectfully requested the Debtor's motion be denied as moot and/or alternatively, the amended claim be deemed an allowed unsecured claim.

Dated: August 24, 2026

BY: /s/ Miriam Klein
Miriam Klein for HVP2 LLC