UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-1(B)**

**REED SMITH LLP**

Aaron M. Bender, Esquire (15642004)
506 Carnegie Center, Suite 300
Princeton, New Jersey 08543
Telephone: (609) 987-0050
Fax: (609) 951-0824
Email: abender@reedsmith.com

and

Jared S. Roach (*pro hac vice forthcoming*)
Emily C. Costantinou (*pro hac vice forthcoming)*
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Fax: (412) 288-3063
Email: jroach@reedsmith.com
ecostantinou@reedsmith.com

*Counsel for The Buncher Company*

| | |
|---|---|
| In re:<br><br>LAKEHURST AND BROADWAY CORPORATION.[1]<br><br>Debtor. | Chapter 11<br><br>Case Number: 25-14831-MBK (Jointly Administered)<br><br>Hon. Michael B. Kaplan |

TO THE HONORABLE MICHAEL B. KAPLAN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

**THE BUNCHER COMPANY'S RESPONSE TO THE LIQUIDATING**

[1] On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order on Final Decree"). The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, *Lakehurst and Broadway Corporation*, Case No. 25-14831 (MBK). Except as otherwise provided herein, references to the "Docket" herein shall refer to the docket in the formerly jointly administered cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK).

## TRUSTEE'S SIXTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM

AND NOW comes The Buncher Company ("Buncher") by and through its undersigned counsel, and hereby files this Response (the "Response"): (i) in opposition to the *LIQUIDATING TRUSTEE'S SIXTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM PURSUANT TO SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2* (the "Sixth Omnibus Objection") [Doc. No. 492] filed by Eric Kaup, the RAD Liquidating Trustee (the "Liquidating Trustee"), on behalf of the RAD Liquidating Trust (the "Liquidating Trust"); and (ii) in further support of Buncher's proof of claim, filed at Claim Number 2484 (the "Guarantor Claim")[2], and of Buncher's entitlement to an administrative expense claim pursuant to 11 U.S.C. §§ 105(a), 365(d)(3), 503(b)(1), and 507(a)(2). In support of this Response, Buncher respectfully states the following:

## PRELIMINARY STATEMENT

1. It is well-established bankruptcy law that a creditor holding a guaranteed debt may file separate proofs of claim in the separate bankruptcy estates of both the primary obligor and the guarantor, in the full amount of the debt, without reduction for amounts potentially recoverable from the other estate. Disallowing Buncher's claim against the estate of Guarantor (as defined below) would improperly strip Buncher of its contractual and legal right to pursue all parties liable on the debt owed to Buncher. While Buncher acknowledges that it is limited to a single satisfaction of the underlying obligation, Buncher is legally permitted to hold allowed claims against both Tenant's and Guarantor's estates simultaneously until the debt is paid in full.

[2] Capitalized terms used but not defined in this Response have the meanings given in the Claim. For the avoidance of doubt, Buncher also filed a claim against debtor Rite Aid of Pennsylvania, LLC, filed at claim number 2485 (the "Tenant Claim"), which is not the subject of the Sixth Omnibus Objection.

2. Buncher is successor-in-interest to J.S. Bethel Park, L.P., the "Original Landlord" under that certain *Lease* dated January 31, 2017 (together with all riders, exhibits, and amendments, the "Lease"), with debtor Rite Aid of Pennsylvania, LLC, as "Tenant", which was assigned by Original Landlord to Buncher, pursuant to that certain *Assignment and Assumption of Tenant Lease and Guaranty*, dated August 19, 2021 (the "Assignment"). True and correct copies of the Lease and Assignment are attached to the Guarantor Claim as Exhibit A and Exhibit B, respectively, and incorporated herein. The Premises were operated by Tenant as a retail pharmacy and convenience store, known as Rite Aid Store No. 6733.

3. Pursuant to that certain *Guaranty*, dated January 31, 2017 (the "Guaranty"), Rite Aid Corporation (the "Guarantor") unconditionally guaranteed the obligations of Tenant under the Lease. A true and correct copy of the Guaranty is attached to the Guarantor Claim as Exhibit C, and incorporated herein.

4. As more fully set forth in the Guarantor Claim, Buncher and Tenant entered into that certain *Amendment to Lease* dated on November 1, 2023 (the "2023 Amendment"), to modify certain terms and conditions of the Lease in the wake of the Tenant's 2023 bankruptcy case (as discussed herein and more fully in the Guarantor Claim). A true and correct copy of the Amendment is attached to the Guarantor Claim as Exhibit F, and incorporated herein.

