**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

| | |
|---|---|
| In re:<br><br>LAKEHURST AND BROADWAY CORPORATION,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 25-14831 (MBK) |

**ORDER SUSTAINING LIQUIDATING TRUSTEE'S SIXTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM PURSUANT TO SECTIONS 502(B) AND 503(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULES 3007-1 AND 3007-2**

The relief set forth on the following pages, numbered two (2) through five (5) is

**ORDERED**.

Upon consideration of the *Liquidating Trustee's Sixth Omnibus Objection to Certain Proofs of Claim Pursuant to Sections 502(b) and 503(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rules 3007-1 and 3007-2* (the "Objection")[1]; and upon consideration of the Kaup Declaration; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice of the Objection need be provided; and upon the hearing held by the Court to consider the relief requested in the Objection (the "Hearing"), if any; and all responses, if any, to the Objection having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Wind-Down Debtors, their respective estates and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the record of the Hearing, if any, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Objection is sustained as set forth herein.

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

2. Each of the No Liability Claims and No Documentation Claims identified on **Schedule 1** and **Schedule 3** attached to this Order is hereby disallowed and expunged to the extent such claim asserts an administrative or priority claim. Any general unsecured portion of a No Liability Claim or No Documentation Claim will remain on the Claims Register and is neither allowed nor disallowed at this time, subject to the Liquidating Trustee and Wind-Down Debtors' rights to file additional substantive and non-substantive objections to any such No Liability Claim or No Documentation Claim, and any other proofs of claim that have been or may be filed against the Debtors, which are expressly preserved. Nothing herein shall constitute, nor shall it be deemed to constitute, the allowance of any of the No Liability Claims or No Documentation Claims.

3. Each of the Reclassified Claims identified on **Schedule 2** attached to this Order is hereby reclassified as a general unsecured claim to the extent such claim asserts an administrative, priority, and/or secured claim. Following such reclassification, any general unsecured claim will remain on the Claims Register and is neither allowed nor disallowed at this time, subject to the Liquidating Trustee and Wind-Down Debtors' rights to file additional substantive and non-substantive objections to any Reclassified Claim and any other proofs of claim that have been or may be filed against the Debtors, which are expressly preserved. Nothing herein shall constitute, nor shall it be deemed to constitute, the allowance of any of the Reclassified Claims.

4. Each of the Duplicative Claims identified on **Schedule 4** attached to this Order is hereby disallowed and expunged in its entirety. The claims listed in the column titled "Surviving Claim" identified on **Schedule 4** shall remain on the Claims Register and are neither allowed nor disallowed at this time, subject to the Liquidating Trustee and Wind-Down Debtors' rights to file

additional substantive and non-substantive objections to any Duplicative Claim and any other proofs of claim that have been or may be filed against the Debtors, which are expressly preserved. Nothing herein shall constitute, nor shall it be deemed to constitute, the allowance of any of the Duplicative Claims.

5. Upon the payment of any Surviving Claim identified on the Schedules annexed hereto, the Claim shall be deemed satisfied, in full, and may be marked accordingly on the Claims Register. For the avoidance of doubt, this Order does not direct or require the Liquidating Trustee to pay any such Surviving Claim.

6. Kroll Restructuring Administration LLC, the Court-appointed claims and noticing agent in the Chapter 11 Cases, is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted in this Order.

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Wind-Down Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Wind-Down Debtors', Liquidating Trustee's, or any other party in interest's rights to dispute any claim (or portion thereof), including but limited to those claims identified on **Schedule 1**, **Schedule 2**, **Schedule 3**, or **Schedule 4** on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Objection or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or

lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Liquidating Trustee as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Wind-Down Debtors' estates; (g) a waiver or limitation of the Liquidating Trustee's, the Wind-Down Debtors', or any other party in interest's, claims, causes of action, or other rights, including setoff or recoupment, under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Liquidating Trustee or Wind-Down Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Objection are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (j) otherwise affecting the Liquidating Trustee's or Wind-Down Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

