**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

**Order Filed on October 19, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

In re:

LAKEHURST AND BROADWAY CORPORATION,

Debtor.[1]

Chapter 11

Case No. 25-14831 (MBK)

**CONSENT ORDER RESOLVING OFP WAGRADOL PA 2, LLC'S MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSES <u>FOR POST-PETITION LEASE OBLIGATIONS</u>**

The relief set forth on the following pages, numbered two (2) through five (5), is

**ORDERED**.

**DATED: October 19, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] On December 30, 2025, the Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "<u>Order on Final Decree</u>"). The Court has entered a text order on the affiliated dockets listed in the Order on Final Decree requiring that all remaining matters be filed under the above captioned case, Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK). Unless otherwise set forth herein, references to the "Docket" in this Consent Order shall refer to the docket in the jointly administered cases captioned *In re New Rite Aid, LLC*, Case No. 25-14861 (MBK).

This Consent Order is made by and between OFP WAGRADOL PA 2, LLC (the "Landlord"), and Lakehurst and Broadway Corporation, together with New Rite Aid, LLC and other affiliated Wind-Down Debtors (as defined in the Plan, defined below, collectively, the "Debtors," and together with the Landlord, the "Parties"), by and through their respective counsel of record, with regard to the following facts:

**WHEREAS**, each of the Debtors filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code on May 5, 2025 (the "Petition Date"), commencing these chapter 11 cases (the "Bankruptcy Cases"); and

**WHEREAS**, as of the Petition Date, Landlord and Thrift Drug, Inc., one of the Debtors, were parties to that certain nonresidential real property lease agreement dated October 22, 2003 (together with all amendments, modifications and extensions thereto, the "Lease") for commercial space located at 115 Fifth Street, Ellwood City, PA, 16117, known as Store No. 10992; and

**WHEREAS**, on June 9, 2025, the Court entered that certain *Final Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 776] (the "Final Rejection Procedures Order"); and

**WHEREAS**, on July 25, 2025, in accordance with the Final Rejection Procedures Order, the Debtors filed that certain *Seventeenth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 1574], requesting authorization to reject, among other non-residential real property leases, the Lease, as of July 31, 2025 (the "Rejection Date");

**WHEREAS**, on September 5, 2025, the Court entered that certain *Seventeenth Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the*

*Abandonment of Certain Personal Property, if Any* [Docket No. 2325], authorizing the rejection of the Lease as of the Rejection Date; and

**WHEREAS**, on November 11, 2025, the Debtors filed their *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates* [Docket No. 3215] (as modified, amended, and including all supplements, and confirmed, the "Plan"); and

**WHEREAS**, on November 26, 2025, the Court entered *the Order Approving the Disclosure Statement and Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3445], and on December 15, 2025 entered the *Supplemental Order to Order Approving the Disclosure Statement and Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 3536] confirming the Plan and approving the Disclosure Statement [Docket No. 3216]; and

**WHEREAS**, on February 2, 2026, the Landlord filed *OFP WAGRADOL PA 2, LLC's Motion for Allowance and Immediate Payment of Administrative Expenses for Post-Petition Lease Obligations* [Case No. 25-14831, Docket No. 202] (the "Motion"), seeking payment of post-petition amounts alleged to be due for periods prior to the Rejection Date; and

**WHEREAS**, the Debtors and the Landlord wish to resolve issues relating to the Motion, pursuant to the terms hereof; including, through and by way of the agreed upon allowance and payment of administrative expenses as set forth in this Consent Order.

NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION THE PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY AGREED AND ORDERED AS FOLLOWS:

1. The Landlord shall have an allowed administrative expense claim pursuant to sections 365(d)(3) and 503(b)(1)(A) of the Bankruptcy Code in the amount of $25,000.00 (the "Allowed Administrative Expense Claim"). Within seven (7) business days following the entry of this Consent Order, the Wind-Down Debtors or the Liquidating Trustee (as defined in the Plan) shall pay to the Landlord the Allowed Administrative Expense Claim, which payment shall be in full and final satisfaction of any and all administrative expenses or claims of the Landlord, pursuant to sections 365(d)(3), 503(b) or 507 of the Bankruptcy Code including, but not limited to, the claims asserted in the Motion.

2. The Debtors, the Liquidating Trust (as defined in the Plan) and the Landlord are authorized to take all actions necessary to effectuate the relief granted in this Consent Order without further order from this Court.

3. This Consent Order is effective immediately upon entry and is not subject to any stay under the United States Bankruptcy Code, the Federal Rule of Bankruptcy Procedure, or applicable nonbankruptcy law.

4. This Consent Order may be executed and delivered in any number of original or facsimile or electronic counterparts, each of which shall be deemed an original.

5. The Bankruptcy Court will retain jurisdiction to resolve any and all disputes relating to this Consent Order.

The undersigned hereby consent to the form and entry of this Consent Order:

Dated: As of October 9, 2026

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

*Counsel to the Liquidating Trustee and the Wind-Down Debtors*

*/s/ David M. Eisenberg*

**MADDIN, HAUSER, ROTH & HELLER, P.C.**
David M. Eisenberg
One Towne Square
Fifth Floor
Southfield, Michigan 48076
Telephone: (248) 827-1879
Email: deisenberg@maddinhauser.com

-and-

**KLEHR HARRISON HARVEY BRANZBURG, LLP**
Raymond H. Lemisch
Christopher J. Leavell
10000 Lincoln Drive East, Suite 201
Marlton, New Jersey 08053
Telephone: (856) 486-7900
rlemisch@klehr.com
cleavell@klehr.com

*Counsel to OFP WAGRADOL PA 2, LLC*