FILED
JEANNE A. NAUGHTON, CLERK
NOV 10 2026
U.S. BANKRUPTCY COURT
TRENTON, NJ
BY ________ DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re:

LAKEHURST AND BROADWAY CORPORATION, et al.,
Debtors.

Chapter 11
Case No. 25-14831 (MBK)

Hon. Michael B. Kaplan

## MOTION OF MOHSIN ALI KHAN TO EXTEND TIME TO FILE NOTICE OF APPEAL UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 8002(d)(1)(B)

### Relief requested

Mohsin Ali Khan ("Movant"), an individual creditor proceeding without counsel, respectfully moves under Federal Rule of Bankruptcy Procedure 8002(d)(1)(B) for an extension of time to file a notice of appeal from the order entered October 6, 2026 (Docket No. 521), only insofar as that order disallowed and expunged the $25,550 asserted priority or administrative portion of Proof of Claim No. 2243 against Thrifty PayLess, Inc. This motion is supported by Movant's accompanying declaration and memorandum of law.

### Relevant facts and procedural history

1. Movant filed Proof of Claim No. 2243 asserting $183,381.48, including $17,150 designated as wage priority and $8,400 as employee-benefits priority. The remaining $157,831.48 was asserted as general unsecured. These classifications are allegations in the proof of claim, not findings that the amounts qualify for priority.

2. The Liquidating Trustee filed the Sixth Omnibus Objection (Docket No. 492) and notice (Docket No. 493) on August 14, 2026. Claim No. 2243 was included in the "No Liability Claims" schedule.

3. The Court entered Docket No. 521 on October 6, 2026. As applied to Claim No. 2243, the order disallowed and expunged the asserted $25,550 priority or administrative portion. The $157,831.48 general unsecured portion remains on the register, neither allowed nor disallowed, and is not the relief requested here.

4. Movant states that he did not receive Docket Nos. 492 and 493 by postal mail. On October 30, 2026, counsel for the Trustee provided an affidavit reporting that Kroll mailed those documents to Movant's Fresno address on August 14, 2026. Movant acknowledges that evidence of mailing; he does not represent that service was never attempted or that mailing alone was legally ineffective.

5. Movant received a mailed copy of Docket No. 521. He cannot specify its precise date of receipt and first became aware on October 29, 2026, that the order had disallowed his asserted $25,550 priority portion.

6. On October 29, 2026, Movant contacted Trustee's counsel seeking clarification and reconsideration. He continued that correspondence on October 30 and 31. On November 2, counsel declined to revisit the order and confirmed the status of the general unsecured portion.

7. On November 3, 2026, Movant located an email dated August 14 concerning the objection. He cannot verify whether that email had been marked read or unread earlier and does not claim that no electronic notice was sent.

8. The ordinary 14-day appeal period measured from the October 6 entry expired October 20, 2026. The further 21-day period for requesting an extension on grounds of excusable neglect ends November 10, 2026, absent a different applicable calculation. Movant requests consideration of this motion within that Rule 8002(d)(1)(B) window.

**Basis for extension**

Rule 8002(d)(1)(B) authorizes an extension upon a timely motion showing excusable neglect. Under Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993), the Court considers prejudice, length of delay, reason for delay (including whether within the movant's control), and good faith. Movant relies on the chronology in his declaration, including nonreceipt by postal mail of the objection, his receipt of the later order, his October 29 recognition of its adverse effect, and his prompt subsequent communications. He recognizes that receipt of the order and the ability to monitor the docket are relevant circumstances for the Court to weigh.

The requested extension concerns only the opportunity to seek appellate review. It would not itself reinstate the $25,550 priority assertion, allow a claim, require a distribution, or alter the unresolved $157,831.48 general unsecured portion. The Trustee may oppose the motion and identify any actual prejudice. Whether Docket No. 521 is immediately appealable or requires leave under 28 U.S.C. § 158(a)(3) is a separate appellate issue, not determined by this motion.

**Request for order**

WHEREFORE, Movant respectfully requests that the Court (a) find excusable neglect under Rule 8002(d)(1)(B); (b) extend the deadline to file a notice of appeal from Docket No. 521, as specified above, until 14 days after entry of an order granting this motion, or such other date as is authorized by Rule 8002(d)(3); and (c) grant any further appropriate procedural relief. Movant does not request a ruling on the merits of Proof of Claim No. 2243 in this motion.

Dated: 11/06/2026

[signature]

Mohsin Ali Khan (Claim No. 2243)
Pro se creditor / movant
Mailing address: 2897 E. Salem Ave, Fresno, CA 93720
Telephone: (559) 907-2365
Email: mak2675@gmail.com