FILED
JEANNE A. NAUGHTON, CLERK

NOV 10 2026

U.S. BANKRUPTCY COURT
TRENTON, NJ
BY [signature] DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re:

LAKEHURST AND BROADWAY CORPORATION, et al.,
Debtors.

Chapter 11
Case No. 25-14831 (MBK)

Hon. Michael B. Kaplan

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXTEND TIME

### I. Question presented

Whether the Court should grant a limited extension under Federal Rule of Bankruptcy Procedure 8002(d)(1)(B), upon a showing of excusable neglect, so that Mohsin Ali Khan may file a notice of appeal concerning the portion of the October 6, 2026 Order (Docket No. 521) disallowing the $25,550 asserted priority component of Proof of Claim No. 2243.

### II. Governing rules

Rule 8002(a)(1) generally requires filing a notice of appeal with the bankruptcy clerk within 14 days after entry of the challenged order. Rule 8002(d)(1)(B) permits the bankruptcy court, on a motion filed within 21 days after that original period expires, to extend the deadline if the moving party shows excusable neglect. Rule 8002(d)(3) limits the extension to the later of (i) 21 days after the original period or (ii) 14 days after entry of the order granting the extension. The excluded orders listed in Rule 8002(d)(2) do not appear to include this claim-objection order.

The excusable-neglect inquiry is equitable. Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993), directs courts to examine prejudice, the length and impact of delay, the reason for delay—including whether it was within the movant's reasonable control—and good faith. In re American Classic Voyages Co., 405 F.3d 127, 133–34 (3d Cir. 2005), states that all factors must be considered and balanced and no single factor automatically controls; see also In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 125–27 (3d Cir. 1999). The reason for delay can nevertheless weigh heavily. See Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 324–31 (3d Cir. 2012) (addressing an appellate-extension context).

The Court should also consider Harris v. Couttien, No. 24-1854, slip op. at 3–6 (3d Cir. Mar. 4, 2025) (nonprecedential). In that Rule 8002(d) appeal, the Third Circuit affirmed denial of relief where the appellants could have monitored the docket, notwithstanding arguments concerning delayed receipt. Harris is nonbinding but materially adverse: a movant cannot presume that missing or delayed notice automatically excuses a failure to act. Movant acknowledges that monitoring the docket and reviewing the mailed order may have been within his reasonable control.

### III. Timeliness of this extension motion

The challenged order was entered October 6, 2026, according to Docket No. 521. The ordinary 14-day appeal period ended October 20, 2026; absent another applicable tolling event, the 21-day window for an excusable-neglect extension motion ends November 10, 2026. Movant seeks an extension within

that window, not a ruling that the original appeal was timely. Communications with the Trustee's counsel did not toll the deadline. The Court's clerk must receive the paper filing in accordance with the applicable filing rules; depositing it in the mail does not itself constitute filing.

IV. Pioneer factors

A. Potential prejudice. The requested relief would only allow a late notice of appeal; it would not immediately reinstate the asserted priority classification, order a distribution, or resolve the still-pending general unsecured portion. The Trustee nonetheless has a legitimate interest in finality and administration of the liquidating trust. There is no present evidence before Movant quantifying any additional prejudice beyond having to respond to a possible appeal; the Court should consider any specific prejudice demonstrated by the Trustee.

B. Length of delay and effect on proceedings. Movant discovered the adverse effect of the order on October 29 and contacted Trustee's counsel that day, nine days after the ordinary appeal deadline. A Rule 8002(d) motion filed by November 10 would fall no more than 21 days after that deadline. The requested extension is brief and procedural, but Movant acknowledges that even a short delay may affect the finality of an entered order.

C. Reason for delay. Movant states that he did not receive the August 14 objection and notice (Docket Nos. 492 and 493) by postal mail, although Kroll's affidavit reports that they were mailed. He did receive the October 6 order (Docket No. 521) by postal mail, cannot identify its precise delivery date, and did not recognize until October 29 that the order had disallowed the asserted $25,550 priority portion of his claim. On November 3 he located an August 14 email and cannot verify its previous read status. This is the most difficult factor for Movant: the Court could reasonably conclude that reviewing an order actually received or monitoring the docket was within his control. Nevertheless, his lack of actual awareness of the original objection, followed by prompt outreach after recognizing the order's effect, should be considered with the other Pioneer factors. Movant does not contend that the mailing affidavit is false or that lack of postal receipt alone establishes defective service.

D. Good faith. Movant emailed the Trustee's counsel on October 29 and followed up October 30–31 to seek clarification of the objection, service, and possibility of consensual relief. Counsel advised on November 2 that the Trustee would not revisit the matter. These dated communications are consistent with an effort to obtain review rather than to secure a tactical advantage. Good faith does not itself excuse the untimely appeal but is a relevant part of the balancing inquiry.

V. Scope and appellate issues reserved

Docket No. 521 did not expunge all $183,381.48 of Claim No. 2243. The order disallowed and expunged only the asserted $25,550 administrative/priority component; the remaining $157,831.48 general unsecured portion remains neither allowed nor disallowed. This motion does not ask the Court to find that the asserted wage and benefit amounts actually satisfy 11 U.S.C. §§ 507(a)(4) or (a)(5); such a determination would require evidence of earned and unpaid compensation, the relevant statutory time period, qualifying plan contributions, responsible debtor, and any effects of the 2023 bankruptcy.

There is a separate threshold appellate question whether the portion of the order determining Claim No. 2243's priority treatment is final for purposes of 28 U.S.C. § 158(a)(1), or instead requires leave to appeal under § 158(a)(3). The extension motion need not resolve that question and does not substitute for a notice of appeal or a possible motion for leave to appeal.

## VI. Conclusion

Movant respectfully asks the Court to weigh the four Pioneer factors together and find excusable neglect sufficient for the limited extension permitted by Rule 8002(d)(3). He acknowledges the difficulties created by the mailing evidence, his receipt of the October order, and the duty to monitor court proceedings. If an extension is granted, Movant requests 14 days after entry of the extension order, or another period the Court finds lawful under Rule 8002(d)(3), to file a notice of appeal.

Dated: 11/06/2026

Mohsin Ali Khan (Claim No. 2243)
Pro se creditor / movant
Movant mailing address (public court record): 2897 E. Salem Ave, Fresno, CA 93720
Telephone: (559) 907-2365
Email: mak2675@gmail.com

**Principal authorities**

Fed. R. Bankr. P. 8002(a), (d); 28 U.S.C. § 158(a); 11 U.S.C. § 507(a)(4)–(5); Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); In re Am. Classic Voyages Co., 405 F.3d 127, 133–34 (3d Cir. 2005); In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 125–27 (3d Cir. 1999); Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 324–31 (3d Cir. 2012); Harris v. Couttien, No. 24-1854 (3d Cir. Mar. 4, 2025) (nonprecedential).