**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert L. LeHane
Andres Barajas (admitted *pro hac vice*)
Connie Y. Choe
**KELLEY DRYE & WARREN LLP**
7 Giralda Farms, Suite 340
Madison, NJ 07940
Tel: (973) 503-5900
Fax: (973) 503-5950
Email: rlehane@kelleydrye.com
abarajas@kelleydrye.com
cchoe@kelleydrye.com

*Counsel for Thomas A. Pitta,*
*Trustee of the RAD Sub-Trust A*

| | |
|---|---|
| In re:<br><br>LAKEHURST AND BROADWAY CORPORATION<br><br>Wind-Down Debtor.[1] | Chapter 11<br><br>Case No. 25-14831 (MBK) |

**APPLICATION IN LIEU OF MOTION FOR ENTRY OF CONSENT ORDER MODIFYING THE ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE MICHAEL B. KAPLAN,
UNITED STATES BANKRUPTCY JUDGE:

---

1 On December 30, 2025, the Bankruptcy Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order"). The Bankruptcy Court has entered a text order on the affiliated dockets listed in the Order requiring that all remaining matters be filed under the above captioned case, Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK).

Thomas A. Pitta, in his capacity as trustee ("Trustee") of the RAD Sub-Trust A (the "Trust"), by and through his undersigned counsel, respectfully states the following in support of this application (the "Application"), pursuant to D.N.J. LBR 9019-4(b), seeking approval and entry of the proposed *Consent Order Modifying the Order (I) Authorizing and Directing the Debtors to Share Data Containing Protected Information Pursuant to the 2023 Plan and (II) Granting Related Relief* (the "Proposed Order"), a copy of which is attached hereto as **Exhibit A**:

1. On August 16, 2024, the Bankruptcy Court entered an order (the "2023 Confirmation Order")[2] confirming the *Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and Its Debtor Affiliates (With Further Modifications)* (the "2023 Plan").[3]

2. On August 30, 2024, the 2023 Plan became effective.[4] On the same day, the Trust was established and Thomas A. Pitta was appointed as Trustee pursuant to the terms of the 2023 Confirmation Order, the 2023 Plan, and Sub-Trust A Agreement. The Trust was established to monetize and liquidate its assets to maximize recoveries for its beneficiaries, which include the holders of non-tort general unsecured claims under the 2023 Plan.

---

2 Case No. 23-18993, Docket No. 4532.

3 *Id.*, Docket No. 4532, Exhibit A. Capitalized terms used but not defined in this Application shall have the meaning ascribed to them in the 2023 Plan.

4 *Id.*, Docket No. 4800.

3. On May 5, 2025, New Rite Aid, LLC and its affiliates (collectively, the "New Rite Aid Debtors"), each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Bankruptcy Court.[5]

4. On November 4, 2025, the Trust and RAD Sub-Trust B filed a joint motion (the "PHI Turnover Motion")[6] seeking entry of an order authorizing and directing the New Rite Aid Debtors to transfer data, including data containing protected health information ("PHI Data"), to the Trust and RAD Sub-Trust B, as applicable. Following the filing of the PHI Turnover Motion, the Trust and the New Rite Aid Debtors engaged in extensive negotiations over terms of an agreed revised form of proposed order.

5. On December 22, 2025, the Bankruptcy Court entered the *Order (I) Authorizing and Directing the Debtors to Share Data Containing Protected Information Pursuant to the 2023 Plan and (II) Granting Related Relief* (the "PHI Turnover Order"), which approved the procedures and allocation of costs pursuant to which the New Rite Aid Debtors would produce data, including PHI Data to the Trust.[7]

6. Under the PHI Turnover Order, the New Rite Aid Debtors[8] are required to transfer documents potentially containing PHI Data (the "Vendor-Review Data") to the Trust's vendor ("Vendor"). The Vendor thereafter must conduct a screening of the Vendor-Review Data

---

5 Case No. 25-14861, Docket No. 1.

6 *Id.*, Docket No. 3166. A detailed discussion of Rite Aid's 2023 cases, the Assigned Claims transferred to the Trust and the Trust's efforts to pursue those claims, Rite Aid's cooperation obligations under the 2023 Plan, and the effect of the 2025 Rite Aid Debtors' subsequent commencement of voluntary chapter 11 cases is set forth in the PHI Turnover Motion. For the sake of brevity, the Trust incorporates that historical context by reference and does not reiterate it in this Application.

7 *Id.*, Docket No. 3556.

8 By its terms, the PHI Turnover Order continued to apply to any successor of New Rite Aid Debtors, including the Wind-Down Debtor. PHI Turnover Order, ¶ 15.

in accordance with the Screening Protocol to exclude PHI Data.[9] Following completion of the screening process, the Vendor is authorized to transfer all data not containing PHI Data (the "Turnover Data") to the Trustee's counsel and must hold back all Vendor Review Data that potentially contains PHI Data (collectively, the "Set-Aside PHI Data").[10] The PHI Turnover Order requires that a patient ombudsperson be appointed to direct the Vendor in conducting an additional screening of the Set-Aside PHI Data before authorizing its release to the Trustee or his counsel.[11]

7. On December 31, 2025, the effective date of New Rite Aid Debtors' chapter 11 plan (the "New Rite Aid Effective Date") occurred and the RAD Liquidating Trust was appointed to oversee the liquidation of the Wind-Down Debtor.[12]

8. During the months since the New Rite Aid Effective Date, the Wind-Down Debtor has made several productions of Vendor-Review Data to the Vendor. In accordance with the PHI Turnover Order, the Vendor has screened the Vendor-Review Data to identify PHI Data and has released only the subset of data constituting Turnover Data to the Trustee's counsel. The Vendor has not released any Set-Aside PHI Data to the Trustee or his counsel.

9. [redacted]

---

[9] PHI Turnover Order, ¶ 4(b).

[10] *Id.*, ¶ 6.

[11] *Id.*, ¶ 7.

[12] *Id.*, Docket No. 3699. The Wind-Down Debtor was one of the New Rite Aid Debtors. The RAD Liquidating Trust, acting through the RAD Liquidating Trustee, administers the Wind-Down Debtor.

[redacted]

10. [redacted] [redacted]

11. [redacted] [redacted]

---

13 [redacted]

14 [redacted]

15 [redacted]

12. [redacted]

13. [redacted]

14. The Trustee discussed the [redacted] and his proposed modification of the PHI Turnover Order with counsel for the RAD Liquidating Trust and Wind-Down Debtor. The RAD Liquidating Trust and the Wind-Down Debtor agree to the modification to the PHI Turnover Order as provided for in the Proposed Order.

15. This Application is submitted pursuant to D.N.J. LBR 9019-4(b) in lieu of a motion, in support of the Trustee's request that the Bankruptcy Court enter the Proposed Order as presented. The Trustee submits that the Proposed Order is in the Trust's best interest and the best interests of the Trust's beneficiaries, including holders of non-tort general unsecured claims under the 2023 Plan, as it permits the Trustee to effectively prosecute valuable Assigned Claims.

---

16 [redacted]

16. No previous application for the relief sought herein has been made to this or any other court.

Dated: November 23, 2026

By: */s/ Robert L. LeHane*___________
Robert L. LeHane
Andres Barajas (admitted *pro hac vice*)
Connie Y. Choe
**KELLEY DRYE & WARREN LLP**
Tel: (973) 503-5900
Fax: (973) 503-5950
Email: rlehane@kelleydrye.com
abarajas@kelleydrye.com
cchoe@kelleydrye.com

*Counsel for Thomas A. Pitta, Trustee of the RAD Sub-Trust A*