**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert L. LeHane
Andres Barajas (admitted *pro hac vice*)
Connie Y. Choe
**KELLEY DRYE & WARREN LLP**
7 Giralda Farms, Suite 340
Madison, NJ 07940
Tel: (973) 503-5900
Fax: (973) 503-5950
Email: rlehane@kelleydrye.com
abarajas@kelleydrye.com
cchoe@kelleydrye.com

*Counsel for Thomas A. Pitta,*
*Trustee of the RAD Sub-Trust A*

| | |
|---|---|
| In re:<br>LAKEHURST AND BROADWAY CORPORATION<br><br>Wind-Down Debtor.[1] | Chapter 11<br><br>Case No. 25-14831 (MBK) |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE TRUSTEE OF THE RAD SUB-TRUST A TO FILE UNDER SEAL THE APPLICATION IN LIEU OF MOTION FOR ENTRY OF CONSENT ORDER MODIFYING THE ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF**

Thomas A. Pitta, in his capacity as trustee (the "Trustee") of the RAD Sub-Trust A (the "Trust"), by and through his undersigned counsel, hereby files this motion (the "Seal Motion") for entry of an order, substantially in the form submitted concurrently herewith

[1] On December 30, 2025, the Bankruptcy Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order"). The Bankruptcy Court has entered a text order on the affiliated dockets listed in the Order requiring that all remaining matters be filed under the above captioned case, Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK).

(the "Proposed Order"), authorizing the Trustee to file under seal and redact certain portions of the *Application in Lieu of Motion For Entry of Consent Order Modifying the Order (I) Authorizing and Directing the Debtors to Share Data Containing Protected Information Pursuant to the 2023 Plan and (II) Granting Related Relief* (the "Application").[2] In support of this Seal Motion, the Trustee respectfully state as follows:

## JURISDICTION

1. This Bankruptcy Court has jurisdiction to consider the Seal Motion pursuant to28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested are section 107 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9013-1 and 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## BACKGROUND

4. On August 16, 2024, the Bankruptcy Court entered an order (the "2023 Confirmation Order")[3] confirming the *Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and Its Debtor Affiliates (With Further Modifications)* (the "2023 Plan").[4]

---

[2] Docket No. 529.

[3] Case No. 23-18993, Docket No. 4532.

[4] *Id.*, Docket No. 4532, Exhibit A. Capitalized terms used but not defined in this Motion shall have the meaning ascribed to them in the 2023 Plan.

5. On August 30, 2024, the 2023 Plan became effective.[5] On the same day, the Trust was established and Thomas A. Pitta was appointed as Trustee pursuant to the terms of the 2023 Confirmation Order, the 2023 Plan, and the Sub-Trust A Agreement. The Trust was established to monetize and liquidate its assets to maximize recoveries for its beneficiaries, which include the holders of non-tort general unsecured claims under the 2023 Plan.

6. On May 5, 2025, New Rite Aid, LLC and its affiliates (collectively, the "New Rite Aid Debtors"), each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Bankruptcy Court.[6]

7. On December 22, 2025, the Bankruptcy Court entered the *Order (I) Authorizing and Directing the Debtors to Share Data Containing Protected Information Pursuant to the 2023 Plan and (II) Granting Related Relief* (the "PHI Turnover Order"), which approved the procedures and allocation of costs pursuant to which the New Rite Aid Debtors would produce data, including PHI Data to the Trust, in connection with the Trust's prosecution of its Assigned Claims.[7]

8. On December 31, 2025, the effective date of New Rite Aid Debtors' chapter 11 plan occurred and the RAD Liquidating Trust was appointed to oversee the liquidation of the Wind-Down Debtor.[8]

9. In October 2025, the Trustee initiated prosecution of certain Assigned Claims against one of Rite Aid's former pharmacy benefits managers. The parties are currently undergoing discovery, which has implicated the PHI Turnover Order.

---

[5] *Id.*, Docket No. 4800.

[6] Case No. 25-14861, Docket No. 1.

[7] *Id.*, Docket No. 3556.

[8] *Id.*, Docket No. 3699.

