FILED:BANKRUPTCY:NJB
2026 NOV 23 PM2:05:06

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

25-14831
Hearing Date:
12/21/2026 @ 11:30

VAN PRINCE,

Plaintiff,

v.

In re: Chapter 11

NEW RITE AID, LLC, et al., Case No. 25-14861 (MBK00

Debtors. (Jointly Administered)

NOW COME, Van Prince, the Plaintiff, pro se, and moves the Honorable Court to hear his five (5) Motions herein because the Original Motion pending in this Court under Rite Aid Corporation, et al., Case No. 23-18993 (MBK) (the "Chapter 11 Proceeding") continued in In re: NEW RITE AID, LLC, et, al, Debtors, Chapter 11, Case No. 25-14861 (MBK) (Jointly Administered). Plaintiff presents five (5) Motions As follows below:

PLAINTIFF'S CONSOLIDATED MOTION Supplemental MOTIONS OF AUTOMATIC STAY

(1) MOTION TO COMPEL COMPLIANCE WITH AUTOMATIC STAY;
(2) MOTION FOR AN ORDER DECLARING THE STATE COURT DEFENDANT'S SUBSTITUTION VOID AB INITIO;
(3) MOTION TO INTERPRET AND APPLY PURDUE PHARMA REGARDING INDIVIDUAL CAPACITY LIABILITY;
(4) MOTION FOR AN ORDER COMPELLING PROCEDURAL CORRECTION.
(5) MOTION FOR SANTIONS PURSUANT TO FRBP 9011

The honorable Court is familiar with this case in reference to Rite Aid Corporation in reference to the Automatic Stay. See Exhibit 1 attached. The Court granted said Corporation motion not to lift the automatic stay, and the Court pointed out that plaintiff had filed a new Compliant for retaliation on February 16, 2024 against a Rite Aid pharmacy manager in which was (post) and that compliant was filed in the Norfolk Circuit Court (Circuit Court No. CL 24-1952), but the case filed in the Norfolk Circuit

Court (Circuit Court No. CL23-13519) (pre-bankruptcy filings is the case under the automatic stay Was or is was under the automatic stay comprising this Court's Oder pointed out (23-18993)-MBK.

The automatic stay established stay in the Court's said Order is the foundation behind In re: New Rite Aid attorneys to violate the automatic stay by dropping the pharmacy manager sued in his individual and inserting the debtor without this Court's permission and the Court of Appeals of Virginia's permission.

On February 16, 2924, Plaintiff filed the Complaint against "Defendant's Ignatius" in the Circuit Court of Norfolk, Virginia. On March 19, 2024, defendant's counsel Brian A. Cafritz filed a Notice of Removal to the United States District Court, Eastern District of Virginia of Norfolk, Virginia, but upon a Motion to Remand the case back to the Circuit Court the federal court and on November 19, 2024, the honorable Elizabeth W. Hanes, United States District Judge Granted Plaintiff's Motion to Remand and denied Defendant's Motion to Dismiss as moot. See Exhibit 2 attached.

The Circuit Court heard the case on its merits and most importantly the case ended up in the Court of Appeals of Virginia in reference to plaintiff's Appeal and upon said Counsels 'Suggestion of an Automatic Stay' under this Court's jurisdiction the Appeal was stayed in bad faith.

1. MOTION TO COMPEL COMPLIANCE WITH THE AUTOMATIC STAY:

At every filings in plaintiff's complaint and other proceedings plaintiff is suing Defendant Ignatius in his individual capacity and the Circuit Court heard the case on the merits, but on Appeal said Counsel in bad faith claimed that said defendant was under the automatic without proof, and to decide whether or not appellee was under the automatic stay the Appeals Court ordered Supplemental Briefs that ask three questions of counsel. Exhibit 3 attached. However, Appellee's counsel did not answer the three questions in reference to appellee being sued in his individual capacity but instead dropped the Appellee and inserted Rite Aid Corporation without this Court's permission and the Court of Appeals permission. See Exhibit 4 attached.

