IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

VAN PRINCE,

Plaintiff,

v. Civil Action No. 2:24-cv-178

IGNATIUS, PHARMACY MANAGER,

Defendant.

**ORDER**

Plaintiff Van Prince ("Plaintiff"), appearing *pro se*, filed a Complaint against Defendant "Ignatius, Pharmacy Manager" ("Defendant") in the Norfolk Circuit Court (Case No. CL24001952-00). Compl., ECF No. 1-1. Defendant removed Plaintiff's state court Complaint to this Court. Notice Removal, ECF No. 1. This matter is before the Court on Plaintiff's Motion to Remand, ECF No. 9,[1] and Defendant's Motion to Dismiss, ECF No. 4. For the reasons set forth below, Plaintiff's Motion to Remand, ECF No. 9, is GRANTED; this action is REMANDED to the Norfolk Circuit Court; and Defendant's Motion to Dismiss, ECF No. 4, is DENIED as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In his Complaint, Plaintiff alleges that on January 31, 2024, he went to Rite Aid to pick up three prescriptions. Compl. at 3.[2] Plaintiff was advised that his prescriptions would not be ready

---

[1] Plaintiff did not file a specific document titled, "Motion to Remand"; however, in his Opposition to Defendant's Motion to Dismiss, ECF No. 9, Plaintiff evidences a clear intent to have this case remanded to state court. Accordingly, the Court construes Plaintiff's Opposition as a Motion to Remand. Mot. Remand at 1, ECF No. 9 (arguing that this Court lacks jurisdiction over Plaintiff's state court Complaint and that removal was improper). Defendant recognized that Plaintiff's Opposition "is primarily a motion to remand this matter to Norfolk Circuit Court" and responded to the arguments raised in Plaintiff's remand request. Reply at 1–7, ECF No. 10.

[2] The Court employs the pagination assigned by the CM/ECF docketing system for citations to Plaintiff's Complaint.

Exhibit 2

until the following day. *Id.* Plaintiff returned to Rite Aid on February 1, 2024. *Id.* Plaintiff asked to speak with Defendant, who works as the pharmacy manager at Rite Aid. *Id.* Plaintiff was advised by another employee that Defendant did not want to speak with Plaintiff. *Id.* An employee retrieved Plaintiff's prescriptions; however, Defendant "refused to give [P]laintiff his prescription medication." *Id.* at 4.

Plaintiff transferred his prescriptions to a Walmart pharmacy; however, the prescriptions were not available for pick-up until February 2, 2024. *Id.* The prescriptions were intended to assist with Plaintiff's breathing problems. *Id.* Plaintiff alleges that "on the night of February 1, 2024, [his] lungs were aching and burning and he was short of breath and in pain all night and couldn't sleep." *Id.*

Plaintiff alleges that Defendant knew that the medications were prescribed for Plaintiff's "health and wellness and safety and to protect [P]laintiff's quality of life," and that Defendant's refusal to provide the medications "endanger[ed] the life of [P]laintiff." *Id.* Plaintiff claims that Defendant's actions constituted negligence and negligence *per se*, breached the terms of a contract, and violated the "V[irginia] Code," the Virginia Constitution, and the First, Eighth, and Fourteenth Amendments to the United States Constitution. *Id.* at 5.

Defendant removed Plaintiff's state court action to this Court on the basis of federal question jurisdiction. Notice Removal at 1–3. Defendant asserts that Plaintiff's Complaint "arises under the United States Constitution." *Id.* at 3. Defendant further asserts that "this Court may exercise supplemental jurisdiction over Plaintiff's related state law claims."[3] *Id.*

---

3 The Court notes that Plaintiff attempted to file an Amended Complaint in this action on June 3, 2024. Am. Compl., ECF No. 11. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff was required to seek leave of Court to file his Amended Complaint or obtain written consent from Defendant. Fed. R. Civ. P. 15(a). Plaintiff did not do so. Accordingly,

## II. PLAINTIFF'S MOTION TO REMAND

Plaintiff argues that this action should be remanded to the Norfolk Circuit Court based on a lack of subject matter jurisdiction. Mot. Remand at 1. "A defendant is permitted to remove a state court action to federal court only if the plaintiff could have originally filed such action in federal court." *Fannie Mae v. Young*, No. 2:12-cv-471, 2013 WL 5488513, at *2 (E.D. Va. Aug. 12, 2013); *see* 28 U.S.C. § 1441(a). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction . . . [and] any doubts about the propriety of removal should be resolved in favor of remand to state court." *Dominion Pathology Labs, P.C. v. Anthem Health Plans of Va., Inc.*, 111 F. Supp. 3d 731, 735 (E.D. Va. 2015) (first alteration in original) (first citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); and then).

