**IN THE COURT OF APPEALS OF VIRGINIA**

**SCV RECORD NO. 0890-25-1**

---

**VAN PRINCE,**

**PLAINTIFF-APPELLANT,**

**v.**

**IGNATIUS, PHARMACY MANAGER,
RITE AID #04263**

**PLAINTIFF-APPELLEE.**

---

# APPELEE'S OPPOSITION TO APPELLEE'S MOTION TO CONTINUE APPEAL

---

Brian A. Cafritz, VSB# 34366
KALBAUGH PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
(804) 320-6300
(804) 320-6312 (fax)
Brian.Cafritz@kpmlaw.com



Exhibit 5

The Appellee, Ignatius, Pharmacy Manager, Rite Aid #04263, by and through counsel, files this Opposition to the Motion to Continue the Appeal filed by Appellant (the "Appeal"). Appellant's motion is not properly before this Court, because the matters for which he sought recovery in his Complaint were subsumed by the U.S. Bankruptcy Court's approved Plan, which enjoined Plaintiff from proceeding in the instant action.

**Background**

On October 15, 2023 (the "Petition Date"), Rite Aid Corporation and its debtor affiliates ("Rite Aid") filed voluntary petitions for relief (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). The Chapter 11 Cases were jointly administered under the caption of the lead case, *In re Rite Aid Corporation,* Case No. 23-18993 (MBK) (Bank. D.N.J.). The filing of the Chapter 11 Cases imposed the automatic stay pursuant to section 362 of the Bankruptcy Code.

Appellant filed the original complaint in this case on February 16, 2024, alleging that Appellee, an employee of Rite Aid, violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution and the Virginia Constitution (the "Complaint"). The Complaint states that the alleged



70913/0001-53534482v2

violations occurred on January 31, 2024. On June 3, 2024, Appellant moved to revise the Complaint and add Rite Aid as a defendant.[1]

On August 16, 2024, (three months prior to the US District Court remand, the Bankruptcy Court entered the *Order Approving the Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and its Debtor Affiliates (With Further Modifications)* [Dkt. No. 4532][2] (the "Confirmation Order") confirming the *Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and its Debtor Affiliates (With Further Modifications)* [Dkt. No. 4532, Exhibit A] (the "Plan"). On August 30, 2024, the effective date of the Plan occurred (the "Effective Date"). *See* Dkt No. 4800.

The Plan discharged any and all pre-Effective Date claims held by Appellant, subject to such treatment provided for in the Plan. The Plan specifically provides the following discharge and release of claims:

> Except as otherwise specifically provided in the Plan, the Confirmation Order, or in any contract, instrument, or other agreement or document created pursuant to the Plan, **pursuant to and to the fullest extent permitted by section 1141(d) of the Bankruptcy Code, the distributions, rights, and treatment that are provided in the Plan**

---

1 In March of 2024, the Defendant/Appellee removed the case to USDC EDVA (Norfolk Division). While the matter was pending in that court, Plaintiff/Appellant then his Amended Complaint Adding a New Defendant (Rite Aid Corporation). The US District Court ultimately remanded the matter back to the Norfolk Circuit Court by Order dated 11/19/24. While no court has ruled on Appellant's motion to revise the Complaint, Rite Aid submits this response out of an abundance of caution and in light of Appellant's stated intention to amend the Complaint to add Rite Aid as a defendant.

2 Unless otherwise indicated, referenced to the docket shall refer to the docket of *In re Rite Aid Corporation,* Case No. 23-18993 (MBK) (Bank. D.N.J.).

> **shall be in complete satisfaction, discharge, compromise, and release, effective as of the Effective Date**, of Claims, including General Unsecured Claims (including any Intercompany Claims resolved or compromised after the Effective Date by the Reorganized Debtors or the Wind-Down Debtors, as applicable), Interests, controversies, and **Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date**, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date (including any Causes of Action or Claims based on theories or allegations of successor liability), any liability (including withdrawal liability) **to the extent such Claims or Interests relate to services performed by current or former employees of the Debtors prior to the Effective Date.**

*See* Plan, Art. X.A. (emphasis added).

Moreover, Article X.F. of the Plan permanently enjoins any entity from commencing or continuing any action or other proceeding with respect to any Claim or Cause of Action that was discharged or released under the Plan. *See also* Confirmation Order ¶ 194.

Further, Article X.D. of the Plan contains a "gatekeeping provision" requiring a party seeking to assert a claim or cause of action against any "Released Party" (including employees of Rite Aid) covered by the Plan, to first seek a determination from the Bankruptcy Court that such action may proceed:

> From and after the Effective Date, any Entity that did not opt in to (or otherwise did not participate in) the releases contained in this Article X.D in accordance with this Plan may not assert any claim or other Cause of Action against any Released Party for which it is asserted or implied that such claim or Cause of Action is not subject to the releases contained in Article X.C of the Plan without first obtaining a Final Order from the Bankruptcy Court (a) determining, after notice and a hearing, that such claim or Cause of Action is not subject to the releases contained in Article X.C of the Plan and (b) specifically authorizing such Person or Entity to bring such claim or Cause of Action against any such Released Party.

