VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

VAN PRINCE,

Plaintiff, Civil Case No.: CL24-1952

v.

IGNATIUS, PHARMACY MANAGER
RITE AID #04263,

Defendant.

**ORDER**

This matter came before the Court on "Defendant's Demurrer to Plaintiff's Complaint" (the "Demurrer") filed by Defendant, who is identified and appearing as "Ignatius, Pharmacy Manager Rite Aid #04263." The Court heard argument on March 13, 2025. Plaintiff Van Prince appeared *pro se*, and Brian Cafritz, Esquire, appeared on behalf of Defendant. For the reasons discussed below, the Court finds that Prince has failed to sufficiently plead any of the counts he has alleged against Defendant.

Accordingly, the Court SUSTAINS the Demurrer.

**Background**

On February 16, 2024, Prince filed a complaint (the "Complaint") against Defendant.[1] The Complaint alleges that, on February 1, 2024, Defendant—the pharmacy manager of the Rite Aid store located at 525 W. 21st Street in the City of Norfolk (the "Norfolk Rite Aid")—refused to provide him with prescribed medications that were ready for pickup at the Norfolk Rite Aid. Plaintiff claims that this refusal caused him significant physical and emotional harm because he suffers from chronic obstructive pulmonary disease ("COPD") and was in urgent need of the

[1] On Defendant's motion, the case was subsequently removed to the U.S. District Court for the Eastern District of Virginia on March 19, 2024, and on November 21, 2024, the case was remanded back to the Norfolk Circuit Court.

 Exhibit 7

medication. Prince further alleges that Defendant's actions were retaliatory, as they occurred after Prince attempted to serve Defendant with a complaint related to a separate lawsuit. Additionally, Prince claims that Defendant's actions were motivated by racial discrimination. Prince brings the following causes of action against Defendant: violation of his constitutional rights under the First, Eighth, and Fourteenth Amendments, as well as corresponding rights protected by the Virginia Constitution; breach of contract; negligence *per se*; and negligence.

Defendant filed the Demurrer on November 25, 2024. Defendant demurs to each cause of action alleged in the Complaint. Specifically, Defendant argues that the named defendant is an improper party;[2] the First and Eighth Amendment claims should be dismissed, as Defendant is not a state actor; the Fourteenth Amendment claim lacks sufficient facts to establish discrimination; the breach of contract claim is invalid, as Defendant is not, nor is he alleged to be, a party to a contract with Plaintiff; the negligence *per se* claim fails to cite any specific statutory authority; and the negligence claim does not allege a noncontractual common-law duty.

Prince filed "Plaintiff's Opposition to Defendant's Demurrer to Plaintiff's Complaint" on December 16, 2024, asserting, *inter alia*, that Defendant may be sued under the United States Constitution and the Virginia Constitution as a private actor. Prince also argues that the Court should overrule Defendant's Demurrer because Virginia is a notice pleading state and the Complaint sufficiently informs Defendant of the claims.

## Legal Standard

"The purpose of a demurrer is to determine whether a [complaint] states a cause of action upon which the requested relief may be granted. A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof. Accordingly, [a court] accept[s] as true all

---

[2] However, Defendant did not file a motion to quash service and has made general appearances rather than special appearances.

properly pled facts and all inferences fairly drawn from those facts." *Augusta Mutual Ins. Co. v. Mason*, 274 Va. 199, 204, 645 S.E.2d 290, 293 (2007).

To survive demurrer, a complaint must allege "sufficient facts to constitute a foundation in law for the judgment sought . . . [and] must be made with sufficient definiteness to enable the court to find a legal basis for its judgment." *Hubbard v. Dresser, Inc.*, 271 Va. 117, 122–23, 624 S.E.2d 1, 4 (2006) (internal quotations omitted). However, an imperfect complaint "drafted so that [a] defendant cannot mistake the true nature of the claim" should withstand demurrer. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993).

**Discussion**

Constitutional Claims

The Court holds that Prince's constitutional claims are not viable because Defendant is not—nor is he alleged to be—a state actor. Constitutional torts, brought under either the United States Constitution or the Virginia Constitution, "can only be asserted against state actors." *Coward v. Wellmont Health Sys.*, 295 Va. 351, 359 n.4, 812 S.E.2d 766, 770 n.4 (2018). Prince failed to allege that Defendant is a state actor or that Defendant otherwise acted under the color of state law, nor may the Court infer that Defendant is a state actor. For this reason, the Court SUSTAINS the Demurrer as to all constitutional violations alleged in the Complaint.

Breach of Contract Claim

Prince cannot recover for breach of contract because he has not alleged that he and Defendant are parties to an enforceable contract. Under Virginia law, to sufficiently state a breach of contract claim, a plaintiff must allege "(1) *a legally enforceable obligation of a defendant to a plaintiff*; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 267 Va. 612, 619,

594 S.E.2d 610, 614 (2004) (emphasis added). Prince has failed to allege that he and Defendant were parties to a legally enforceable obligation.[3] Therefore, the Court SUSTAINS the Demurrer as to the breach of contract claim.

Negligence Claims

Prince has failed to sufficiently allege a claim of either negligence *per se* or negligence. To sufficiently plead negligence *per se*, a plaintiff must identify the specific statute that a defendant allegedly violated. *See Collett v. Cordovana*, 290 Va. 139, 148, 772 S.E.2d 584, 589 (2015) (explaining that a necessary element of a claim for negligence *per se* is that the defendant violated a specific statute enacted for public safety). Prince has not identified any statute that Defendant allegedly violated as a basis for his negligence *per se* claim. Therefore, the Court SUSTAINS the Demurrer as to the negligence *per se* claim.

Prince also has not sufficiently alleged a negligence claim. To plead a cause of action for negligence, a plaintiff "must plead the existence of a legal duty" such that "the allegations in a complaint are legally sufficient to establish the existence of a duty." *Kellerman v. McDonough*, 278 Va. 478, 487, 684 S.E.2d 786, 790 (2009) (internal quotations omitted). Prince has not alleged what duty, if any, Defendant allegedly breached. Although Prince pleads that Defendant understood that the medications prescribed to Prince by his physician were necessary for his health, wellbeing, and safety, this is insufficient to identify a legal duty; nor does the Court recognize a duty, or breach thereof, based on the facts alleged. Because Prince has not alleged the existence of a legal duty, the Court SUSTAINS the Demurrer as to the negligence claim.

[3] Nor does the Complaint allege or infer that Defendant has privity of contract via an alleged contract between Prince and the Norfolk Rite Aid.

**CONCLUSION**

For the foregoing reasons, the Court SUSTAINS Defendant's Demurrer and dismisses the Complaint with prejudice.

Any objections to this Order shall be filed within fourteen days. Endorsements are waived pursuant to Rule 1:13 of the *Rules of Supreme Court of Virginia*. The Clerk shall forward copies of this Order to Van Prince, *pro se*; Brian A. Cafritz, Esquire; and William H. Monroe, III, Esquire.

IT IS SO ORDERED this 23rd day of April 2025.

David W. Lannetti, Judge

NORFOLK CIRCUIT COURT CLERK'S OFFICE

The Foregoing Document Copy Teste:
George E. Schaefer, Clerk
Norfolk Circuit Court
BY
Mateo Hawkins, Deputy Clerk
Authorized to sign on behalf
of George E. Schaefer, Clerk
Date: April 29, 2025