**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re:

LAKEHURST AND BROADWAY CORPORATION

Wind-Down Debtor.[1]

Chapter 11

Case No. 25-14831 (MBK)

**Order Filed on November 25, 2026 by Clerk U.S. Bankruptcy Court District of New Jersey**

**CONSENT ORDER MODIFYING THE ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO SHARE DATA CONTAINING PROTECTED INFORMATION PURSUANT TO THE 2023 PLAN; AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through three (3) is **ORDERED.**

**DATED: November 25, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

[1] On December 30, 2025, the Bankruptcy Court entered the *Order Granting Debtors' Motion for Final Decree Closing Certain of the Chapter 11 Cases in New Rite Aid, LLC, et al.*, closing all cases listed therein except for the above captioned Debtor [Case No. 25-14861 (MBK), Docket No. 3695] (the "Order"). The Bankruptcy Court has entered a text order on the affiliated dockets listed in the Order requiring that all remaining matters be filed under the above captioned case, Lakehurst and Broadway Corporation, Case No. 25-14831 (MBK).

Upon the *Application in Lieu of Motion For Entry of Consent Order Modifying the Order (I) Authorizing and Directing the Debtors to Share Data Containing Protected Information Pursuant to the 2023 Plan and (II) Granting Related Relief* (the "Application")[2] of Thomas A. Pitta, in his capacity as trustee ("Trustee") of the RAD Sub-Trust A (the "Trust"), by and through his undersigned counsel, pursuant to D.N.J. LBR 9019-4(b), seeking entry of a consent order modifying the PHI Turnover Order; and this Bankruptcy Court has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, Paragraph 19 of the PHI Turnover Order and section 105(a) of the Bankruptcy Code; and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice is necessary; and this Bankruptcy Court having reviewed the Application; and all objections to the Application, if any, having been withdrawn, resolved, or overruled; and this Bankruptcy Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

**IT IS HEREBY ORDERED THAT:**

1. Paragraph 6 of the PHI Turnover Order shall be deleted and replaced in its entirety with the following paragraph:

> **Within seven (7) days of receipt of any Production Request, the Vendor shall begin to implement the Screening Protocol to exclude from the applicable data set all Patient Data. When that screening process is complete, documents and communications that do not contain any Patient Data (including documents from which all Patient Data has been securely redacted) shall be deemed "Turnover Data" hereunder and produced to RAD Sub-Trust A; *provided*, *however*, that, notwithstanding anything to the contrary in this Order, and solely to the extent a Production Request arises in connection with RAD Sub-Trust A's discovery obligations in the arbitration captioned, *Thomas A. Pitta, Trustee of the RAD Sub-Trust A v. Caremark L.L.C. et al.*, JAMS Arbitration Case Reference No. 5410001449 (the "Arbitration"), the Vendor shall produce Patient Data directly to the Trustee's counsel, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, subject to the conditions for the receipt, review, production, and use of such Patient Data that are set forth in the *Joint Discovery Order*, dated October 21, 2026, and in the *Stipulated Protective Order*, dated March 10, 2026, that were entered in the Arbitration.**

2. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Order.

Dated: November 23, 2026

**FOR THE TRUST**

By: /s/ Robert L. LeHane___________

**KELLEY DRYE & WARREN LLP**
Robert L. LeHane
Andres Barajas (admitted *pro hac vice*)
Connie Y. Choe
7 Giralda Farms, Suite 3400
Madison, NJ 07940
Tel: (973) 503-5900
Fax: (973) 503-5950
E-mail: rlehane@kelleydrye.com
abarajas@kelleydrye.com
cchoe@kelleydrye.com

*Counsel for Thomas A. Pitta, as Trustee of the Sub-Trust A*

**FOR THE WIND-DOWN DEBTOR**

By: /s/ Felice R. Yudkin_____________

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
Felice R. Yudkin
Seth Van Aalten (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
E-mail: msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

-and-

**MORGAN, LEWIS & BOCKIUS LLP**
John C. Goodchild, III
Matthew C. Ziegler (admitted *pro hac vice*)
Sophia C. Aguilar
2222 Market St.
Philadelphia, Pennsylvania 19103
Telephone: (215) 963-5000
john.goodchild@morganlewis.com
matthew.ziegler@morganlewis.com
sophia.aguilar@morganlewis.com

-and-

Celine M. DeSantis (admitted *pro hac vice*)
One Federal Street
Boston, Massachusetts 02110
Telephone: (617) 341-7700
celine.desantis@morganlewis.com

*Counsel to the RAD Liquidating Trust and Wind-Down Debtor*