5. As more fully set forth in the Guarantor Claim, Tenant and Guarantor failed to make certain required pre-petition and post-petition payments to Buncher under the Lease Documents in the aggregate amount of at least $192,753.21, including (i) a prepetition claim for unpaid rent from April 1, 2025, up and through May 4, 2025 in the amount of at least $54,495.29, and (ii) a claim for an administrative expense pursuant to 11 U.S.C. §§ 503(b)(1) and 507(a)(2) in the amount of at least $138,257.92, including for taxes owed to the local taxing authorities.

6. Additionally, by reason of the rejection of the Lease prior to the termination date, Buncher has suffered damages. Under Section 502(b)(6) of the Bankruptcy Code, a claim for rejection damages as a result of the rejection of the Lease (the "Rejection Damages"), in the amount of at least **$418,938.48**.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the Response pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The legal predicates for the relief requested herein are sections 365(d)(3), 503(b) and 507(a)(2) of the Bankruptcy Code

## BACKGROUND

9. On October 15, 2023, the Tenant, Guarantor, and certain of their affiliates each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"). Those chapter 11 bankruptcy cases (the "2023 Cases") were administered in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") under the bankruptcy case styled *In re Rite Aid Corporation*, Case No. 23-18993 (MBK).

10. At the time of the 2023 Cases, Tenant was current on obligations under the Lease. To ensure the assumption of the Lease by Tenant and modify certain terms and conditions of the Lease in the wake of the 2023 Cases, Buncher and Tenant entered into the 2023 Amendment. *See* Exhibit F to Guarantor Claim, 2023 Amendment.

11. On May 5, 2025 (the "Petition Date"), Tenant, Guarantor, and certain of their affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under the Bankruptcy Code. Those chapter 11 bankruptcy cases (the "Chapter 11 Cases") were administered

in Bankruptcy Court under the bankruptcy case styled *In re New Rite Aid, LLC,* Case No. 25-14861 (MBK). The Debtors continued to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

12. On July 25, 2025, the Debtors filed the *Eighteenth Notice Of Rejection Of Certain Executory Contracts And/Or Unexpired Leases* [Doc. No. 1575] (the "Rejection Notice") seeking in part to reject the Lease Documents effective as of the July 31, 2025 (the "Rejection Date").

13. On August 19, 2025, the Bankruptcy Court entered an order regarding the Rejection Notice, approving the rejection of the Lease Documents, effective as of July 31, 2025 [Doc. No. 1943] (the "Rejection Order").

14. Since the Petition Date, Tenant and Guarantor have failed to make payments for certain charges as required by the Lease Documents in the aggregate total amount of at least $122,776.03. *See* Guarantor Claim, ¶ 18-29.

15. Between the Petition Date and the Rejection Date, Tenant continued to occupy and utilize the Premises as a retail pharmacy and convenience store, generating revenues for and creating a substantial benefit for Tenant's bankruptcy estate.

16. As of January 30, 2026, Tenant and Guarantor were liable to Buncher in an amount not less than **$596,209.80** (the "Claim Amount"). *See* Guarantor Claim.

17. In addition, the Debtors may be indebted to Buncher for interest, fees, charges, and other amounts (including attorneys' fees and expenses) that continue to accrue after the Petition Date under the Lease Documents and applicable law.

18. On January ], Buncher filed the Guarantor Claim and the Tenant Claim.

19. On May 29, 2026, the Liquidating Trustee filed *Liquidating Trustee's Fourth Omnibus Objection To Certain Proofs Of Claim Pursuant To Sections 502(B) And 503(B) Of The*

*Bankruptcy Code, Bankruptcy Rule 3007, And Local Rules 3007-1 And 3007-2* ("Fourth Omnibus Objection") [Doc. No. 411], objecting in relevant part to the administrative expense claimed in the Tenant Claim.

20. On June 23, 2026, Buncher filed its response to the Fourth Omnibus Objection, and in further support of the Tenant Claim [Doc. No. 454]. The parties are in the process of discussing a negotiated settlement to the administrative expense claim dispute regarding the Tenant Claim.

21. On August 14, 2026, the Liquidating Trustee filed the Sixth Omnibus Objection.

**OPPOSITION TO SIXTH OMNIBUS OBJECTION**

22. By this Response, Buncher respectfully requests that this Court DENY the Sixth Omnibus Objection as it relates to Buncher's Guarantor Claim.