8. Notice of the Objection as provided therein shall be deemed good and sufficient notice of such Objection and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

9. The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Schedule 1**

**No Liability Claims**

| Claim Number | Creditor | Debtor | Date Filed | Asserted Admin/Priority Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 2230 | First Citizens Bank & Trust Company | New Rite Aid, LLC | 11/5/2025 | $24,879.14 | This claim asserts amounts for which the Debtors are not liable | Section II ¶¶19–21 |
| 2232 | First Citizens Bank & Trust Company | New Rite Aid, LLC | 11/5/2025 | $2,738.22 | This claim asserts amounts for which the Debtors are not liable | Section II ¶¶19–21 |
| 607 | Hollern, Dustin | Rite Aid of Pennsylvania, LLC | 6/14/2025 | $7,298.76 | This claim asserts amounts for which the Debtors are not liable | Section II ¶¶19–21 |
| 2243 | Khan, Mohsin | Thrifty PayLess, Inc. | 11/12/2025 | $25,550.00 | This claim asserts amounts for which the Debtors are not liable | Section II ¶¶19–21 |
| 264 | Mucciolo, Michael | New Rite Aid, LLC | 5/21/2025 | $6,960.74 | This claim asserts amounts for which the Debtors are not liable | Section II ¶¶19–21 |
| 209 | Mucciolo, Sarah | New Rite Aid, LLC | 5/21/2025 | $9,252.07 | This claim asserts amounts for which the Debtors are not liable | Section II ¶¶19–21 |
| 159 | Ortiz, Sara | Rite Aid of Pennsylvania, LLC | 5/22/2025 | $989.26 | This claim asserts amounts for which the Debtors are not liable | Section II ¶¶19–21 |
| 247 | Pierce County Finance Department | The Bartell Drug Company | 5/28/2025 | $1,086.82 | This Claim asserts amounts which have not yet come due | Section II ¶¶19–21 |
| 2112 | Salameh, Ayman | New Rite Aid, LLC | 10/19/2025 | $12,303.83 | This claim asserts amounts for which the Debtors are not liable | Section II ¶¶19–21 |
| 2342 | Wengert, Brenda Lee | Rite Aid of Pennsylvania, LLC | 12/28/2025 | $3,741.60 | This claim asserts amounts for which the Debtors are not liable | Section II ¶¶19–21 |

**Schedule 2**

**Reclassified Claims**

| Claim Number | Creditor | Debtor | Date Filed | Asserted Admin/Priority/ Secured Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 103 | 5210-11 93rd St. , LLC C/O Mr Giammarco | New Rite Aid, LLC | 5/20/2025 | $17,429.74 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 1618 | Assa Abloy Entrance Systems US Inc. | New Rite Aid, LLC | 8/22/2025 | $11,792.06 | This claim, or a portion of this claim, is improperly classified as a secured claim | Section III ¶¶22–24 |
| 2434 | City of Dover, NH | New Rite Aid, LLC | 1/13/2026 | $1,279.92 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 1204 | Colman, Emanuel | Rite Aid of Pennsylvania, LLC | 7/28/2025 | $12,000.00 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 375 | Dataquest, Inc. | New Rite Aid, LLC | 6/2/2025 | $17,150.00 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 2591 | Javanmard, Sima | Thrifty PayLess, Inc. | 5/11/2026 | $570,000.00 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 2286 | Mayor and City Council of Baltimore | New Rite Aid, LLC | 11/26/2025 | $1,046.09 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 1170 | Modern Electric Water Company | New Rite Aid, LLC | 7/31/2025 | $5,275.60 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Admin/Priority/ Secured Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1663 | Municipality of Bethel Park | New Rite Aid, LLC | 8/27/2025 | $587.01 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 208 | Summit Properties and Development Co., LLC | New Rite Aid, LLC | 5/27/2025 | $43,352.05 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 212 | Summit Properties and Development Co., LLC | New Rite Aid, LLC | 5/27/2025 | $118,071.23 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 1654 | Township of Mount Lebanon | New Rite Aid, LLC | 8/27/2025 | $1,413.42 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 1612 | Water Revenue Bureau | New Rite Aid, LLC | 8/22/2025 | $6,191.05 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 2487 | Water Revenue Bureau | New Rite Aid, LLC | 1/30/2026 | $8,354.13 | This claim, or a portion of this claim, is improperly classified as an administrative expense claim | Section III ¶¶22–24 |
| 897 | Willdan Energy Solutions | New Rite Aid, LLC | 6/10/2025 | $1,065,668.04 | This claim, or a portion of this claim, is improperly classified as a secured claim | Section III ¶¶22–24 |