10. The Application seeks approval of a proposed consent order (the "Consent Order") modifying the terms of the PHI Turnover Order so that the Trustee can effectively prosecute certain of the Assigned Claims.

11. The Plaintiff filed the Application with proposed Consent Order immediately prior to filing this Seal Motion.

**RELIEF REQUESTED**

12. By this Seal Motion, the Trustee seeks entry of the Proposed Order (i) authorizing the Trustee to file an unredacted copy of the Application and Consent Order under seal; (ii) ordering that the unredacted versions of the Application and Consent Order remain confidential and not be made available to anyone other than the Court; and (iii) authorizing the Trustee to redact confidential portions of the Application and Consent Order that disclose sensitive commercial information and to file such redacted versions on the docket in the Chapter 11 case.

**BASIS FOR RELIEF**

13. Section 107(b) of the Bankruptcy Code provides, in pertinent part:

> On the request of a party in interest, the bankruptcy court shall… (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information….[9]

14. Bankruptcy Rule 9018, in turn, explains the process by which a party-in-interest may seek relief under Bankruptcy Code section 107(b):

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information….[10]

[9] 11. U.S.C. § 107(b).

[10] Fed. R. Bankr. P. 9018; *see also* D.N.J. LBR 9018-1.

15. Once it is established that information sought to be protected can be categorized as confidential commercial information, the Bankruptcy Code does not require a party seeking protection to demonstrate cause. In fact, if information qualifies as commercial information under Bankruptcy Code section 107(b), then "the court is *required* to protect a requesting interested party and has no discretion to deny the application."[11] "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose."[12]

16. The Trustee submits that certain discrete information in the Application fall within the scope of information that the Bankruptcy Court may protect pursuant to Bankruptcy Code section 107(b)(1) and Bankruptcy Rule 9018. Courts in this Circuit have noted that section 107(b) is meant to shield entities from disclosure of commercial information that, if disclosed, would result in "an unfair advantage to competitors" and "cause the entity commercial injury."[13]

17. The Application and the Consent Order contain information that must remain strictly confidential pursuant to the terms of a contract by and between the 2023 Rite Aid debtors and their former pharmacy benefits manager. Publicly filing such confidential information could jeopardize the Trustee's ability to effectively prosecute the Trust's Assigned Claims against the former pharmacy benefits manager, to the detriment of the Trust's beneficiaries. Accordingly, the Trustee requests entry of the Proposed Order authorizing him to redact discrete information included in the Application and Consent Order that will be available on the public docket in this Chapter 11 case and to file the Application under seal.

---

[11] *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994); *accord In re Farmland Indus., Inc.*, 290 B.R. 364, 368 (Bankr. W.D. Mo. 2003).

[12] *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005).

[13] *In re Altegrity, Inc.*, No. 15-10266, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015).

**NO PRIOR REQUEST**

18. No prior request for the relief sought in this Seal Motion has been made to this or any other court in connection with this Chapter 11 case.

**RESERVATION OF RIGHTS**

19. The Trustee reserves all its rights, claims defenses, and remedies, including without limitation, the right to seek the public disclosure of the materials under seal or currently subject to redaction.

**NOTICE**

20. Notice of this Seal Motion has been provided to: (i) office of the U.S. Trustee; (ii) the Wind-Down Debtor; and (iii) any other person or entity entitled to notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Trustee respectfully submits that no further notice of the Seal Motion is necessary or required.

**WHEREFORE**, the Trustee respectfully requests that the Bankruptcy Court (i) grant the Seal Motion, (ii) enter the Proposed Order substantially in the form submitted herewith, and (iii) grant such other and further relief as the Bankruptcy Court may deem just and proper.

Dated: November 23, 2026

Respectfully submitted,

**KELLEY DRYE & WARREN LLP**

*/s/ Robert L. LeHane*

Robert L. LeHane
Andres Barajas (admitted *pro hac vice*)
Connie Y. Choe
7 Giralda Farms, Suite 340
Madison, NJ 07940
Tel: (973) 503-5900
Fax: (973) 503-5950
Email: rlehane@kelleydrye.com
abarajas@kelleydrye.com
cchoe@kelleydrye.com

*Counsel for Thomas A. Pitta, Trustee of the RAD Sub-Trust A*