The Court of Appeals allowed appellee's counsel to drop Ignatius being sued in his Individual Capacity and insert Rite Aid Corporation without this Court's permission and the permission of the Court of Appeals of Virginia. Hence, substituting Rite Aid Corporation, (debtor), into a non-bankruptcy state Court lawsuit to face liability without first obtaining "Motion for Relief from the Automatic Stay" –approval from the bankruptcy Court and doing so violates the statutory injunction of 362; violates Federal Rule of Bankruptcy Procedure 7025 (incorporating Federal Rule of Civil Procedure 25) and Rule 9014. The automatic stay under 11 U. S. C. 326 IS absolute and Counsels representing the debtor said actions violates the the automatic stay as stated herein. In essence switching the debtor and drooping the employee sued in his individual capacity-neither the debtor nor appellee's lawyer can unilaterally "substitute" the debtor into a state court action without explicit order from the Bankruptcy Court granting relief from the stay.

On the other side of the coin the Court of Appeals of Virginia, the appellee's counsel nor Rite Aid Corporation (debtor) can drop the employee and insert the Debtor in a state lawsuit on Appeal without permission of the Court and such a switch violates Supreme Court of Virginia, Rule 1.5 (d) (1), Rule 1.7 and Virginia RPC Rule 1,16-(Once a lawyer entered a case, the lawyer cannot switch or withdraw from representing a client without the Court's Explicit permission.

Without permission from plaintiff, Van Prince, without permission from the Bankruptcy Court and without permission of the Court of Appeals of Virginia, the debtor and counsel, Brian A. Cafritz, dropped the employee and inserted the debtor based on fraud upon the Court as follows:

In reference to fraud upon the said Courts the appellee's counsel begin to put the fraud in place In Exhibit 5 attached (APPELLEE'S OPPOSITION TO APPELLEE'S MOTION TOCONTINUEAPPEAL), and plaintiff moves the honorable Court to see footnote 1-2 on page 3 that states as follows:

"In March of 2024, the Defendant Appellee removed the case to USDC EDVA (Norfolk Division). While the matter was pending in that court. Plaintiff Appellant then Amended Compliant Adding a New Defendant Rite Aid Corporation). The US District Court ultimately Remanded the matter back to the Norfolk Circuit Court by Order dated 11/19/24. While no court has ruled on Appellant's motion to revise the Complaint, Rite Aid submits this response out of an abundance of caution and in light of Appellant's stated intention to amend Compliant to add Rite Aid as a defendant." (footnote 1)

"Unless otherwise indicated, reference to the docket shall refer to the docket In re Rite Aid Corporation. Case No. 23-18993 (MBK) (BANK, D. N. J.)." (footnote 2).

Counsel knew that the Federal Judge, Elizabeth W. Hanes, United States District Judge had ruled on the motion and denied it. See Exhibit 2 attached and see footnote 3 on page2-3 of said Exhibit that states:

"The Court notes that Plaintiff attempted to file an Amended Complaint In this action on June 3, 2024. Am. Compl., ECF No. 11. Pursuant to Rule 15 (a) of the Federal Rules of Civil Procedure. Plaintiff was required to seek leave of Court to file his Amended Complaint or obtain written consent from Defendant. Fed. R. Civ. P. 15 (a). Plaintiff did not do so. Accordingly Plaintiff's Amended Complaint is not properly before the Court and does not serve as the operative complaint in this action."

From counsel's fraud upon the Courts in reference to Exhibit 5, the Court March 17th 2026, Ordered directed the parties to file supplemental briefs addressing the following issues. (See Exhibit 3 attached):

1. Did the Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and Its Debtor Affiliates discharge Prince's claims against Ignatius in his individual capacity considering Harrington v. Purdue Pharma LP., 603 U. S.204 (2024)?

2. What specific provisions of the Chapter 11 Plan of Reorganization of Rite Aid Corporation and Its Debtor Affiliates demonstrates that Prince's claims against Ignatius in his individual capacity, rather than Rite Aid Corporation, were discharged in bankruptcy?

3. What is the relevance of the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtor Affiliates given that New Rite Aid, LLC is a separate legal entity from Rite Aid Corporation formed in Connection with Rite Aid Corporation's bankruptcy proceedings?

Both parties timely filed their respective Supplemental Briefs timely, but Plaintiff was at a disadvantage because appellee sued in his individual capacity and replaced by Rite Aid Corporation by said Counsel without permission by the Court of Appeals nor the Bankruptcy Court. See Exhibit 6 attached. In Exhibit 6 (Appellee's Supplemental Opposition To Appellant's Motion To Continue Appeal), See in pertinent part paragraph 1 that states:

"As stated in the Opposition, undersigned counsel does not represent Appellee, a current or former employee of Rite Aid, in his individual capacity. Rather, because Appellee (misleading and should be Appellant) has expressed an intention to amend the Complaint to add Rite Aid as defendant, and although no court has yet ruled on Appellee's motion to revise the Complaint, Rite Aid submits this response out of an

Abundance of caution." (Plaintiff request the Court to take judicial notice that counsel Intentionally use the tittle Appellee instead of Appellant in dealing with the Appellant's 'intention to amend the Complaint to add Rite Aid as a defendant, no Court has ruled on Appellant's motion to revise the Complaint.' However, plaintiff has submitted Exhibit 2 herein comprising footnotes 1 & 2, page 1 & 2 that demonstrates that said Counsel lied and committed fraud upon the Courts. And Appellee's Counsel is using the term Appellee and not Appellant to confuse this issue intentionally.