Federal courts are courts of limited jurisdiction, meaning that a federal court is only empowered to consider certain types of claims. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). A federal court has subject matter jurisdiction over civil cases (i) in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties ("diversity jurisdiction"); and (ii) "arising under the Constitution, laws, or treaties of the United States" ("federal question jurisdiction"). 28 U.S.C. §§ 1331, 1332.

Diversity jurisdiction cannot serve as the basis for removal in this action because the citizenship of the parties is not diverse. *See* Compl. at 3 (identifying both parties as citizens of Virginia); *see also* 28 U.S.C. § 1332. With respect to federal question jurisdiction, courts have

Plaintiff's Amended Complaint is not properly before the Court and does not serve as the operative complaint in this action.

explained that "[t]he mere assertion of a federal claim is not sufficient." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citation omitted). Rather, federal question jurisdiction "requires that a party assert a *substantial* federal claim." *Id.* Where a federal claim is "obviously without merit," it cannot serve as the basis for federal question jurisdiction. *Id.*; *see Mayor & City Council of Baltimore v. BP, P.L.C.*, 31 F.4th 178, 206 (4th Cir. 2022) (noting that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit; wholly insubstantial; obviously frivolous; plainly unsubstantial; or no longer open to discussion") (citation omitted).

As summarized above, this lawsuit is based on Plaintiff's claim that Defendant, a pharmacy manager, failed to provide him with his prescribed medications. Compl. at 3–9. Although Plaintiff's Complaint refers to certain alleged constitutional violations, it is clear that any such constitutional claim is "obviously without merit," "frivolous," and "wholly insubstantial" because Plaintiff does not—and cannot—allege that Defendant is a state actor. *See Haymond v. Bank of N.Y. Mellon*, No. 1:11-cv-800, 2011 WL 13192907, at *1 (E.D. Va. Dec. 6, 2011) (explaining that "constitutional provisions do not operate directly on . . . private defendants, and therefore do not provide a legal basis for . . . relief . . . against . . . private defendants"); *see also Smith v. Winfrey*, No. 2:10-cv-182, 2010 WL 6797341, at *1–2 (E.D. Va. May 18, 2010) (noting that a constitutional claim asserted against a private individual does not present a substantial federal issue), *aff'd*, 395 F. App'x 32 (4th Cir. 2010). Both Defendant and Plaintiff acknowledge the frivolity of such claims. *See* Mem. Supp. Mot. Dismiss at 2 (characterizing Plaintiff's claims as "frivolous"); Mot. Remand at 1 (stating that the constitutional references in Plaintiff's Complaint do not "activate federal jurisdiction" because Defendant is not a state actor who acted under color of state law). Because Plaintiff's constitutional claims are wholly inadequate and insubstantial, the Court finds

that such claims cannot serve as the basis for federal question jurisdiction. *See Mayor & City Council of Baltimore*, 31 F.4th at 206; *see also Lovern*, 190 F.3d at 654.

Without an adequate jurisdictional basis, the Court finds that remand is required. Accordingly, Plaintiff's Motion to Remand, ECF No. 9, is GRANTED, and this case is REMANDED to the Norfolk Circuit Court. In light of the Court's decision, Defendant's Motion to Dismiss, ECF No. 4, is DENIED as moot.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand, ECF No. 9, is GRANTED; this action is REMANDED to the Norfolk Circuit Court; and Defendant's Motion to Dismiss, ECF No. 4, is DENIED as moot.

The Clerk is DIRECTED to send a copy of this Order to Plaintiff, counsel for Defendant, and the Norfolk Circuit Court.

It is SO ORDERED.

/s/

Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: November 19, 2024