*See* Plan, Art. X.D.

On May 5, 2025, New Rite Aid, LLC and its debtor affiliates, which includes Rite Aid Corporation, commenced subsequent chapter 11 proceedings before the Bankruptcy Court. *See In re New Rite Aid, LLC*, Case No. 25-14861 (MBK) (Bankr. D.N.J.). The debtors in these chapter 11 proceedings were largely the same debtors as the prior Chapter 11 Cases. On November 26, 2025, the Bankruptcy Court entered the *Order Approving the Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtors Affiliates (Technical Modifications)* [Case No. 25-14861, Dkt. No. 3445] (the "2025 Confirmation Order") confirming the *Second Amended Joint Chapter 11 Plan of Reorganization of New Rite Aid, LLC and Its Debtors Affiliates (Technical Modifications)* [Case No. 25-14861, Dkt. No. 3445, Ex. A] (the "2025 Plan"). On December 31, 2025, the effective date of the Plan occurred (the "2025 Effective Date"). *See* Case No. 25-14861, Dkt. No. 3699. The provisions of the 2025 Plan

and 2025 Confirmation Order mirror the prior Plan and Confirmation Order. *See* [Case No. 25-14861, Dkt. No. 3445, Ex. A, Art. X.A., Article X.F., Article X.D.]. Additionally, pursuant to Article III.B.4 General Unsecured Claims under the 2025 Plan are expressly "discharged, cancelled, released, and extinguished without any distribution to Holders of such Claims." 2025 Plan Art. III.B.4.

## Legal Standard

The legal standard or review for this motion should be *de novo*, as the determination of this issue does not require this Court to review any ruling or decision made by the Circuit Court.

## Argument

### A. The Appeal Is Enjoined by the Plan

The Appeal is an "action or other proceeding" that is indisputably enjoined by the Plan and Appellant is indisputably enjoined from "continuing in any manner" "on account" of his pre-Effective Date claims against Rite Aid and Rite Aid's employees acting within the scope of their employment. On the Effective Date, the injunction imposed by the Plan became effective, and Appellant has not sought relief from that injunction to permit the Appeal to proceed. *See* Confirmation Order, ¶ 256 (providing "[a]ll injunctions or stays contained in the Plan or this Confirmation Order shall remain in full force and effect on and following the Effective Date in accordance with their terms."). Similarly, Appellant has not sought or obtained a

determination from the Bankruptcy Court that his cause of action was permitted to proceed in accordance with the gatekeeping provision contained in Article X.D. of the Plan.

Additionally, Appellant's causes of action, if any, were discharged and released in accordance with Article X.A of the Plan. Appellant's contention that his causes of action were unaffected by the Chapter 11 Cases is unavailing, as Article X.A of the Plan provided for the discharge and release of "Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests **from and after the Petition Date**" pursuant to section 1141(d) of the Bankruptcy Code. The Plan specifically included the discharge and release of claims "relate to services performed by current or former employees of the Debtors prior to the Effective Date." *See* Plan, Art. X.A. Appellant cannot and does not contend that the events set forth in the Complaint occurred after the Effective Date. As such, Appellant is enjoined from pursuing this Appeal.

Moreover, to the extent Appellant contends that his causes of action survived the first Chapter 11 Cases, which they did not, the claims were discharged and released pursuant to the 2025 Plan and 2025 Confirmation Order. Even if Appellant were permitted to continue the Appeal and were to prevail on the merits (notwithstanding the Plan's permanent injunction), any resulting claim against Rite Aid would be treated as a General Unsecured Claim under the 2025 Plan. General

Unsecured Claims under the 2025 Plan are expressly "discharged, cancelled, released, and extinguished without any distribution to Holders of such Claims." 2025 Plan Art. III.B.10. Accordingly, Appellant cannot obtain any meaningful relief against the Rite Aid or its Debtor affiliates through the Appeal.

## Conclusion

Appellant's Complaint and Appeal to this Court should be Dismissed With Prejudice, as any remedy available to Plaintiff must be in the US Bankruptcy Court of New Jersey.

Therefore, Appellee Ignatius, Pharmacy Manager, Rite Aid #04263, respectfully requests that this Court enter an Order denying Appellee's Motion to Continue, Dismiss Appellant's Appeal to this Court with prejudice, and grant such other relief as this Court deems just and proper.

Respectfully submitted,

Ignatius, Pharmacy Manager
Rite Aid #04263

By: /s/ Brian A. Cafritz
Counsel

Brian A. Cafritz, VSB# 34366
KALBAUGH PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
(804) 320-6300
(804) 320-6312 (fax)
Brian.Cafritz@kpmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Opposition to Appellants Motion to Continue was served via electronic mail on this 8th day of July, 2026, to:

Van Prince
676 E. Princess Anne Rd.
Norfolk, VA 23510
pvan83089@gmail.com
*Plaintiff, pro se*

By: /s/ Brian A. Cafritz