23. By reason of the rejection of the Lease prior to the termination date, Buncher has suffered damages. Additionally, under Section 502(b)(6) of the Bankruptcy Code, Buncher is entitled to rent due under the Lease Documents for the greater of (i) one year's rent, or (ii) fifteen percent (15%) of the rent due under the remaining term of the Lease Documents, not to exceed three years' rent.

**BASIS FOR RELIEF**

24. The Objection incorrectly asserts that the Guarantor Claim is duplicative of Claim No. 2485 (the Tenant Claim) and should be disallowed. A bankruptcy debtor's objection to a creditor's claim on the grounds that the creditor filed substantially similar or duplicate claims against jointly administered debtors—where one debtor is the lessee and the other is the guarantor of a lease—is not a proper basis for disallowance under Section 502(b). 11 U.S.C. § 502(b). It is well-established bankruptcy law that a creditor holding a guaranteed debt may file separate proofs of claim in the separate bankruptcy estates of both the primary obligor and the guarantor, in the full amount of the debt, without reduction for amounts potentially recoverable from the other

estate. *See e.g. In re F.A. Potts & Co., Inc*., 115 B.R. 66 (E.D. Pa. 1990) (reinforcing that creditors can legitimately pursue separate claims against both obligor and guarantor estates).

25. Buncher's properly filed proof of claim is prima facie evidence of the Guarantor Claim's validity. *See* Bankruptcy Rule 3001(f). The Claim Amount remains outstanding, and has not been fully paid or satisfied by either the Tenant or the Guarantor. The Guarantor Claim should not be expunged until Buncher has been paid by either the Tenant or Guarantor.

**A. <u>The Debtors' Joint Administration Does Not Alter Buncher's Rights Against Guarantor.</u>**

26. First, joint administration of the Debtors' cases does not merge the Debtors' estates or alter Buncher's substantive rights against either the Tenant or Guarantor. Courts within the Third Circuit have consistently held that absent a court order of substantive consolidation, joint administration has absolutely no impact on the legal rights and obligations of the debtor, creditors, or the trustee. *In In re Cooper*, 147 B.R. 678 (Bankr. D.N.J. 1992) (explaining that joint administration involves handling more than one related case in one case file, but the estates and creditor bodies are not merged, whereas the purpose of substantive consolidation is to merge the assets and liabilities of two or more estates into a common fund.); *see also In re H.H. Distributions, L.P.*, 400 B.R. 44 (Bankr. E.D. Pa. 2009) (stating that joint administration, or "procedural consolidation," does not affect the substantive rights of creditors or their respective debtor estates, but is simply a tool of administrative convenience and cost efficiency).

27. Because the Debtors' joint administration does not effect this merger, Buncher retains its full right to assert independent claims against each separate Debtor's estate.

**B. <u>Buncher's Claims Against Tenant and Guarantor Are Legally Distinct, and Neither Have Been Satisfied.</u>**

28. Even though Buncher filed proofs of claim in both the Tenant's case and the Guarantor's case for obligations under the Lease Documents, those claims are legally distinct and

arise from different contractual relationships. A lessee and a guarantor bear legally distinct obligations to a landlord, each of which independently supports a separate proof of claim: the lessee's liability arises directly from the lease agreement, while the guarantor's liability arises from a separate guaranty instrument. These are independent obligations, and Buncher is entitled to assert both.

29. It is well-established bankruptcy law that a creditor is entitled to file separate proofs of claim in the separate estates of a primary obligor and a guarantor to ensure full satisfaction of its debt. *See In re The Weightman Grp., Inc.*, No. 04-19163, 2005 WL 2589190 (Bankr. E.D. Pa. May 25, 2005); *see also In re F.W.D.C., Inc.*, 158 B.R. 523 (Bankr. S.D. Fla. 1993) (recognizing a creditor's right to maintain separate claims against different debtor entities). Further, "a claim premised upon a debtor's joint and several liability for a defaulted note was not 'contingent' because the debtor was presently liable for the full amount of the debt." *In re Lloyd McKee Motors, Inc.,* 157 B.R. 484 (Bankr. D.N.M. 1993) (holding that creditors with joint and several liability claims can validly claim the full amount of defaulted debt from each debtor simultaneously).