**Schedule 3**

**No Supporting Documentation Claims**

| Claim Number | Creditor | Debtor | Date Filed | Asserted Admin/Priority Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 646 | 526 East Bidwell, LLC | New Rite Aid, LLC | 6/17/2025 | $115,416.14 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 182 | Adusumalli, Sreenivas | New Rite Aid, LLC | 5/20/2025 | $12,280.78 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 821 | Branciforte Apartments LLC | New Rite Aid, LLC | 7/2/2025 | $73,023.78 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 58 | Brandywine Village Associates LLP | Rite Aid of Pennsylvania, LLC | 5/19/2025 | $6,410.84 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 1717 | Bridge, Dawn | New Rite Aid, LLC | 9/1/2025 | $520.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2598 | Chairs, Cordney Deon | New Rite Aid, LLC | 5/18/2026 | $125,000.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 468 | Diliara, Diliara | Rite Aid of New Jersey, Inc. | 5/22/2025 | $500.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2240 | Dorsey, Brittany Maryann | Rite Aid of Pennsylvania, LLC | 11/6/2025 | $20,000.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2101 | Elbe Associates, LLC | Thrifty PayLess, Inc. | 10/17/2025 | $29,362.02 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 1373 | Grant Acquisitions LP | Rite Aid Corporation | 8/8/2025 | $5,621.96 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Admin/Priority Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 2597 | Hackett, Shemcho Lashawn | Thrifty PayLess, Inc. | 5/18/2026 | $43,000.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2584 | Howard, April | Rite Aid Corporation | 4/14/2026 | $7,762.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 15 | Jogue, Inc. | Thrifty Corporation | 5/14/2025 | $16,961.63 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 423 | Kernyee Property LLC | New Rite Aid, LLC | 6/6/2025 | $29,944.17 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2235 | Newmark LLC | Maxi Drug North, Inc. | 11/6/2025 | $7,509.67 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2236 | Newmark LLC | Maxi Drug North, Inc. | 11/6/2025 | $19,501.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 818 | North City Water District | New Rite Aid, LLC | 7/2/2025 | $1,342.38 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2547 | NYC Office of Administrative Trials and Hearings | New Rite Aid, LLC | 2/23/2026 | $269,178.67 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2548 | NYC Office of Administrative Trials and Hearings | JCG Holdings (USA), Inc. | 2/23/2026 | $15,752.11 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2599 | Phillips Jr, Billy Ray | Ex Benefits, LLC | 5/19/2026 | $75,000.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 1061 | Regent International LLC | New Rite Aid, LLC | 7/22/2025 | $7,962.01 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 1090 | Richard Thorner, Trustee of the Lucille E. Davision Trust of 2000 | Maxi Drug North, Inc. | 7/24/2025 | $46,356.39 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |

| Claim Number | Creditor | Debtor | Date Filed | Asserted Admin/Priority Claim Amount | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|
| 1299 | Rowland Ranch Properties, LLC | Thrifty PayLess, Inc. | 8/7/2025 | $67,822.58 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 944 | Southern Glazer's Wine Distributors of Oregon, LLC | Thrifty PayLess, Inc. | 7/7/2025 | $1,435.23 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 1300 | Southside Real Estate, LP | Rite Aid of Pennsylvania, LLC | 8/7/2025 | $161.44 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2596 | Thomas, Libby Olga | Rite Aid Payroll Management, Inc. | 5/18/2026 | $50,000.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 404 | Volshteyn, Boris | New Rite Aid, LLC | 6/3/2025 | $14,358.71 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 1268 | Westcore Bravo Lancaster, LLC | Thrifty PayLess, Inc. | 8/7/2025 | $316,523.69 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 485 | Wetterhus, Bret | New Rite Aid, LLC | 6/9/2025 | $31,448.06 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 490 | Wetterhus, Bret | New Rite Aid, LLC | 6/9/2025 | $26,856.80 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 493 | Wetterhus, Bret | New Rite Aid, LLC | 6/9/2025 | $1,397.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 494 | Wetterhus, Bret | New Rite Aid, LLC | 6/9/2025 | $23,669.77 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |
| 2378 | Zolkover, Harianne | New Rite Aid, LLC | 1/5/2026 | $170,000.00 | This claim, or a portion thereof, does not clearly state its basis or include adequate supporting documentation | Section IV ¶¶25–27 |

**Schedule 4**

**Duplicative Claims**

| Claim Number | Creditor | Debtor | Date Filed | Asserted Admin/Priority Claim Amount | Surviving Claim | Grounds for Objection | Objection Reference |
|---|---|---|---|---|---|---|---|
| 1330 | 601 Chelsea Owner, LLC | Rite Aid of Maryland, Inc. | 8/8/2025 | $384,947.51 | 1611 | This claim has been superseded | Section V ¶¶28–30 |
| 996 | 93 NYRPT, LLC | New Rite Aid, LLC | 7/15/2025 | $33,768.21 | 1925 | This claim has been superseded | Section V ¶¶28–30 |
| 2463 | Famtan LLC | Rite Aid Corporation | 1/22/2026 | $40,158.88 | 2464 | This claim has been superseded | Section V ¶¶28–30 |
| 2517 | Foothill Center Partners, LLC [1] | Thrifty PayLess, Inc. | 1/28/2026 | $190,294.27 | 2460 | This claim has been superseded | Section V ¶¶28–30 |
| 295 | New Wappingers Centerpoint, LLC | Eckerd Corporation | 5/29/2025 | $18,442.87 | 925 | This claim has been superseded | Section V ¶¶28–30 |
| 730 | Richfield Associates, LP | New Rite Aid, LLC | 6/24/2025 | $67,583.29 | 1253 | This claim has been superseded | Section V ¶¶28–30 |
| 2556 | Robins Carlsbad, LLC | New Rite Aid, LLC | 3/11/2026 | $31,494.57 | 1939 | This claim has been superseded | Section V ¶¶28–30 |
| 1169 | Rowland Ranch Properties, LLC | Thrifty PayLess, Inc. | 7/31/2025 | $150,549.35 | 1299 | This claim has been superseded | Section V ¶¶28–30 |
| 2504 | SKBB Investments, a California Limited Partnership | Thrifty PayLess, Inc | 1/30/2026 | $95,905.82 | 2511 | This claim has been superseded | Section V ¶¶28–30 |
| 2594 | Thomas, Libby Olga | The Bartell Drug Company | 5/18/2026 | $50,000.00 | 2596 | This claim has been superseded | Section V ¶¶28–30 |
| 2595 | Thomas, Libby Olga | Rite Aid Payroll Management, Inc. | 5/18/2026 | $50,000.00 | 2596 | This claim has been superseded | Section V ¶¶28–30 |
| 740 | University Plaza Associates, L.L.C. | Eckerd Corporation | 6/27/2025 | $95,666.17 | 1694 | This claim has been superseded | Section V ¶¶28–30 |
| 1145 | Yoko C. Gates Trust | Thrifty PayLess, Inc. | 7/30/2025 | $45,866.14 | 1153 | This claim has been superseded | Section V ¶¶28–30 |

[1] Schedule 4 to the Objection previously included Claim No. 1700. The Objection is withdrawn with respect to Claim No. 1700.