From what have been stated in reference to this Motion, plaintiff moves the Honorable bankruptcy Court to strike Rite Aid Corporation from the Court of Appeals of Virginia from Appellant's state Appeal and rule that the debtor violated the automatic stay By not seeking the Court's permission to have counsel drop the pharmacy manager being sued in his individual capacity and insert the debtor. See In re Christopher Scott Sehman (Bankr.F. D.Fla (2021); In re James Defeo v. Winyah Surgical Specialists, P. A. (Bankr. D. S. C. 2021).

2. MOTION FOR AN ORDER DECLARING THE STATE COURT DEFENDANT'S SUBSTITUION VOID AB INITIO.

The Court of Appeals of Virginia has no jurisdiction on Appeal to let Appellee's Counsel drop a pharmacy manager working at a local Rite Aid drug store sued in his individual capacity and drop the pharmacy manager employee and insert Rite Aid Corporation (debtor) as the as the employee without the Courts permission. See Va. Code 8.01-6, 801-6.1, and Va. Code 8.01-72, a lawyer cannot unilaterally drop, add, or Substitution of a party. According to Virginia Code 8.01-7, adding or changing parties can only be done "by Order" of the Court. Counsel

cannot simply rewrite the names of the parties in an appellate brief to change who they represent or who is bound by litigation. The Court of Appeals of Virginia did not rule on the Substitution and violated the said Rules of the Supreme Court of Virginia and the Court of Appeals of Virginia deferred the case to the Bankruptcy Court.

By Appellee's Counsel in the said State Court's Appeal dropping the said employee and inserting Rite Aid Corporation (debtor) under the automatic stay without the Bankruptcy Court's permission Counsel violated the Bankruptcy Code 11 U. S. Code 362, a serious violation Of the said Code's automatic stay. The lawyer making said substitution by dropping an employee from a state court case and adding the debtor under the automatic stay without a bankruptcy Judge's permission will not allow such a fraud. See In re Christopher Scott Sehman (Bank. F. D. Fla 2021). See Exhibits 4, 5 and 6.

It is a fact that the said pharmacy manager did not file for bankruptcy pursuant to 11 U. S. A., it is a fact that the Bankruptcy Court did not issue the said employee, a non-debtor employee an Injunction under 11 U. S. C. 105 and therefore said employed is not protected and can be sued in state court for liability in his individual capacity and counsel knew because if said employee was under the automatic stay counsel would have produce same in the state Court's to end the state Court proceedings and the Court of Appeals failed to act to protect Appellant's rights in reference to the Appeal as this case has been pending since 2023.

Distilled to its essence the facts stated herein is crystal clear that in this case from what has been stated the said employee in his individual capacity is a complete distant legal entity from his employee (Rite Aid Corporation), the Rite Aid substitution is void ab ignition (from the

Beginning). Therefore the Plaintiff moves the honorable Court to Strike (Rite Aid Corporation) as the Appellee in the in the said case pending in the Court of Appeals of Virginia.

3. MOTION TO INTERPRET AND APPLY PURDUE PHARMA
REGARDING INDIVIDUAL CAPACY LIABILITY.

The Court of Appeals adverse ruling in reference to Harrington v. Purdue, L. P., 603 U. S. 204 (2024) is a misinterpretation of said decision when the said Court ruled that Harrington v. Purdue, Supra, did not apply to Appellant's appeal. See the Court of Appeals ruling in its Decision Order, paragraphs 1, 2, 3, 4 & 5 on pages 4, 5, & 6.