30. While both Claims arise from the Lease Documents, they are filed against separate, distinct legal entities within these jointly administered bankruptcy proceedings. The Tenant Claim (Claim No. 2485) is a claim against debtor Rite Aid of Pennsylvania, Inc.—the Tenant and primary obligor—based on its primary liability under the Lease Documents. Separately, the Guarantor Claim (Claim No. 2485) is a claim against debtor Rite Aid Corporation—the Guarantor—based on its separate, independent execution of the Guaranty, pursuant to which Guarantor "unconditionally guarantee[d] the obligations of the Tenant, RITE AID OF PENNSYLVANIA, INC. to the Lease." *See* Guaranty.

31. Disallowing the Guarantor Claim against Guarantor's estate would improperly strip Buncher of its legal right to pursue all contractually liable parties. See e.g. Citizens *First Nat. Bank of New Jersey v. Marcus*, 253 N.J. Super. 1, 600 A.2d 943 (App. Div. 1991) (establishing that guarantor liability is independent from primary obligor liability); *see also In In re VF Brands, Inc*., 282 B.R. 134 (Bankr. D. Del. 2002) (holding that "[a] creditor is free to pursue collection of its claim from a guarantor of that debt, even if the primary debtor has discharged the claim in bankruptcy.")

32. The Claim Amount remains outstanding, as it has not been fully (or even partially) paid or satisfied by either Tenant or Guarantor. Buncher acknowledges it is only entitled to a single satisfaction of the debt, but it is legally permitted to hold allowed claims against both Tenant and Guarantor's estates until Buncher is paid in full. However, Buncher's right to hold and enforce allowed claims against both estates concurrently—until receiving complete payment—is not a double-recovery mechanism but rather the legally sanctioned means of protecting Buncher's contractual position under the Lease Documents.

**C. <u>Section 502(b) Provides No Basis for Debtor's Objection to Buncher's Claims as Duplicative Claims</u>**

33. The Bankruptcy Code's enumerated grounds for disallowance of claims do not include duplicative filing across separately-administered estates. Bankruptcy law allows debtors to object to and seek disallowance of creditors' proofs of claim; such objections address claims' validity, amount, and priority under Section 502. 11 USC § 502(b). However, claim disallowance must rest on valid grounds—procedural or substantive errors—in contrast to mere duplicity or overlap of claims which generally do not mandate disallowance, especially if claims arise from distinct roles (lessee vs. guarantor) linked to the same lease transaction. 2D Bankr. Service L. Ed.

§ 23:4. The list is exhaustive; duplicative filing of claims across jointly-administered but legally separate estates is not among the enumerated grounds for disallowance. 11 U.S.C. § 502(b).

## WAIVER OF MEMORANDUM OF LAW

34. Buncher respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3), because the legal basis upon which Buncher relies is set forth in this Response and does not raise any novel issues of law.

## RESERVATION OF RIGHTS

35. Buncher reserves the right to amend and/or supplement this Response and to assert any other administrative expenses or post-petition claims as the arise or become known.[3]

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, Buncher respectfully requests that this Court DENY the Sixth Omnibus Objection as it relates to Buncher's Guarantor Claim.

Dated: September 8, 2026

Respectfully submitted,

**REED SMITH LLP**
A Delaware Limited Liability Partnership

*/s/ Aaron M. Bender*
Aaron M. Bender, Esquire (15642004)
506 Carnegie Center, Suite 300
Princeton, New Jersey 08543
Telephone: (609) 987-0050
Fax: (609) 951-0824
Email: abender@reedsmith.com

and

Jared S. Roach (*pro hac vice forthcoming*)

[3] Administrative priority also extends to attorneys' fees which are recoverable under the subject lease, as well as to post-petition, pre-rejection interest, whether or not the subject lease explicitly provides for such interest. *See, e.g., In re Pelican Pool*, LEXIS 4623 at *36; *In re Montgomery Ward*, 268 F.3d at 211; *In re Ames Dep't Stores, Inc*., 306 B.R. 43, 81 (Bankr. S.D.N.Y. 2004) ("The payment of attorney fees is an obligation of the lease that must be satisfied under section 365(d)(3) when the lease at issue provides for such recovery as an obligation of the Debtor.") (emphasis omitted). Buncher reserves its right to seek an additional administrative claim for attorneys' fees, costs, interest, and other such sums as may be recoverable under the Lease Documents.

Emily C. Costantinou (*pro hac vice forthcoming*)
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Fax: (412) 288-3063
Email: jroach@reedsmith.com
ecostantinou@reedsmith.com

*Attorneys for The Buncher Company*