The Court of Appeals of Virginia in essence is of the blanket opinion that the facts Incorporated in Appellant's Appeal do not mirror the facts of the Sacklers family in reference in 2007, an affiliate of Purdue 'pleaded guilty to a federal felony for misbranding OxyContin as' less addictive' and 'less subject to abuse ... than other medication." And Sacklers was draining billion of dollars from the company and had not file for bankruptcy. If all that filed under Purdue Pharma facts must mirror Sacklers such a decision would to a private decision of Sacklers and this is not the case at all and the Court of Appeals of Virginia compounded the issue by stating, "From the pleadings before us, it appears that Prince's clam may, in substance, be a claim against Rite Aid operation of the doctrine of respondeat superior."

First of all Purdue Pharma stands for a fundamental constitutional and bankruptcy principle-specifically, that non-consensual third-party releases or non-consensual or non-consensual elimination of a distinct individual's liability cannot be forced upon an unwilling appellant who did not consent to releasing the appellee in his individual capacity.

Second, the Appellant nor the Appellee create 'Respondeat Superior' in the case in Circuit Court of Norfolk, Virginia nor in the Court of Appeals but the latter Court Brought it up 'Sua Sponte' without pointing to what in the record supporting same. All of Appellant's facts and claims pointed out that he was suing the pharmacy manager in his individual capacity, if the United States Supreme Court would have wanted Purdue Pharma to permit 'Respondeat Superior to block it's ruling the Court would Have said so. Hence, Purdue Pharma is a very narrow decision in itself and the Court included all element of said decision and 'Respondeat Superior' was not one of those elements.

In reference to the Appellee being sued in his individual capacity Purdue Pharma main Rule is, "when a specific individual or employee is not released by the Victim, they remain legally exposed to independent lawsuits. However, the overarching Corporate bankruptcy structure cannot force a blanket liability shield over those non-bankruptcy individuals without statutory backing." In the instant case Appellant (Plaintiff) did not release the appellee (Defendant).

The Court of Appeals of Virginia incorrectly applied Purdue Pharma and while the factual background of Purdue Pharma may differ, and Respondeat-Superior is not a factor the controlling rule of law regarding a Court's authority to strip a creditor of individual claim against a non-debtor employee is identical. The Panel committed a legal error by distinguishing the case purely on its facts and Su Ponte including Respondeat-Superior a misapplication that has no application in the Ruling while failing

to apply its mandatory legal restrictions to the present case deny Plaintiff Due Process and Equal Protection of the law in violation of the Fourteenth Amendment g to the United States Constitution and is an element that denies plaintiff access to the Courts to address injuries being fought in the Courts since 2023.

4. MOTION FOR AN ORDER COMPELLING PROCEDURECORRECTION.

In re: New Rite Aid is the entity that claim that Appellant's case on appeal in the Court of Appeals of Virginia is under the automatic stay in the honorable Bankruptcy Court herein, but the Appellee is not under the automatic stay and Appellee represented by counsel, Brian A. Cafritz, has not submitted Court Orders from the Court that Appellee (defendant) is under the automatic stay.

The automatic stay under 11 U.S. Code 362 halts ongoing litigation against the Rite Aid Corporation and In re: New Rite Aid (Debtors) firms cannot legally claim an individual employee or third party is protected by that stay unless a bankruptcy judge, explicitly extends it to them. Counsel for Ignatius, the defendant-employee sued in his individual capacity has falsely claimed that the defendant is under an automatic stay. Plaintiff has not received an Orders from the Court that defendant-employee is under an automatic stay. There is no evidence in the record that the Bankruptcy Court granted said employee an injunction pursuant to 11 U. S. C. 105 in reference to 11 U. S. Code 362 that governs the automatic stay, there is no evidence in the record that the corporate debtor has a mandatory indemnification agreement that treats a judgment against the employee as a direct claim against the estate's money, and the said employee did not file for bankruptcy, and the automatic stay is limited, and only applies to the debtor (the corporation). It does not extend to non-debtor co-defendants or individual sued in their individual capacity unless a bankruptcy Judge specifically issued a Section 105 injunction extending it, and there is no Order from the Court that the employee herein is under an automatic stay.

The lawyer must produce a specific federal bankruptcy Order proving the employee in this case proving his client, a non-debtor employee was granted an injunction under 11 U. S. C. 105, and the lawyer has failed to do so.

When plaintiff filed the Complaint against said employee in 2023, Rite Aid Corporation was the Debtor, but Rite Aid Corporation did not put this case under the automatic stay, but in re: New Rite Aid, A different entity than Rite Aid Corporation. In re: New Rite Aid has not produced an Order from the Bankruptcy Court that it granted the employee in his individual capacity an injunction under 11 U. S. C. 1O5-coupled with indemnification of paying the employee's legal fees.

Plaintiff wants to know what In Re: New Rite Aid have to do with the said employee being sued in his individual capacity in state court and on August 17, 2026, the Court ordered the Appellee's lawyer to answer three (3) questions in reference to the employee being sued in his individual capacity via supplemental briefs. See Exhibit 3 attached and one question 3 was in reference to New Rid Aid as follows:

> What is the relevance of the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and its Debtor Affiliates given that New Rite Aid, LLC is a separate legal entity from Rid Aid Corporation formed in connection with Rite Aid Corporation's bankruptcy proceedings?

If said Counsel would had answered that question truthfully would have manifested demonstrating that New Rite Aid had nothing at all to do with the said employee sued in his individual capacity, but to duck the said question counsel dropped the employee and inserted the debtor 'Rite Aid Corporation without the appellate court's permission and without the bankruptcy permission and the Court of Appeals did not correct and sent the case to this Bankruptcy Court to decide when the appellate court should had decided it. See Exhibit 4, paragraph 1, page 4 in pertinent part which states:

> "But in the last analysis, it is for the bankruptcy court, no this Court, to ascertain whether Prince's claim falls within the scope of the New Rite Aid bankruptcy, whether it survived that proceeding; and if so, to what extent the claim is governed by the provisions of the New Rite Aid bankruptcy plan.

The employee's counsel has done many things to mislead the Court of Appeals of

1. In Exhibit 1, the honorable Court's Order demonstrate that Rite Aid Corp., et al, Case No. CL23-13519, Cir. Ct. Norfolk, VA, was under the automatic stay (pre petition), but the Court pointed out that plaintiff had filed a 'Post Petition' and stated:

> "After receiving notice from the Debtors of the automatic stay and the related chapter 11 filings, Movant filed a new complaint for retaliation on February 16, 2024 against a Rite Aid pharmacy manager."

The post-petition is Case CL23-13519, Cir. Ct. Norfolk, VA., and said defendant in that case was not under the automatic stay, because pursuant to 11 U. S. C. 362 (a)(1) and 362 (a)(6), the automatic stay only pause lawsuits and collection actions for claims that "arose before the commencement of the case pre-petition). Because the statute explicitly limits the stay to pre-petition claims, legal actions based on conduct that happened after the bankruptcy petition is filed (post-petition) are not stopped from proceeding in Court. See In re M. Frenville Co., Inc., 744 F. 2d 332 (3d Cir. 1984). Therefore, the Court only mentioning that plaintiff filed a post-petition after the pre-petition and Ordered the Per-position under the automatic stay is not akin to the Court granting the employee an Injunction 11 U. S. C. 105, and the Court identified the Case CL23-13519 that was under the automatic stay. However, in the case on Appeal in the Court of Appeals of Virginia (Record No. 0890-25-1)- Circuit Court No. CL24-1952) Is not under the automatic stay, but employee's counsel is misleading the Courts that the latter case is Case CL23-13519 under the automatic stay under Case No. 23-18993-MBK as follows:

2. See Exhibit 6, paragraph 2, page in pertinent part that states:

> "Even assuming Appellant's claims survived confirmation of the Bankruptcy Plan, Appellant must first obtain a determination From the Bankruptcy Court authorizing the prosecution of those Claims before this Appeal may proceed."

In Exhibit 4, the Court of Appeals Order the Court thinks that present Appeal is under the Automatic Stay. See paragraph 1, page 2 where the three Judge panel accepts counsels misuse of the automatic stay that deals with the said pre-petition and not the post-petition

as explained in Exhibit 2 (Prince v. Rite Aid Corp, et al, case No. CL23-13519, Norfolk Circuit Court, but the case on appeal is a different case [Circuit Court No. CL24-1952] and Court of Appeals Record No. 0890-25-1] which is the post-bankruptcy case not under the automatic stay and the Facts proves it. What has happened here once a case is post-petition it cannot be a pre-petition of a bankruptcy reorganization plan of New Rite Aid bankruptcy plan.

Counsel representing Appellee in his individual capacity has offered no credible evidence that the Appellee is under the automatic stay.

Distilled to its essence a lawyer as in the instant case falsely claiming a non-debtor employee is protected by a stay to delay an appeal as in the present case denied Appellant due process, access to the Court and violates the automatic stay pursuant to 11 U. S. Code 362. Further, and the debtor and counsel cannot use a restricting plan to retroactively transform an entirely independent Post-Petition into a Per-Petition violation to escape immediate liability.

Plaintiff is requesting the Court to correct this Miscarriage of Justice.

The Circuit Judge heard the case on its merits after plaintiff and counsel argued the case for Several hours and counsel argued that the case was under the automatic stay and after the Judge compared the said two case the one that was under the automatic stay (pre) and the other which was (post) the Court pointed out to Counsel the material difference and counsel also argued that plaintiff had sued the wrong defendant and in reality he should had sued the debtor, but the Judge pointed out that counsel did not make a Special Appearance but a General Appearance and the Judge heard the case on its merits. See Exhibit 7 attached.

Counsel in 'Appellee's Opposition to continue Appellant's Appeal moved the Court to hear the case de novo and stated on page 6, paragraph 1:

"Legal Standard"

"The legal standard or review for the motion should be de novo, as the determination of this issue does not require this Court to review any ruling or decision made by the Circuit Court."

Counsel knew the Circuit Court had in substance rule the employee was not under the automatic stay.

Counsel new that said employee was not under the automatic stay and the Circuit Court Final Order would be reversed on Appeal because the Court did not ruled on plaintiff's 'Retaliation' claim in the Complaint but only mentioned it. See Exhibit 7. Further, the Bankruptcy Court clearly stated in Exhibit 1, to complaint comprised Retaliation.

Counsel committed serious violations in reference to the automatic stay, first he claimed the employee was under the automatic stay but he was not, second to hide it he dropped the employee and added Rite Aid Corporation as the debtor defendant without the Court of Appeals permission and permission from the bankruptcy Court. And third counsel sent plaintiff emails indicating he was never actually representing the pharmacy in his individual capacity but Rite Aid Corporation. See Exhibits 8 & 9 attached.

It is clear that Counsel has derailed plaintiff's Appeal in the Court of Appeals, Employee sued in his individual capacity was dropped and can't be found and Rite Aid Corporation is an illegal defendant and its impossible for plaintiff the appellant In said In the Court of Appeals to proceed in the Appeal and Counsel legally is liable.

5. MOTION FOR SANCTIONS

The lawyer in this Case in the Court of Virginia, dropped the employee sued in his individual capacity and inserted Rite Aid Corporation as the defendant and Counsel in the title of the Appeal features the Employee but within the Appeal feature Rite Aid Corporation and switching defendants without Court permission is a serious violation of bankruptcy law and state law and Plaintiff request the Court to sanction the lawyer to the fullest extent of the Law.

Bankruptcy Law foundation based on "GOOD FAITH" and the lawyer violated that sky high standard with bad faith, and Plaintiff is requesting the Court to send a message to the lawyer for violating the Court's 'GOOD FAITH STANDARD' by granting

Ordering counsel to pay plaintiff Punitive Damages to equal the amount the defendants paid him to represent them for approximately three (3) years or any amount the Court decides.

Plaintiff Certify that the content of facts herein are true and correct to the best Of his knowledge and belief.

Date: 11-13-2026

Plaintiff Van Prince

Van Prince
676 E. Princess Anne Rd.
Norfolk, VA. 23510
757-964-2546
Pvan83089@gmail.com

CERTIFICATE OF SERVICE

On November 13 ,2026, I, Van Prince, the Plaintiff, pro se, a copy of the Foregoing 'PLAINTIFF CONSOLIDATED MOTION-SUPPLEMENTAL MOTION OF AUTOMATIC STAY AND SUPPORTING ARGUMENTS FROM EXHIBITS THAT ARE COURT RECORDS THAT BOTH PLAINTIFF AND COUNSEL ARE PARTY TO; AND PLAINTIFF CERTIFY THAT ON THE ABOVE DATE PLAINTIFF FORWRDED COUNSEL SAME to, Brian A. Cafritz, 901 Moorefield Park Drive, Suit 200, Richmond, Virginia 23236.

Date: November 13 2026.

Plaintiff Van Prince

Van Prince
676 E. Princess Anne Rd.
Norfolk, VA 23510
757-965-2546
Pvan83089@gmail.com

Van Prince
676 E. Princess Anne Rd
Norfolk, Virginia 23510

Retail

UNITED STATES POSTAL SERVICE®

U.S. POSTAGE PAID
FCM LG ENV
NORFOLK, VA 23501
NOV 13, 2026

08608

$4.62

RDC 99 0 Lb 10.60 Oz S2324N504844-8

Clerk
United States Bankruptcy Court
District Of New Jersey
402 East State Street
Trenton, New Jersey 08608